# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOHN DOE 1** <br> c/o Murphy Falcon & Murphy <br> One South Street, 30th Floor <br> Baltimore, Maryland  21202 <br><br> and <br><br> **JOHN DOE 2** <br> c/o Murphy Falcon & Murphy <br> One South Street, 30th Floor <br> Baltimore, Maryland  21202 <br><br> and <br><br> **JOHN DOE 3** <br> c/o Murphy Falcon & Murphy <br> One South Street, 30th Floor <br> Baltimore, Maryland  21202 <br><br> and <br><br> **JOHN DOE 4** <br> c/o Murphy Falcon & Murphy <br> One South Street, 30th Floor <br> Baltimore, Maryland  21202 <br><br> and <br><br> **JOHN DOE 5** <br> c/o Murphy Falcon & Murphy <br> One South Street, 30th Floor <br> Baltimore, Maryland  21202 <br><br> **Plaintiffs**, <br><br> v. <br><br> **WORLD WRESTLING ENTERTAINMENT, LLC**, <br> 707 Washington Boulevard <br> Stamford, Connecticut 06901 | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | Civil Action No. _____ <br><br><br><br><br> **NOTICE OF REMOVAL** <br><br><br><br><br><br><br><br> Removed from the Circuit Court for <br> Baltimore County, Maryland, <br> Case No. C-03-CV-24-004019 |

| | |
|---|---|
| Serve on:: | : |
| | : |
| Corporation Service Company | : |
| Goodwin Square, 225 Asylum Street, 20th Floor | : |
| Hartford, Connecticut 06103 | : |
| | : |
| and | : |
| | : |
| **VINCENT K. MCMAHON** | : |
| 677 Washington Boulevard | : |
| Stamford, Connecticut 06901-3718 | : |
| | : |
| and | : |
| | : |
| **LINDA MCMAHON** | : |
| 400 S. Ocean Blvd., Apt. 7 | : |
| Boca Raton, Florida 334432 | : |
| | : |
| and | : |
| | : |
| **TKO GROUP HOLDINGS, INC.** | : |
| 200 Fifth Avenue, 7th Floor | : |
| New York, New York 10010 | : |
| | : |
| Defendants. | : |

PLEASE TAKE NOTICE that Defendants World Wrestling Entertainment, LLC ("WWE") and TKO Group Holdings, Inc. ("TKO"), by and through their undersigned counsel, hereby remove the action captioned *John Doe 1* v. *World Wrestling Entertainment, LLC, et al.*, Case No. C-03-CV-24-004019, filed in the Circuit Court for Baltimore County, Maryland (the "State Court Action") to the United States District Court of Maryland pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, WWE and TKO state as follows:

## TIMELINESS OF REMOVAL

1. Plaintiffs John Doe 1, John Doe 2, John Doe 3, John Doe 4, and John Doe 5 ("Plaintiffs") commenced this action against WWE, TKO, Vincent K. McMahon and Linda

2

McMahon ("Defendants") on October 23, 2024, in the Circuit Court for Baltimore County, Maryland as Case No. C-03-CV-24-004019. Plaintiffs served the complaint and summons on TKO's and WWE's respective agents in Connecticut on November 1, 2024, and November 4, 2024, respectively. Nothing in this Notice of Removal should be interpreted as a concession by TKO or WWE as to the propriety of service or as a waiver of any rights, defenses or objections.

2. This Notice of Removal is filed within thirty (30) days of each date of service. This Notice therefore is timely. *See* 28 U.S.C. § 1446(b)(1).

## NATURE OF THE ACTION

3. Plaintiffs—citizens of Massachusetts, Pennsylvania, and Florida—bring suit against four out-of-state Defendants—citizens of Delaware, New York, California, and Connecticut—seeking damages that, if granted, would exceed the $75,000 jurisdictional threshold, even if divided among the allegedly injured parties. This Court therefore has diversity jurisdiction. 28 U.S.C. §§ 1332, 1441(b).

4. Plaintiffs, who are to date proceeding pseudonymously, allege that they are former volunteer attendants who, as minors in the 1980s, assisted with errands and other tasks in preparation for wrestling shows and were sexually abused by a former ring announcer named Mel Phillips, who died in 2012, while in Maryland and several other states.

5. Plaintiffs assert negligence and negligent hiring, training, and retention claims against Defendants, alleging that Defendants knew or should have known about Phillips's alleged sexual abuse of Plaintiffs but failed to protect them.

## GROUNDS FOR REMOVAL

6. This action is removable under 28 U.S.C. § 1332 and § 1441 because the action is between citizens of different states and the amount in controversy exceeds $75,000.

7. A defendant may remove "any civil action brought in State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

8. Federal district courts have "original," diversity jurisdiction over civil actions for which (1) there is "complete diversity," meaning that no plaintiff is a citizen of the same State as any defendant; and (2) the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a); *Lincoln Prop. Co.* v. *Roche*, 546 U.S. 81, 89 (2005). Both criteria are satisfied here.

9. Plaintiff John Doe 1 alleges that he is a citizen of Massachusetts. Compl. ¶ 223. Plaintiff John Doe 2 alleges that he is a citizen of Massachusetts. Compl. ¶ 224. Plaintiff John Doe 3 alleges that he is a citizen of Pennsylvania. Compl. ¶ 225. Plaintiff John Doe 4 alleges that he is a citizen of Florida. Compl. ¶ 226. Plaintiff John Doe 5 alleges that he is a citizen of Pennsylvania. Compl. ¶ 227. Accordingly, Plaintiffs are citizens of Massachusetts, Pennsylvania, and Florida for purposes of diversity jurisdiction.

10. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the State in which it is incorporated and that State in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

11. For entities other than corporations, "courts must look to the citizenship of their members when determining whether diversity jurisdiction exists." *Ferrell* v. *Express Check Advance of SC LLC*, 591 F.3d 698, 702 (4th Cir. 2010). For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *Cent. W. Va. Energy Co.* v. *Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

12. TKO Group Holdings, Inc. is a corporation that is incorporated in Delaware and has its principal place of business in New York.

13. WWE is a limited liability company whose sole member is UFC Holdings, LLC. UFC Holdings, LLC's sole member is Zuffa Guarantor, LLC. Zuffa Guarantor, LLC's sole member is TKO Operating Company, LLC. TKO Operating Company, LLC's members are TKO Group Holdings, Inc., Endeavor Operating Company, LLC, January Capital Holdco, LLC, and January Capital Sub, LLC. January Capital Sub, LLC's sole member is Endeavor Operating Company, LLC. January Capital Holdco, LLC's sole member is Endeavor Operating Company, LLC. Endeavor Operating Company, LLC's sole member is Endeavor Manager, LLC. Endeavor Manager, LLC's sole member is Endeavor Group Holdings, Inc., which is incorporated in Delaware and has its principal place of business in California. Accordingly, based on the citizenship of its members as set forth in the chart below, WWE is a citizen of Delaware, New York, and California.

| Entity | State(s) of Citizenship |
| --- | --- |
| UFC Holdings, LLC | Delaware, California, New York |
| Zuffa Guarantor, LLC | Delaware, California, New York |
| TKO Operating Company, LLC | Delaware, California, New York |
| January Capital Sub, LLC | Delaware, California |
| January Capital Holdco, LLC | Delaware, California |
| Endeavor Operating Company, LLC | Delaware, California |
| Endeavor Manager, LLC | Delaware, California |
| Endeavor Group Holdings, Inc. | Delaware, California |
| TKO Group Holdings, Inc | Delaware, New York |

14. Vincent K. McMahon and Linda McMahon are citizens of Connecticut. Compl. ¶¶ 234, 235.

15. Accordingly, Defendants are citizens of Delaware, New York, California, and Connecticut for purposes of diversity jurisdiction.

16. Complete diversity is therefore present because Plaintiffs are citizens of different states than Defendants. Moreover, the "in-state defendant rule" does not bar removal of this case

5

because no Defendant is "a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

17. The amount in controversy also "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1).

18. Plaintiffs' Complaint does not allege a specific amount in controversy but states that Plaintiffs seek to recover damages plus attorneys' fees and costs. Compl. ¶¶ 81–82.

19. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy[.]" 28 U.S.C. § 1446(c)(2)(A).

20. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC* v. *Owens,* 574 U.S. 81, 89 (2014).

21. Although Defendants WWE and TKO deny the validity and merit of Plaintiffs' claims and allegations, and deny that Plaintiffs are entitled to any relief, for purposes of this Notice of Removal, Plaintiffs' claims each establish an amount in controversy in excess of the jurisdictional minimum of $75,000, exclusive of costs.

22. Plaintiffs allege that they were each sexually abused as minors in the 1980s on multiple occasions across multiple states by Phillips; that Defendants were aware of Phillips's sexual abuse of Plaintiffs but failed to protect them; and that, as a result, each Plaintiff sustained actual physical and mental injuries, lost wages and benefits of employment, suffered mental and emotional distress, and experienced reputational harm. *E.g.*, Compl. ¶¶ 279–282.

23. These allegations, taken as true for purposes of this Notice of Removal only, plead damages in excess of $75,000 for each Plaintiff.

## **COMPLIANCE WITH PROCEDURAL MATTERS**

24. Based on the foregoing, this Court has original jurisdiction over this action under 28 U.S.C. §§ 1332, 1441(b).

25. The United States District Court for the District of Maryland is the proper venue for removal because this case was filed in the Circuit Court for Baltimore County, Maryland. *See* 28 U.S.C. § 1441(a).

26. In accordance with 28 U.S.C. § 1446(a) and Local Rule 103(5)(a), a copy of all process, pleadings, and orders served upon WWE and TKO are attached as Exhibits B–F and a copy of the current state court docket is attached as Exhibit A.

27. As required by 28 U.S.C. § 1446(d), WWE and TKO will promptly file with the Circuit Court for Baltimore County, Maryland, a "Notice of Filing of Removal" and will promptly serve upon Plaintiffs a true and correct copy of this Notice.

28. Vincent K. McMahon and Linda McMahon, who accepted service on November 27 and November 29, 2024, respectively, consent to removal in accordance with 28 U.S.C. §§ 1446(a), (b)(2)(A), as reflected in Exhibit G and Exhibit H attached hereto.

29. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11, as required by 28 U.S.C. § 1446(a).

30. WWE and TKO reserve the right to amend or supplement this Notice of Removal.

## **NON-WAIVER OF DEFENSES**

31. WWE and TKO expressly reserve all of their rights, claims, objections, and defenses available under applicable law. By removing this action to this Court, WWE and TKO do not waive any rights or defenses available under any applicable federal or state law. Nothing in this Notice of Removal should be taken as an admission that Plaintiffs' allegations are sufficient

7

to state a claim or have any substantive merit, or that the Court has jurisdiction over WWE or TKO or the claims asserted in this action.

WHEREFORE, WWE and TKO respectfully give notice that this action is hereby removed from the Circuit Court for Baltimore County, Maryland to the United States District Court for the District of Maryland.

Dated: December 2, 2024
Baltimore, Maryland

Respectfully submitted,

GOODELL, DEVRIES, LEECH & DANN, LLP

*/s/ Linda S. Woolf*
Linda S. Woolf (Federal Bar No: 08424)
K. Nichole Nesbitt (Federal Bar No: 26137)
Sean Gugerty (Federal Bar No: 21125)
One South Street, 20th Floor
Baltimore, MD 21202
Tel: (410) 783-4000 | Fax: (410) 783-4040
lsw@gdldlaw.com
knn@gdldlaw.com
sgugerty@gdldlaw.com

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

*/s/ Daniel J. Toal*
Daniel J. Toal *(PHV application forthcoming)*
Richard C. Tarlowe *(PHV application forthcoming)*
Gregory F. Laufer *(PHV application forthcoming)*
Emily A. Vance *(PHV application forthcoming)*
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000 | Fax: (212) 757-3990
dtoal@paulweiss.com
rtarlowe@paulweiss.com
glaufer@paulweiss.com
evance@paulweiss.com

*Attorneys for World Wrestling Entertainment, LLC and TKO Group Holdings, Inc.*

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of December, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served via electronic mail and mailed via first-class mail, postage prepaid, to:

William H. "Billy" Murphy, Jr.
billy.murphy@murphyfalcon.com
Phylecia R. Faublas
phylecia.faublas@murphyfalcon.com
Murphy, Falcon & Murphy
1 South Street, Suite 3000
Baltimore, Maryland 21202

Greg G. Gutzler
ggutzler@dicellolevitt.com
Emma Bruder
ebruder@dicellolevitt.com
Dicello Levitt LLP
485 Lexington Avenue, Suite 1001
New York, New York 10017

Adam Prom
aprom@dicellolevitt.com
Dicello Levitt LLP
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602

Mark A. DiCello
madicello@dicellolevitt.com
Robert F. DiCello
rfdicello@dicellolevitt.com
Dicello Levitt LLP
8160 Norton Parkway, Third Floor
Mentor, Ohio 44060

and served via first-class mail, postage prepaid, to:

Vincent K. McMahon
677 Washington Boulevard
Stamford, Connecticut 06901-3718

Linda McMahon
400 S. Ocean Blvd., Apt. 7
Boca Raton, Florida  334432

                                        */s/ Linda S. Woolf*
                               Linda S. Woolf (Federal Bar No: 08424)