# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN DOE 1, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, LLC, et al.<br><br>    Defendants. | Civil Action No. 1:24-cv-3487 |

**DEFENDANTS WORLD WRESTLING
ENTERTAINMENT, LLC AND TKO GROUP HOLDINGS, INC.'S
<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY</u>**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND ...................................................................... 3

ARGUMENT ......................................................................................................................................... 5

    A.    Judicial Economy Would Be Served By Issuing a Stay Pending the Supreme Court of Maryland's Forthcoming Resolution of the CVA's Constitutionality. .... 6

    B.    Defendants Will Incur Hardship If the Case Is Not Stayed. .................................... 7

    C.    A Relatively Brief Stay Would Not Prejudice Plaintiffs. ........................................ 8

CONCLUSION ...................................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amdur* v. *Lizars*,
    372 F.2d 103 (4th Cir. 1967) ...................................................................................................5

*American Home Assurance Co.* v. *Vecco Concrete Constr. Co.*,
    629 F.2d 961 (4th Cir. 1980) ....................................................................................................6

*Anderson* v. *United States*,
    46 A.3d 426 (Md. 2012) ...........................................................................................................5

*Applegarth* v. *The Key School, Inc.*,
    No. C-02-CV-23-2370 (Circuit Court, Anne Arundel Cnty. May 21, 2024) ........................2, 7

*Benson* v. *The Key School, Inc.*,
    No. C-02-CV-23-2322 (Circuit Court, Anne Arundel Cnty. May 21, 2024) ........................2, 7

*Bunker* v. *The Key School, Inc.*,
    No. 23-CV-2662 (D. Md. Apr. 29, 2024) ..............................................................................2, 7

*Clark* v. *State*,
    774 A.2d 1136 (Md. App. Ct. 2001) ........................................................................................3

*Clinton* v. *Jones*,
    520 U.S. 681 (1997) ..................................................................................................................5

*Doe* v. *Archdiocese of Washington*,
    689 A.2d 634 (Md. App. Ct. 1997) ..........................................................................................4

*Doe* v. *The Church of Jesus Christ of Latter-Day Saints*,
    No. 23-CV-2900 (D. Md. Mar. 18, 2024) ..............................................................................2, 7

*Doe* v. *Roe*,
    20 A.3d 787 (Md. 2011) ...........................................................................................................4

*Doe* v. *Roman CahtolicArchdiocese of Washington*,
    No. C-16-CV-23-4497 (Circuit Court, Prince George's Cnty. Apr. 23, 2024) .....................2, 7

*Doe 1* v. *McDonogh School, Inc.*,
    No. C-03-CV-24-3840 (Circuit Court, Baltimore Cnty. Nov. 16, 2024) ..............................2, 7

*Dua* v. *Comcast Cable of Md., Inc.*,
    805 A.2d 1061 (Md. 2002) .......................................................................................................5

*Flores* v. *Jaddou*,
    2023 WL 7282897 (D. Md. Nov. 3, 2023) ...............................................................................8

*Helliwell* v. *McDonogh School Inc.*,
    No. 24-CV-1580 (D. Md. June 18, 2024) ............................................................................2, 7

*Int'l Refugee Assistance Project* v. *Trump*,
    323 F. Supp. 3d 726 (D. Md. 2018) ..............................................................................5, 6, 7, 8

*Nyland* v. *The Key School, Inc.*,
    No. C-02-CV-23-2321 (Circuit Court, Anne Arundel Cnty. May 21, 2024) .......................2, 7

*Surrick* v. *The Key School, Inc.*,
    No. C-02-CV-23-2048 (Circuit Court, Anne Arundel Cnty. May 21, 2024) .......................2, 7

*Venton* v. *The Key School, Inc.*,
    No. C-02-CV-23-2370 (Circuit Court, Anne Arundel Cnty. May 21, 2024) .......................2, 7

*Wedekind* v. *McDonogh School, Inc.*,
    No. 24-CV-1065 (D. Md. May 6, 2024) ..............................................................................2, 7

*Wolohan* v. *Archdiocese of Washington*,
    No. C-16-CV-23-5466 (Circuit Court, Prince George's Cnty. Apr. 23, 2024) .....................2, 7

**Other Authorities**

Maryland Child Victims Act of 2023 ................................................................................. *passim*

Maryland Code, Courts & Judicial Proceedings Article § 5-101 ....................................................3

Maryland Code, Courts & Judicial Proceedings Article § 5-117(d)................................................4

Maryland Code, Courts & Judicial Proceedings Article § 5-201 ....................................................3

Maryland Code, Courts & Judicial Proceedings Article § 12-303(3)(xii)...................................5, 8

Maryland Constitution Article III, Section 40 ................................................................................5

Maryland Declaration of Rights, Article 24 ....................................................................................5

Pursuant to Federal Rule of Civil Procedure 7(b) and other applicable law, Defendants World Wrestling Entertainment, LLC ("WWE") and TKO Group Holdings, Inc. ("TKO"), by their undersigned counsel, move to stay this matter pending a ruling by the Supreme Court of Maryland regarding the constitutionality of the Maryland Child Victims Act of 2023 (the "CVA"). Plaintiffs informed WWE and TKO that they oppose this motion, citing no grounds other than Plaintiffs' desire for "justice."

## INTRODUCTION

The complaint in this matter, filed in state court only around one month ago and removed to this Court just today, asserts two claims based on sexual abuse allegedly committed in the 1980s by someone who died in 2012. The timeliness, and thus the viability, of both claims depends entirely on the constitutionality of the CVA. The Supreme Court of Maryland is poised to decide that precise issue in consolidated appeals that have been fully briefed for months and were argued just over two months ago. A decision is anticipated in the coming months. If the CVA is found to be unconstitutional, the claims here cannot go forward. Given that circumstance, it is appropriate and even necessary to stay this matter until the Supreme Court of Maryland decides that fundamental and potentially case-determinative issue.

This matter was brought in the Circuit Court for Baltimore County by five "John Doe" plaintiffs. They allege that, as minors in the 1980s, they volunteered to assist with preparations for wrestling shows and were sexually abused by a former ring announcer named Mel Phillips, who has been dead for 12 years. Plaintiffs assert negligence and negligent hiring, training, and retention claims against four out-of-state Defendants—WWE, TKO, Vincent K. McMahon, and Linda McMahon—on the theory that Defendants knew or should have known about, but did not stop, Phillips's alleged sexual abuse.

1

Although the alleged conduct at issue took place more than 40 years ago, Plaintiffs base the timeliness of their claims on the CVA, in which the Maryland General Assembly purported to "repeal[ ]" the existing "statute of repose" enacted in 2017 to bar abuse claims against non-perpetrator defendants not brought within 20 years of the plaintiff reaching the age of majority. *See* Ex. 1. But for the CVA, both of Plaintiffs' claims would be time-barred.

In that regard, Plaintiffs' case is materially indistinguishable from three unrelated cases challenging the constitutionality of the CVA as applied to non-perpetrator defendants that were argued before the Supreme Court of Maryland on September 10, 2024—*The Key School, Incorporated, et al.* v. *Valerie Bunker*, *Board of Education of Harford County* v. *John Doe*, and *Catholic Archbishop of Washington* v. *John Doe, et al*. *See* Exs. 2–3. A ruling in those consolidated appeals is anticipated before the end of the current Supreme Court term on August 31, 2025. A ruling finding the CVA to be unconstitutional would foreclose Plaintiffs' claims here.

Several federal and state courts throughout Maryland have stayed matters like this one pending the Supreme Court of Maryland's ruling. In fact, this Court has stayed at least four such cases, while at least nine cases have been stayed by Maryland circuit courts. *See* Exs. 4–16. Defendants know of no pending case arising out of similar circumstances where a motion to stay has been denied. In each of these cases, the question of the CVA's constitutionality is the same question at issue here—namely, whether the CVA's retroactive revival of claims previously barred by the expiration of the statute of limitations and/or the 2017 statute of repose is lawful under the Maryland Constitution.

For those reasons, a stay here is warranted. Simply put, proceeding now would result in a needless waste of judicial and party resources over the next few months for the parties

2

to brief, and for this Court to decide, the question of the CVA's constitutionality when that issue will be conclusively decided by the Maryland Supreme Court within a matter of months. Plaintiffs, on the other hand, cannot show any prejudice from a stay given that a ruling is expected in relatively short order and that proceeding with the matter now is unlikely to result in a materially more expeditious resolution of Plaintiffs' claims.

## FACTUAL AND PROCEDURAL BACKGROUND

1.  Plaintiffs allege that they met Phillips when they were teenagers in the early to mid-1980s, that Phillips sexually abused them after they traveled with him to attend wrestling events in various states, that Defendants knew or should have known about Phillips's conduct, and that Defendants breached an alleged duty of care owed to each Plaintiff by failing to protect them. *See, e.g.*, Complaint ¶¶ 162–222, 248–299.

2.  Plaintiffs' allegations make clear that they turned 18 years old, the age of majority, in the mid- to late 1980s or early 1990s. *Id.* ¶¶ 162, 179, 188, 198, 213. The general limitations period for civil causes of action in Maryland is three years from the date that the plaintiff reaches the age of majority, *see* Md. Code Ann., Cts & Jud. Proc. Article ("CJ") §§ 5-101, 5-201,[1] and that was the limitations period in effect in Maryland for claims of sexual abuse occurring while a plaintiff was a minor child until 1994, *Doe* v. *Roe*, 20 A.3d 787, 791–92 (Md. 2011). As such, any alleged claim that Plaintiffs might have against Defendants arising from Phillips's alleged conduct has been time-barred since Plaintiffs turned 21 years old in the late 1980s to early 1990s. *See, e.g.*, *Doe* v. *Archdiocese of Washington*, 689 A.2d 634, 641 (Md. App. Ct. 1997).

---

[1] Under CJ § 5-201(a), "[w]hen a cause of action . . . accrues in favor of a minor . . . that person shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed." There is no statute of limitations for the prosecution of felony sexual abuse of a minor in Maryland. *See Clark* v. *State*, 774 A.2d 1136, 1144 n.8 (Md. App. Ct. 2001).

3. In 2017, the Maryland General Assembly enacted a statute of repose that was codified in CJ § 5-117(d), providing:

> Damages award against person or governmental entity not alleged perpetrator not permitted – Action brought more than 20 years after victim reaches majority. – In no event may an action for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor be filed against a person or governmental entity that is not the alleged perpetrator more than 20 years after the date on which the victim reaches the age of majority.

4. Section 5-117 was the codification of Chapters 12 (House Bill No. 642) and 656 (Senate Bill No. 505) of the Acts of 2017 ("the 2017 Act"). Section 3 of the 2017 Act provided:

> AND BE IT FURTHER ENACTED, That the **statue of repose** under § 5-117(d) of the Courts Article as enacted by Section 1 of this Act shall be construed to apply both prospectively **and retroactively to provide repose** to defendants regarding actions that were barred by the application of the period of limitations applicable before October 1, 2017.

(Emphasis added.) *See* Ex. 1.

5. As noted above, Plaintiffs reached the age of majority by, at the latest, the early 1990s, which places 20 years after the date on which Plaintiffs reached the age of majority in the early 2010s. Consequently, the 2017 Act conferred "repose" in connection with Plaintiffs' claims, which "were barred by application of the period of limitations applicable before October 1, 2017." *Id.*

6. In 2023, the General Assembly enacted the CVA. In addition to abolishing the statute of limitations for claims of sexual abuse of minors, the CVA purported to (a) "repeal[]" the "statute of repose" contained in the 2017 Act for non-perpetrator defendants and (b) revive claims that were barred by that statute of repose. *See* Ex. 1.

7. Under Supreme Court of Maryland precedent, however, a statute of repose confers on putative defendants substantive rights that, once vested, cannot be withdrawn

4

without violating, among other things, Article 24 of the Maryland Declaration of Rights (the due process clause) and Article III, Section 40 of the Maryland Constitution (the takings clause). *See, e.g.*, *Anderson* v. *United States*, 46 A.3d 426, 438–439 (Md. 2012); *Dua* v. *Comcast Cable of Md., Inc.*, 805 A.2d 1061, 1072 (Md. 2002).

8.  Recognizing that the CVA's revival of expired claims raised serious constitutional questions, the General Assembly provided for an immediate interlocutory appeal from any order denying a motion to dismiss that is "based on a defense that the applicable statute of limitations or statute of repose bars the claim . . . and any legislative action reviving the claim is unconstitutional." *See* CJ § 12-303(3)(xii); *see also* Ex. 1.

9.  The CVA took effect on October 1, 2023. As noted, the Supreme Court of Maryland is currently considering three consolidated appeals that will address the constitutionality of the CVA. But for the CVA, both of Plaintiffs' claims against Defendants are time-barred as a matter of law and subject to repose.

## ARGUMENT

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton* v. *Jones*, 520 U.S. 681, 706 (1997); *see Int'l Refugee Assistance Project* v. *Trump*, 323 F. Supp. 3d 726, 730 (D. Md. 2018). In particular, the Fourth Circuit has long recognized that "a federal district court has the discretion to stay proceedings on its docket pending the outcome of a similar suit instituted earlier in another court." *Amdur* v. *Lizars*, 372 F.2d 103, 106 (4th Cir. 1967). When considering a motion to stay, courts typically balance three factors: (1) judicial economy, (2) the hardship to the moving party if the case is not stayed, and (3) the potential prejudice to the nonmoving party if the stay is granted. *Am. Home Assur. Co.* v. *Vecco Concrete Constr. Co.*, 629 F.2d 961, 964 (4th Cir. 1980); *Int'l Refugee Assistance Project*, 323 F. Supp. 3d at 731. In assessing these factors, courts routinely stay cases pending a decision in other

5

ongoing litigation where that decision could resolve the merits of the plaintiffs' claims or, at least, provide guidance on some or all of the issues in the case. *Int'l Refugee Assistance Project*, 323 F. Supp. 3d at 730–732 (collecting decisions staying cases pending the Supreme Court's ruling on issues central to defendants' anticipated motions to dismiss).

Each of these factors weighs decisively in favor of a stay here. In particular:

### A. Judicial Economy Would Be Served By Issuing a Stay Pending the Supreme Court of Maryland's Forthcoming Resolution of the CVA's Constitutionality.

To promote judicial economy, this Court should stay Plaintiffs' case until the purely legal and potentially dispositive issue of the CVA's constitutionality is decided by the Supreme Court of Maryland. This Court's decision in *International Refugee Assistance Project*, 323 F. Supp. 3d 726, is instructive. There, the defendants moved for a stay pending a forthcoming decision from the U.S. Supreme Court addressing issues that the defendants intended to raise in a motion to dismiss and, thus, the resolution of which was "likely [to] have a direct impact on the future course of the case." *Id.* at 732. In granting the stay, the Court reasoned that "considerations of judicial economy *strongly* counsel in favor of a stay" in cases "where the Supreme Court may shortly provide definitive guidance on key legal questions that could impact the viability of some or all of the claims asserted by Plaintiffs." *Id.* at 734 (emphasis added). In so holding, the Court emphasized that district courts around the country overseeing similar challenges had "uniformly stayed their proceedings" pending the Supreme Court's decision, including over plaintiffs' objection. *Id.* at 732.

For the same reasons, judicial economy strongly favors a stay in this matter. Defendants here intend to challenge the constitutionality of the CVA as applied to non-perpetrator defendants. As noted above, the Supreme Court of Maryland recently heard oral argument in three cases addressing this very issue, and a ruling is expected within, at most, nine months, but possibly

6

sooner. That decision will have a direct and decisive impact on the course of this litigation and could foreclose Plaintiffs' claims.

It is therefore unsurprising that federal and state courts in Maryland addressing similar claims have granted stays pending the Supreme Court of Maryland's forthcoming decision regarding the CVA's constitutionality (on consent or over plaintiffs' objections) in at least *13* separate actions. *See* Exs. 4–16. Defendants are, in fact, unaware of any Maryland court that has declined to grant a motion to stay an action asserting claims similar to the ones asserted here while the Supreme Court's decision is pending. "To consider and resolve a motion to dismiss in advance of the Supreme Court's decision would be inefficient, regardless of whether that decision proves to be consistent or inconsistent with this Court's ruling on such a motion, because one or more parties would undoubtedly and justifiably seek re-litigation of the motion in light of the new guidance." *Int'l Refugee Assistance Project*, 323 F. Supp. 3d at 734.

Moreover, it would be particularly inappropriate and wasteful to require the parties to brief, and thus burden this Court with resolving, the CVA's constitutionality given that that question is fundamentally one of state law and has already been taken up by the Supreme Court of Maryland. Indeed, one of the three consolidated appeals came to the Supreme Court of Maryland on a certified question from this Court that the Maryland Supreme Court accepted. *See* Letter from Supreme Court of Maryland Clerk's Office, *Bunker v. Key Sch., Inc.*, No. 23-CV-2662 (D. Md. May 13, 2024), ECF 41. There is, by consequence, no legitimate basis for this Court to preempt the Maryland Supreme Court's ruling on the CVA's constitutionality; to the contrary, any other outcome would run headlong into federal-state comity principles.

    **B.**    **Defendants Will Incur Hardship If the Case Is Not Stayed.**

Denying the requested stay would require Defendants to expend considerable time and resources briefing a motion to dismiss addressing the litany of jurisdictional and pleading

deficiencies at issue in this matter (in addition to the unconstitutionality of the CVA). The expenditure of all of that time and resources may prove wholly unnecessary if the Supreme Court of Maryland determines that the CVA is unconstitutional as applied to non-perpetrator defendants. This consideration, too, weighs in favor of a stay. *E.g.*, *Flores* v. *Jaddou*, 2023 WL 7282897, at *3 (D. Md. Nov. 3, 2023) (hardship factor satisfied where denial of stay "may result in forcing Defendants to expend time, money, and resources on a case that should not have been entertained by th[e] Court initially").

        **C.**      **A Relatively Brief Stay Would Not Prejudice Plaintiffs.**

Granting the stay requested here would not prejudice Plaintiffs in any significant way, if at all. The Supreme Court of Maryland is expected to issue its decision within nine months at most, and "proceeding with this case now does not necessarily mean that Plaintiffs will receive a faster resolution" or path to recovery. *Int'l Refugee Assistance Project*, 323 F. Supp. 3d at 736. If Plaintiffs were to prevail on this issue at the motion-to-dismiss stage before the Supreme Court of Maryland's decision issues, Defendants would simply file an immediate interlocutory appeal. *See* CJ § 12-303(3)(xii). And, if the Supreme Court of Maryland issued its decision before resolution of any motion to dismiss filed in this case, "a renewed round of briefing would almost certainly be required to allow for proper consideration of the Supreme Court's guidance, leaving the parties no closer to a resolution than if the matter were stayed." *Int'l Refugee Assistance Project*, 323 F. Supp. 3d at 736. Accordingly, the requested stay would not delay the resolution of this case.

In fact, Maryland federal courts have stayed cases even in the face of supposed prejudice to plaintiffs where, as here, definitive guidance on a key legal issue is forthcoming. For example, in *International Refugee Assistance Project*, this Court granted the defendant's request to stay the case pending a forthcoming decision from the U.S. Supreme Court where the prejudice to the plaintiffs included further separation from family members (including children) and increased risk that the

8

plaintiffs' family members could face persecution. *See id.* at 735–36. Plaintiffs here cannot credibly identify any similar or other potential prejudice that, on balance, could disfavor a stay here.

## CONCLUSION

Defendants respectfully request that this Court stay this matter pending the forthcoming decision of the Supreme Court of Maryland addressing the constitutionality of the CVA. A Proposed Order is submitted herewith.

| | |
|---|---|
| Dated: December 2, 2024<br>Baltimore, Maryland | Respectfully submitted,<br><br>GOODELL, DEVRIES, LEECH & DANN, LLP<br><br>    */s/ Linda S. Woolf*    <br>Linda S. Woolf (Federal Bar No: 08424)<br>K. Nichole Nesbitt (Federal Bar No: 26137)<br>Sean Gugerty (Federal Bar No: 21125)<br>One South Street, 20th Floor<br>Baltimore, MD 21202<br>Tel: (410) 783-4000 \| Fax: (410) 783-4040<br>lsw@gdldlaw.com<br>knn@gdldlaw.com<br>sgugerty@gdldlaw.com<br><br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br><br>    */s/ Daniel J. Toal*    <br>Daniel J. Toal *(PHV application forthcoming)*<br>Richard C. Tarlowe *(PHV application forthcoming)*<br>Gregory F. Laufer *(PHV application forthcoming)*<br>Emily A. Vance *(PHV application forthcoming)*<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Tel: (212) 373-3000 \| Fax: (212) 757-3990<br>dtoal@paulweiss.com<br>rtarlowe@paulweiss.com<br>glaufer@paulweiss.com<br>evance@paulweiss.com<br><br>*Attorneys for World Wrestling Entertainment, LLC and TKO Group Holdings, Inc.* |

9