# EXHIBIT 1B

# 2023 Md. HB 1

Chaptered, April 11, 2023

**Reporter**
2023 Md. ALS 6; 2023 Md. Laws 6; 2023 Md. Chap. 6; 2023 Md. HB 1

**MARYLAND ADVANCE LEGISLATIVE SERVICE > MARYLAND 2023 REGULAR SESSION - 443RD SESSION OF THE GENERAL ASSEMBLY > CHAPTER 6 > HOUSE BILL NO. 1**

## Notice

**Added:** Text highlighted in green
**Deleted:** Red text with a strikethrough

## Synopsis

AN ACT concerning

Civil Actions - Child Sexual Abuse - Definition, Damages, and Statute of Limitations

(The Child Victims Act of 2023)

FOR the purpose of altering the definition of "sexual abuse" for purposes relating to civil actions for child sexual abuse; establishing certain limitations on damages that may be awarded under this Act; repealing the statute of limitations in certain civil actions relating to child sexual abuse; repealing a statute of repose for certain civil actions relating to child sexual abuse; providing that a certain party may appeal an interlocutory order under certain circumstances; providing for the retroactive application of this Act under certain circumstances; and generally relating to child sexual abuse.

BY repealing and reenacting, with amendments,

Article - Courts and Judicial Proceedings

Section 5-117, 5-303(a), 5-518, and 12-303

Annotated Code of Maryland

(2020 Replacement Volume and 2022 Supplement)

BY repealing and reenacting, with amendments,

Article - Education

Section 4-105

Annotated Code of Maryland

(2022 Replacement Volume)

BY repealing and reenacting, with amendments,

Article - State Government

Bonnie Bitzel

Section 12-104(a)

Annotated Code of Maryland

(2021 Replacement Volume and 2022 Supplement)

BY repealing

Chapter 12 of the Acts of the General Assembly of 2017

Section 2 and 3

BY repealing

Chapter 656 of the Acts of the General Assembly of 2017

Section 2 and 3

## Text

**SECTION 1.** BE IT ENACTED BY THE GENERAL ASSEMBLY OF MARYLAND, That the Laws of Maryland read as follows:

Article - Courts and Judicial Proceedings

**5-117.**

~~(a) (1) In this section the following words have the meanings indicated.~~

~~(2) "Alleged perpetrator" means the individual alleged to have committed the specific incident or incidents of sexual abuse that serve as the basis of an action under this section.~~

~~(3) "Sexual abuse" has the meaning stated in § 5-701 of the Family Law Article.~~

**(a)** IN THIS SECTION, "SEXUAL ABUSE" MEANS ANY ACT THAT INVOLVES:

**(1)** AN ADULT ALLOWING OR ENCOURAGING A CHILD TO ENGAGE IN:

**(i)** OBSCENE PHOTOGRAPHY, FILMS, POSES, OR SIMILAR ACTIVITY;

**(ii)** PORNOGRAPHIC PHOTOGRAPHY, FILMS, POSES, OR SIMILAR ACTIVITY; OR

**(iii)** PROSTITUTION;

**(2)** INCEST;

**(3)** RAPE;

**(4)** SEXUAL OFFENSE IN ANY DEGREE; OR

**(5)** ~~UNNATURAL OR PERVERTED SEXUAL PRACTICES~~ ANY OTHER SEXUAL CONDUCT THAT IS A CRIME.

**(b)** ~~An~~ EXCEPT AS PROVIDED UNDER SUBSECTION (D) OF THIS SECTION AND NOTWITHSTANDING ANY TIME LIMITATION UNDER A STATUTE OF LIMITATIONS, A STATUTE OF REPOSE, THE MARYLAND TORT CLAIMS ACT, THE LOCAL GOVERNMENT TORT CLAIMS ACT, OR ANY OTHER LAW, AN action for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor ~~shall be filed:~~

~~(1) At any time before the victim reaches the age of majority; or~~

~~(2) Subject to subsections (c) and (d) of this section, within the later of:~~

~~(i) 20 years after the date that the victim reaches the age of majority; or~~

~~(ii) 3 years after the date that the defendant is convicted of a crime relating to the alleged incident or incidents under:~~

~~1. § 3-602 of the Criminal Law Article; or~~

~~2. The laws of another state or the United States that would be a crime under § 3-602 of the Criminal Law Article.~~

~~(c) In an action brought under this section more than 7 years after the victim reaches the age of majority, damages may be awarded against a person or governmental entity that is not the alleged perpetrator of the sexual abuse only if:~~

~~(1) The person or governmental entity owed a duty of care to the victim;~~

~~(2) The person or governmental entity employed the alleged perpetrator or exercised some degree of responsibility or control over the alleged perpetrator; and~~

~~(3) There is a finding of gross negligence on the part of the person or governmental entity.~~

~~(d) In no event may an action for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor be filed against a person or governmental entity that is not the alleged perpetrator more than 20 years after the date on which the victim reaches the age of majority~~ MAY BE FILED AT ANY TIME.

**(c)** EXCEPT AS PROVIDED IN §§ 5-303 AND 5-518 OF THIS TITLE AND § 12-104 OF THE STATE GOVERNMENT ARTICLE, THE TOTAL AMOUNT OF NONECONOMIC DAMAGES THAT MAY BE AWARDED UNDER THIS SECTION TO A SINGLE CLAIMANT IN AN ACTION AGAINST A SINGLE DEFENDANT FOR INJURIES ARISING FROM AN INCIDENT OR OCCURRENCE THAT WOULD HAVE BEEN BARRED BY A TIME LIMITATION BEFORE OCTOBER 1, 2023, MAY NOT EXCEED $1,500,000.

**(d)** NO ACTION FOR DAMAGES THAT WOULD HAVE BEEN BARRED BY A TIME LIMITATION BEFORE OCTOBER 1, 2023, MAY BE BROUGHT UNDER THIS SECTION IF THE ALLEGED VICTIM OF ABUSE IS DECEASED AT THE COMMENCEMENT OF THE ACTION.

**5-303.**

**(a)**

**(1)** Except as provided in paragraphs (2)~~and~~, (3), AND (4) of this subsection, the liability of a local government may not exceed $400,000 per an individual claim, and $800,000 per total claims that arise from the same occurrence for damages resulting from tortious acts or omissions, or liability arising under subsection (b) of this section and indemnification under subsection (c) of this section.

**(2)** The limits on liability provided under paragraph (1) of this subsection do not include interest accrued on a judgment.

**(3)** If the liability of a local government arises from intentional tortious acts or omissions or a violation of a constitutional right committed by a law enforcement officer, the following limits on liability apply:

**(i)** Subject to item (ii) of this paragraph, the combined award for both economic and noneconomic damages may not exceed a total of $890,000 for all claims arising out of the same incident or occurrence, regardless of the number of claimants or beneficiaries who share in the award; and

**(ii)** In a wrongful death action in which there are two or more claimants or beneficiaries, an award for noneconomic damages may not exceed 150% of the limitation established under item (i) of this paragraph, regardless of the number of claimants or beneficiaries who share in the award.

    **(4)** IF THE LIABILITY OF A LOCAL GOVERNMENT ARISES FROM A CLAIM OF SEXUAL ABUSE, AS DEFINED IN § 5-117 OF THIS TITLE, THE LIABILITY MAY NOT EXCEED $890,000 TO A SINGLE CLAIMANT FOR INJURIES ARISING FROM AN INCIDENT OR OCCURRENCE.

**5-518.**

  **(a)**

    **(1)** In this section the following words have the meanings indicated.

    **(2)** "Compensation" does not include actual and necessary expenses that are incurred by a volunteer in connection with the services provided or duties performed by the volunteer for a county board of education, and that are reimbursed to the volunteer or otherwise paid.

    **(3)** "County board employee" means:

      **(i)** Any employee whose compensation is paid in whole or in part by a county board of education; or

      **(ii)** A student teacher.

    **(4)** "County board member" means a duly elected or appointed member of a county board of education.

    **(5)** "Volunteer" means an individual who, at the request of the county board and under its control and direction, provides services or performs duties for the county board without compensation.

  **(b)** A county board of education, described under Title 4, Subtitle 1 of the Education Article, may raise the defense of sovereign immunity to ~~any~~:

    **(1)** ANY amount claimed above the limit of its insurance policy ; ;or~~, if~~

    **(2)** IF self-insured or a member of a pool described under *§ 4-105(c)(1)(ii) of the Education Article*:

      **(i)** EXCEPT AS PROVIDED IN ITEM (II) OF THIS ITEM, any amount above $400,000; or

      **(ii)** IF THE LIABILITY OF THE COUNTY BOARD OF EDUCATION ARISES FROM A CLAIM OF SEXUAL ABUSE, AS DEFINED IN § 5-117 OF THIS TITLE, ANY AMOUNT ABOVE $890,000 TO A SINGLE CLAIMANT FOR CLAIMS ARISING FROM AN INCIDENT OR OCCURRENCE.

  **(c)**

    **(1)** ~~A~~EXCEPT AS PROVIDED IN PARAGRAPH (2) OF THIS SUBSECTION, A county board of education may not raise the defense of sovereign immunity to any claim of $400,000 or less.

    **(2)** IF LIABILITY OF A COUNTY BOARD OF EDUCATION ARISES UNDER A CLAIM OF SEXUAL ABUSE, AS DEFINED IN § 5-117 OF THIS TITLE, THE LIABILITY MAY NOT EXCEED $890,000 TO A SINGLE CLAIMANT FOR INJURIES ARISING FROM AN INCIDENT OR OCCURRENCE.

  **(d)**

    **(1)** The county board shall be joined as a party to an action against a county board employee, county board member, or volunteer that alleges damages resulting from a tortious act or omission committed by the employee in the scope of employment, by the county board member within the scope of the member's authority, or by the volunteer within the scope of the volunteer's services or duties.

    **(2)** The issue of whether the county board employee acted within the scope of employment may be litigated separately.

    **(3)** The issue of whether the county board member acted within the scope of the member's authority may be litigated separately.

    **(4)** The issue of whether the volunteer acted within the scope of the volunteer's services or duties may be litigated separately.

  **(e)** A county board employee acting within the scope of employment, without malice and gross negligence, is not personally liable for damages resulting from a tortious act or omission for which a limitation of

liability is provided for the county board under subsection (b) of this section, including damages that exceed the limitation on the county board's liability.

(f)

(1) A county board member, acting within the scope of the member's authority, without malice and gross negligence, is not personally liable for damages resulting from a tortious act or omission for which a limitation of liability is provided for the county board under subsection (b) of this section, including damages that exceed the limitation on the county board's liability.

(2) In addition to the immunity provided under paragraph (1) of this subsection, a county board member is immune as an individual from civil liability for any act or omission if the member is acting:

(i) Within the scope of the member's authority;

(ii) Without malice; and

(iii) In a discretionary capacity.

(g)

(1) The provisions of this subsection apply only to a volunteer.

(2) A volunteer who acts within the scope of the volunteer's services or duties is not personally liable for damages resulting from a tortious act or omission beyond the limits of any personal insurance the volunteer may have unless:

(i) The damages were the result of the volunteer's negligent operation of a motor vehicle; or

(ii) The damages were the result of the volunteer's willful, wanton, malicious, reckless, or grossly negligent act or omission.

(3) The limitations on liability contained in this subsection may not be construed or applied to affect any immunities from civil liability or defenses established by any other provision of the Code or available at common law to which the volunteer may be entitled.

(h) Except as provided in subsection (e), (f), or (g) of this section, a judgment in tort for damages against a county board employee acting within the scope of employment, a county board member acting within the scope of the member's authority, or a volunteer acting within the scope of the volunteer's services or duties shall be levied against the county board only and may not be executed against the county board employee, the county board member, or the volunteer personally.

**12-303.**

A party may appeal from any of the following interlocutory orders entered by a circuit court in a civil case:

(1) An order entered with regard to the possession of property with which the action is concerned or with reference to the receipt or charging of the income, interest, or dividends therefrom, or the refusal to modify, dissolve, or discharge such an order;

(2) An order granting or denying a motion to quash a writ of attachment; and

(3) An order:

(i) Granting or dissolving an injunction, but if the appeal is from an order granting an injunction, only if the appellant has first filed his answer in the cause;

(ii) Refusing to dissolve an injunction, but only if the appellant has first filed his answer in the cause;

(iii) Refusing to grant an injunction; and the right of appeal is not prejudiced by the filing of an answer to the bill of complaint or petition for an injunction on behalf of any opposing party, nor

- by the taking of depositions in reference to the allegations of the bill of complaint to be read on the hearing of the application for an injunction;

(iv) Appointing a receiver but only if the appellant has first filed his answer in the cause;

(v) For the sale, conveyance, or delivery of real or personal property or the payment of money, or the refusal to rescind or discharge such an order, unless the delivery or payment is directed to be made to a receiver appointed by the court;

(vi) Determining a question of right between the parties and directing an account to be stated on the principle of such determination;

(vii) Requiring bond from a person to whom the distribution or delivery of property is directed, or withholding distribution or delivery and ordering the retention or accumulation of property by the fiduciary or its transfer to a trustee or receiver, or deferring the passage of the court's decree in an action under Title 10, Chapter 600 of the Maryland Rules;

(viii) Deciding any question in an insolvency proceeding brought under Title 15, Subtitle 1 of the Commercial Law Article;

(ix) Granting a petition to stay arbitration pursuant to § 3-208 of this article;

(x) Depriving a parent, grandparent, or natural guardian of the care and custody of his child, or changing the terms of such an order; ~~and~~

(xi) Denying immunity asserted under § 5-525 or § 5-526 of this article; AND

(xii) DENYING A MOTION TO DISMISS A CLAIM FILED UNDER § 5-117 OF THIS ARTICLE IF THE MOTION IS BASED ON A DEFENSE THAT THE APPLICABLE STATUTE OF LIMITATIONS OR STATUTE OF REPOSE BARS THE CLAIM AND ANY LEGISLATIVE ACTION REVIVING THE CLAIM IS UNCONSTITUTIONAL.

Article - Education

**4-105.**

**(a)**

**(1)** Each county board shall carry comprehensive liability insurance to protect the board and its agents and employees.

**(2)** The purchase of insurance in accordance with paragraph (1) of this subsection is a valid educational expense.

**(b)**

**(1)** The State Board shall establish standards for these insurance policies, including a minimum liability coverage of not less than:

(i) $890,000 FOR EACH OCCURRENCE FOR CLAIMS OF SEXUAL ABUSE MADE UNDER *§ 5-117 OF THE COURTS ARTICLE*; AND

(ii) $400,000 for each occurrence for all other claims.

**(2)** The policies purchased under this section shall meet these standards.

**(c)**

**(1)** A county board complies with this section if it:

(i) Is individually self-insured for at least ~~$400,000~~ $890,000 for each occurrence under the rules and regulations adopted by the State Insurance Commissioner; or

(ii) Pools with other public entities for the purpose of self-insuring property or casualty risks under Title 19, Subtitle 6 of the Insurance Article.

Bonnie Bitzel

(2) A county board that elects to self-insure individually under this subsection periodically shall file with the State Insurance Commissioner, in writing, the terms and conditions of the self-insurance.

(3) The terms and conditions of this individual self-insurance:

(i) Are subject to the approval of the State Insurance Commissioner; and

(ii) Shall conform with the terms and conditions of comprehensive liability insurance policies available in the private market.

(d) A county board shall have the immunity from liability described under § 5-518 of the Courts and Judicial Proceedings Article.

Article - State Government

**12-104.**

(a)

(1) Subject to the exclusions and limitations in this subtitle and notwithstanding any other provision of law, the immunity of the State and of its units is waived as to a tort action, in a court of the State, to the extent provided under paragraph (2) of this subsection.

(2)

(i) EXCEPT AS PROVIDED IN ~~SUBPARAGRAPH~~ SUBPARAGRAPHS (II) AND (III) OF THIS PARAGRAPH, THE LIABILITY OF THE STATE AND ITS UNITS MAY NOT EXCEED $400,000 TO A SINGLE CLAIMANT FOR INJURIES ARISING FROM A SINGLE INCIDENT OR OCCURRENCE.

(ii) If liability of the State or its units arises from intentional tortious acts or omissions or a violation of a constitutional right committed by a law enforcement officer, the following limits on liability shall apply:

1. subject to item 2 of this subparagraph, the combined award for both economic and noneconomic damages may not exceed a total of $890,000 for all claims arising out of the same incident or occurrence, regardless of the number of claimants or beneficiaries who share in the award; and

2. in a wrongful death action in which there are two or more claimants or beneficiaries, an award for noneconomic damages may not exceed 150% of the limitation established under item 1 of this item, regardless of the number of claimants or beneficiaries who share in the award.

(iii) IF LIABILITY OF THE STATE OR ITS UNITS ARISES UNDER A CLAIM OF SEXUAL ABUSE, AS DEFINED IN § 5-117 OF THE COURTS ARTICLE, THE LIABILITY MAY NOT EXCEED $890,000 TO A SINGLE CLAIMANT FOR INJURIES ARISING FROM AN INCIDENT OR OCCURRENCE.

Chapter 12 of the Acts of 2017

~~SECTION 2. AND BE IT FURTHER ENACTED, That this Act may not be construed to apply retroactively to revive any action that was barred by the application of the period of limitations applicable before October 1, 2017.~~

~~SECTION 3. AND BE IT FURTHER ENACTED, That the statute of repose under § 5-117(d) of the Courts Article as enacted by Section 1 of this Act shall be construed to apply both prospectively and retroactively to provide repose to defendants regarding actions that were barred by the application of the period of limitations applicable before October 1, 2017.~~

Chapter 656 of the Acts of 2017

~~SECTION 2. AND BE IT FURTHER ENACTED, That this Act may not be construed to apply retroactively to revive any action that was barred by the application of the period of limitations applicable before October 1, 2017.~~

~~SECTION 3. AND BE IT FURTHER ENACTED, That the statute of repose under § 5-117(d) of the Courts Article as enacted by Section 1 of this Act shall be construed to apply both prospectively and retroactively to provide repose to defendants regarding actions that were barred by the application of the period of limitations applicable before October 1, 2017.~~

**SECTION 2.**

AND BE IT FURTHER ENACTED, That it is the intent of the General Assembly that any claim of sexual abuse that occurred while the victim was a minor may be filed at any time without regard to previous time limitations that would have barred the claim.

**SECTION** ~~2.~~**3.**

AND BE IT FURTHER ENACTED, That this Act shall be construed to apply retroactively to revive any action that was barred by the application of the period of limitations applicable before October 1, 2023~~, if the action is filed before October 1, 2025~~.

**SECTION** ~~3.~~**4.**

AND BE IT FURTHER ENACTED, That, if any provision of this Act or the application thereof to any person or circumstance is held invalid for any reason in a court of competent jurisdiction, the invalidity does not affect other provisions or any other application of this Act that can be given effect without the invalid provision or application, and for this purpose the provisions of this Act are declared severable.

**SECTION** ~~4.~~**5.**

AND BE IT FURTHER ENACTED, That this Act shall take effect October 1, 2023.

# History

Approved by the Governor April 11, 2023

Effective date: October 1, 2023

# Sponsor

Wilson

MARYLAND ADVANCE LEGISLATIVE SERVICE
Copyright © 2023 LexisNexis. All rights reserved.

**End of Document**