# EXHIBIT 2

E-FILED
Gregory Hilton, Clerk,
Supreme Court of Maryland
7/8/2024 3:42 PM

# IN THE SUPREME COURT OF MARYLAND

———————————————

Misc. No. 2, September Term, 2024
SCM-MISC-0002-2024

———————————————

THE KEY SCHOOL, INCORPORATED, et al.

Appellants

v.

VALERIE BUNKER,

Appellee

———————————————

*CERTIFIED QUESTION OF LAW from the*
*United States District Court for the District of Maryland,*
*Civil Case Number 1:23-cv-02662-MJM*
*(The Honorable Matthew J. Maddox)*

———————————————

Misc. No. 10, September Term, 2024
SCM-REG-0002-2024

———————————————

BOARD OF EDUCATION OF HARFORD COUNTY

Appellant

v.

JOHN DOE,

Appellee

———————————————

*ON PETITION FOR WRIT OF CERTIORARI from the*
*Circuit Court for Harford County,*
*Civil Case Number C-12-CV-23-767*
*(The Honorable Alex M. Allman)*

**APPELLANTS' BRIEF**

———————————————

Sean L. Gugerty
AIS # 1512150280
Jeffrey H. Hines
AIS # 8512010275
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
Telephone: (410) 783-4000
Fax: (410) 783-4040
sgugerty@gdldlaw.com
jjh@gdldlaw.com

***Attorneys for Appellant,***
***The Key School, Incorporated, et al.***


Edmund J. O'Meally
AIS # 8501180003
Andrew G. Scott
AIS # 0712120247
Adam E. Konstas
AIS # 1312180106
PESSIN KATZ LAW, P.A.
901 Dulaney Valley Road
Suite 500
Towson, Maryland 21204
Telephone: (410) 938-8800
Fax:  (667) 275-3056
eomeally@pklaw.com
ascott@pklaw.com
akonstas@pklaw.com

***Attorneys for Appellant,***
***Board of Education of Harford County***

TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................i

INTRODUCTION ................................................................................................... 1

STATEMENT OF THE CASE .............................................................................. 2

QUESTION PRESENTED .................................................................................... 3

STATEMENT OF MATERIAL FACTS ............................................................. 4

   I.   The Defendants/Appellants ..................................................................... 4

        A. Key Defendants ..................................................................................... 4

        B. The Board .............................................................................................. 4

   II.  Factual Allegations ................................................................................. 5

        A. Allegations against Key Defendants ................................................... 5

        B. Allegations against the Board ............................................................. 5

   III. Legislative History ................................................................................. 6

        A. Limitations for claims of child sexual abuse before 2003 ............... 6

        B. 2003-2016: The Legislature expands the limitations period
           prospectively but refuses to revive time-barred claims .................. 7

        C. 2017: The Legislature strikes a balance between the rights of
           plaintiffs and non-perpetrator defendants ...................................... 8

           1. The text of the 2017 law explicitly extends the limitations
              period prospectively—and enacts a new statute of repose
              for non-perpetrator defendants ................................................... 8

2.  The legislative record of the 2017 law confirms that the
    Legislature knowingly enacted a statute of repose ................... 10

D. 2019-2021: The Legislature declines to eliminate the statute
   of limitations and the statute of repose ........................................... 13

E. 2023: In the CVA, the Legislature retroactively repealed the
   statute of limitations and statute of repose .................................... 15

IV.  Proceedings Below ................................................................................. 17

A. Bunker v. Key School, Inc., et al. ..................................................... 17

B. John Doe v. Board of Education of Harford County ...................... 19

STANDARD OF REVIEW .................................................................................. 20

ARGUMENT ....................................................................................................... 21

I.  The CVA's revival of claims subjection to the 2017 statute of
    repose impermissibly abrogates School Defendants' vested right
    to be free from those claims ................................................................... 21

A. Maryland law draws a clear distinction between statutes of
   limitations and statutes of repose .................................................... 21

B. CJ § 5-117(d) (West 2017) is a statute of repose ........................... 23

1.  The plain text of the 2017 law makes CJ § 5-117(d)
    (West 2017) a statute of repose .................................................... 23

2.  The legislative history of the 2017 law confirms the
    knowing and intentional enactment of a statute of repose ....... 29

3.  CJ § 5-117(d) (West 2017) contains features associated
    with other statutes of repose ....................................................... 32

    a. CJ § 5-117(d) (West 2017) imposes an "absolute bar" to suit ................................................................................. 33

    b. CJ § 5-117(d) (West 2017) runs from an event unrelated to Plaintiffs' injuries ............................................... 34

    c. CJ § 5-117(d) (West 2017) shelters non-perpetrator defendants from an action after a certain period ................. 36

    d. CJ § 5-117(d) (West 2017) reflects a legislative balance of the respective rights of potential plaintiffs and institutional defendants ......................................... 36

    e. Post-Repose accrual is not a requirement of statutes of repose .................................................................. 38

C. Because the 2017 statute creates repose, the CVA's retroactive abrogation of it is unconstitutional ................................ 39

    1. The 2017 statute of repose granted School Defendants a substantive right to be free forever from liability for Plaintiffs' claims, a right that vested when the statutory period expired ................................................................. 39

    2. The Maryland Constitution does not permit the CVA's revocation of School Defendants' substantive, vested rights under the 2017 statute of repose ................................ 40

    3. Courts applying the same vested-rights approach as Maryland's have consistently held that the retroactive abrogation of a statute of repose violates due process .............. 45

Courts holding unconstitutional the retroactive revival of claims for childhood sexual abuse when subject to a statute of repose ........................ 46

Courts holding unconstitutional the retroactive revival of claims in other contexts when subject to a statute of repose ........................ 48

II. The Maryland Constitution precludes the revival of claims barred by the statute of limitations .......................................................... 53

III. The CVA's revival of Plaintiffs' claims cannot be saved by reliance on presumptions or interpretative canons ........................................... 58

IV. Plaintiffs' claims are not subject to tolling ......................................... 59

CONCLUSION .............................................................................................. 61

CERTIFICATION OF WORD COUNT AND COMPLIANCE WITH RULE 8-112 .................................................................. 63

RULE 8-504(a)(8) STATEMENT OF FONTS ............................................... 63

CERTIFICATE OF SERVICE ....................................................................... 64

TEXT OF RELEVANT CONSTITUTIONAL PROVISIONS ...................... 65

# TABLE OF AUTHORITIES

## Cases

*Allstate Ins. Co. v. Kim*, 376 Md. 276 (2003) ............................................ 42-44

*Alston v. Hormel Foods Corp.*, 730 N.W.2d 376 (Neb. 2007) ........................ 60

*Anderson v. Catholic Bishop of Chi.*, 759 F.3d 645 (7th Cir. 2014) ............. 47

*Anderson v. United States*, 427 Md. 99 (2012) ...................................... passim

*Bacon v. Arey*, 203 Md. App. 606 (2012) ........................................................ 60

*Beauchamp v. Somerset Cty. Sanitary Com.*, 256 Md. 541 (1970) ............... 58

*Bernie v. Blue Cloud Abbey*, 821 N.W.2d 224 (S.D. 2012) ........................... 36

*Bd. of Educ. v. Sec'y of Personnel*, 317 Md. 34 (1989) ...................................... 20

*Blackstone v. Sharma*, 461 Md. 87 (2018) ...................................................... 29

*Blondell v. Balt. City Police Dep't*, 341 Md. 680 (1996) ................................ 24

*Carven v. Hickman*, 135 Md. App. 645 (2000) *aff'd sub nom.*
*Hickman v. Carven*, 366 Md. 362 (2001) .................................................. 38-39

*Caviness v. DeRand Res. Corp.*, 983 F.2d 1295 (4th Cir. 1993) ................... 34

*City of Warren v. Workers' Comp. Appeal Bd.*, 156 A.3d 371
(Pa. Commw. Ct. 2017) ........................................................................ 51-52,56

*Clark v. Martinez*, 543 U.S. 371 (2005) ......................................................... 59

*Clark v. State*, 485 Md. 674 (2023) ................................................................ 45

*Collins v. State*, 383 Md. 684 (2004) .............................................................. 25

*Colony Hill Condo. I Asso. v. Colony Co.*, 320 S.E.2d 273
(N.C. Ct. App. 1984) ................................................................................ 49-50

*Crum v. Vincent*, 493 F.3d 988 (8th Cir. 2007) ............................................. 54

*Doe v. Archdiocese of Wash.*, 114 Md. App. 169 (1997) ................................ 60

*Doe v. Crooks*, 613 S.E.2d 536 (S.C. 2005) ................................................. 56-57

*Doe v. Popravak*, 421 P.3d 760 (Kan. Ct. App. 2017) .................................... 47

*Doe v. Roe*, 419 Md. 687 (2011) ............................................... passim

*Dua v. Comcast Cable of Maryland, Inc.*, 370 Md. 604 (2002) ............. passim

*Duffy v. CBS Corp.*, 232 Md. App. 602 (2017), *rev'd on other grounds*, 458 Md. 206 (2018) ........................................................ 45

*Ellis v. McKenzie*, 457 Md. 323 (2018) ........................................ 42

*Elsberry v. Stanley Martin Cos.,* 482 Md. 159 (2022) .................................. 26

*Firestone Tire & Rubber Co. v. Acosta*, 612 So. 2d 1361 (Fla. 1992) ........ 49,56

*First United Methodist Church v. United States Gypsum Co.*, 882 F.2d 862 (4th Cir. 1989) .................................................... 21-22

*Frideres v. Schiltz*, 540 N.W.2d 261 (Iowa 1995) .......................................... 56

*Givens v. Anchor Packing, Inc.*, 466 N.W.2d 771 (Neb. 1991) ................. 51,56

*Green v. Karol*, 344 N.E.2d 106 (Ind. Ct. App. 1976) .................................... 56

*Hagerstown Elderly Assocs. L.P. v. Hagerstown Elderly Bldg. Assocs. LP, et. al.,* 368 Md. 351 (2002) ............................................... 37

*Harding v. K.C. Wall Prods., Inc.*, 831 P.2d 958 (Kan. 1992) ................. 48,57

*Herd v. State*, 125 Md. App. 77 (1999) ............................................. 32

*In re Individual 35W Bridge Litig.*, 806 N.W.2d 811 (Minn. 2011) ............. 46

*In re Walker*, 473 Md. 68 (2021) ................................................... 20

*Jericho v. Liggett Spring & Axle Co.*, 106 A.2d 846 (Pa. Super. 1954) ......... 52

*Johnson v. Lilly*, 823 S.W.2d 883 (Ark. 1992) ................................... 56

*Junek v. St. Mary's Cty. Dep't of Soc. Servs.*, 464 Md. 350 (2019) ............... 24

*Kelly v. Marcantonio*, 678 A.2d 873 (R.I. 1996) ................................... 56-57

*Koshsko v. Haining*, 398 Md. 404 (2007) ....................................... 58

*Langston v. Riffe*, 359 Md. 396 (2000) ....................................... 42,54

*M.E.H. v. L.H.*, 685 N.E.2d 335 (Ill. 1997) .......................................... 47,56-57

*MacBride v. Pishvaian*, 402 Md. 572 (2007) ......................................... 60

*Maycock v. Gravely Corp.*, 508 A.2d 330 (Pa. Super. 1986).......................... 56

*Mayor of Ocean City v. Comm'rs of Worcester Cty.*,
475 Md. 306 (2021)......................................................................20-21

*McKinney v. Goins*, 892 S.E.2d 460 (N.C. Ct. App. 2023) ....................... 50,57

*Mitchell v. Roberts*, 469 P.3d 901 (Utah 2020)............................................. 57

*Muskin v. State Dep't of Assessments & Taxation*,
422 Md. 544 (2011)......................................................................42,58

*Peterson v. State*, 467 Md. 713 (2020) ............................................... 22,24

*Powell v. Md. Dep't of Health*, 455 Md. 520 (2017) ....................................... 21

*Rawlings v. Rawlings*, 362 Md. 535 (2001) .............................................. 42,54

*Rice v. University of Maryland Medical System Corporation*,
186 Md. App. 551 (2009)................................................................55-56

*S. States Chem. v. Tampa Tank & Welding, Inc.*, 888 S.E.2d
553 (Ga. 2023) ..................................................................... 40,49,57

*Schappelle v. Roman Catholic Archdiocese of Washington,
a Corporation Sole, et al.* Case No. C-15-CV-23-003696
(Montgomery Cty. Cir. Ct. April 1, 2024) ............................................. passim

*SEPTA v. Orrstown Fin. Servs.*, 12 F.4th 337 (3rd Cir. 2021) ..................... 40

*Shadburne-Vinton v. Dalkon Shield Claimants Tr.*, 60 F.3d 1071
(4th Cir. 1995) ............................................................................... 46

*Spiegel v. Bd. of Educ.*, 480 Md. 631 (2022) .................................................. 29

*State v. Goldberg*, 437 Md. 191 (2014)........................................................... 42

*State ex rel. Barrow v. Bladow*, 521 N.W.2d 141 (S.D. 1994).................56-57

*SVF Riva Annapolis LLC v. Gilroy*, 459 Md. 632 (2018)..........................22,37

*Taylor v. Mandel*, 402 Md. 109 (2007) ............................................................ 25

*Thompson v. Killary*, 683 S.W.3d 641 (Ky. 2024) ...................................... 56-57

*Walker v. Miller Elec. Mfg. Co.*, 591 So. 2d 242 (Fla. Dist. Ct. App. 1991)............................................................................................................ 48-49

*Walzer v. Osborne*, 395 Md. 563 (2006).......................................................... 55

*Warfield v. State*, 315 Md. 474 (1989)............................................................. 32

*Wash. Suburban Sanitary Comm'n v. Pride Homes, Inc.*, 291 Md. 537 (1981)............................................................................................. 25

*Waterkeeper All., Inc. v. Md. Dep't of Agric.*, 439 Md. 262 (2014) ................ 59

*Webber v. State*, 320 Md. 238 (1990).............................................................. 32

*Wiley v. Roof*, 641 So. 2d 66 (Fla. 1994)......................................................... 56

*Willowbrook Apartment Assocs. LLC v. Mayor & City Council of Baltimore*, 563 F. Supp. 3d 428 (D. Md. 2021) ........................................... 45

*Yates v. Mun. Mortg. & Equity, LLC*, 744 F.3d 874 (4th Cir. 2014) ............. 34

**Statutes**

*Maryland Statutes*

2003 Md. Laws ch. 360 .................................................................................. 7-8

2017 Md. Laws ch. 12 ............................................................................... passim

2017 Md. Laws ch. 656 ............................................................................. passim

2023 Md. Laws ch. 5 ................................................................................. passim

2023 Md. Laws ch. 6  ................................................................................ 15-17

Md. Code Ann., Cts. & Jud. Proc. § 5-101 ................................................ 6,53

Md. Code Ann., Cts. & Jud. Proc. § 5-108 ........................................... 37-38,44

Md. Code Ann., Cts. & Jud. Proc. § 5-109 ..................................................... 35

Md. Code Ann., Cts. & Jud. Proc. § 5-117 (West 2003) ........................ passim

Md. Code Ann., Cts. & Jud. Proc. § 5-117 (West 2017) ........................ passim

Md. Code Ann., Cts. & Jud. Proc. § 5-119 .................................................... 55

Md. Code Ann., Cts. & Jud. Proc. § 5-201 ...................................................... 6

Md. Code Ann., Cts. & Jud. Proc. § 5-518 ...................................................... 6

Maryland Code Ann., Education Article § 3-6A-01 ...................................... 19

Maryland Code Ann., Education Article § 3-103 ............................................ 4

Maryland Code Ann., Education Article § 3-104 .......................................... 19

Maryland Code Ann., Education Article § 4-104 ............................................ 6

*Statutes from Foreign Jurisdictions*

Ark. Code Ann. § 16-114-203 (2012) ............................................................ 38

§ 95.031 Fla. Stat. (1985) ............................................................................... 48

§ 95.031 Fla. Stat. (Supp. 1988) .................................................................... 48

735 Ill. Compiled Stat. § 5/13-202.2(b) (1992) ........................................ 35,47

Kan. Stat. Ann. 60-515 ................................................................................... 48

Kan. Stat. Ann. 60-523 ................................................................................... 48

N.C. Gen. Stat. § 1-15 (2012) ........................................................................ 38

Official Code of Georgia Ann. § 9-3-51 ........................................................ 49

77 Penn. Stat. §411 ........................................................................................ 51

77 Penn. Stat. §414 ........................................................................... 51

S.D. Codified Laws § 26-10-25 ........................................................ 36

## Constitutional Provisions

*Maryland Constitutional Provisions*

Md. Const., Article III, Section 40 ....................................... passim

Md. Const., Article VIII, Section 1 ................................................. 4

Md. Const., Maryland Declaration of Rights, Article 24 ..................... passim

*Constitutional Provisions from Foreign Jurisdictions*

Neb. Const. art. I, § 3 ................................................................. 51

Pa. Const. art. I, §11 .................................................................. 52

## Bills and Legislative History Materials

S.B. 68 (2003) (enacted as amended) ............................................... 7

    First Reading, S.B. 68 ............................................................. 7

H.B. 642 and S.B. 505 (2017) (enacted as amended) and H.B. 641
and S.B. 85 (unenacted) .............................................. 10-13,30-32

    S. Jud. Proc. Comm. Hearing (Feb. 14, 2017) ......................... 11

    Amendment, H.B. 642 ......................................................... 10-11

    Amendment, S.B. 505 ............................................................. 11

    Fiscal and Policy Note, S.B. 505 ................................. 11-12,30-31

    Floor Report, H.B. 642 ........................................................ 12,30

    Floor Report, S.B. 505 ......................................................... 12,30

    House Floor Statement, H.B. 642 ....................................... 12-13

Senate Floor Statement, H.B. 642 ..........................................................13

Discussion of certain amendments, S.B. 505 ..................................13,31-32

H.B. 687 (2019) (unenacted)................................................................13-14,33

Third Reading, H.B. 687........................................................................13-14

Letter from K. Rowe to Hon. K. Dumais (Mar. 16, 2019)...................14,33

S.B. 134 (2021) (unenacted) ................................................................14,33-34

S. Jud. Proc. Comm. Hearing, S.B. 134 (Feb. 2, 2021) ............................14

Letter from K. Rowe to Hon. W. Smith (June 23, 2021)................14,33-34

S.B. 686 and H.B. 1 (enacted as amended) ....................................16-17,44-45

Letter from A.G. Brown to Hon. W. Smith (Feb. 22, 2023) .......16-17,44-45

## Other Authorities

1801 First Inaugural Address ........................................................................61

2023 *Maryland Public School Report Card*..................................................4-5

Maryland Department of Legislative Services, Legislative Drafting
Manual 2011 (2010) ........................................................................................25

Nonpublic Schools Enrollment, State of Maryland, September 30, 2022
compiled by the Maryland State Department of Education............................4

## INTRODUCTION

In 2017, after decades of debate on the proper time limits for asserting child-sexual-abuse claims, the General Assembly resolved the issue for all defendants who did not personally abuse children.  For such non-perpetrator defendants, like Key Defendants and the Board,[1] the Legislature enacted what it called a "statute of repose."  2017 Md. Laws ch. 12, § 3 (E.078); 2017 Md. Laws ch. 656, § 3 (E.083).  It provided that "in no event" shall an action for damages be brought "more than 20 years after the date on which the victim reaches the age of majority."  CJ § 5-117(d) (West 2017) (E.109).

The 2017 statute of repose gave School Defendants substantive rights to be free from liability, which vested upon the running of the statutory repose period, and which bar the claims here.  So did the running of the pre-2017 statute of limitations.  But the 2023 Child Victims Act ("CVA") nonetheless revived the claims by retroactively abolishing the 2017 statute of repose and statute of limitations.

The due process and takings clauses of the Maryland Constitution and Declaration of Rights forbid this.  Although the Legislature may, in general, repeal existing laws and substitute new ones, it may not destroy substantive

---

[1] "Key Defendants" are the Key School, Inc. and the Key School Building Finance Corporation.  The "Board" is the Board of Education of Harford County.  Taken together, the Key Defendants and the Board are "School Defendants."

vested rights when doing so.  Because that is exactly what the CVA does to the School Defendants here, the law is plainly unconstitutional as applied to them.

## STATEMENT OF THE CASE

In October 2023, Plaintiff Valerie Bunker sued Key Defendants in the United States District Court for the District of Maryland.  She alleged that Key Defendants negligently failed to prevent two teachers from abusing her when she was a student at the Key School in the 1970s.

Key Defendants moved to dismiss because the Maryland Constitution and Declaration of Rights protect their vested rights and preclude the Legislature from reviving claims that were barred under a statute of repose or a statute of limitations.  The district court certified a question of law: whether the CVA's revival of Ms. Bunker's claims impermissibly abrogated Key Defendants' vested rights in violation of the due process[2] and takings clause[3] provisions of the Maryland Constitution.

In October 2023, Plaintiff John Doe filed suit against the Board and against ten unidentified current or former Board employees (Board Employees) in the Circuit Court for Harford County.  John Doe alleged that the Board and the Board Employees were liable in tort for the failure to prevent various acts

---

[2] Article 24 of the Maryland Declaration of Rights.

[3] Article III, Section 40 of the Maryland Constitution.

of abuse allegedly perpetrated upon him by two non-defendant school employees in approximately 1985-1986 and approximately 1991-1992.

The Board moved to dismiss for several reasons, including that the provisions of the CVA retroactively eliminating the statute of limitations and statute of repose to revive previously time-barred claims were unconstitutional as applied to the Board. The Circuit Court denied that portion of the Board's Motion arguing that the CVA's revival of expired claims is unconstitutional. The Board timely filed an interlocutory appeal to the Appellate Court of Maryland, as permitted by the CVA, and a Petition for Writ of Certiorari in this Honorable Court. The Petition for Writ of Certiorari was granted on May 28, 2024.

## QUESTION PRESENTED

Does the CVA, as applied, constitute an impermissible abrogation of School Defendants' vested right in violation of Article 24 of the Maryland Declaration of Rights and/or Article III, Section 40 of the Maryland Constitution?

## STATEMENT OF MATERIAL FACTS

### I.    The Defendants/Appellants.

#### A.    Key Defendants.

The Key School is a private non-profit school near Annapolis.  (E.009, E.014).  Its current enrollment is approximately 650 students.[4]  The Key School is just one of more than 360 independent schools for pre-kindergarten through twelfth grade in Maryland, which collectively enroll more than 65,700 students.[5]

#### B.    The Board.

The Board is one of Maryland's 24 local school boards created in accordance with Article VIII, Section 1 of the Maryland Constitution and Maryland Code Annotated, Education Article (ED) § 3-103.  Those school boards oversee more than 1,400 public schools across the State, with nearly 900,000 students enrolled.[6]  The Board serves over 38,000 students attending

---

[4]  Key School, Key Facts,  https://www.keyschool.org/about/key-facts  (last viewed June 30, 2024).

[5]  Nonpublic Schools Enrollment, State of Maryland, September 30, 2022 compiled by the Maryland State Department of Education and reported at https://marylandpublicschools.org/about/Documents/DCAA/SSP/20222023Student/2023NonpublicSchoolEnrollment.pdf (last viewed June 30, 2024).

[6]  According to the 2023 *Maryland Public School Report Card* compiled by the Maryland State Department of Education and reported at https://reportcard.msde.maryland.gov/Graphs/#/AtaGlance/Index/3/17/6/99/XXX/2023 (last viewed June 30, 2024).

33 elementary schools, 9 middle schools, 11 high schools, and 2 schools for pre-kindergarten through twelfth grade.[7]

## II.   Factual Allegations.

### A.   Allegations against Key Defendants.

Valerie Bunker attended the Key School from 1973 through her high-school graduation in 1977.  (E.009, E.021).  She alleges that two former Key School faculty members sexually abused her while she was a student there, *id.*, and that Key School administrators knew or should have known of the abuse. (E.022-024).

The Complaint does not provide Ms. Bunker's age, but it alleges that she graduated from Key School and entered college in 1977.  (E.021).  Thus, she turned eighteen years old by the end of the 1970s.

### B.   Allegations against the Board.

John Doe attended public schools operated by the Board in the 1980s and early 1990s and was allegedly abused by his fifth-grade teacher (Janice Konski) in approximately 1985-1986 (E.394-395, E.397-403), and by a high school janitor (Elwood Dehaven) in approximately 1991-1992 (E.395-396,

---

[7] According to the 2023 *Maryland Public School Report Card* reported at https://reportcard.msde.maryland.gov/Graphs/#/AtaGlance/Index/3/17/6/12/XXX (last viewed June 30, 2024),

E.403-407).   The ten unidentified Board Employees allegedly "employed, supervised, controlled and/or oversaw" Konski and/or Dehaven.  (E.395).[8]

The Complaint does not disclose John Doe's identity and date of birth. However, based upon the allegations set forth in the Complaint, John Doe was in the fifth grade during the 1985-1986 school year.  (E.394).  Thus, John Doe would have been approximately ten years old during the 1985-1986 school year and eighteen years of age at some point in 1993 or 1994.

## III.   Legislative History.

### A.   Limitations for claims of child sexual abuse before 2003.

The general limitations period for civil causes of action in Maryland is three years.  CJ § 5-101.  But minor plaintiffs get more time.  CJ § 5-201(a) provides that "[w]hen a cause of action . . . accrues in favor of a minor . . . that person shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed."  *Id*.

The Legislature "first considered in 1994 extending the generally-applicable three-year statute of limitations on civil claims by alleged child sexual abuse victims."  *Doe v. Roe*, 419 Md. 687, 694 (2011).  That year, House Bill 326 passed the House of Delegates and was referred to the Senate, but it

---

[8] In accordance with the provisions of ED § 4-104 and CJ § 5-518, the Board must (a) be joined as a party to any action against the Board Employees and (b) indemnify and defend them for all claims allegedly arising out of the scope of their employment and without malice.

"received an unfavorable report" from the relevant Senate committee and was never enacted. *See id.* at 695.

### B. 2003-2016: The Legislature expands the limitations period prospectively but refuses to revive time-barred claims.

In 2003, the Legislature revisited the issue and enacted a change. It expanded the limitations period for claims arising from sexual abuse of a minor from three to seven years after the victim reaches the age of majority. 2003 Md. Laws ch. 360 (E.111-112); CJ § 5-117 (West 2003) (E.114).

Notably, the 2003 legislative record reflects concern that reviving time-barred claims would be unconstitutional under the Maryland Constitution. An early, unenacted version of the 2003 bill purported to revive "any action that would have been barred by the application of the period of limitation applicable before" the bill's effective date. S.B. 68, First Reading (Md. 2003), at 2 (E.117).[9] That language was stricken after the Office of the Attorney General (AG), through Assistant Attorney General Kathryn M. Rowe, advised then-Senator Brian Frosh by letter that retroactive application would raise Due Process concerns. She wrote, "it is possible, given the actions of other states, and its own statement in *Dua [v. Comcast Cable of Maryland, Inc.*, 370 Md. 604 (2002)], that the Court could conclude that retroactive application to revive

---

[9] Senate Bill 68: Documents, https://tinyurl.com/3zbtxr4c ("Bill Text: First Reading (PDF)" available in "Documents" section near the bottom of the page).

barred causes of action violates Due Process." *Doe v. Roe*, 419 Md. at 697-98 (quoting "Rowe Letter, at 4"). The subsequent, enacted version of the 2003 law expressly disclaimed any attempt to revive time-barred claims: "[T]his Act may not be construed to apply retroactively to revive any action that was barred by the application of the period of limitations applicable before October 1, 2003." 2003 Md. Laws ch. 360, § 2 (E.112).

After 2003, there were more legislative attempts to expand the limitations period for claims arising from sexual abuse of a minor—and even in some cases to revive time-barred claims. Bills were proposed in 2005 (H.B. 1376), 2006 (H.B. 1147, H.B. 1148), 2007 (S.B. 575), 2008 (H.B. 858), 2009 (H.B. 556, S.B. 238), 2015 (H.B. 725, 1214, S.B. 668), and 2016 (H.B. 1215, S.B. 69). None was enacted.

### C. 2017: The Legislature strikes a balance between the rights of plaintiffs and non-perpetrator defendants.

#### 1. The text of the 2017 law explicitly extends the limitations period prospectively—and enacts a new statute of repose for non-perpetrator defendants.

In 2017, the Legislature returned to the issue, once again revised the statute of limitations prospectively without reviving time-barred claims—and, for the first time, established a statute of repose for non-perpetrator defendants.

The purpose paragraph of the 2017 law expressly states that the law was enacted for "the purpose of altering the statute of limitations" and "*establishing a statute of repose.*"  2017 Md. Laws ch. 12 (E.075) (emphasis added); 2017 Md. Laws ch. 656 (E.080) (emphasis added).

Section 1 of the 2017 law authorized minors to bring suit at the time of injury and extended the statute of limitations for non-barred claims until the later of twenty years after the victim reaches majority or three years after the defendant is convicted of certain sexual abuse crimes.  2017 Md. Laws ch. 12, § 1 (E.076); 2017 Md. Laws ch. 656, § 1 (E.081); CJ § 5-117(b) (West 2017) (E.108).  For claims filed against "a person or governmental entity that is not the alleged perpetrator of the sexual abuse" that are filed more than seven years after the victim reaches the age of majority, the 2017 law required a showing of "gross negligence" (not simple negligence) to support liability.  2017 Md. Laws ch. 12, § 1 (E.077); 2017 Md. Laws ch. 656, § 1 (E.082); CJ § 5-117(c) (West 2017) (E.109).

Section 2 of the 2017 law expressly provided that the expanded statute of limitations "may not be construed to apply retroactively to revive any action that was barred by the application of the period of limitations applicable before" the law's effective date.  2017 Md. Laws ch. 12, § 2 (E.078); 2017 Md. Laws ch. 656, § 2 (E.083).

The 2017 law also established a statute of repose in a new subsection, CJ § 5-117(d) (West 2017), which provides repose for actions against non-perpetrator defendants once a potential plaintiff turns 38 years old:

> In no event may an action for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor be filed against a person or governmental entity that is not the alleged perpetrator more than 20 years after the date on which the victim reaches the age of majority.

2017 Md. Laws ch. 12, § 1 (E.077); 2017 Md. Laws ch. 656, § 1 (E.082); CJ § 5-117(d) (West 2017) (E.108).

Section 3 of the law provided that "*the statute of repose* under 5-117(d) . . . shall be construed to apply both prospectively and retroactively *to provide repose* to defendants regarding actions that were barred by the application of the period of limitations applicable before October 1, 2017," the law's effective date.  2017 Md. Laws ch. 12, § 3 (E.078) (emphasis added); 2017 Md. Laws ch. 656, § 3 (E.083) (emphasis added).

## 2. The legislative record of the 2017 law confirms that the Legislature knowingly enacted a statute of repose.

The legislative record, like the text of the statute, recognizes the dual purpose of the 2017 law: "*altering* the statute of *limitations*" and "*establishing* a statute of *repose*."  As initially proposed, the bills altered only the statute of limitations; they did not establish a statute of repose.  *See* Amendment 252810/1 to H.B. 642, 437th Gen. Assemb., Reg. Sess. (Md. 2017) (E.124-125);

Amendment 458675/1 to S.B. 505, 437th Gen. Assemb., Reg. Sess. (Md. 2017) (E.127-129). In a Senate committee hearing, two members raised concerns about institutional defendants' ability to confront stale civil claims in light of general record-retention practices and difficulties in locating witnesses. *See* S. Jud. Proc. Comm. Hr'g, at 1:01:55–1:05:55 (Feb. 14, 2017).[10]

Thereafter, bills on the House and Senate side were each amended to "establish[] a statute of repose." Amendment 252810/1 to H.B. 642, 437th Gen. Assemb., Reg. Sess. (Md. 2017) (E.124-125); Amendment 458675/1 to S.B. 505, 437th Gen. Assemb., Reg. Sess. (Md. 2017) (E.127-129). Those amendments introduced the definition of "alleged perpetrator," the text of CJ § 5-117(d) (West 2017) establishing repose for *non*-perpetrator persons or entities, and Sections 2 and 3 of the session law. *See id.*

Key legislative documents discussed these amendments. The Department of Legislative Services' Fiscal and Policy Note stated that the 2017 law both "(1) expands the statute of limitations for an action for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor" and "(2) establishes a statute of repose for specified civil actions related to child sexual abuse." Dept. of Legis. Servs., Md. Gen.

---

[10] *Available at* https://tinyurl.com/mr3myapy.

Assemb., Fiscal & Policy Note, Third Reader—Revised:  S.B. 505 (Md. 2017), at 1 (E.141).

In its Bill Summary, the Fiscal and Policy Note reviewed the alterations to the statute of limitations, before turning to the statute of repose.  The Fiscal and Policy Note paraphrases the text of CJ § 5-117(d) (West 2017) and labels that provision a "statute of repose":

> The bill establishes a "statute of repose" prohibiting a person from filing an action for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor against a person or governmental entity that is not the alleged perpetrator more than 20 years after the date on which the victim reaches the age of majority.

Dept. of Legis. Servs., Md. Gen. Assemb., Fiscal & Policy Note, Third Reader— Revised:  S.B. 505 (Md. 2017), at 2 (quotations in original) (E.142).  Committee reports concerning the House and Senate bills likewise stated that the 2017 law both altered the preexisting statute of limitations and established a statute of repose.  *See* S. Jud. Proc. Comm., Floor Report: H.B. 642 (Md. 2017), at 1-2 (Short Summary and Summary of Bill) (E.131-132); S. Jud. Proc. Comm., Floor Report: S.B. 505 (Md. 2017), at 2 (Short Summary and Summary of Bill) (same) (E.136-137).

On the floor, the House was told that the bill "prohibits the filing of an action against [non-perpetrator defendants] more than 20 years after the victim reaches the age of majority."  H. Floor Actions, H.B. 642, 437th Gen.

- 12 -

Assemb., Reg. Sess., 57:4058:24 (Mar. 16, 2017).[11]  The Senate was told that the bill "expands [the] statute of limitations" and "also creates a statute of repose for specified civil actions relating to child sex abuse," S. Floor, H.B. 642, 437th Gen. Assemb., Reg. Sess., at 2:16:32–2:17:48 (Mar. 23, 2017).[12]

The legislative record also contained a document summarizing the difference between a statute of limitations and a statute of repose, and the effect of the latter.  *See* Discussion of certain amendments in SB0505/818470/1, at 1 (E.149-150).  "Although it appears that under the Maryland Constitution, the legislature could not revive a claim that is past the applicable statute of limitations," the amended bill "confirms that the statute of repose applies retroactively to *provide vested rights* to defendants."  *Id.* (emphasis added) (E.149).  "[C]laims precluded by the statute of repose *cannot be revived* in the future."  *Id.* (emphasis added) (E.149).

### D.    2019-2021: The Legislature declines to eliminate the statute of limitations and the statute of repose.

In 2019, the Legislature considered a new bill that would have eliminated the statute of limitations altogether and provided a two-year window within which previously time-barred claims could be brought.  Third Reading, H.B. 687, 427th Gen. Assemb., Reg. Sess. (Md. 2019), §§ 1-2 (E.152-

---

[11] *Available at* https://tinyurl.com/mr3hah7v.

[12] *Available at* https://tinyurl.com/3h44rra8.

154).  An AG opinion letter warned that the 2017 law "must be read" to include a statute of repose, and that repealing the statute of repose "*would most likely be found unconstitutional* as interfering with vested rights as applied to cases that were covered by" CJ § 5-117(d) (West 2017).  Letter from Kathryn M. Rowe, Asst. Att'y Gen., to Hon. Kathleen M. Dumais (Mar. 16, 2019), at 1-2 (E.156-157) (emphasis added).  The proposed bill was not enacted.

In 2021, the Legislature again debated bills reviving claims barred by the 2017 law.  In response to a question from Senator William C. Smith, Jr., the AG again addressed the constitutionality of repealing the statute of repose to allow time-barred claims to be brought in a two-year "window."  Assistant Attorney General Rowe reiterated that "it seems clear that there is a statute of repose" in CJ § 5-117(d) (West 2017).  Letter from Kathryn M. Rowe, Asst. Att'y Gen., to Hon. William C. Smith, Jr. (June 23, 2021), at 2 (E.160).  The AG also noted that "[c]ases looking at similar statutes of repose have found that they grant a vested right against suit."  *Id.*  The AG concluded that it was "unlikely that a court would find [] that a change in the law creating a new two year period during which a person would be once again liable to be sued did not violate the vested right created by the passage of the statute of repose." *Id.* at 3 (E.161).  Again, none of the proposed bills were enacted.

###### E.    2023: In the CVA, the Legislature retroactively repealed the statute of limitations and statute of repose.

In 2023, however, the General Assembly passed, and the Governor signed into law, the CVA, to "repeal[] the statute of limitations" and "statute of repose" for civil actions "relating to child sexual abuse."  2023 Md. Laws ch. 5 (S.B. 686) (E.085); 2023 Md. Laws ch. 6 (H.B. 1) (E.097).  The CVA eliminated the limitations period altogether for "an action for damages arising out of an alleged incident . . . of sexual abuse that occurred while the victim was a minor."  2023 Md. Laws ch. 5, § 1 (E.086-087); 2023 Md. Laws ch. 6, § 1 (E.098-099).  Instead, such actions, "*notwithstanding* any time limitation[s] under a statute of limitations [or] a statute of repose . . . may be filed at any time," unless the "alleged victim of abuse is deceased at the commencement of the action."  *Id.* (emphasis added).

The CVA also explicitly repeals Sections 2 and 3 of the 2017 law.  2023 Md. Laws ch. 5, § 1 (E.085, E.094); 2023 Md. Laws ch. 6, § 1 (E.097, E.106).  AS noted above, those provisions of the 2017 law had disclaimed the revival of time-barred claims and provided that "the statute of repose under § 5-117(d) shall be construed to apply both prospectively and retroactively to provide repose . . . regarding actions that were barred by the application of the period of limitations applicable before October 1, 2017."  2017 Md. Laws ch. 12, §§ 2-3 (E.078); 2017 Md. Laws ch. 656, §§ 2-3 (E.083).

- 15 -

The CVA reverses course, stating, "it is the intent of the General Assembly that any claim of sexual abuse that occurred while the victim was a minor may be filed at any time without regard to previous time limitations that would have barred the claim."  2023 Md. Laws ch. 5, § 2 (E.094); 2023 Md. Laws ch. 6, § 2 (E.106).  Section 3 now states "[t]hat this Act shall be construed to apply retroactively to revive any action that was barred by the application of the period of limitations applicable before October 1, 2023."  2023 Md. Laws ch. 5, § 3 (E.094); 2023 Md. Laws ch. 6, § 3 (E.106).

The CVA also eliminates the required finding of "gross negligence" under CJ § 5-117(c) (West 2017) for claims filed more than seven years after alleged abuse against "a person or governmental entity that is not the alleged perpetrator[.]"  2023 Md. Laws ch. 5, § 1 (E.086-087); 2023 Md. Laws ch. 6, § 1 (E.098-099).  Under the CVA, plaintiffs now have the remainder of their life to seek judgment against non-perpetrator defendants for simple negligence.

As in the past, the legislative record in 2023 reflected serious doubts about the constitutionality of reviving time-barred claims, especially as to non-perpetrators who had been explicitly granted "repose" in the 2017 law. In a letter to the General Assembly, Attorney General Brown acknowledged that it was "possible" the CVA's "retrospective reach to time barred actions would be found to be unconstitutional" by the courts.  Letter from Anthony G. Brown, Att'y Gen., to Hon. William C. Smith, Jr. (Feb. 22, 2023), at 3 (E.170).

- 16 -

Attorney General Brown, however, concluded that he could "in good faith defend the legislation should it be challenged in court," because, in his view, the CVA was "not clearly unconstitutional." *Id.* at 3.

Recognizing that a court might well invalidate the CVA's revival of expired claims, the Legislature included a specific provision that "if any provision of this Act or the application thereof . . . is held invalid, the invalidity does not affect other provisions or any other application of this Act that can be given effect without the invalid provision or application, and for this purpose the provisions of th[e] Act are declared severable." 2023 Md. Laws ch. 5, § 4 (E.094); 2023 Md. Laws ch. 6, § 4 (E.106). The Legislature also provided for an interlocutory appeal from any order denying a motion to dismiss that is "based on a defense that the applicable statute of limitations or statute of repose bars the claim . . . and any legislative action reviving the claim is unconstitutional." 2023 Md. Laws ch. 5, § 1 (E.091-092); 2023 Md. Laws ch. 6, § 1 (E.103-104.)

## IV. Proceedings Below.

### A. *Bunker v. Key School, Inc., et al.*

On October 1, 2023, Ms. Bunker filed a complaint against Key Defendants in the United States District Court for the District of Maryland,[13]

---

[13] Ms. Bunker is a resident of Oregon, and the complaint was filed in federal court under diversity jurisdiction. (E.011-012).

seeking to hold Key Defendants liable for the alleged, decades-old actions of former employees.  (E.008-E.038).

Key Defendants moved to stay the case and to dismiss it.  (E.043-070). Ms. Bunker opposed both motions, and moved the district court to certify a question of law as to the constitutionality of the CVA to the Supreme Court of Maryland.  (E.171-206).  Key Defendants filed a reply in support of their motion to dismiss (E.327-344), and later a notice of supplemental authority attaching an April 1, 2024 Memorandum Opinion and Order from the Circuit Court for Montgomery County (the Hon. Jeannie E. Cho, J.) in *Schappelle v. Roman Catholic Archdiocese of Washington, a Corporation Sole, et al.* Case No. C-15-CV-23-003696, granting motions to dismiss filed by defendants the Roman Catholic Archdiocese of Washington and St. Luke's Institute.  (E.346-373).  To date, Judge Cho's order in *Schappelle* remains the only written ruling by a Maryland judge on the constitutionality of the CVA.

The district court granted Ms. Bunker's motion to certify a question of law, granted Key Defendants' motion to stay upon submission of the certified question of law to the Maryland Supreme Court, and denied Key Defendants' motion to dismiss, without prejudice.  The district court certified the following question of law to this Court:

> Does the Maryland Child Victims Act of 2023 (Md. Code Ann., Cts. & Jud. Proc. § 5-117) constitute an impermissible abrogation of a vested right in violation of Article 24 of the Maryland

Declaration of Rights and/or Article III, Section 40 of the
Maryland Constitution?

(E.376-380). This Court accepted the certified question, but slightly

reformulated it:

> Does the Maryland Child Victims Act of 2023, 2023 Md. Laws ch.
> 5 (S.B. 686) (codified at Md. Code Ann., Cts. and Jud. Proc. § 5-
> 117), constitute [an] impermissible abrogation of a vested right in
> violation of Article 24 of the Maryland Declaration of Rights
> and/or Article III, Section 40 of the Maryland Constitution?

## B.    *John Doe v. Board of Education of Harford County.*

On October 3, 2023, Plaintiff John Doe filed a seven-count Complaint in

the Circuit Court for Harford County against the Board[14] and Board

Employees alleging that they were liable for the abuse allegedly perpetrated

decades earlier by former employees Konski and Dehaven. (E. 390-422). The

Board moved to dismiss the claims as barred by the statute of repose and

statute of limitations, and it argued that the CVA could not revive time-barred

claims because doing so would unconstitutionally abrogate the Board's vested

rights. Arguments were conducted in the Circuit Court on March 19, 2024,

after which the Court issued an oral ruling that, notwithstanding the plain

language of CJ § 5-117(d) (West 2017), it did not constitute a valid statute of

repose and that the statute of limitations was merely procedural and subject

---

[14] The Board is a body politic and corporate that may sue and be sued in
accordance with the provisions set forth in ED §§ 3-104, and 3-6A-01.

to abrogation by the General Assembly.  (E.529-617).  The Circuit Court then entered an Order on March 20, 2024, memorializing its prior oral ruling. (E.618-619).[15]

From that Order, the Board timely filed an interlocutory appeal to the Appellate Court of Maryland as permitted by the CVA, and it filed a Petition for Writ of Certiorari in this Honorable Court on April 17, 2024.  The Petition for Writ of Certiorari was granted on May 28, 2024 on the following question:

> Does the Maryland Child Victims Act of 2023, 2023 Md. Laws ch. 5 (S.B. 686) (codified at Md. Code Ann., Cts. and Jud. Proc. § 5-117), constitute an impermissible abrogation of a vested right in violation of Article 24 of the Maryland Declaration of Rights and/or Article III, Section 40 of the Maryland Constitution?

The Court also directed the parties to address this additional question, which shall be addressed in a separate brief:

> As a subdivision of the State, see *Bd. of Educ. v. Sec'y of Personnel*, 317 Md. 34, 44-45 (1989), does the petitioner have standing to challenge the constitutionality of the Maryland Child Victims Act of 2023, 2023 Md. Laws ch. 5 (S.B. 686), (codified at Md. Code Ann., Cts. & Jud. Proc. § 5-117)?

## STANDARD OF REVIEW

*De novo* review applies to both statutory and constitutional interpretation, which present questions of law.  *See In re Walker*, 473 Md. 68, 76 (2021) (*de novo* review for statutory interpretation); *Mayor of Ocean City v.*

---

[15] The Circuit Court also deferred ruling on that portion of the Board's Motion concerning the applicable sovereign immunity cap.

*Comm'rs of Worcester Cty.*, 475 Md. 306, 311 (2021) (*de novo* review for constitutional interpretation).  This appeal challenges the constitutionality of the CVA "as applied" to School Defendants who (1) operated schools where Plaintiffs were allegedly abused but (2) are "not the alleged perpetrator" of the sexual abuse.  CJ § 5-117(d) (West 2017); *see Powell v. Md. Dep't of Health*, 455 Md. 520, 550 (2017) (describing as-applied constitutional challenges).

## ARGUMENT

I.  **The CVA's revival of claims subject to the 2017 statute of repose impermissibly abrogates School Defendants' vested right to be free from those claims.**

   A.  **Maryland law draws a clear distinction between statutes of limitations and statutes of repose.**

In *Anderson v. United States*, 427 Md. 99 (2012), this Court carefully analyzed the distinction between statutes of limitations and statutes of repose:

Statutes of limitations "are enacted typically to encourage prompt resolution of claims, to suppress stale claims, and to avoid the problems associated with extended delays in bringing a cause of action, including missing witnesses, faded memories, and the loss of evidence." *Id.* at 118.  Thus, statutes of limitations are procedural in nature, and act as a "defense to limit the remedy available from an existing cause of action." *Id.* at 120 (quoting *First United Methodist Church v. United States Gypsum Co.*, 882 F.2d 862, 865

(4th Cir. 1989)); *see also SVF Riva Annapolis LLC v. Gilroy*, 459 Md. 632, 636 n.1 (2018) (same).

In contrast, "[t]he purpose of a statute of repose is to provide *an absolute bar* to an action or to provide a grant of immunity to a class of potential defendants after a designated time period." *Anderson*, 427 Md. at 118 (emphasis added). Statutes of repose, thus, "*create a substantive right* protecting a defendant from liability after a legislatively-determined period of time." *Id.* at 120 (emphasis added).

In determining whether the Legislature intended the statute to be one of repose or limitation, *Anderson* kept to this Court's standard statutory-interpretation tools. "First and foremost, the plain language of the statute controls." *Id.* at 125; *see also id.* at 103, 106. This, of course, is fully consistent with bedrock principles of statutory interpretation, under which this Court "look[s] first to the language of the statute, giving it its natural and ordinary meaning . . . on the tacit theory that the General Assembly . . . meant what it said and said what it meant." *Peterson v. State*, 467 Md. 713, 727 (2020). Relevant legislative history can also help "confirm[]" whether the statute is one of repose or limitations. *Anderson,* 427 Md. at 103, 106. But it does not supplant the plain statutory text.

The *Anderson* Court also explained that, while there are some common features of statutes of repose,[16] no single defining characteristic or set of characteristics neatly distinguishes a statute of repose from a statute of limitations. 427 Md. at 123. The Court illustrated the point with a North Dakota statute that tolled for fraudulent concealment but was still a statute of repose. *Id.* Thus, to decide whether a statute is one of repose, a court must look "holistically at the statute and its history," keeping in mind that there are a broad "range of language alternatives creating an absolute time bar." *Id.* at 124, 126.

**B.    CJ § 5-117(d) (West 2017) is a statute of repose.**

**1.    The plain text of the 2017 law makes CJ § 5-117(d) (West 2017) a statute of repose.**

According to the plain language of CJ § 5-117(d) (West 2017), the Legislature enacted a statute of repose, which permanently barred Plaintiffs' claims against School Defendants when the statutory repose period elapsed.

The clearest indication that Section 5-117(d) is a statute of repose is that the Legislature expressly called it a "statute of repose" within the 2017 law

---

[16] For guidance, the Court identified certain features that often—but not always—appear in statutes of repose, but not in statutes of limitations. Statutes of repose typically: (1) have a "trigger" that is "unrelated to when the injury or discovery of the injury occurs," *Anderson*, 427 Md. at 118; (2) "may extinguish a potential plaintiff's right to bring a claim before the cause of action accrues," *id.* at 119; and (3) are not tolled for fraudulent concealment or otherwise. *Id.* at 121.

itself.  Section 3 of the 2017 session law expressly refers to "§ 5-117(d) of the Courts Article as enacted by Section 1 of this Act" as a "*statute of repose*." 2017 Md. Laws ch. 12, § 3 (E.078) (emphasis added); 2017 Md. Laws ch. 656 (E.083), § 3 (emphasis added).  Section 3 also provides that Section 5-117(d) "shall be construed . . . both prospectively and retroactively *to provide repose* to defendants regarding actions that were barred by the application of the period of limitations applicable before October 1, 2017."  *Id.* (emphasis added).

Applying the bedrock principles of interpretation in *Anderson* and numerous other decisions—*i.e.*, that the Court must turn to the plain statutory text "[f]irst and foremost," *Anderson*, 427 Md. at 125; *see also Peterson*, 467 Md. at 727—the Court must give effect to the Legislature's own express statements. It must therefore reject Plaintiffs' lawless argument that the repeated identification of CJ § 5-117(d) (West 2017) as a statute of repose is "neither dispositive nor *relevant*" to the question of whether that statute is, in fact, a statute of repose.  (E.183) (emphasis added).  Indeed, the Court has consistently held that it "will interpret a statute so as 'to give every word effect, avoiding constructions that render any portion of the language superfluous or redundant.'"  *Junek v. St. Mary's Cty. Dep't of Soc. Servs.*, 464 Md. 350, 357 (2019) (citing *Blondell v. Balt. City Police Dep't*, 341 Md. 680, 691 (1996)). Thus, this Court cannot ignore, and render meaningless, the plain statement *in the session law itself* that CJ § 5-117(d) (West 2017) is a "statute of repose."

- 24 -

The Legislature's clear and unambiguous statement that CJ § 5-117(d) (West 2017) is a statute of repose is entitled to no less weight because it appears in an uncodified provision of the 2017 law.  This Court has long held that the session laws themselves "are the law," *Wash. Suburban Sanitary Comm'n v. Pride Homes, Inc.*, 291 Md. 537, 544 n.4 (1981), and it has previously relied on uncodified sections of the session law when interpreting the plain meaning of *an earlier version of this same statute*, CJ § 5-117 (West 2003).  *See Doe v. Roe*, 419 Md. at 687, 690-91, 707-10 & n.19.  As the Court noted in *Doe v. Roe*, "[p]rovisions of law need not be codified in order to be legally binding." *Id.* at 699 n.11 (2011) (citing Maryland Department of Legislative Services, Legislative Drafting Manual 2011, at 97 (2010)).

Further, when interpreting a statute, the Court "presume[s] that the Legislature has acted with full knowledge of prior and existing law." *Taylor v. Mandel*, 402 Md. 109, 131 (2007); *see also Collins v. State*, 383 Md. 684, 692-93 (2004) (same).  Here, the Legislature explicitly identified CJ § 5-117(d) (West 2017) as a "statute of repose" just five years after *Anderson*.  Thus, the Legislature presumptively *understood and intended* that it was creating "an absolute bar" to claims like those of Plaintiffs here, and was thereby conferring a substantive right to non-perpetrator defendants, such as School Defendants, to be forever free from liability for such time-barred claims once the statutory time limit expired.  *See Anderson*, 427 Md. at 118, 121.

Moreover, the Court need not rely solely on the Legislature's statement that it was enacting a "statute of repose," or the presumption that it did so with full knowledge of *Anderson*. In addition, the entire 2017 law, from top to bottom, reflects that the Legislature did, in fact, create a statute of repose in CJ § 5-117(d) (West 2017).

The purpose paragraph of the 2017 law states the Legislature's goals included both "altering the *statute of limitations*" for child sexual abuse claims *and* "*establishing a statute of repose*" for claims against non-perpetrator defendants. 2017 Md. Laws ch. 12 (E.075) (emphasis added); 2017 Md. Laws ch. 656 (E.080) (emphasis added). This Court has held that a purpose paragraph is "part of the statutory text—*not* the legislative history" and is "*indicative* of legislative intent." *Elsberry v. Stanley Martin Cos.,* 482 Md. 159, 187-88 (2022) (emphasis in original). By using the terms "statute of limitations" and "statute of repose" distinctly in its purpose paragraph on the law's different provisions—stating clearly that limitations were being *altered* and repose was being *established*—the Legislature showed that it understood the difference and intended to establish a statute of repose.

Moreover, the body of the statute tracks the purpose paragraph. The Legislature's stated intent to *alter* the statute of limitations was effectuated in CJ § 5-117(b) (West 2017) (E.108). The legislature altered the preexisting statute of limitations in three ways. In the 2003 version the law, (1) there was

no express authorization for a minor to bring suit upon injury; (2) the limitations period extended only seven years after the age of majority; and (3) there was no express tolling in cases of conviction.  *See* CJ § 5-117(b) (West 2003) (E.114).  The 2017 version of the provision changed all that.  In CJ § 5-117(b) (West 2017) (E.108), the General Assembly expressly authorized suit immediately upon injury; extended the seven-year period to twenty years after the age of majority; and provided for express tolling in case of conviction

Separately, the Legislature *established* a new statute of repose in CJ § 5-117(d) (West 2017) (E.109).  That provision applied only to non-perpetrator defendants, and imposed an absolute bar on certain actions against such defendants after a specific period of time:

> **In no event** may an action for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor be filed against a person or governmental entity that is not the alleged perpetrator more than 20 years after the date on which the victim reaches the age of majority.

2017 Md. Laws ch. 12, § 1 (E.077) (emphasis added); 2017 Md. Laws ch. 656, § 1 (E.082) (emphasis added); CJ § 5-117(d) (West 2017) (E.109) (emphasis added).  Importantly, the Legislature made the revised statute of limitations in CJ § 5-117(b) expressly "subject to" CJ § 5-117(d), which meant that the statute of repose would extinguish any claims against non-perpetrators that would otherwise be subject to tolling under CJ § 5-117(b).

Lastly, as noted, above, Section 3 confirmed that CJ § 5-117(d) is "the statute of repose" referenced in the statement of purpose, and directs courts to give that statute prospective and retroactive effect:

> **[T]he statute of repose under § 5-117(d)** … shall be construed to apply both prospectively and retroactively **to provide repose** to defendants regarding actions that were barred by the application of the period of limitations applicable before October 1, 2017.

2017 Md. Laws ch. 12, § 3 (emphasis added) (E.078); 2017 Md. Laws ch. 656, § 3 (emphasis added) (E.083).

In sum, *Anderson* (consistent with this Court's subsequent case law) held that a court should look to a statute's plain language "holistically" to determine if it is a statute of repose or limitations.  427 Md. at 124.  As Judge Cho explained in her memorandum order in *Schappelle*, "the whole statutory text of the [2017] law, including the purpose paragraph and the uncodified sections, clearly indicate the law is a statute of repose."  (E.357-358).  "The purpose statement outlines that one of the purposes of the bill is to establish a statute of repose" and "differentiates the newly created statute of repose from the old statute of limitations."  *Id.*  The plain language of CJ § 5-117(d) contains "the [salient] characteristics of a statute of repose," including an unequivocal bar to suit against a limited, protected class of non-perpetrator defendants.  *Id.*  And "Section 3 of the Act: (1) plainly labels [CJ] § 5-117(d) as a statute of repose, (2) states that statute shall provide repose to those effected, and (3) again

demonstrates that the Legislature made a distinction between the statute of repose that was being enacted, and the previous period of limitations that existed before." *Id.* Relying on this plain language in the statute, the Court should hold that the Legislature intended Section 5-117(d) (West 2017) to be exactly what it said: a statute of repose.

> ### 2. The legislative history of the 2017 law confirms the knowing and intentional enactment of a statute of repose.

Even when this Court concludes that a statute's meaning is clear and unambiguous from its plain text, "a review of the legislative history may, in certain contexts, be useful to confirm its interpretation or to rule out 'another version of legislative intent alleged to be latent in the language.'" *Spiegel v. Bd. of Educ.*, 480 Md. 631, 639 (2022) (quoting *Blackstone v. Sharma*, 461 Md. 87, 113 (2018)). Here, while Plaintiffs speculated in briefing below that legislators used "repose" in CJ § 5-117(d) (West 2017) in "error" or "colloquially without understanding or intending the implications" (*see* E.183, E.190), the legislative history demolishes that argument—and confirms that when the Legislature called Section 5-117(d) a statute of repose, it knowingly and intentionally conferred a substantive right of repose on the limited class of non-perpetrator defendants.

As Judge Cho held in *Schappelle*, the 2017 law's legislative history "is replete with examples of the Legislature being provided with materials that

used the term statute of repose and that consistently differentiated between a statute of limitations and statute of repose," confirming "that the Legislature knew the difference between the concepts, and purposely chose to adopt the CJP §5-117(d) as a statute of repose." (E.359).

The Senate Judicial Committee Floor Report, for example, repeatedly distinguishes the bill's extension of the statute of limitations (in Section 5-117(b)) from the newly enacted statute of repose (in Section 5-117(d)). The report states that the bill "expands the statute of limitations for an action for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor" and "creates a statute of repose for specified civil actions relating to child sexual abuse." (E.131, E.136). Tracking Section 5-117(d)'s language, the Floor Reports also state that the "bill establishes a 'statute of repose' prohibiting a person from filing an action for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor against a person or governmental entity that is not the alleged perpetrator more than 20 years after the date on which the victim reaches the age of majority." (E.132, E.137). The bill's Fiscal and Policy Note contains the same language as the Floor Reports, again showing that the Legislature was informed of the clear distinction between extending the statute of limitations and establishing a new statute of repose. (E.141-

142).  Floor statements in the Senate also referred to the law as extending the "statute of limitations" and creating a "statute of repose."  *Supra* at 13.

Another document in the legislative record, entitled "Discussion of certain amendments in SB0505/818470/1," emphatically confirms the Legislature's full understanding of how a statute of repose and statute of limitations differ, as well as the Legislature's intent to enact an absolute bar to liability for non-perpetrator defendants after the victim turns 38 years old:

> New Section 5-117(d) of the Courts and Judicial Proceedings Article provides a "statute of repose" for claims of sexual abuse 20 years after a plaintiff turns 18, but only for claims against governmental entities or persons other than the alleged perpetrators. This clarifies that although the alleged perpetrator might be sued after the victim turns 38, **civil claims against the government or private entities could not be filed after the victim turns 38** (even if, for example, a perpetrator is convicted of child sexual abuse). Statutes of repose are related to statutes of limitations, and are used when the legislature balances various interests and determines an appropriate period of time after which liability for the defendant should no longer exist. A statute of limitations provides time during which a plaintiff may sue, whereas a **statute of repose indicates time after which a defendant may not be sued**. The Maryland legislature has enacted other statutes of repose, most notably in Section 5-108 of the Courts and Judicial Proceedings Article . . .

(E.149) (emphasis added).

Moreover, the same document confirms that the Legislature understood that by enacting a statute of repose it was conferring a *vested right* on non-perpetrator defendants to be forever free of liability for claims already time-barred under existing statues of limitations:

Although it appears that under the Maryland Constitution, the legislature could not revive a claim that is past the applicable statute of limitations, the second sentence of Section 2 confirms that the **statute of repose applies retroactively to provide vested rights to defendants** relating to claims that have already been barred by the statute of limitations. . . .

In sum, through SB0505 as amended, the legislature will substantially extend the time for filing a lawsuit for any victim under the age of 25 regardless of when the abuse occurred, while at the same time indicating that claims already barred by limitations will remain barred.

*Id.* (emphasis added). While the document was unsigned and undated, similar notes in legislative bill files have been held to be confirmatory evidence of legislative intent. *Warfield v. State*, 315 Md. 474, 497 (1989) (considering a handwritten, undated, and unidentified note in bill file as evidence of legislative intent); *Webber v. State*, 320 Md. 238, 246 (1990) (considering handwritten note regarding purpose of amendment to bill); *Herd v. State*, 125 Md. App. 77, 90 (1999) (relying on *Warfield's* analysis of "undated and unidentified" note in bill file).

The plain text of CJ § 5-117(d) (West 2017) is repeatedly confirmed by its legislative history: it unambiguously established a statute of repose.

### 3. CJ § 5-117(d) (West 2017) contains features associated with other statutes of repose.

Plaintiffs have argued that CJ § 5-117(d) was not a statute of repose, because it supposedly lacked the "structure and elements" invariably

associated with other statutes of repose.  (E.186).  That argument is wrong for two reasons.

First, when determining whether a statute was one of limitations or of repose, this Court held in *Anderson* that there are no mandatory "elements" of a statute of repose.  In fact, it held the opposite—stressing that statutes of limitations and statutes of repose have "overlapping features" and that there no "hard and fast rule to use as a guide" in differentiating between them.  427 Md. at 123.  Likewise, *Anderson* lends no support to Plaintiffs' position that a reviewing court must utterly disregard the Legislature's description of Section 5-117(d) (2017) as a statute of repose, both in the session law itself and the relevant legislative history.

Second, CJ § 5-117(d) (West 2017) contains the most significant features found in other statutes of repose.

### a. CJ § 5-117(d) (West 2017) imposes an "absolute bar" to suit.

Section § 5-117(d) states that "[i]n no event" shall an action be filed against non-perpetrator defendants more than 20 years after the victim reaches the age of majority.  *Id.*  This language "shows an intent to provide the type of absolute bar to an action provided by a statute of repose."  Letter from Rowe to Dumais (Mar. 16, 2019)), at 2 (E.157); *accord* Letter from Rowe to

Smith, Jr. (June 23, 2021), at 2 (E.160).[17]   Courts have held that statutes providing that claims may "in no event" be brought after a specified period ends are statutes of repose.  For example, courts have held that Congress enacted a statute of repose in the Securities Act of 1933 by providing that "in no event" shall claims for securities fraud be brought more than three years after the security's sale.  *Caviness v. DeRand Res. Corp.*, 983 F.2d 1295, 1300 (4th Cir. 1993); *see also Yates v. Mun. Mortg. & Equity, LLC*, 744 F.3d 874, 895 (4th Cir. 2014).  Thus, the "in no event" language confirms that Section 5-117(d) (West 2017) falls squarely within the "range of language alternatives creating an absolute time bar."  *See Anderson*, 427 Md. at 126.

### b. CJ § 5-117(d) (West 2017) runs from an event unrelated to Plaintiffs' injuries.

This Court has observed that, "[i]n common parlance, statutes of limitation and statutes of repose are differentiated consistently and confidently by whether the triggering event is an injury or an unrelated event; the latter applying to a statute of repose." *Anderson*, 427 Md. at 119.  Here,

---

[17] During the legislative debate over the CVA, the AG submitted a letter contradicting Ms. Rowe's earlier letters and arguing, for the first time, that it was unclear whether the 2017 statute was a statute of repose.  (E.168-170). But even the AG's 2023 letter acknowledged that the 2017 statute's "in no event" language "is the wording that is often used to establish the type of absolute bar to an action provided by a statute of repose."  (E.169).

the trigger for CJ § 5-117(d) is a date unrelated to the injury—namely, the date of majority.

Below, Plaintiffs argued that CJ § 5-117(d) is not a statute of repose because it is "not triggered by the defendant's actions" and because the "triggering event is plaintiff-focused." (E.185-187). But there is "no hard and fast rule" on this question. *Anderson,* 427 Md. at 123. *Anderson* quoted a legal dictionary's statement that statutes of repose may run from "a specified time since the defendant acted," *id.* at 117, and later noted that the time period in the statute it was analyzing (CJ § 5-109(a)(1)) is "not related to an event or action independent of the potential plaintiff," *id.* at 126, the case says more than a half-dozen times that statutes of repose run from an event that is "unrelated" to the plaintiff's injury. *Id.* at 118; *see also, e.g.*, *id.* at 119, 123.

Further, in running the repose period from the date of majority, the Legislature conformed Section 5-117(d) (West 2017) to Illinois' statute of repose governing claims arising from sexual abuse of a minor:

| 735 Ill. Compiled Stat. § 5/13-202.2(b) (West 1992) | CJ § 5-117(d) (West 2017)) |
|---|---|
| [I]n no event may an action for personal injury based on childhood sexual abuse be commenced more than 12 years after the date on which the person abused attains the age of 18 years. | In no event may an action for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor be filed against a person or governmental entity that is not the alleged perpetrator more than 20 years after the date on which the victim reaches the age of majority. |

South Dakota has a similar statute, which provides that "no person who has reached the age of forty years may recover damages from any person or entity other than the person who perpetrated the actual act of sexual abuse," is a statute of repose. S.D. Codified Laws § 26-10-25; *Bernie v. Blue Cloud Abbey*, 821 N.W.2d 224, 230 n.9 (S.D. 2012). These statutes confirm that a statute of repose can be triggered on the plaintiff reaching a certain age. They also refute Plaintiffs' arguments below that state legislatures could never intentionally confer repose to defendants for claims of childhood sexual abuse.

### c. CJ § 5-117(d) (West 2017) shelters non-perpetrator defendants from an action after a certain period.

Statutes of repose typically "shelter[] legislatively-designated groups from an action after a certain period of time." *Anderson*, 427 Md. at 121. Here, CJ § 5-117(d) applies only to a specific subset of potential defendants—"a person or governmental entity other than the perpetrator." *Id.* It does not apply to "alleged perpetrators" of sexual abuse of minors. The repose granted to non-perpetrator defendants contrasts with section 5-117(b), which sets forth the statute of limitations periods applicable to claims against *any* defendant.

### d. CJ § 5-117(d) (West 2017) reflects a legislative balance of the respective rights of potential plaintiffs and institutional defendants.

"When enacting a statute of repose, a legislature balances the economic best interests of the public against the rights of potential plaintiffs and

determines an appropriate period of time, after which liability no longer exists." *Anderson*, 427 Md. at 121; *see also SVF Riva Annapolis LLC v. Gilroy*, 459 Md. 632, 636 n.1 (2018). The 2017 law reflects just that sort of "legislative balance." The legislative record contains numerous references to the issue of sexual abuse of minors, the impact on victims, and delays in reporting by victims. It also reflects concern about the prejudice to defendants (including institutional defendants) in defending against stale claims based on long-ago conduct. The "legislative balance" of those competing considerations is also evident from the face of the 2017 law, which nearly tripled the amount of time for plaintiffs to bring suit, while also assuring non-perpetrator defendants that ancient claims, recognized as difficult to defend, would not be revived. *See supra* at 8-10.

Contrary to Plaintiffs' argument below, there is, in fact, a public, economic interest in providing repose at some point to institutional defendants who were not themselves perpetrators of abuse. The "public as a whole" benefits from providing a measure of certainty to those institutions— just as it benefits from the statute of repose providing a measure of certainty to architects, engineers, and contractors under CJ § 5-108 after a period of time, even though that means that some plaintiffs may be unable to recover for injuries from (for example) negligently constructed buildings. *See Hagerstown Elderly Assocs. L.P. v. Hagerstown Elderly Bldg. Assocs. LP, et. al.,* 368 Md.

351, 362 (2002) (explaining that CJ § 5-108(a), (b) protects certain defendants from claims "that did not become manifest until years" after the complained-of conduct).

### e. Post-Repose accrual is not a requirement of statutes of repose.

Lastly, Plaintiffs suggested below that CJ § 5-117(d) (West 2017) must extinguish only unaccrued claims in order to qualify as a statute of repose. But *Anderson* says only that statutes of repose "*may* extinguish a potential plaintiff's right to bring a claim before the cause of action accrues." 427 Md. at 119 (emphasis added). And Plaintiffs' position—that the Legislature may not enact a statute of repose unless it extinguishes unaccrued claims—makes no sense. If anything, there are more compelling reasons to grant repose against stale claims that could have been brought years ago than to grant repose against claims that have not yet accrued.[18]

Moreover, CJ § 5-117(d) (West 2017) does extinguish certain claims before they accrue. In Maryland, statutes of repose extinguish causes of action that have not yet accrued by reason of fraudulent concealment, which Plaintiffs have argued applies here, or by application of the discovery rule. *See Carven*

---

[18] Indeed, *Anderson* cited statutes of repose governing medical malpractice claims from Arkansas and North Carolina that bar *only* claims that have been deemed accrued. *See* 427 Md. at 124-25 & n.10 (citing N.C. Gen. Stat. § 1-15(c) (2012); Ark. Code Ann. § 16-114-203 (2012)).

*v. Hickman*, 135 Md. App. 645, 652 (2000), *aff'd sub nom. Hickman v. Carven*, 366 Md. 362 (2001)).

In conclusion, there is simply no reason not to treat CJ § 5-117(d) (West 2017) as precisely what the statute says it is—a statute of repose.

### C.   Because the 2017 statute creates repose, the CVA's retroactive abrogation of it is unconstitutional.

#### 1.   The 2017 statute of repose granted School Defendants a substantive right to be free forever from liability for Plaintiffs' claims, a right that vested when the statutory period expired.

*Anderson* held that a statute of repose is a "special statute" with a distinct "purpose to provide an absolute bar to an action or to provide a grant of immunity to a class of potential defendants after a designated time period." 427 Md. at 118.  As such, "[s]tatutes of repose . . . create a substantive right protecting a defendant from liability after a legislatively-determined period of time."  *Id.* at 120; *see also Carven*, 135 Md. App. at 652.

CJ § 5-117(d) (West 2017) thus conferred a substantive right in any "person or governmental entity that is not the alleged perpetrator" to be free of "action[s] for damages arising out of an alleged incident or incidents of sexual abuse that occurred while the victim was a minor," if "more than 20 years" had passed "after the date on which the victim reache[d] the age of majority."  2017 Md. Laws ch. 12, § 1 (E.077); 2017 Md. Laws ch. 656, § 1 (E.082).  That substantive right to be absolutely free of liability vests in the

non-perpetrator defendant when the plaintiff turns 38 years old. *See, e.g.,*
*SEPTA v. Orrstown Fin. Servs.*, 12 F.4th 337, 351 (3rd Cir. 2021) (statutes of
repose "creat[e] a vested right to repose" on "expiration of the repose period");
*S. States Chem. v. Tampa Tank & Welding, Inc.*, 888 S.E.2d 553, 564 (Ga. 2023)
(holding that a defendant had "a substantive, vested right to be free from
liability" upon the running of the repose time period).

Here, this substantive, vested right to be free from liability covers
Plaintiffs' claims against the School Defendants. Ms. Bunker evidently turned
18, the age of majority, in the late 1970s. (E.021); *supra* at 5. She must have
turned 38, long before 2017. Accordingly, the 2017 law gave Key Defendants
a substantive, vested right to be free from liability from her claims. Similarly,
John Doe turned 38 years old in approximately 2014. (E.394); *supra* at 6. So
the 2017 law also gave the Board a substantive, vested right to be free from
liability from his claims.

> **2. The Maryland Constitution does not permit the CVA's
> revocation of School Defendants' substantive, vested
> rights under the 2017 statute of repose.**

This Court's leading case on retroactive statutory changes, *Dua v.
Comcast Cable of Md., Inc.*, 370 Md. 604 (2002), shows that the CVA's
abrogation of the 2017 statute of repose violates School Defendants' rights
under the Maryland Constitution. *Dua* addressed two distinct statutes, one
setting new standards governing late fees for cable television subscribers, and

the other granting a new right for healthcare management organizations to pursue subrogation claims for its members' tort recoveries from negligent third parties. *Id.* at 610-11. The Legislature made both statutory changes retroactive, and both were challenged on state and federal constitutional grounds. *Id.* After thoroughly reviewing Maryland's jurisprudence on the constitutionality of retroactive statutory provisions, the Court concluded that both statutes' retroactive application violated the Maryland Constitution. *Id.* at 646.

*Dua's* core holding is that it is "firmly settled" that "the Constitution of Maryland prohibits legislation which retroactively abrogates vested rights." *Id.* at 623. And, unlike the federal-court rational-basis test, Maryland's ban on retroactively violating vested rights is *categorical*:

> No matter how "rational" under particular circumstances, the State is constitutionally precluded from abolishing a vested property right . . . . The state constitutional standard for determining the validity of retroactive civil legislation is whether vested rights are impaired and *not* whether the statute has a rational basis.

*Id.* (emphasis in original). The categorical ban applies even when the Legislature is seeking to change the law to remedy a historical wrong; *Dua* held that "even 'a remedial or procedural statute may not be applied retroactively if it will interfere with vested or substantive rights.'" 370 Md. at

625 (citing *Langston v. Riffe*, 359 Md. 396, 418 (2000), and *Rawlings v. Rawlings*, 362 Md. 535, 559 (2001)).

The Court rooted the principle that the Legislature is constitutionally prohibited from abrogating a vested right in Article 24 of the Maryland Declaration of Rights, "often referred to as the Maryland Constitution's due process clause," *see Dua*, 370 Md. at 628, and in Article III, Section 40 of the Maryland Constitution, which "prohibits the taking of private property 'without just compensation.'" *Dua*, 370 Md. at 628-29.[19]  Since issuing *Dua*, this Court has continued to apply its holding that the Maryland Constitution bars retroactive abrogation of vested rights.  *See, e.g., Ellis v. McKenzie*, 457 Md. 323, 333 (2018); *State v. Goldberg*, 437 Md. 191, 204-205 (2014); *Muskin v. State Dep't of Assessments & Taxation*, 422 Md. 544, 555-56 (2011); *Allstate Ins. Co. v. Kim*, 376 Md. 276, 293 (2003).

The *Dua* Court also concluded that the specific issue in this appeal—the retroactive legislative revival of a barred cause of action—would impermissibly violate a defendant's vested right.  *Dua* explored and analyzed dozens of cases, as far back as 1835, which applied Maryland's vested rights paradigm to retroactive legislation.  370 Md. at 624-33.  The Court concluded that "the

---

[19] Some older cases "simply take the position that retrospective statutes impairing vested rights violate the Maryland Constitution, without citing a specific constitutional provision" and without "indicating which constitutional provision or provisions are involved."  *Dua*, 370 Md. at 629. (collecting cases).

Maryland Constitution ordinarily precludes the Legislature (1) from retroactively abolishing an accrued cause of action, thereby depriving the plaintiff of a vested right, and (2) from retroactively creating a cause of action, *or reviving a barred cause of action, thereby violating the vested right of the defendant*." *Id.* at 633 (emphasis added).

Applying *Dua's* principles here, the CVA's revival of Plaintiffs' claims against the School Defendants is unconstitutional because the statute of repose permanently barred those claims when each Plaintiff turned 38 years old. To revive those extinguished claims would violate the due process rights of the School Defendants under Article 24 of the Maryland Declaration of Rights, by abrogating their vested right to be free of those claims. It would also offend the takings clause in Article III, Section 40 of the Maryland Constitution as to the School Defendants, by destroying that vested right without compensation. Therefore, the Court should hold the CVA is unconstitutional as applied to School Defendants.

In trial-court briefing, Plaintiffs offered no compelling argument against applying *Dua* and holding that the CVA, as-applied to School Defendants, is unconstitutional. They rely primarily on an inapt decision, *Allstate Ins. Co. v. Kim*, 376 Md. 276 (2003), which upheld, as constitutional, the Legislature's retroactive abrogation of the common-law parent-child immunity for certain auto tort claims. *Id.* at 298. *Kim* reasoned that the common-law immunity

was "inchoate" until a lawsuit was filed, and that a "vested right, entitled to protection from legislation, must be something more than a *mere expectation* based upon an anticipated continuance of the existing law; *it must have become a title*, legal or equitable, *to the present or future enjoyment of property, a demand, or a legal exemption from a demand by another*." *Id*. at 297-98 (internal citations omitted, emphasis in original).

*Kim* says nothing about the circumstances here. As Judge Cho explained in *Schappelle*, the "Legislature affirmatively granted [non-perpetrator] [d]efendants absolute immunity from suit upon expiration of a time certain, *regardless of whether a claim was filed*." (E.365) (emphasis added). That absolute bar of liability once the legislated period lapses is a critical distinction that makes a statute of repose a "special statute" and distinguishes it from a statute of limitations. *Anderson*, 427 Md. at 118, 120. Thus, the expiration of the time period set forth in the statute of repose creates a vested right that cannot be retroactively abrogated.

Plaintiffs' position also finds no support in the Legislature's 1991 amendment of the statute of repose for improvements in real property at CJ § 5-108, which added an exception for asbestos claims. *See* CJ § 5-108(a)(2), (d)(2). Even the AG's 2023 letter to the sponsor of the CVA acknowledged that, in the 23 years since that 1991 amendment, "Maryland case law on vested rights has developed"—citing *Dua's* holding that a revival of a barred cause of

action deprives a defendant of a vested right. (E.170). Moreover, the Appellate Court *did* declare the retroactive application of the asbestos exception in CJ § 5-108(d)(2) to be unconstitutional. *See Duffy v. CBS Corp.*, 232 Md. App. 602, 622 (2017), *rev'd on other grounds*, 458 Md. 206 (2018). This Court's reversal never reached the constitutional question that the Appellate Court decided. Instead, this Court held only that the plaintiff's cause of action "arose" on the last date he was exposed to asbestos. So he was not time-barred under the 1970 statute of repose, and he needed no retroactive legislation to bring his claim. *Duffy*, 458 Md. at 235-36.

### 3. Courts applying the same vested-rights approach as Maryland's have consistently held that the retroactive abrogation of a statute of repose violates due process.

This Court "has been explicitly clear that, with respect to the abrogation of vested rights, Maryland law 'impose[s] greater limitations (or extend[s] greater protections) than those prescribed by the United States Constitution's analog provisions.'" *Willowbrook Apartment Assocs. LLC v. Mayor & City Council of Baltimore*, 563 F. Supp. 3d 428, 445 (D. Md. 2021) (quoting *Muskin*, 422 Md. at 556).[20] Thus, while federal courts and courts in a few jurisdictions

---

[20] The Maryland Declaration of Rights and Maryland Constitution consistently afford broader protections than the Federal Constitution. The Court provided several examples of this in *Dua*. *See* 370 Md. at 622-23. More recent cases have held similarly. *See Clark v. State*, 485 Md. 674, 717 (2023) (due process right to counsel under Article 24 of the Declaration of Rights is broader than equivalent Sixth Amendment right).

apply the more lenient rational-basis standard of review to retroactive legislation abrogating a statute of repose, *see, e.g., Shadburne-Vinton v. Dalkon Shield Claimants Tr.*, 60 F.3d 1071, 1077 (4th Cir. 1995); *In re Individual 35W Bridge Litig.*, 806 N.W.2d 811, 832-33 (Minn. 2011), such decisions mean nothing here because, in Maryland, "retroactive legislation, depriving persons or private entities of vested rights, violates the Maryland Constitution, *regardless of the reasonableness* or 'rational basis' underlying the legislation." *Dua*, 370 Md. at 625 (emphasis added).

Many other states' courts follow a vested-rights approach similar to Maryland's, *i.e.,* that legislation retroactively changing statutes (including to revive previously time-barred claims) is unconstitutional when it violates the vested rights of a defendant—regardless of how rational or persuasive a basis the legislature may have for seeking to change the law. And such courts have consistently held that a legislature may *not* revive an action time-barred by the running of a statute of repose, because doing so violates a vested right of the defendant:

<u>Courts holding unconstitutional the retroactive revival of claims for childhood sexual abuse when subject to a statute of repose</u>

*Illinois.* In 1991, Illinois established a statute of repose for actions based on childhood sexual abuse, requiring that all such claims be brought within two years of the date that the victim discovers, or by reasonable diligence

should have discovered, that the abuse occurred and caused that injury, "but in no event may an action for personal injury based on childhood sexual abuse be commenced more than 12 years after the date on which the person abused attains the age of 18 years." 735 Ill. Compiled Stat. § 5/13-202.2(b) (1992); *see also Anderson v. Catholic Bishop of Chi.*, 759 F.3d 645, 647-48 (7th Cir. 2014). Three years later, the statute of repose was repealed. *Anderson*, 759 F.3d at 648.

The Seventh Circuit Court of Appeals and Illinois state courts have held that once the period of limitations or repose has expired, "a defendant has a vested right in asserting the bar of that limitations period as a defense to a cause of action, and that the right cannot be taken away without offending the due process protections of the Illinois Constitution." *Id.*; *see also M.E.H. v. L.H.*, 685 N.E.2d 335, 339 (Ill. 1997). Thus, claims that were time-barred under Illinois's statute of repose "remained time-barred even after the repose period was abolished in the subsequent legislative action." *Anderson*, 759 F.3d at 648; *M.E.H. v. L.H.*, 685 N.E.2d at 339.

*Kansas.* In *Doe v. Popravak*, 421 P.3d 760 (Kan. Ct. App. 2017), the Kansas intermediate appellate court addressed a claim for sexual abuse while the plaintiff was a minor child. The court concluded that a Kansas statute, which barred claims "commenced by or on behalf of" a minor child more than eight years after the act giving rise to the claim, barred the sex-abuse claim.

- 47 -

*Id.* at 766-67 (citing Kan. Stat. Ann. 60-515).  The Kansas legislature in 1992 passed a law creating an exception to that statute of repose, including permitting suits within three years of discovery of an injury caused by childhood sexual abuse.  *Id.* (citing Kan. Stat. Ann. 60-523).  But the Kansas court rejected the plaintiff's argument that his claim was timely under the exception adopted in 1992.  It held that there "was not a viable cause of action still in existence when the legislature adopted" the 1992 law "and the defendants had a substantive right under the statute of repose not to have to defend against these claims."  *Id.*

The *Doe v. Popravak* decision relied heavily on *Harding v. K.C. Wall Prods., Inc.*, 831 P.2d 958 (Kan. 1992), in which the Kansas Supreme Court held that a "legislature *cannot* revive a cause of action barred by a statute of repose, as such action would constitute the taking of property without due process."  *Id.* at 968 (emphasis in original).

<u>Courts holding unconstitutional the retroactive revival of claims in other contexts when subject to a statute of repose</u>

*Florida.*  In 1985, Florida enacted a statute of repose for product liability actions, which was repealed the next year and replaced with a statute of limitations.  *See Walker v. Miller Elec. Mfg. Co.*, 591 So. 2d 242, 243 (Fla. Dist. Ct. App. 1991) (citing § 95.031(2) Fla. Stat. (1985), § 95.031(2), Fla. Stat. (Supp. 1988)).  Florida courts held that "the repeal of the statute of repose . . . could

not affect [defendants'] vested right to not be sued" once the applicable period of repose had run. *Id.* at 245; *see also Firestone Tire & Rubber Co. v. Acosta*, 612 So. 2d 1361, 1362 (Fla. 1992) (answering certified question of law from the *Walker* court and approving of its holding that the statute of repose conferred a vested right not to be sued even after repeal).

*Georgia.* The Georgia legislature has enacted an eight-year statute of repose for claims relating to the construction or improvement of real property. Official Code of Georgia Ann. § 9-3-51(a); *S. States Chem.*, 888 S.E.2d at 558. In 2020, the Georgia legislature amended that statute to carve out claims for breach of contract, including breach of warranties. *S. States Chem.*, 888 S.E.2d at 559. Even though that amendment specifically stated the legislature intended it to be retroactive, the Georgia Supreme Court held that the passing of the time period set in the original, pre-2020 statute of repose had permanently extinguished claims against an installer of an allegedly faulty storage tank, conferring a substantive, vested right to repose. *Id.* at 560-64. It held that "the 2020 amendment cannot be applied retroactively to [plaintiff's] breach of express warranty claim," because reviving that claim would violate the defendant's constitutionally protected vested right to repose. *Id.* at 564.

*North Carolina.* In *Colony Hill Condo. I Asso. v. Colony Co.*, 320 S.E.2d 273, 276 (N.C. Ct. App. 1984), the North Carolina Court of Appeals held that

- 49 -

claims against a condominium builder were permanently barred by a 1963 statute of repose and could not be "retrospectively revived" by a subsequent 1981 statute. *Id.* at 276. The court explained that the "vested right" conferred by the 1963 statute of repose "cannot be impaired by the retroactive effect of a later statute." *Id.* It sympathized with the condominium owners but found, "we cannot let our sympathies lead us to construe the statute so as to place an unconstitutional burden on the defendant-builders." *Id.*

More recently, the North Carolina Court of Appeals addressed a state statute providing a two-year window in which to bring claims arising from childhood sexual abuse for which the statute of limitations had run. *McKinney v. Goins*, 892 S.E.2d 460 (N.C. Ct. App. 2023). The court held that the law was constitutional because a statute of limitations was purely procedural and that its running did not confer a vested or substantive right. *Id.* at 478. However, the court approvingly cited its earlier decision in *Colony Hill*, pointedly noting that "unlike statutes of limitation, a statute of repose may not be retroactively suspended to revive a cause of action because it 'gives the defendant a vested right not to be sued.'" *McKinney*, 892 S.E.2d at 472 (citing *Colony Hill*, 320 S.E.2d at 276); *see also id.* at 470 & n.8 (similarly distinguishing between the procedural nature of statutes of limitations and the substantive "property right in the defendant by extinguishing any underlying liability" conferred by the running of a statute of repose).

*Nebraska.*  The Nebraska Supreme Court has held that claims which were extinguished under a products liability statute of repose could not be revived by amending the statute.  *Givens v. Anchor Packing, Inc.*, 466 N.W.2d 771, 773 (Neb. 1991).  The court explained that its ruling was "grounded upon the due process guarantee found in Neb. Const. art. I, § 3, which prevents persons from being deprived of their property without due process of law[:]"

> The immunity afforded by a statute of repose is a right which is as valuable to a defendant as the right to recover on a judgment is to a plaintiff; the two are but different sides of the same coin. Just as a judgment is a vested right which cannot be impaired by a subsequent legislative act, so, too, is immunity granted by a completed statutory bar.

*Givens*, 466 N.W.2d at 773 (cleaned up).

*Pennsylvania.*    Pennsylvania appellate courts have also struck legislation that revives claims barred by a statute of repose.  *City of Warren v. Workers' Comp. Appeal Bd.*, 156 A.3d 371 (Pa. Commw. Ct. 2017).  The *City of Warren* court addressed a statute of repose within the broader Pennsylvania worker's compensation act, which provided that, for a claim for an occupational disease to be compensable, "a claimant's disability or death must occur within 300 weeks of last exposure to a hazard."  *Id.* at 377-78 (citing 77 Penn. Stat. §411(2)).  The Pennsylvania legislature had revised the statute of repose to permit certain cancer claims by firefighters to be filed within 600 weeks after their employment ends.  *Id.* at 376-77 (citing 77 Penn. Stat. §414).  The court

noted that the legislature had not clearly expressed an intent that the revised provision be retroactive. *Id.* at 378. It concluded that "[l]egislation that purports to revive an expired claim violates the constitutional guarantee of 'due course of law'" under the Pennsylvania constitution. *Id.* at 379; *see also* Pa. Const. art. I, §11). It emphasized that a "statute of repose . . . completely extinguishes the right and not merely the remedy, and may be invoked even though it has not been pleaded. If the right is *completely extinguished* we do not see how it could be revived or reinstated." *City of Warren*, 156 A.3d at 379 (citing *Jericho v. Liggett Spring & Axle Co.*, 106 A.2d 846, 850 (Pa. Super. 1954)).

In sum, for Maryland courts, *Dua* held that the Legislature's retroactive revival of permanently time-barred claims is unconstitutional. Sister-state courts applying a similar vested-right standard to analyze the constitutionality of retroactive statutory changes have consistently held that reviving claims subject to repose is unconstitutional. Thus, this Court should hold that: (1) School Defendants have a vested right not to be sued because the period in the 2017 statute of repose elapsed long ago for both Plaintiffs and (2) the CVA's retroactive revival of those claims is unconstitutional because it violates School Defendants' vested right to be free from suit.

## II.    The Maryland Constitution precludes the revival of claims barred by the statute of limitations.

Alternatively, even if the Court accepts the counter-textual argument that CJ § 5-117(d) (West 2017) is somehow *not* a statute of repose, but a statute of limitations, the CVA still cannot revive previously expired claims without violating the Maryland Constitution's due process and takings clause provisions.  *See* Md. Const., Declaration of Rights, art. 24; *id*. art. III, § 40.

In *Doe v. Roe*, 419 Md. at 687, this Court strongly suggested that the running of the statute of limitations without a potential plaintiff filing suit creates in any potential defendant a substantive, vested right to be free of claims.  In *Doe*, a girl alleged sexual abuse by a family member.  *Id.* at 689-90.  She reached the age of majority on September 29, 2001.  *Id.*  The statute of limitations then in place gave her until September 29, 2004, to sue.  *Id.* at 690 (citing Md. Code (1974, 1998 Repl. Vol.), CJ § 5-101).  But before that period elapsed, the Legislature extended the limitations period to seven years after the age of majority.  *Id.* (citing CJ § 5-117 (2003)).  The plaintiff later sued within the seven-year period, but after the three-year period.  *Id.*

This Court held that the suit was timely and the extension of the limitations period did not violate the defendant's rights under Article 24 of the Maryland Declaration of Rights because limitations for the claim had not yet expired.  *Doe*, 419 Md. at 709-10.  The Court characterized the 2003 version of

- 53 -

CJ § 5-117 as "a remedial and procedural statute." *Id.* at 703-704.  It concluded that, because the statute was remedial and procedural, the Legislature should be presumed to have intended its extension to apply retroactively for plaintiffs whose claims were *not* already time-barred (such as plaintiff Roe).  *Id.* at 707-08.

But the Court emphasized that its decision required that the statute of limitations had not yet run for the plaintiff's claims when the Legislature extended the limitations period.  Alluding to the circumstances here, it recognized that it "would be faced with a *different situation entirely* had Roe's claim been barred under the three-year limitations period" on "the effective date of [the 2003 version of] § 5-117."  *Doe*, 419 Md. at 707 (emphasis added). In a footnote, the Court explained that even "a remedial or procedural statute may not be applied retroactively if it will interfere with vested or substantive rights."  *Id.* at 707 n.19 (quoting *Rawlings v. Rawlings*, 362 Md. 535, 559 (2001) (quoting *Langston v. Riffe*, 359 Md. 396, 418 (2000)).  For plaintiff Roe, the Court concluded there was no interference with vested or substantive rights, "as it is well established that an individual does not have a vested right to be free from suit or sanction for a legal violation *until the statute of limitations for that violation has expired.*"  *Id.* (citing *Crum v. Vincent*, 493 F.3d 988, 997 (8th Cir. 2007)) (emphasis added).  The clear implication is that, when the applicable statute of limitations expires, Marylanders *do* "have a vested right

to be free from suit or sanction." *Id.* So, even if CJ § 5-117(d) (West 2017) were merely a statute of limitations, revival of the time-barred claims would still impermissibly interfere with vested rights.

Two years before *Doe* was issued, the Appellate Court explicitly held in *Rice v. University of Maryland Medical System Corporation*, 186 Md. App. 551 (2009) that "when a defendant has survived the period set forth in [a] statute of limitations without being sued, a legislative attempt to revive the expired claim would violate the defendant's right to due process." *Id.* at 563.[21] This comports with *Dua*, which after a thorough survey of applicable Maryland law, recognized that "the Maryland [c]onstitution ordinarily precludes the [l]egislature from . . . reviving a barred cause of action, thereby violating the vested right of the defendant." 370 Md. at 633.

---

[21] After this Court's holding in *Walzer v. Osborne*, 395 Md. 563, 585 (2006) that medical malpractice claims must be accompanied by an expert certificate and a separate accompanying report, the trial court in *Rice* dismissed the plaintiffs' complaint based on the failure to include a separate report. *Rice*, 186 Md. App. at 552-53. Plaintiffs initially appealed and then filed a new action after the Legislature enacted a "savings clause" for medical malpractice actions dismissed for failure to file an accompanying report at CJ § 5-119. *Id.* Defendants moved to dismiss the new case, arguing it was untimely under the three-year statute of limitations and, to the extent CJ § 5-119 extended the statute of limitations, that CJ § 5-119 was unconstitutional. *Id.* The trial court granted the motion, but the Appellate Court reversed, finding no violation of due process because the "claims were still in ongoing litigation at the time [when CJ § 5-119] took effect, and, as a consequence, their claims had not 'expired,' and no vested property interests of [defendant] were infringed when the General Assembly enacted a provision that permitted the continued pursuit of such claims." *Id.* at 566.

The Court's reasoned statements in *Doe v. Roe*, its conclusion in *Dua*, and the Appellate Court's holding in *Rice* consistently support the principle that a defendant in Maryland who has survived the running of a statute of limitations has a substantive, vested right to be free from liability.

Most sister states that follow Maryland's vested-rights approach (as opposed to the federal-court rational-basis approach) have held that the legislative revival of claims previously time-barred by a statute of limitations violates state constitutional due process protections.  Courts in Florida, Illinois, Nebraska, and Pennsylvania have held that their state constitutions bar retroactive revival of claims once *either* a statute of repose or a statute of limitations has run.[22]  And courts in Arkansas, Indiana, Iowa, Kentucky, Rhode Island, South Carolina, South Dakota, and Utah have all held that the retroactive revival of claims time-barred under a statute of limitations violates a defendant's vested rights, but have not had the occasion to consider the issue in the context of a statute of repose.[23]  The handful of exceptions are from states

---

[22] **Fla.**: *Firestone*, 612 So. 2d at 1362; *Wiley v. Roof*, 641 So. 2d 66, 68 (Fla. 1994); **Ill.**: *M.E.H. v. L.H.*, 685 N.E.2d at 339; **Neb.**: *Givens*, 466 N.W.2d at 773; **Pa.**: *City of Warren*, 156 A.3d at 379; *Maycock v. Gravely Corp.*, 508 A.2d 330, 334 (Pa. Super. 1986).

[23] **Ark.:** *Johnson v. Lilly*, 823 S.W.2d 883, 885 (Ark. 1992); **Ind.:** *Green v. Karol*, 344 N.E.2d 106, 112 (Ind. Ct. App. 1976); **Iowa:** *Frideres v. Schiltz*, 540 N.W.2d 261, 266 (Iowa 1995); **Ky.**: *Thompson v. Killary*, 683 S.W.3d 641, 643 (Ky. 2024); **R.I.**: *Kelly v. Marcantonio*, 678 A.2d 873, 883 (R.I. 1996); **S.C.:** *Doe v. Crooks*, 613 S.E.2d 536, 538 (S.C. 2005); **S.D.:** *State ex rel. Barrow v. Bladow*,

that have concluded that only the running of a statute of repose—and not a statute limitations—confers a vested right that bars a legislature from reviving claims subject to repose.[24]

This principle holds up in the discrete context of legislation affecting the timeliness of childhood sexual abuse claims.  In at least five states applying a vested-rights framework like Maryland's, the state's highest court has held that legislation purporting to revive such claims after the applicable limitations period has run is unconstitutional: *M.E.H. v. L.H.*, 685 N.E.2d 335 (Ill. 1997), *Thompson v. Killary*, 683 S.W.3d 641 (Ky. 2024), *Kelly v. Marcantonio*, 678 A.2d 873, 883 (R.I. 1996), *Doe v. Crooks*, 613 S.E.2d 536, 538 (S.C. 2005), and *Mitchell v. Roberts*, 469 P.3d 901 (Utah 2020).  The persuasive analysis offered in these cases should be followed by this Court.

In sum, Maryland case law strongly indicates that the right to be free from suit vests when a statute of limitations runs, and the Legislature cannot retroactively abrogate the vested right.  Most sister-state decisions applying a vested-rights approach concur—including for statutes that, like the CVA, revived claims for childhood sexual abuse.  These authorities compel the

---

521 N.W.2d 141, 142 (S.D. 1994); **Utah:** *Mitchell v. Roberts*, 469 P.3d 901 (Utah 2020).

[24] **Ga.**: *S. States Chem.*, 888 S.E.2d at 558; **Kan.**: *Harding*, 831 P.2d at 968; **N.C.**: *McKinney*, 892 S.E.2d at 472.

conclusion that the CVA's revival of Plaintiffs' claims after the applicable

statute of limitations had long run violates the Maryland Constitution.

### III. The CVA's revival of Plaintiffs' claims cannot be saved by reliance on presumptions or interpretative canons.

Below, Plaintiffs attempted to rescue the CVA by invoking the

presumption of constitutionality and the related canon of constitutional

avoidance.  But, as the Court has long held, the presumption that statutes are

constitutional cannot trump "the sacred duty of the courts to preserve inviolate

the integrity of the Constitution."  *Beauchamp v. Somerset Cty. Sanitary Com.*,

256 Md. 541, 547-48 (1970) (internal citations omitted).  Here, when a statute

abrogates vested rights, there is no question that it is unconstitutional.  *See*

*supra* at 40-45.  And the Court has not hesitated to hold other statutes that

abrogate vested rights to be unconstitutional.  *See, e.g., Muskin*, 422 Md. 544

(2011) (statutory extinguishment and transfer provisions for ground lease

owners unconstitutionally violated vested right); *Dua*, 370 Md. 604.  It should

do so again here and hold the CVA as applied to School Defendants is

unconstitutional.

Further, the canon of constitutional avoidance is wholly irrelevant here.

While the canon permits a court to interpret a statute narrowly to avoid

constitutional problems, *Koshsko v. Haining*, 398 Md. 404, 425 (2007), it

"comes into play only when, after the application of ordinary textual analysis,

the statute is found to be susceptible of more than one construction; and the canon functions as *a means of choosing between them*." *Waterkeeper All., Inc. v. Md. Dep't of Agric.*, 439 Md. 262, 284 n.20 (2014) (citing *Clark v. Martinez*, 543 U.S. 371, 385 (2005)) (emphasis in original).  Here, Plaintiffs seek to save the CVA from being held unconstitutional as applied to School Defendants by interpreting *an unambiguous statute* (§ 5-117(d) (West 2017)) to say the opposite of what it says.  That turns the doctrine of constitutional avoidance inside out.

## IV.    Plaintiffs' claims are not subject to tolling.

As argued above in Argument Part I, (*supra*, at 21-52) the Court should hold that CJ § 5-117(d) (West 2017) is a statute of repose and that the CVA's retroactive revival of Plaintiffs' claims impermissibly abrogates non-perpetrator School Defendants' vested right to be free from those claims.  This would require the Court to also reject Plaintiffs' argument, made in briefing below, that their claims were tolled when they filed suit based on the "continuing harm" doctrine or fraudulent concealment.  While statutes of limitations may, in some circumstances, be tolled by fraudulent concealment or the continuing harm doctrine, "statutes of repose are not because the latter are an absolute time bar, after which liability no longer exists, and to toll the repose period would upset the balance struck by the legislative body." *Anderson*, 427 Md. at 121 (internal citations omitted).

Further, even if the Court concludes that CJ § 5-117(d) (West 2017) is a statute of limitations, Plaintiffs have failed to advance any plausible tolling theory. The continuing-harm doctrine requires that "a tortious act—not simply the continuing ill effects of prior tortious acts—fall within the limitation period." *MacBride v. Pishvaian*, 402 Md. 572, 584 (2007) (quoting *Alston v. Hormel Foods Corp.*, 730 N.W.2d 376, 381 (Neb. 2007)); *see also Bacon v. Arey*, 203 Md. App. 606, 655-56 (2012). Here, Plaintiffs have alleged tortious conduct that ended in the 1970s. While they may well have ongoing ill effects, they have not plausibly alleged any tortious acts against them after the 1970s (for Plaintiff Bunker) or the 1990s (for Plaintiff Doe).

Moreover, to establish fraudulent concealment, a plaintiff must plead with particularity that defendants' fraud prevented her from discovering her cause of action. *Bacon*, 203 Md. App. at 653-55. Here, as in *Bacon*, "the complaint falls far short of setting forth specific allegations of how the fraud kept [Plaintiffs-Appellants] unaware of a cause of action, how the fraud was discovered, and why there was a delay in discovering the fraud." *Id.* at 661. The alleged acts of abuse placed Plaintiffs "immediately on notice of potential claims" in this case. *Doe v. Archdiocese of Wash.*, 114 Md. App. 169, 188 (1997). Thus, Ms. Bunker was on notice of potential claims and the statute of limitations began to run from the dates of the alleged abuse in the 1970s and expired by (at the latest) the early 1980s for the Key Defendants. Similarly,

John Doe was on notice of potential claims against the Board and Board Employees and the statute of limitations began to run from the dates of the alleged abuse in the 1980s and early 1990s and expired by (at the latest) the mid-1990s.

## CONCLUSION

Terms like vested rights "are *indispensable for a society governed by the rule of law.*" *Dua*, 370 Md. at 631 (emphasis added). So are constitutional protections. Constitutions exist to honor what Thomas Jefferson called our "sacred principle, that though the will of the majority is in all cases to prevail, that will to be rightful must be reasonable; that the minority possess their equal rights, which *equal law must protect* and to violate would be oppression." 1801 First Inaugural Address (emphasis added).

In this case, applying settled principles of statutory interpretation the settled meaning of "statute of repose" compels only one conclusion: Section 5-117(d) (West 2017) is a statute of repose, exactly as the Legislature described it in the 2017 law itself. And under settled "vested rights" jurisprudence, the Maryland Declaration of Rights and Constitution forbid reviving claims after the statutory repose period has expired. And even if the 2017 law were viewed as a statute of limitations, Maryland law and persuasive precedent conclusively show that reviving a claim after the statutory limitations period has run also impermissibly infringes on a defendant's vested right.

For these reasons, the Court should hold that the CVA impermissibly abrogated School Defendants' vested rights in violation of Article 24 of the Maryland Declaration of Rights and Article III, Section 40 of the Maryland Constitution.

Respectfully submitted,

_/s/ Sean L. Gugerty_

Sean L. Gugerty
AIS # 1512150280
Jeffrey H. Hines
AIS # 8512010275
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
Telephone: (410) 783-4000
Fax: (410) 783-4040
sgugerty@gdldlaw.com
jjh@gdldlaw.com

**Attorneys for Appellant,**
**The Key School, Incorporated, et al.**

_/s/ Edmund J. O'Meally_

Edmund J. O'Meally
AIS # 8501180003
Andrew G. Scott
AIS # 0712120247
Adam E. Konstas
AIS # 1312180106
PESSIN KATZ LAW, P.A.
901 Dulaney Valley Road
Suite 500
Towson, Maryland 21204
Telephone: (410) 938-8800

Fax:  (667) 275-3056
eomeally@pklaw.com
ascott@pklaw.com
akonstas@pklaw.com

***Attorneys for Appellant,***
***Board of Education of Harford County***

CERTIFICATION OF WORD COUNT
AND COMPLIANCE WITH RULE 8-112

1.      This brief contains 14,890 words, excluding the parts of the brief exempted from the word count by Rule 8-503.

2.      This brief complies with the font, spacing, and type size requirements stated in Rule 8-112.

*/s/ Sean L. Gugerty*
Sean L. Gugerty, AIS # 1512150280

RULE 8-504(a)(8) STATEMENT OF FONTS

This brief was printed utilizing proportionally spaced font. The body and footnotes are printed in Century Schoolbook, 13 Point.

**CERTIFICATE OF SERVICE**

I CERTIFY that, on this 8th day of July, 2024, the foregoing Brief of

Appellants was filed and served electronically via MDEC upon all counsel of

record.

*/s/ Sean L. Gugerty*

Sean L. Gugerty, AIS # 1512150280

## Text of Relevant Constitutional Provisions

**Maryland Constitution, Article III, Section 40**

The General Assembly shall enact no Law authorizing private property to be taken for public use without just compensation, as agreed upon between the parties, or awarded by a jury, being first paid or tendered to the party entitled to such compensation.

**Maryland Constitution, Article VIII, Section 1**

The General Assembly, at its First Session after the adoption of this Constitution, shall by Law establish throughout the State a thorough and efficient System of Free Public Schools; and shall provide by taxation, or otherwise, for their maintenance.

**Maryland Declaration of Rights, Article 24**

That no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the land.