# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

VALERIE BUNKER,

    Plaintiff,

    v.

THE KEY SCHOOL, INCORPORATED, *et al.*,

    Defendants.

Case No. MJM-23-2662

**MEMORANDUM**

On April 11, 2024, this Court issued a Memorandum and corresponding Order granting Plaintiff's Motion to Certify a Question of Law to the Maryland Supreme Court. ECF Nos. 35 & 36. The Order granted the parties 14 days to file any objections to the question proposed in the Court's Memorandum. ECF No. 36.

On April 25, the parties filed a joint response to the proposed certified question. ECF No. 37. "Defendants believe that the Court should retain the proposed certified question of law as stated" in its prior Order. *Id.* at 3. Plaintiff, however, responds that the proposed question "unintentionally sidelines the presumption of constitutionality accompanying any act of the General Assembly." *Id.* at 1. Accordingly, Plaintiff suggests "a reformulation of the proposed question would enhance the question's neutrality." *Id.* at 1. Plaintiff proposes "isolating the necessary sub-issues" by breaking the question down into four "component parts . . . to ensure all issues are clearly identified . . . ." *Id.* at 2. Specifically, Plaintiff proposes certifying the following questions:

    1.    Whether the 2017 version of CJ 5-117(d) is a statute of limitations or a statute of repose?

2. Whether defendants have a vested right not to be sued following the expiration of the statutory time limit set forth in the 2017 version of CJ 5-117 for child sexual abuse claims?

3. Whether the Maryland Child Victims Act of 2023 impermissibly abrogates a vested right of defendants?

4. Whether the Maryland Child Victims Act of 2023 is constitutional?

*Id.* at 2–3.

This Court has considered the parties' positions and finds that the original question, as proposed in the April 11 Memorandum, is sufficiently clear, concise, and neutral in its presentation. Breaking the question down into parts, as Plaintiff suggests, would be unnecessarily cumbersome without adding clarity. Indeed, it is likely that the state court will ultimately answer each of the questions Plaintiff proposes. Plaintiff's proposal, however, may implicate other issues that need not be resolved by the state court to address the question of the CVA's constitutionality. Moreover, the Supreme Court of Maryland, in its discretion, can "reformulate [the] question of law certified to it." Md. Code Ann., Cts. & Jud. Proc. § 12-604.

Accordingly, Plaintiff's objection is OVERRULED. A separate Order will issue, certifying the following question of law to the Supreme Court of Maryland: Does the Maryland Child Victims Act of 2023 (Md. Code Ann., Cts. & Jud. Proc. § 5-117) constitute an impermissible abrogation of a vested right in violation of Article 24 of the Maryland Declaration of Rights and/or Article III, Section 40 of the Maryland Constitution?

April __29th__ ,2024                                    _____/S/_____
                                                        Matthew J. Maddox
                                                        United States District Judge

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

VALERIE BUNKER,

    Plaintiff,

    v.

THE KEY SCHOOL, INCORPORATED, *et al.*,

    Defendants.

Case No. MJM-23-2662

## ORDER

Pursuant to the Maryland Uniform Certification of Questions Act, Md. Code Ann., Cts. & Jud. Proc. §§ 12-601, *et seq.*, and Maryland Rule 8-305, it is ORDERED that:

1. The United States District Court for the District of Maryland CERTIFIES the following question to the Supreme Court of Maryland:

    **Does the Maryland Child Victims Act of 2023 (Md. Code Ann., Cts. & Jud. Proc. § 5-117) constitute an impermissible abrogation of a vested right in violation of Article 24 of the Maryland Declaration of Rights and/or Article III, Section 40 of the Maryland Constitution?**

2. The answer to the above question would be determinative of an issue in the instant case, and, currently, no controlling appellate decision supplies such an answer.

3. In accordance with Md. Code Ann., Cts. § Jud. Proc. § 12-604, "The Supreme Court of Maryland . . . may reformulate a question of law certified to it."

4. In accordance with Md. Code Ann., Cts. § Jud. Proc. § 12-606, the facts below are "relevant to the question" and show "fully the nature of the controversy out of which the question arose":

a.   Plaintiff Valerie Bunker, a resident of Oregon, brings this action against The Key School, Incorporated and The Key School Building Finance Corporation (collectively, the "Key School" or "Defendants"). Compl. (ECF No. 1), ¶¶ 2, 4.

b.   Plaintiff attended the Key School, a private school in Annapolis, Maryland, for high school from 1973 through 1977. *Id.*

c.   Plaintiff's claims arise from the Key School's alleged failure to protect Plaintiff from sexual and emotional abuse committed by Key School teachers while Plaintiff was in high school. *See generally id.*

d.   Plaintiff filed her Complaint in this Court on October 1, 2023, under diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *Id.* ¶ 24.

e.   The Maryland Child Victims Act of 2023 (the "CVA") took effect on October 1, 2023, the date this action was filed. Md. Stat. Ann., Cts. & Jud. Proc. § 5-117.

f.   The parties contest the constitutionality of the CVA. Defendants contend that the CVA violates Article 24 of the Maryland Declaration of Rights and Article III, § 40 of the Maryland Constitution by attempting to repeal Md. Code Ann., Cts. & Jud. Proc. § 5-117(d) (2017) (amended 2023) (hereinafter, "§ 5-117(d) (2017)"). *See* Defendants' Memorandum in Support of Motion to Dismiss (ECF No. 20-1) at 6–7. According to Defendants, § 5-117(d) (2017) was a statute of repose that conferred upon non-perpetrator defendants a substantive right against liability for "abuse claims that were not brought within 20 years after the plaintiffs reaching the age of majority." *Id.* at 6. Defendants argue that their substantive right could not be withdrawn once vested. *Id.* at 7. Plaintiff contends that § 5-117(d) (2017) was a statute of limitations rather than a statute of repose and, therefore, does not create

2

a vested right. *See* Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss (ECF No. 21-1) at 5–6.

5. Defendants shall be treated as the Appellants in the certification procedure. Plaintiff shall be treated as the Appellee.

6. Plaintiff and Defendants are each ORDERED to provide a check to the Clerk of this Court payable to the Clerk of the Supreme Court of Maryland in the amount of $30.50 for their respective halves of the filing fee for docketing regular appeals, pursuant to Maryland Rule 8-305(b), within seven (7) days of the date this Order is docketed.

7. Upon receipt of the filing fee referenced above, the Clerk of this Court SHALL transmit to the Supreme Court of Maryland, under the official seal of this Court, the original and seven copies of this Order, and seven copies of all other docket entries in this case, together with the filing fee.

8. The Clerk of this Court SHALL fulfill any request, upon notification, from the Clerk of Court for the Supreme Court of Maryland for all or part of the record in this matter.

9. In accordance with 28 U.S.C. § 2403 and Fed. R. Civ. P. 5.1(b), the Clerk of this Court SHALL send a copy of this Order to the Attorney General of Maryland, 200 St. Paul Place, Baltimore, MD 21202, and via email to civil_service@oag.state.md.us.

10. Defendants' Motion to Stay (ECF No. 12) is GRANTED. This case shall be STAYED pending the Supreme Court of Maryland's answer to the certified question.

11. The names and addresses of counsel of record are as follows:

    a. For Plaintiff Valerie Bunker:

    - Elisha Nicole Hawk
      Jenner Law, P.C.
      3600 Clipper Mill Road, Suite 240
      Baltimore, MD 21211

3

410-413-2155
Fax: 410-982-0122
Email: ehawk@jennerlawfirm.com

- Mark E. Rollison
  The Joel Beiber Firm
  1 Olympic Place, Suite 900
  Towson, MD 21204
  804-358-2200
  Fax: 804-358-2262
  Email: mrollison@joelbieber.com

- Andrew David Freeman
  Brown Goldstein and Levy LLP
  120 E Baltimore Street, Suite 2500
  Baltimore, MD 21202-6701
  410-962-1030
  Fax: 410-385-0869
  Email: adf@browngold.com

- Anthony J May
  Brown, Goldstein & Levy, LLP
  120 East Baltimore Street, Suite 1700
  Baltimore, MD 21202
  410-962-1030
  Fax: 410-385-0869
  Email: amay@browngold.com

- Kelly N. Stevenson
  The Joel Bieber Firm
  50 South 16th Street, Suite 1700
  Philadelphia, PA 19102
  804-800-8000
  Fax: 804-358-2262
  Email: kstevenson@joelbieber.com

- Melissa F. Hague
  The Joel Bieber Firm
  6806 Paragon Place, Suite 100
  Richmond, VA 23230
  804-800-8000
  Email: mhague@joelbieber.com

4

- Michael James Wasicko
  Joel Bieber Law Firm
  One Olympic Place, Suite 900
  Towson, MD 21024
  804-358-2200
  Email: mwasicko@joelbieber.com

- Robert Keith Jenner
  Jenner Law, P.C.
  3600 Clipper Mill Road, Suite 240
  Baltimore, MD 21211
  410-413-2155
  Fax: 410-982-0122
  Email: rjenner@jennerlawfirm.com

b.  For Defendants The Key School, Incorporated, and The Key School Building

Finance Corporation:

- Sean Leo Gugerty
  Goodell, DeVries, Leech & Dann, LLP
  One South Street, 20th Floor
  Baltimore, MD 21202
  410-783-4000
  Fax: 410-783-4040
  Email: sgugerty@gdldlaw.com

April __29th__, 2024                    _____/S/_____
                                                  Matthew J. Maddox
                                                  United States District Judge