IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN DOE 1, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, LLC, et al.<br><br>    Defendants. | Civil Action No. 1:24-cv-3487 |

**DEFENDANTS WORLD WRESTLING ENTERTAINMENT, LLC AND TKO GROUP HOLDINGS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT**

Defendants World Wrestling Entertainment, LLC ("WWE") and TKO Group Holdings, Inc. ("TKO" and, together with WWE, "Defendants"), through their undersigned counsel, respectfully request that the responsive pleading deadline be adjourned pending resolution of Defendants' motion to stay the proceedings, which Defendants filed on December 2, 2024. ECF No. 2.[1]

1. As explained in Defendants' motion papers, Plaintiffs allege that they are former volunteer attendants who, as minors in the 1980s, assisted with errands and other tasks in preparation for wrestling shows and were sexually harassed and abused by a former ring announcer named Mel Phillips, who is now deceased, while in Maryland and several other states. *See, e.g.*, Complaint ¶¶ 162–222.

---

[1] By making this request, Defendants do not waive—and expressly preserve—any available defenses, including but not limited to the lack of personal jurisdiction over Defendants.

2. Plaintiffs assert negligence and negligent hiring, training, and retention claims against four out-of-state Defendants—WWE, TKO, Vincent K. McMahon, and Linda McMahon—on the theory that Defendants knew or should have known about Phillips's sexual harassment and abuse of Plaintiffs but failed to protect them. *See, e.g.*, Complaint ¶¶ 248–299.

3. The basis for Plaintiffs' claims is the Maryland Child Victims Act of 2023 ("CVA"), in which the Maryland General Assembly purported to repeal the existing statute of repose that was enacted in 2017 and permanently barred abuse claims against non-perpetrator defendants that were not brought within 20 years of the plaintiff reaching the age of majority. But for the CVA, Plaintiffs' claims would all be time-barred and subject to the statute of repose.

4. The constitutionality of the CVA as applied to non-perpetrator defendants has been vigorously litigated since the CVA was enacted last year, and Defendants here are prepared to advance the same challenges.

5. On September 10, 2024, the Supreme Court of Maryland heard oral argument on this very issue in three consolidated cases and a ruling is expected on or before the end of the Court's term, which concludes on August 31, 2025.[2]

6. As detailed in Defendants' motion to stay the case pending the Supreme Court of Maryland's decision, the forthcoming ruling will bear directly on Plaintiffs' claims in this case and could dispose of the claims in their entirety without the need for further briefing from the parties or action from this Court.

---

[2] *See* Supreme Court of Maryland, "Highlighted Cases," https://www.mdcourts.gov/scm/highlightedcases (last accessed November 26, 2024), listing: *The Key School, Incorporated, et al.* v. *Valerie Bunker*, Misc No. 2 - September Term, 2024; *Roman Catholic Archbishop of Washington* v. *John Doe, et al.* No. 9 - September Term, 2024; *Board of Education of Harford County* v. *John Doe*, No. 10 - September Term, 2024.

7.     Accordingly, Defendants respectfully request that their responsive pleading deadline, which is currently December 9, 2024, be adjourned pending resolution of Defendants' motion to stay the action.  In the event the Court elects to deny Defendants' motion to stay, Defendants respectfully request that they be permitted to respond to Plaintiffs' complaint within thirty (30) days from the date of any such denial.

8.     This is Defendants' first request for an extension of the deadline to respond to the Complaint.

9.     On November 26, 2024, counsel for Defendants spoke by e-mail with counsel for Plaintiffs and sought Plaintiffs consent to the relief sought herein.  Plaintiffs advised that they do not consent to this request.

Dated: December 2, 2024
       Baltimore, Maryland

Respectfully submitted,

GOODELL, DEVRIES, LEECH & DANN, LLP

    /s/ Linda S. Woolf
Linda S. Woolf (Federal Bar No: 08424)
K. Nichole Nesbitt (Federal Bar No: 26137)
Sean Gugerty (Federal Bar No: 21125)
One South Street, 20th Floor
Baltimore, MD 21202
Tel:  (410) 783-4000 | Fax:  (410) 783-4040
lsw@gdldlaw.com
knn@gdldlaw.com
sgugerty@gdldlaw.com


PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

    /s/ Daniel J. Toal
Daniel J. Toal *(PHV application forthcoming)*
Richard C. Tarlowe *(PHV application forthcoming)*
Gregory F. Laufer *(PHV application forthcoming)*
Emily A. Vance *(PHV application forthcoming)*
1285 Avenue of the Americas
New York, NY 10019-6064

Tel: (212) 373-3000 | Fax: (212) 757-3990
dtoal@paulweiss.com
rtarlowe@paulweiss.com
glaufer@paulweiss.com
evance@paulweiss.com

*Attorneys for World Wrestling Entertainment, LLC and TKO Group Holdings, Inc.*

4