IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN DOE 1, et al., | * |
| Plaintiffs, | * |
| v. | * |
| WORLD WRESTLING ENTERTAINMENT, LCC, et al., | *    CIVIL NO. JKB-24-3487 |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This case was removed to this Court from the Circuit Court of Baltimore County. Defendants have filed three motions: a Motion to Stay (ECF No. 2); a Motion for Extension of Time to Respond to Plaintiffs' Complaint (ECF No. 3); and a Motion to Shorten Time for Plaintiffs' Response to Motion for Extension of Time to Respond to Plaintiffs' Complaint (ECF No. 4). This case will be stayed.

The Complaint raises allegations regarding sexual abuse committed in the 1980s, and the timeliness of the claims depends on the Maryland Child Victims Act of 2023 ("CVA"). As Defendants explain, the viability of Plaintiffs' claims "depends entirely on the constitutionality of the CVA" and "[t]he Supreme Court of Maryland is poised to decide that precise issue in consolidated appeals [of *The Key School, Incorporated, et al. v. Valerie Bunker*, *Board of Education of Harford County v. John Doe*, and *Catholic Archbishop of Washington v. John Doe, et al.*] that have been fully briefed for months and were argued just over two months ago." (ECF No. 2-1 at 5.) Defendants seek a stay of this case pending the resolution of the consolidated appeals by the Maryland Supreme Court.

It is well established that "the power to stay proceedings is incidental to the power inherent

in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Further, "[w]hen considering a discretionary motion to stay, courts typically examine three factors: (1) the impact on the orderly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay; (2) the hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted." *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018).

The Court concludes that a stay is warranted in this case. The question of the constitutionality of the CVA—which is a dispositive issue in this case—is currently before the Supreme Court of Maryland. In such a circumstance, stays are routinely granted. *See Amdur v. Lizars*, 372 F.2d 103, 106 (4th Cir. 1967) ("[A] federal district court has the discretion to stay proceedings on its docket pending the outcome of a similar suit instituted earlier in another court."). Moreover, Defendants contend that they will challenge the constitutionality of the CVA should the case proceed. As this Court explained in another case in which the constitutionality of the CVA was at issue, "the appropriate course of action . . . is to certify a question to the Supreme Court of Maryland regarding the constitutionality of the CVA, rather than resolving this question itself in the first instance." *Doe v. Church of Jesus Christ of Latter-day Saints*, 723 F. Supp. 3d 451, 453 (D. Md. 2024). Thus, principles of federalism, comity, and judicial economy strongly counsel in favor of a stay, where the question is already before the Maryland Supreme Court. Further, the Court discerns no prejudice to Plaintiffs in granting a stay pending the resolution of the consolidated appeals by the Maryland Supreme Court.

Accordingly, it is ORDERED that:

1. The Motion to Stay (ECF No. 2) is GRANTED.

2. This case is STAYED pending a ruling by the Supreme Court of Maryland in the above-referenced consolidated appeal.

3. The Motion for Extension of Time to Respond to Plaintiffs' Complaint (ECF No. 3) and the Motion to Shorten Time for Plaintiffs' Response to Motion for Extension of Time to Respond to Plaintiffs' Complaint (ECF No. 4) are DENIED AS MOOT, given that this case is stayed in its entirety.

4. The parties SHALL FILE a Status Report (a) every 60 days from the date of this Order and (b) within 15 days of any opinion issued by the Supreme Court of Maryland in the consolidated appeal.

DATED this __3__ day of December, 2024.

BY THE COURT:

_____
James K. Bredar
United States District Judge