# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN DOE 1, et al.<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>WORLD WRESTLING ENTERTAINMENT, LLC, et al.<br><br>　　　　　Defendants. | Civil Action No. 1:24-cv-3487-JKB |

## [PROPOSED] INTERIM PROTECTIVE ORDER

WHEREAS, the parties intend to seek documents, information, and other materials through discovery in this case that will contain sensitive and confidential information; and

WHEREAS, good cause exists pursuant to Federal Rule of Civil Procedure 26(c) for this Order,

IT IS HEREBY ORDERED THAT:

1)　By 5:00 p.m. EST on April 2, 2025, Plaintiffs' counsel shall disclose in writing the names, current residential addresses, and dates of birth of John Does 1–5, including which pseudonym applies to which Plaintiff (the "Identifying Information"), to counsel of record for Defendants, subject to Defendants' agreement to abide by the terms of this Order even if it has not yet been entered by the Court.

2)　To the extent Plaintiffs amend their Complaint, or seek leave to amend, to add additional pseudonymous plaintiffs, Plaintiffs' counsel shall disclose in writing the names and dates of birth of such plaintiffs, including which pseudonym applies to which plaintiff, within three business days of amending their Complaint or seeking leave to amend, whichever is earlier.

3) Until further order of the Court, Defendants' counsel of record may disclose the Identifying Information only to the following: (a) the individual Defendants, only to the extent counsel determines in good faith that the individual party's assistance is reasonably necessary to advance this litigation; (b) in-house and outside attorneys for Defendants and their legal staff, including but not limited to paralegals, clerical staff, and other assistants; (c) experts, investigators, or consultants retained by the parties in this litigation, provided that prior to furnishing the Identifying Information, paragraph 5 of this Order has been complied with; (d) Defendants' current and former employees whom Defendants' counsel reasonably believe may have knowledge of the facts alleged by Plaintiffs in this action and whom Defendants' counsel of record determine are reasonably necessary to assist in the defense of this case, provided that prior to furnishing the Identifying Information, paragraph 5 of this Order has been complied with; (e) witnesses who may be deposed or asked to give testimony and whom Defendants' counsel of record reasonably determine need to know the Identifying Information for purposes of their testimony, such disclosure to each witness to be limited to only so much of the Identifying Information as that witness reasonably needs to know, and provided that prior to furnishing the Identifying Information, paragraph 5 of this Order has been complied with; (f) the Court and its personnel; (g) court reporters, stenographers, or videographers; and (h) outside photocopying, graphic production services, or litigation support services acting under the direction of Defendants' counsel.

4) Nothing in this Order shall bar Defendants from using the Identifying Information to defend against the claims brought in this action. However, each person who receives any Identifying Information pursuant to this Order shall use it only for purposes of defending the claims

brought in this action, and shall not disclose such Identifying Information to any other person who is not expressly authorized to receive it under this Order.

5) Each person, other than Defendants' in-house and outside attorneys, to whom any Identifying Information is to be disclosed pursuant to this Order, shall be provided a copy of this Order and shall agree in advance and in writing[1] that he, she, or they: (a) will be bound by this Order; (b) will not use any Identifying Information except for purposes of defending the claims brought in this action; and (c) will not disclose any Identifying Information to any person not entitled to receive it under this Order.

6) To the extent that any court filings include any Identifying Information, and the parties wish to move to file under seal, they shall comply with the District Court of Maryland's Electronic Case Filing Civil Procedures, located at: https://www.mdd.uscourts.gov/content/sealed-civil-documents.

7) If a person bound by this Order inadvertently discloses Identifying Information to a person not authorized to receive that information, or if a person authorized to receive Identifying Information breaches any obligations under this Protective Order, that person shall give notice of the unauthorized disclosure to Plaintiffs' counsel of record promptly following discovery of such disclosure. The person disclosing the Identifying Information shall make a reasonable effort to retrieve the information that was disclosed without authorization and to limit the further dissemination or disclosure of such information.

8) If a person bound by this Order becomes aware of unauthorized disclosure of Identifying Information by a non-party that has not been disclosed to Plaintiffs' counsel of record

---

[1] Provision of the Order, and agreements to be bound thereby, by e-mail will be sufficient. The party disclosing Identifying Information shall retain a record of such agreements by any persons to whom disclosure is made and need not disclose such record to any other party unless so ordered by the Court.

3

pursuant to paragraph 7 of this Order, that person shall promptly give notice of the unauthorized disclosure to Plaintiffs' counsel of record.

9) Nothing in this Order shall bar Defendants from raising any arguments challenging or objecting to any request by Plaintiffs to permit any John Does to proceed under pseudonyms.

10) Nothing in this Order shall bar Defendants from raising any arguments challenging or objecting to Plaintiffs proceeding under pseudonyms if the case proceeds beyond the motion-to-dismiss stage. Defendants do not waive, and expressly reserve, all of their arguments with respect to Plaintiffs' claims and the relief sought in the Complaint, ECF No. 15.

11) A party that intends to disclose Identifying Information at a hearing or trial may do so only after giving notice to the other parties and providing them with an opportunity to contest disclosure of the Identifying Information.

12) If any person subject to this Order who has custody of any Identifying Information receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Identifying Information, the recipient of the Subpoena shall promptly give notice of the same to Plaintiffs' counsel of record within five (5) business days, and shall furnish such counsel with a copy of the Subpoena.

    a. Upon receipt of this notice, Plaintiffs' counsel of record may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Identifying Information and/or seek to obtain confidential treatment of such Identifying Information from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Identifying Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

b. Unless prohibited by law or court order, the recipient of the Subpoena also must promptly inform in writing the party who caused the Subpoena or order to be issued that some or all of the material covered by the Subpoena or order is the subject of this Order.

13) Unless otherwise agreed, revoked, or ordered, this Order shall survive the termination of the litigation and shall continue to be binding upon all persons to whom Identifying Information is disclosed.

If necessary, the Court will revisit this Protective Order, and the use of Identifying Information in discovery and the balance of this litigation, after any motions to dismiss are decided.

**SO ORDERED.**

DATED this 2 day of April, 2025

BY THE COURT:

*/s/ James K. Bredar*
James K. Bredar
United States District Judge