# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN DOE 1, et al.

               Plaintiffs,

         v.

WORLD WRESTLING ENTERTAINMENT,
LLC, et al.

               Defendants.

Case No. 24-3487-JKB

**SUPPLEMENTAL DECLARATION OF LINDA E. MCMAHON**

Defendant Linda E. McMahon states as follows:

1.     I am over the age of 18 and competent to testify to the facts set forth in this Supplemental Declaration. I am a defendant named in the above-referenced litigation, and I make this Declaration based on my own personal knowledge. I submit this Declaration in support of my renewed Motion to Dismiss the complaint filed against me. The information contained in this Declaration is true and correct to the best of my knowledge.

**Background**

2.     I reside in Greenwich, Connecticut, and I am a citizen of Connecticut. I have lived in Connecticut continuously for the past 42 years and intend to remain a resident of Connecticut although I have been recently confirmed as the Secretary of Education with an office in Washington, D.C. I own a condominium in Washington, D.C. and stay there when my presence is required for government service.

3.     I do not own any property in Maryland, real or personal. I do not transact any business in Maryland, either personally or through an agent, and I have never maintained an office

in Maryland. I do not derive any personal income from Maryland, and I do not maintain any bank accounts in Maryland. I have never personally entered into a contract to provide goods or services to a person or entity in Maryland.

4.      I briefly resided in a rented apartment in Gaithersburg, Maryland, from 1970 until 1972. During this period, I worked as a paralegal at the Washington, D.C. law firm Covington & Burling LLP. When I left Maryland in 1972 and moved to Connecticut, I did not intend to return to Maryland. From 1972 until 1979, I lived in Connecticut; from 1979 until 1983, I lived in Cape Cod, Massachusetts; and since 1983, I have lived in Connecticut. I have not resided in Maryland since 1972 and have no intention of residing in Maryland again.

### Employment at World Wrestling Entertainment, Inc.

5.      In 1980, my husband Vincent K. McMahon and I co-founded a company that later became World Wrestling Entertainment, Inc. ("WWE").[1] WWE's predecessor entity, Capitol Wrestling Corporation Ltd., was owned by Vincent's father. I did not work for Capitol Wrestling Corporation Ltd. and had no corporate oversight over events held by that company or employees of that company.

6.      From 1980 until 1993, I was a corporate officer of WWE and a member of the Board of Directors. I served as the President of WWE from 1993 until 2000 and as its Chief Executive Officer from 1997 until 2009. I resigned from WWE in 2009.

7.      While I own stock in WWE's successor company TKO Group Holdings, Inc., I have had no role in the leadership or direction of the company since my resignation from WWE in 2009.

---

[1]      Prior to 2002, the company was known as World Wrestling Federation. For ease of reference, I shall refer to the company I co-founded as "WWE" throughout, even if it went by a different name during the period to which I am referring.

8.    At all times during my employment with WWE, the company maintained its headquarters in Stamford, Connecticut.

9.    At all times during my employment with WWE, I worked primarily from Connecticut. I occasionally worked out of other WWE offices, none of which were in Maryland.

10.    At no point during my time at WWE did I have responsibility for the marketing or promotion of WWE events in Maryland. My involvement in marketing was limited to the marketing of the corporate brand.

11.    At no point during my time at WWE did I have responsibility for selecting locations for WWE events.

12.    I may have briefly held a "seconds" license in Maryland for the purpose of assisting at a WWE show in 2004. If I held this license at all, it would have expired after a year, and I did not renew it. I have no further recollection of this seconds license.

## Plaintiffs' Allegations

13.    I understand that Plaintiffs, John Does 1–8, have named me as a defendant in this case. I recently learned the true names of John Does 1–8. To the best of my knowledge and recollection, I have never met or communicated with John Does 1–8.

14.    I have reviewed the allegations set forth in the Amended Complaint, including Plaintiffs' claims that Melvin Phillips, Jr., sexually abused them during the 1980's, and certain Plaintiffs' claims that they were also subjected to sexual abuse or harassment by Terry Garvin or Pat Patterson. I understand that each Plaintiff alleges that at least one instance of abuse occurred in Maryland. *See* Amended Complaint ("Am. Compl.") ¶¶ 173–302.

15.    None of these Plaintiffs ever brought to my attention that they had suffered sexual abuse or harassment by Phillips, Garvin, or Patterson.

16.    I never personally supervised Phillips, Garvin, or Patterson while they were employed by WWE, nor did I direct their activities. Neither Phillips, Garvin, nor Patterson ever acted as my agent. If Phillips, Garvin, or Patterson traveled to Maryland and committed acts of sexual abuse while in Maryland, it was certainly not at my direction nor with my knowledge.

17.    I have reviewed John Doe 6's allegation that he once "playfully wrestled" with my son Shane McMahon, who is described in the Amended Complaint as "a boy close in age to John Doe 6." Am. Compl. ¶ 257. John Doe 6 further alleges that Shane's arm was injured during this incident. However, at no point during Shane's childhood did he injure his arm in the manner described in the Amended Complaint. Furthermore, if John Doe 6 was "around 11 or 12 years old … in approximately 1988," *id.* ¶ 251, he is at least six years younger than Shane, who was born in 1970.

18.    I never personally employed any "Ring Boys," as that term is defined in the Amended Complaint.

19.    I have not engaged in any activities, to the best of my knowledge, that would constitute purposefully submitting to the jurisdiction of the Maryland courts or availing myself of any benefits provided by the State of Maryland.

20.    Before this lawsuit was filed, I have never filed a claim in the courts of Maryland nor have I ever been sued in the courts of Maryland. I am not aware of any actions taken by me based on which I could reasonably expect to be subject to a lawsuit filed in Maryland.

I declare under penalty of perjury that the foregoing Declaration is true and correct. Executed on June 10, 2025.

Linda E. McMahon
Linda E. McMahon