IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN DOE 1, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WORLD WRESTLING ENTERTAINMENT, LLC, et al., <br><br> Defendants. | Civil Action No. 1:24-cv-3487 <br><br> Hon. James K. Bredar |

**PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS
AND FOR PROTECTIVE ORDER**

This case stems from childhood sexual abuse committed against Plaintiffs while they were Ring Boys for Defendants' professional wrestling events. Due to the gravity and highly personal and intimate nature of the allegations and the enduring harm they have suffered, Plaintiffs respectfully request that this Court allow them to proceed under pseudonyms, affording them the privacy and dignity they deserve as they seek justice for their childhood trauma.

Despite already knowing the identities of the Plaintiffs, none of the Defendants agreed to permit the traumatized men to proceed anonymously.

**I.  BACKGROUND**

The Court previously entered a Joint Interim Protective Order, allowing Plaintiffs to proceed under pseudonyms, provided that Plaintiffs disclose their identities to Defendants (which they did). Dkt. 47. That Order stated that "the Court will revisit this Protective Order, and the use of Identifying Information in discovery and the balance of this litigation, after any motions to

dismiss are decided." *Id*. at 5.  After largely denying Defendants' motions to dismiss, the Court directed the Parties to meet and confer regarding the need for further protective orders.  Dkt. 68.

The Parties met and conferred on December 18, 2025.  Despite agreeing to the Interim Protective Order, Defendants Vincent K. McMahon and Linda McMahon now oppose Plaintiffs' desire to continue proceeding under pseudonyms, necessitating this motion.  Defendants World Wrestling Entertainment, LLC ("WWE") and TKO Group Holdings, Inc. ("TKO") informed Plaintiffs that they take no position at this time.

## II.   ARGUMENT

### A.   Standard

Despite the public's interest in open judicial proceedings, the Fourth Circuit recognizes that "compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym."  *Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014).  In determining whether to allow a party to proceed under a pseudonym, a court must balance "the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party."  *Id*. at 274; *see also James v. Jacobson*, 6 F.3d 233, 242 (4th Cir. 1993) (openness "should yield in deference to sufficiently pressing needs for party or witness anonymity.").  The Fourth Circuit has identified five non-exhaustive considerations to assist in determining whether Plaintiffs may proceed under pseudonyms:

1. Whether the justification advanced is grounded in the sensitivity of the subject matter, rather than in a desire to avoid the inconvenience or criticism that may accompany litigation;

2. Whether identification presents a risk of retaliatory physical or psychological harm to the party, or more significantly, to innocent nonparties;

3. The age of the individuals whose privacy interests are at stake;

4. Whether the suit is brought against a governmental entity or a private party; and

5. The degree of potential prejudice to the opposing party if the case proceeds anonymously.

*James*, 6 F.3d at 238 (no single factor is dispositive).

    **B.**    **The *James* Factors Weigh in Favor of Plaintiffs.**

Survivors of sexual assault and harassment—like Plaintiffs here—are a paradigmatic example of those entitled to proceed under pseudonyms. *See Doe v. Sidar*, 93 F.4th 241, 248 (4th Cir. 2024) ("Courts have recognized a plaintiff's interest in preserving privacy where the allegations concern sexual assault."). Here, the intensely personal nature of the allegations, the risk of re-traumatization, and the public interest in ensuring survivors can seek justice without fear of exposure all strongly favor Plaintiffs' Motion. *See id*.

    **1.**    **The first factor supports proceeding under pseudonyms.**

Plaintiffs seek to preserve their privacy in a matter of a sensitive and highly personal nature. *See, e.g.*, FAC ¶¶ 1-25, 173-302 (alleging sexual abuse of Plaintiffs as minors); *see also* Memorandum Opinion, Dkt. 66 at 1 ("This case concerns allegations of egregious sexual abuse of children."). Plaintiffs' Motion is not grounded in a desire to avoid the inconvenience or criticism of litigation. Indeed, pursuant to the Interim Protective Order, Plaintiffs already disclosed their identities to Defendants.

Notably, the Fourth Circuit recognizes that allegations involving sexual assault and the resulting psychological trauma "are not merely sensitive," but implicate privacy or confidentiality concerns "of the highest order." *Sidar*, 93 F.4th at 248-49 (reversing district court's grant of motion to remove pseudonym). It is unsurprising, therefore, that multiple courts have granted motions to proceed under pseudonyms in cases alleging sexual misconduct. *See Doe v. Bd. of Educ. of Anne Arundel Cnty.*, No. 1:25-CV-01703-JRR, 2025 WL 1865786, at *2 (D. Md. July 7, 2025) (granting

motion to proceed under pseudonym in case involving sexual harassment); *E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013) (permitting intervening plaintiff to remain anonymous where she sought to "preserve her privacy in a highly sensitive and personal matter involving sexual assault"); *Doe v. Williams*, No. CV 1:23-5745-JDA-SVH, 2024 WL 1120175, at *1 (D.S.C. Mar. 14, 2024) ("It is well-recognized in this circuit that victims asserting allegations of sexual misconduct constitute matters of a highly sensitive and personal nature.") (internal quotation omitted).[1]

This Court has recognized in a different case involving allegations of nonconsensual sexualized contact that the first *James* factor "weighs strongly in favor" of granting a motion to proceed under pseudonym. *Doe v. Darden Restaurants, Inc.*, 736 F. Supp. 3d 297, 301 (D. Md. 2024) (Bredar, J.) (it is the sensitivity of the nature of the allegations that matters when considering anonymity). As in the foregoing, Plaintiffs' allegations of childhood sexual abuse and harassment implicate privacy concerns of the highest order, which weighs strongly in favor of granting Plaintiffs' Motion.

2. **The second factor supports proceeding under pseudonyms.**

The second *James* factor also strongly supports granting Plaintiffs' Motion because there is a risk of retaliatory physical or psychological harm to Plaintiffs and innocent non-parties. At least one court in this district has recognized that requiring a plaintiff to name himself/herself in a case alleging sexual misconduct can make the plaintiff "vulnerable to significant physical or mental harm as a result of her highly sensitive information being made public." *J.E., v. LYFT, INC., et al.*, No. 1:25-CV-02786-JRR, 2025 WL 3550596, at *2 (D. Md. Dec. 11, 2025); *see also*

---

[1] *See also Bell v. Jarvis*, 236 F.3d 149, 167 (4th Cir. 2000) (noting that "the practice of closing courtrooms to members of the public while a victim of sex crimes testifies has not been uncommon"); *Doe v. Diocese Corp.*, 647 A.2d 1067, 1072 (Conn. Super. Ct. 1994) ("One's sexual history and practices are among the most intimate aspects of a person's life.").

*E.E.O.C. v. Wal-Mart Stores E., L.P.*, No. 5:23-CV-00623, 2024 WL 349760, at *2 (S.D.W. Va. Jan. 30, 2024) ("Sexual violence is a profoundly negative and traumatic life event with widespread psychological and sociological effects on the victim. Disclosing Ms. Doe's name on the public docket, which is likely to remain permanently available on the Internet, presents a significant risk of subjecting Ms. Doe to future psychological trauma…").

Here, there is a significant risk of subjecting Plaintiffs to re-traumatization if they are forced to publicly reveal their identities, making them permanently available on the Internet. That is especially true in a case like this that has generated significant media coverage, along with discussion amongst the wrestling community. For instance, multiple publications and wrestling commentators have posted articles and videos online about this case.[2] Forcing Plaintiffs to publicly reveal their identities does not simply mean disclosure on the Court's docket; rather, it means inevitable disclosure online, throughout the wrestling community, and beyond in the media. The psychological harm caused by widespread disclosure should weigh strongly in favor of granting Plaintiffs' motion.

Additionally, there is a real risk of physical harm due to re-traumatization. *See* FAC ¶¶ 21-22 (discussing former ring boy's tragic passing due to trauma from abuse). Moreover, Plaintiffs would not be the only ones subjected to the risk of harm from public disclosure, so would innocent non-parties such as Plaintiffs' families, relatives, friends, and employers. Indeed, Plaintiffs have suffered from their childhood trauma in silence for decades, without informing many people

---

[2] *See, e.g.*, Sports Illustrated, "Ring Boy Lawsuit Against WWE And Vince McMahon Will Move Forward With Changes" (Dec. 11, 2025), available at https://www.si.com/fannation/wrestling/wwe/ring-boy-lawsuit-against-wwe-and-vince-mcmahon-will-move-forward-with-changes; Wrestling Inc., "Latest Update In WWE Ring Boy Lawsuit" (Dec. 11, 2025), available at https://www.wrestlinginc.com/2049786/latest-update-wwe-ring-boy-lawsuit-vince-mcmahon-linda/; YouTube, Pollock & Thurston Podcast (Dec. 17, 2025), "WWE Ring Boy Lawsuit Continues: Judge Says Case Will Proceed to Discovery | Pollock & Thurston

closest to them. *Id*. at ¶ 24; *see Strike 3 Holdings, LLC v. Doe,* No. 1:23-CV-00445-JRR, 2023 WL 3251412, at *3 (D. Md. May 4, 2023) (proceeding pseudonymously would also shield immediate family members, including a spouse, "who ought not bear the burden of exposure of the highly sensitive, private matters that may come to light in this action"). Plaintiffs themselves know and should be able to decide if they are ready, able, and willing to publicly disclose their identities in the face of the foregoing risks. Their vulnerability should be protected, and the second *James* factor weighs strongly in favor of proceeding under pseudonyms.

3. **The third and fourth *James* factors do not outweigh the first two factors.**

The third factor (Plaintiffs' ages) should be neutral, because the abuse of Plaintiffs was committed when they were minors, although they are now adults. The fourth factor (whether the action is against a governmental entity or private party) admittedly does not support Plaintiffs, but just because this action is against private party Defendants does not outweigh the first two factors that involve significant privacy concerns and potential harm.

4. **The fifth factor supports proceeding under pseudonyms.**

There is no risk of unfairness to Defendants from allowing Plaintiffs to proceed under pseudonyms, particularly because Defendants already possess Plaintiffs' identities pursuant to the Interim Protective Order and can defend themselves accordingly. Moreover, two out of the four Defendants here (WWE and TKO) do not take a position on Plaintiffs' Motion at this time. *See Darden Restaurants, Inc.*, 736 F. Supp. at 302-03 (plaintiff already disclosed her identity to defendant; noting that whatever reputational harm comes to defendant from the allegations is the same regardless of whether plaintiff uses her actual name or Jane Doe); *J.E.,* 2025 WL 3550596, at *2 (discerning no risk of unfairness because plaintiff offered to disclose her identity to defendants). Therefore, the fifth factor supports granting Plaintiffs' Motion.

5. **<u>The terms of the Interim Protective Order should substantially remain in place.</u>**

This Court stated that, if necessary, it "will revisit [the Interim] Protective Order, and the use of Identifying Information in discovery and the balance of this litigation, after any motions to dismiss are decided." Dkt. 47 at ¶ 13. Plaintiffs respectfully request a protective order concerning the use of Identifying Information[3] in discovery and the balance of this litigation. The Interim Protective Order continues to be binding upon all persons to whom Identifying Information is disclosed, unless agreed, revoked, or ordered. *Id*. But if Plaintiffs' instant motion is granted, allowing them to proceed under pseudonyms, *without* a protective order governing the use of Identifying Information moving forward, then Defendants could be free to disclose the Identifying Information to new people in the course of Defendants' investigations, the discovery process, and beyond, and those new people would not be bound to the Interim Protective Order. Such a scenario would provide little protection to Plaintiffs and would undermine the important privacy and potential harm considerations discussed above.

Therefore, Plaintiffs respectfully request a protective order moving forward substantially in the same form as the Interim Protective Order. For example, the Interim Protective Order already allows Defendants to disclose Identifying Information to, among others, experts and investigators, Defendants' current and former employees who may have knowledge of the alleged facts, and other witnesses who may be deposed or asked to give testimony and whom Defendants' counsel reasonably determine need to know Identifying Information for purposes of their testimony. *Id*. at ¶ 3. Importantly, anyone to whom Defendants disclose Identifying Information must agree to be bound to the Interim Protective Order, which helps protect Plaintiffs' identities. *Id*. at ¶ 5. The list of persons to whom Defendants may disclose Identifying Information should

---

[3] The Interim Protective Order defines "Identifying Information" as: the names, current residential addresses, and dates of birth of Plaintiffs, including which pseudonym applies to which Plaintiff.

7

be sufficient for Defendants to engage in discovery and prepare their defenses, but Plaintiffs are ready and willing to further meet and confer with Defendants on any necessary changes to the Interim Protective Order before submission for the Court's approval. Assuming the Court grants Plaintiffs' motion to proceed under pseudonyms, a further protective order in discovery and the balance of this litigation is necessary to properly govern the disclosure of Plaintiffs' Identifying Information.[4]

## III. CONCLUSION

Weighing all of the *James* factors: the first two factors strongly support allowing Plaintiffs to proceed under pseudonyms, the third and fourth factors together minimally weigh against Plaintiffs, and the fifth factor supports Plaintiffs' motion. In sum, just like other cases in this Circuit and District involving allegations of sexual misconduct, Plaintiffs here should be allowed to continue proceeding under pseudonyms.

Plaintiffs respectfully request that the Court grant their motion to (1) continue proceeding under pseudonyms; (2) omit their home addresses from the case caption; and (3) order the Parties to submit for the Court's consideration an agreed protective order (or counter proposals for the same) governing the use of Identifying Information in discovery and the balance of this litigation.

Dated: January 12, 2026            */s/ William H. Murphy, Jr.*

William H. "Billy" Murphy, Jr. (07985)
Phylecia R. Faublas (30435)
**MURPHY, FALCON & MURPHY**
1 South Street, Suite 3000
Baltimore, Maryland 21202
Telephone: (410) 951-8750
billy.murphy@murphyfalcon.com
phylecia.faublas@murphyfalcon.com

---

[4] Although the Court dismissed John Doe 7's claims, it did so *without* prejudice. Dkt. 67. So John Doe 7's Identifying Information should continue to be protected just like the other Plaintiffs.

8

Greg G. Gutzler
Emma Bruder
**DICELLO LEVITT LLP**
485 Lexington Avenue, Suite 1001
New York, New York 10017
Telephone: (646) 933-1000
ggutzler@dicellolevitt.com
ebruder@dicellolevitt.com

Adam Prom
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900
aprom@dicellolevitt.com

Mark A. DiCello
Robert F. DiCello
**DICELLO LEVITT LLP**
8160 Norton Parkway, Third Floor
Mentor, OH  44060
Telephone: (440) 953-8888
madicello@dicellolevitt.com
rfdicello@dicellolevitt.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of January 2026, I caused a copy of the foregoing to be filed with the Clerk of the Court using the CM/ECF system and electronic notification of such filing is sent to all CM/ECF participants and counsel of record.

*/s/ Phylecia R. Faublas*
Phylecia R. Faublas (30435)
