**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JOHN DOES 1-6 & 8,         ) | |
|                     ) | |
|          Plaintiffs,   ) | Civil Action No. 1:24-cv-3487-JKB |
|      v.              ) | |
|                     ) | |
| WORLD WRESTLING ENTERTAINMENT, LLC, ) | |
| et al.,                   ) | |
|                     ) | |
|          Defendants.   ) | |
|                     ) | |
|                     ) | |

**DEFENDANT VINCENT K. McMAHON'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Vincent K. McMahon ("McMahon"), by and through the undersigned counsel, hereby answers and asserts affirmative defenses and other defenses as follows to Plaintiffs' Corrected First Amended Complaint (Dkt. No. 55) ("FAC"). All responses herein are based on information known to McMahon as of the date hereof, and McMahon reserves the right to supplement or to amend his responses based on new information. McMahon submits this Answer on behalf of himself only, including with respect to allegations made against "Defendants" as a group, however described. Pursuant to Federal Rule of Civil Procedure 8(b)(3), McMahon denies every allegation in the FAC except those expressly admitted herein and demands strict proof thereof. McMahon specifically denies any liability to Plaintiffs.

McMahon answers the numbered paragraphs in the FAC as follows.

## I.    <u>Introduction</u>

1.    McMahon admits only that Melvin Phillips Jr. ("Phillips") worked for World Wrestling Entertainment, LLC ("WWE"), which was previously known as World Wide Wrestling Federation and World Wrestling Federation ("WWF"). McMahon lacks sufficient knowledge to

1

admit or deny the remaining allegations set forth in Paragraph 1 and therefore denies them.[1]

2.      McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 2 pertaining to nonparties' alleged state of mind and therefore denies them.  McMahon denies the remaining allegations in Paragraph 2, including any characterizations of McMahon's conduct and state of mind.

3.      McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 3 pertaining to nonparties' conduct and state of mind and therefore denies them. McMahon denies the remaining allegations in Paragraph 3.

4.      McMahon denies the allegations in Paragraph 4.

5.      McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 5 pertaining to nonparties' conduct and therefore denies them.  McMahon denies the remaining allegations in Paragraph 5.

6.      McMahon admits that this action is brought by persons alleging to be survivors of sexual abuse.   McMahon denies the remaining allegations in Paragraph 6.

7.      McMahon avers that Plaintiffs purport to characterize, summarize, and quote from the Netflix docuseries *Mr. McMahon*; McMahon respectfully refers to the docuseries for its complete contents and denies any characterization that is inconsistent with same.[2]

8.      McMahon avers that Plaintiffs purport to characterize, summarize, screenshot, and quote from a purported FBI document; McMahon respectfully refers to the document for its

---

[1] Plaintiffs' FAC contains 114 footnotes, the vast majority of which contain citations or hyperlinks to external sources, but no substantive allegations.  McMahon responds herein to only those footnotes containing substantive allegations and does so in the body of the corresponding paragraph in which the footnote appears.  McMahon does not purport to respond to the content of any cited sources or hyperlinked materials.

[2] For the avoidance of doubt, McMahon's acknowledgement in this Answer that certain information has been reported by publicly available sources, or that statements have been made by individuals in those publicly available sources, does not constitute an admission of the accuracy of those statements or sources, their authenticity, or their admissibility as evidence.  McMahon does not purport to respond to the content of any such sources or statements.

complete contents, and denies any characterization inconsistent with same.

9.      McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 9 pertaining to other parties' and nonparties' knowledge and therefore denies them. McMahon denies the remaining allegations in Paragraph 9.

10.      McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 10 pertaining to other parties' and nonparties' knowledge and therefore denies them. McMahon denies the remaining allegations in Paragraph 10.

11.      McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a *Business Insider* article; McMahon respectfully refers to that article for its complete contents and denies any characterization that is inconsistent with same.

12.      McMahon lacks sufficient knowledge to admit or deny the authenticity, source, or content of the purported photograph in Paragraph 12 and therefore denies the allegations in Paragraph 12, including Plaintiffs' conclusions and characterizations of what the purported photograph may or may not show.

13.      McMahon denies the allegations in Paragraph 13.

14.      McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a *Cage Side Seats* article; McMahon respectfully refers to that article for its complete contents and denies any characterization that is inconsistent with same.  McMahon denies the remaining allegations in Paragraph 14.

15.      McMahon admits that New York Post reporter Phil Mushnick ("Mushnick") wrote about alleged sexual abuse of the "Ring Boys" in 1992.  McMahon lacks sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 15 and therefore denies them.

16.      McMahon admits that McMahon and Titan Sports sued Mushnick and the New

York Post for defamation in connection with publishing false and defamatory statements about, among other things, McMahon and the WWF.  McMahon further admits that Mushnick testified in a deposition in connection with that litigation and that Plaintiffs purport to characterize and summarize that testimony; McMahon respectfully refers to the transcript for its complete contents and denies any characterization that is inconsistent with same.  McMahon denies the remaining allegations in Paragraph 16.

17.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 17 pertaining to the government's motivation to empanel a grand jury and therefore denies them.

18.    McMahon avers that Plaintiffs purport to characterize, summarize, and screenshot a *Miami Herald* article; McMahon respectfully refers to the article for its complete contents and denies any characterization that is inconsistent with same.

19.    McMahon avers that Plaintiffs purport to characterize, summarize, screenshot, and quote from a purported FBI Behavioral Science Unit report; McMahon respectfully refers to the report for its complete contents and denies any characterization inconsistent with same.

20.    To the extent Paragraph 20 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon avers that Plaintiffs purport to characterize and summarize a television interview; McMahon respectfully refers to the interview for its complete contents and denies any characterization inconsistent with same.  McMahon lacks sufficient knowledge to admit or deny allegations set forth in Paragraph 20 pertaining to other parties' alleged statements and therefore denies them.  McMahon also lacks sufficient knowledge to admit or deny allegations set forth in Footnote 6 concerning the prevalence of foot fetishes in the context of sexual fetishism and therefore denies them.  McMahon denies the remaining

4

allegations in Paragraph 20.

21.    McMahon lacks sufficient knowledge to admit or deny the authenticity or content of the photographs in Paragraph 21 and therefore denies those allegations in Paragraph 21, including Plaintiffs' conclusions and characterizations of what the purported photographs may or may not show.  McMahon denies the remaining allegations in Paragraph 21.

22.    McMahon admits only that the WWE reached a financial settlement with Tom Cole, but denies the remaining allegations in Paragraph 22, including because McMahon lacks sufficient knowledge to admit or deny the cause of Mr. Cole's death by suicide or Mr. Cole's last words to his brother.

23.    McMahon denies the allegations in Paragraph 23.

24.    To the extent Paragraph 24, including Footnote 8, purport to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 24 and Footnote 8 pertaining to Plaintiffs' experiences and state of mind and therefore denies them.  McMahon admits that nonparty Phillips is deceased and denies all remaining allegations.

25.    To the extent Paragraph 25 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 25 pertaining to Plaintiffs' state of mind, knowledge, and conduct and therefore denies them.  McMahon denies all remaining allegations in Paragraph 25.

## II.    Statement of Facts

26.    To the extent Paragraph 26 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 26.

27.    To the extent Paragraph 27 purports to state legal conclusions, no response is

required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 27 pertaining to Phillips's conduct and therefore denies them.

28.    To the extent Paragraph 28 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 28 pertaining to Phillips's conduct and therefore denies them.

29.    McMahon admits only that there was a federal investigation of the WWE in or around 1992 and avers that, on information and belief, the investigation resulted in no findings of sexual abuse of minors or illegal transportation of minors across state lines.  McMahon denies the allegation that Pat Patterson ("Patterson") and Terry Garvin ("Garvin") were "trusted lieutenants" of McMahon.  McMahon lacks sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 29 and therefore denies them.

30.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 30 pertaining to the FBI's purported evidence, conclusions, and alleged decision concerning whether to bring charges against Phillips and therefore denies them.

31.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 31 pertaining to the Plaintiffs' or other "Ring Boys'" state of mind or motivations and therefore denies them.  McMahon denies all remaining allegations in Paragraph 31.

32.    To the extent Paragraph 32 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 32.

33.    To the extent Paragraph 33 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 33.

34.    To the extent Paragraph 34 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon admits only that TKO Group Holdings, Inc. ("TKO") now owns WWE and that Plaintiffs purport to characterize TKO's corporate annual reports.  McMahon respectfully refers to the corporate annual reports for their complete contents and denies any characterization that is inconsistent with same.

35.    To the extent Paragraph 35 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon admits that Mr. Cole and Chris Loss made public allegations against Phillips, Garvin, and Patterson in or around 1992, which is sometimes referred to as the "Ring Boys Scandal" by some members of the media.  McMahon also admits that Plaintiffs purport to characterize and summarize a WWE web page; McMahon respectfully refers to the page for its complete contents and denies any characterization inconsistent with same.  McMahon lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 35 and therefore denies them.

36.    McMahon avers that Plaintiffs purport to characterize and summarize a *Business Insider* article; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

37.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a *Business Insider* article; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

38.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a book titled *Sex, Lies & Headlocks: The Real Story of Vince McMahon and World Wrestling Entertainment*; McMahon respectfully refers to the book for its complete contents and denies any characterization inconsistent with same.

39.     McMahon avers that Plaintiffs purport to characterize and summarize a book titled *Sex, Lies & Headlocks: The Real Story of Vince McMahon and World Wrestling Entertainment*; McMahon respectfully refers to the book for its complete contents and denies any characterization inconsistent with same.  McMahon lacks sufficient knowledge to admit or deny the allegations in Footnote 12 and therefore denies them.

40.     McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a *Business Insider* article; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

41.     McMahon avers that Plaintiffs purport to characterize and summarize a YouTube video of *Larry King Live*; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

42.     McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a YouTube video of the *Phil Donahue Show*; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

43.     McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a *Business Insider* article; McMahon respectfully refers the Court to the article for its complete contents and denies any characterization inconsistent with same.

44.     McMahon denies the allegations in Paragraph 44.

45.     McMahon avers that Plaintiffs purport to characterize, summarize, and quote from articles from the *New York Post* and *Business Insider*; McMahon respectfully refers to the articles for their complete contents and denies any characterization inconsistent with same.

46.     McMahon avers that Plaintiffs purport to characterize and summarize the Netflix docuseries *Mr. McMahon*; McMahon respectfully refers to the docuseries for its complete contents

and denies any characterization inconsistent with same.

47.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from the Netflix docuseries *Mr. McMahon*; McMahon respectfully refers to the docuseries for its complete contents and denies any characterization inconsistent with same.  McMahon lacks sufficient knowledge to admit or deny the authenticity, source, or content of the photograph in Paragraph 47 and therefore denies those allegations in Paragraph 47, including Plaintiffs' conclusions and characterizations of what the purported photograph may or may not show.

48.    McMahon admits that McMahon and Titan Sports sued Mushnick and the New York Post for defamation in connection with publishing false and defamatory statements about, among other things, McMahon and the WWF.  McMahon further admits that Mushnick testified in a deposition in connection with that litigation and that Plaintiffs purport to characterize, summarize, and quote from that testimony; McMahon respectfully refers to the transcript for its complete contents and denies any characterization that is inconsistent with same.  McMahon further admits that Plaintiffs purport to characterize, summarize, screenshot, and quote from a purported letter that references a videotape; McMahon respectfully refers to the letter for its complete contents and denies any characterization inconsistent with same.  McMahon denies all remaining allegations in Paragraph 48 and Footnote 18.

49.    McMahon lacks sufficient knowledge to admit or deny the authenticity or content of the photographs in Paragraph 49 and therefore denies those allegations in Paragraph 49, including Plaintiffs' conclusions or characterizations of what the purported photographs may or may not show.  McMahon lacks sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 49 pertaining to nonparty Phillips's conduct and therefore denies them.

50.    To the extent Paragraph 50 purports to state legal conclusions, no response is

required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 50 pertaining to nonparty Phillips's conduct and therefore denies them.  McMahon lacks sufficient knowledge to admit or deny the authenticity or content of the photographs in Paragraph 50 and therefore denies those allegations in Paragraph 50, including Plaintiffs' conclusions or characterizations of what the purported photographs may or may not show.

51.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from deposition testimony; McMahon respectfully refers to the transcript for its complete contents, and denies any characterization inconsistent with same.

52.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from deposition testimony; McMahon respectfully refers to the transcript for its complete contents, and denies any characterization inconsistent with same.

53.    McMahon has no recollection of the allegations in Paragraph 53 and therefore denies them.

54.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from deposition testimony; McMahon respectfully refers to the transcript for its complete contents and denies any characterization inconsistent with same.

55.    McMahon avers that Plaintiffs purport to characterize, summarize, screenshot, and quote from deposition testimony; McMahon respectfully refers to the transcript for its complete contents and denies any characterization inconsistent with same.

56.    McMahon avers that Plaintiffs purport to characterize and summarize the Netflix docuseries *Mr. McMahon*; McMahon respectfully refers to the docuseries for its complete contents and denies any characterization inconsistent with same.

57.    McMahon avers that Plaintiffs purport to quote from the Netflix docuseries *Mr. McMahon*; McMahon respectfully refers to the docuseries for its complete contents and denies any characterization inconsistent with same.

58.    McMahon avers that Plaintiffs purport to characterize and summarize a *Business Insider* article; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

59.    McMahon avers that Plaintiffs purport to characterize and summarize a *Business Insider* article; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

60.    McMahon denies the allegations in Paragraph 60.

61.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a *Business Insider* article; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

62.    McMahon lacks sufficient knowledge to admit or deny allegations set forth in Paragraph 62 pertaining to the purported knowledge of non-executive WWE employees and therefore denies them.  McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a YouTube video; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

63.    McMahon lacks sufficient knowledge to admit or deny allegations set forth in Paragraph 63 pertaining to purported complaints that WWE supervisors, including Garvin, may have received about Phillips and therefore denies them.  McMahon denies the remaining allegations in Paragraph 63.

64.    McMahon lacks sufficient knowledge to admit or deny allegations set forth in

Paragraph 64 pertaining to the purported knowledge of nonparty WWE wrestlers and therefore denies them.

    A. McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a YouTube video; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

    B. McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a YouTube video; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

    C. McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a YouTube video; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

    D. McMahon avers that Plaintiffs purport to characterize and summarize a YouTube video; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

    E. McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a YouTube video; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

    F. McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a YouTube video; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

    G. McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a YouTube video; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

H.  McMahon avers that Plaintiffs purport to characterize and summarize a YouTube video and Amazon Music recording; McMahon respectfully refers to the video and recording for their complete contents and denies any characterization inconsistent with same.

I.  McMahon avers that Plaintiffs purport to characterize and summarize a YouTube video and Amazon Music recording; McMahon respectfully refers to the video and recording for their complete contents and denies any characterization inconsistent with same.

J.  McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a YouTube video; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

K.  McMahon avers that Plaintiffs purport to characterize, summarize, and quote from the book *Don't Call Me Chico*; McMahon respectfully refers to the book for its complete contents and denies any characterization inconsistent with same.

65.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from the Netflix docuseries *Mr. McMahon*; McMahon respectfully refers to the docuseries for its complete contents and denies any characterization inconsistent with same.

66.    McMahon avers that Plaintiffs purport to characterize, summarize, screenshot, and quote from a book titled *Hitman: My Real Life in the Cartoon World of Wrestling*; McMahon respectfully refers to the book for its complete contents and denies any characterization inconsistent with same.

67.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 67 pertaining to nonparties Garvin and Patterson's knowledge and conduct and therefore

denies them.

68.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a book titled *Sex, Lies, and Headlocks: The Real Story of Vince McMahon and World Wrestling Entertainment*; McMahon respectfully refers to the book for its complete contents and denies any characterization inconsistent with same.

69.    McMahon avers that Plaintiffs purport to characterize and summarize a YouTube video of the *Phil Donahue Show* from 1992; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

70.    McMahon avers that Plaintiffs purport to characterize and summarize a YouTube video of the *Phil Donahue Show*; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

71.    McMahon avers that Plaintiffs purport to characterize and summarize a YouTube video of the *Phil Donahue Show*; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

72.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 72 pertaining to Mr. Orton purportedly passing a polygraph test and therefore denies them.

73.    McMahon avers that Plaintiffs purport to characterize and summarize a YouTube video of the *Phil Donahue Show*; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

74.    McMahon avers that Plaintiffs purport to characterize and summarize a YouTube video of the *Phil Donahue Show*; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

14

75.     McMahon avers that Plaintiffs purport to characterize and summarize a YouTube video of the *Phil Donahue Show*, another YouTube video, a *WWF Old School* article, and an Amazon Music recording; McMahon respectfully refers to the article, videos, and recording for their complete contents and denies any characterization inconsistent with same.

76.     McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a YouTube video of the *Phil Donahue Show*; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

77.     To the extent Paragraph 77 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a YouTube video of the *Phil Donahue Show*; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

78.     McMahon avers that Plaintiffs purport to characterize, summarize, and quote from the Netflix docuseries *Mr. McMahon*; McMahon respectfully refers to the docuseries for its complete contents and denies any characterization inconsistent with same.

79.     To the extent Paragraph 79 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon avers that Plaintiffs purport to characterize, summarize, screenshot, and quote from a purported interview of Billy Graham by Mr. Cole's first attorney; McMahon respectfully refers the Court to the transcript for its complete contents and denies any characterization inconsistent with same.

80.     To the extent Paragraph 80 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a YouTube video; McMahon respectfully refers to the

video for its complete contents and denies any characterization inconsistent with same.

81.    McMahon avers that Plaintiffs purport to characterize and summarize a YouTube video and an Amazon Music recording; McMahon respectfully refers to the video and recording for their complete contents and denies any characterization inconsistent with same.

82.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from the Netflix docuseries *Mr. McMahon*; McMahon respectfully refers to the docuseries for its complete contents and denies any characterization inconsistent with same.

83.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a YouTube video and an Amazon Music recording; McMahon respectfully refers to the video and recording for their complete contents and denies any characterization inconsistent with same.

84.    To the extent Paragraph 84 purports to state legal conclusions, no response is required.    To the extent a response is required, McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a YouTube video of the show *Now It Can Be Told*; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

85.    McMahon avers that Plaintiffs purport to characterize and summarize a YouTube video and a transcript of the show *Now It Can Be Told*; McMahon respectfully refers the Court to the video and transcript for their complete contents and denies any characterization inconsistent with same.

86.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a YouTube video of an interview; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

87.    McMahon lacks sufficient knowledge to admit or deny the allegations in Paragraph

87 pertaining to WWE's purported editing actions and any potential conclusions therefrom and therefore denies them. McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a *Wrestling Inc.* article and the Netflix docuseries *Mr. McMahon*; McMahon respectfully refers to the article and docuseries for their complete contents and denies any characterization inconsistent with same.

88.    McMahon avers that Plaintiffs purport to characterize and summarize an online message board thread on *Freakin' Awesome Network*; McMahon respectfully refers to the message board for its complete contents and denies any characterization inconsistent with same.

89.    McMahon lacks knowledge to admit or deny the allegations set forth in Paragraph 89 pertaining to WWE's conduct and therefore denies them. McMahon denies any remaining allegations in Paragraph 89.

90.    To the extent Paragraph 90 purports to state legal conclusions, no response is required. To the extent a response is required, McMahon denies the allegations in Paragraph 90.

91.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a newsletter; McMahon respectfully refers to the newsletter for its complete contents and denies any characterization inconsistent with same.

92.    McMahon avers that Plaintiffs purport to characterize and summarize a YouTube video; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

93.    McMahon avers that Plaintiffs purport to characterize and summarize a newsletter; McMahon respectfully refers to the newsletter for its complete contents and denies any characterization inconsistent with same.

94.    McMahon admits that in or around 1992, Mr. Cole and Chris Loss made public

17

accusations of sexual abuse that allegedly occurred when they were minors.  McMahon denies the remaining allegations in Paragraph 94.

95.    McMahon avers that Plaintiffs purport to characterize and summarize an excerpt of a book titled *Ringmaster: Vince McMahon and the Unmaking of America* and a purported draft legal complaint; McMahon respectfully refers to the book excerpt and draft legal complaint for their complete contents and denies any characterization inconsistent with same.

96.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 96 pertaining to Mr. Cole's attorney's conduct and therefore denies them.  McMahon avers that Plaintiffs purport to characterize and summarize a draft legal complaint; McMahon respectfully refers to the draft legal complaint for its complete contents and denies any characterization inconsistent with same.

97.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 97 pertaining to Mr. Cole's description of Phillips's purported practices and therefore denies them.

98.    McMahon avers that Plaintiffs purport to characterize and summarize a YouTube video and a draft legal complaint; McMahon respectfully refers to the video and draft legal complaint for their complete contents and denies any characterization inconsistent with same.

99.    McMahon lacks sufficient knowledge to admit or deny allegations set forth in Paragraph 99 pertaining to Mr. Cole's contact with Mr. Loss and Mr. Loss's purported experiences and therefore denies them.  McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a *Business Insider* article which references a *San Diego Union Tribune* article; McMahon respectfully refers to the articles for their complete contents and denies any characterization inconsistent with same.

100.     McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 100 pertaining to conduct between Mr. Cole's attorney and McMahon's attorney and therefore denies them.  McMahon admits that the parties met in person to discuss settlement in or around March 1992.

101.     McMahon admits that the parties met in person and ultimately agreed to a settlement that included the payment of backpay to Mr. Cole, though McMahon does not recall the amount.  McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 101 and does not recall other aspects of the settlement, conversations, and/or the presence of individuals at each point in the meeting and therefore denies them.  McMahon denies the remaining allegations in Paragraph 101.

102.     McMahon lacks sufficient knowledge to admit or deny the allegations in Paragraph 102 pertaining to other parties' conduct and therefore denies them.

103.     McMahon denies the allegations in Paragraph 103.

104.     McMahon lacks sufficient knowledge to admit or deny the allegations in Paragraph 104 pertaining to other parties' conduct and therefore denies them.

105.     McMahon lacks sufficient knowledge to admit or deny the allegations in Paragraph 105 pertaining to other parties' conduct and therefore denies them.

106.     McMahon lacks sufficient knowledge to admit or deny the allegations in Paragraph 106 pertaining to other parties' conduct and therefore denies them.  McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a *Rolling Stone* article in Footnote 53; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

107.     McMahon lacks sufficient knowledge to admit or deny the allegations set forth in

Paragraph 107 pertaining to other parties' conduct and therefore denies them.  McMahon denies any remaining allegations in Paragraph 107.

108.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 108 pertaining to other parties' knowledge, intent, and conduct and therefore denies them.

109.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from articles from *Business Insider* and *Daily Dot*, and an interview transcript; McMahon respectfully refers to the articles and the transcript for their complete contents and denies any characterization inconsistent with same.

110.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a purported complaint filed by Scott Hopkins; McMahon respectfully refers to the complaint for its complete contents and denies any characterization inconsistent with same.

111.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a purported complaint filed by Scott Hopkins; McMahon respectfully refers to the complaint for its complete contents and denies any characterization inconsistent with same.

112.    McMahon avers that Plaintiffs purport to characterize and summarize a *Business Insider* article; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

113.    McMahon avers that Plaintiffs purport to characterize and summarize two YouTube videos; McMahon respectfully refers to the videos for their complete contents and denies any characterization inconsistent with same.

114.    McMahon avers that Plaintiffs purport to characterize and summarize two YouTube videos; McMahon respectfully refers to the videos for their complete contents and denies any

characterization inconsistent with same.

115.    To the extent Paragraph 115 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 115.

116.    McMahon avers that Plaintiffs purport to characterize and summarize the 2022 WWE Annual Report; McMahon respectfully refers to the report for its complete contents and denies any characterization inconsistent with same.

117.    McMahon avers that Plaintiffs purport to characterize and summarize the 2022 WWE Annual Report and 2023 TKO Annual Report; McMahon respectfully refers the Court to the reports for their complete contents and denies any characterization inconsistent with same.

118.    McMahon avers that Plaintiffs purport to characterize and summarize the 2022 WWE Annual Report and 2023 TKO Annual Report; McMahon respectfully refers to the reports for their complete contents and denies any characterization inconsistent with same.

119.    To the extent Paragraph 119 purports to state a legal conclusion, no response is required.   To the extent a response is required, McMahon avers that Plaintiffs purport to characterize and summarize the 2022 WWE Annual Report and 2023 TKO Annual Report; McMahon respectfully refers to the reports for their complete contents and denies any characterization inconsistent with same.  McMahon admits that he resigned from TKO in January 2024.

120.    McMahon avers that Plaintiffs purport to characterize and summarize the 2022 WWE Annual Report and 2023 TKO Annual Report; McMahon respectfully refers to the reports for their complete contents and denies any characterization inconsistent with same.

121.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a purported vetting document on Axios; McMahon respectfully refers to the document for its

complete contents and denies any characterization inconsistent with same.

122.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a purported vetting document on Axios and articles from *People Magazine* and *The New York Times*; McMahon respectfully refers to the document and articles for their complete contents, and denies any characterization inconsistent with same.

123.    McMahon admits that he has previously been the subject of sexual misconduct allegations.  McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 123 pertaining to allegations against other parties and nonparties and therefore denies them.

124.    McMahon avers that Plaintiffs purport to characterize and summarize an article from *The Sun*; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

125.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from the Netflix docuseries *Mr. McMahon*; McMahon respectfully refers to the docuseries for its complete contents and denies any characterization inconsistent with same.

126.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from the Netflix docuseries *Mr. McMahon*; McMahon respectfully refers to the docuseries for its complete contents and denies any characterization inconsistent with same.

127.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from the Netflix docuseries *Mr. McMahon*; McMahon respectfully refers to the docuseries for its complete contents and denies any characterization inconsistent with same.

128.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from the Netflix docuseries *Mr. McMahon*; McMahon respectfully refers to the docuseries for its

complete contents and denies any characterization inconsistent with same.

129.    McMahon avers that Plaintiffs purport to characterize and summarize articles from *The Wall Street Journal*, *New York Times*, and *ESPN*; McMahon respectfully refers to the articles for their complete contents and denies any characterization inconsistent with same.

130.    McMahon avers that Plaintiffs purport to characterize and summarize articles from *New York Magazine* and *Fox Sports*; McMahon respectfully refers to the articles for their complete contents and denies any characterization inconsistent with same.

131.    McMahon avers that Plaintiffs purport to characterize and summarize a *New York Magazine* article; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

132.    McMahon avers that Plaintiffs purport to characterize and summarize articles from *Complex* and *Yahoo! Entertainment*, and a purported Boca Raton Police Department incident report; McMahon respectfully refers to the articles and report for their complete contents and denies any characterization inconsistent with same.

133.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from the Netflix docuseries *Mr. McMahon*; McMahon respectfully refers to the docuseries for its complete contents and denies any characterization inconsistent with same.

134.    McMahon admits that Janel Grant ("Grant") filed a lawsuit against McMahon, John Laurinaitis, and WWE containing certain allegations in January 2024.  McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a *New York Times* article discussing Grant's complaint; McMahon respectfully refers to the article and complaint for their complete contents and denies any characterization inconsistent with same.

135.    McMahon avers that Plaintiffs purport to characterize and summarize Grant's

complaint; McMahon respectfully refers to the complaint for its complete contents and denies any characterization inconsistent with same.

136.    McMahon avers that Plaintiffs purport to characterize and summarize a *Bleacher Report* article; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

137.    McMahon avers that Plaintiffs purport to characterize and summarize a *Deadline* article; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

138.    McMahon avers that Plaintiffs purport to characterize and summarize a *Variety* article; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

139.    McMahon avers that Plaintiffs purport to characterize and summarize the 2023 TKO Annual Report and a 2001 interview; McMahon respectfully refers to the report and interview for their complete contents and denies any characterization inconsistent with same.

140.    McMahon avers that Plaintiffs purport to characterize and summarize TKO's 2023 Annual Report and a Form 10-K; McMahon respectfully refers to the report and 10-K for their complete contents and denies any characterization inconsistent with same.

141.    To the extent Paragraph 141 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 141 pertaining to nonparties' conduct and state of mind and therefore denies them.  McMahon denies the remaining allegations set forth in Paragraph 141.

142.    To the extent Paragraph 142 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or

deny the allegations set forth in Paragraph 142 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them. McMahon denies the remaining allegations set forth in Paragraph 142.

143.    To the extent Paragraph 143 purports to state legal conclusions, no response is required. To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 143 pertaining to nonparties' conduct and state of mind and therefore denies them. McMahon denies the remaining allegations set forth in Paragraph 143.

144.    To the extent Paragraph 144 purports to state legal conclusions, no response is required. To the extent a response is required, McMahon denies the allegations in Paragraph 144.

145.    McMahon avers that Plaintiffs purport to characterize, summarize, screenshot, and quote from a purported transcript; McMahon respectfully refers to the transcript for its complete contents, and denies any characterization inconsistent with same.

146.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a *CNBC* article; McMahon respectfully refers to the article for its complete contents and denies any characterization or allegation inconsistent with same.

147.    McMahon admits that he and several others were involved in certain decisions regarding WWE events. McMahon avers that Plaintiffs purport to characterize, summarize, and screenshot a purported memorandum; McMahon respectfully refers to the memorandum for its complete contents and denies any characterization inconsistent with same. McMahon denies any remaining allegations in Paragraph 147.

148.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a *Rolling Stone* article; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

149.    McMahon avers that Plaintiffs purport to characterize, summarize and quote from an article from *The Ringer*; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

150.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a *New York* magazine article; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

151.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a *New York* magazine article; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

152.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a *Forbes* article; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

153.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a *Sportster* article; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

154.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from an article from *The Ringer*; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

155.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a YouTube video of the *Phil Donahue Show*; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

156.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a *CNN* article; McMahon respectfully refers to the article for its complete contents and denies any

characterization inconsistent with same.

157.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from the Netflix docuseries *Mr. McMahon*; McMahon respectfully refers to the docuseries for its complete contents and denies any characterization inconsistent with same.

158.    To the extent Paragraph 158 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 158.

159.    To the extent Paragraph 159 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 159.

160.    McMahon avers that Plaintiffs purport to characterize and summarize an SEC order and/or press release; McMahon respectfully refers to the order and release for their complete contents and denies any characterization inconsistent with same.

161.    To the extent Paragraph 161 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon admits that Linda McMahon is his wife, who formerly held a corporate role at WWE and participated in certain aspects of the business. McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 161 pertaining to other parties' conduct and state of mind therefore denies them.

162.    McMahon avers that Plaintiffs purport to characterize and summarize the Netflix docuseries *Mr. McMahon*; McMahon respectfully refers to the docuseries for its complete contents and denies any characterization inconsistent with same.

163.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a YouTube video; McMahon respectfully refers to the video for its complete contents and denies any characterization inconsistent with same.

164.    To the extent Paragraph 164 purports to state legal conclusions, no response is

required.   To the extent a response is required, McMahon avers that Plaintiffs purport to characterize, summarize, and quote from a *Politico* article and a purported memo; McMahon respectfully refers to the article and memo for their complete contents and denies any characterization inconsistent with same.  McMahon denies the remaining allegations in Paragraph 164.

165.    McMahon denies the allegations in Paragraph 165.

166.    McMahon avers that Plaintiffs purport to characterize, summarize, and quote from an article in *The Hill*; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

167.    To the extent Paragraph 167 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 167.

168.    McMahon avers that Plaintiffs purport to characterize and summarize articles from *Psychology Today* and *Healthline*, and several books; McMahon respectfully refers to the articles and books for their complete contents and denies any characterization inconsistent with same.

169.    McMahon avers that Plaintiffs purport to characterize and summarize an article from *Medical News Today*; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

170.    McMahon avers that Plaintiffs purport to characterize and summarize an article from *Medical News Today*; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

171.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 171 pertaining to nonparty Phillips's conduct and state of mind and therefore denies them.

172.    McMahon avers that Plaintiffs purport to characterize and summarize multiple news reports and a press release; McMahon respectfully refers to the reports and press release for their complete contents and denies any characterization inconsistent with same.

**III.**

173.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 173 pertaining to other parties' and nonparties' conduct and therefore denies them.

174.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 174 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

175.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 175 pertaining to other parties' and nonparties' conduct and therefore denies them.

176.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 176 pertaining to other parties' and nonparties' conduct and therefore denies them.

177.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 177 pertaining to other parties' and nonparties' conduct and therefore denies them.

178.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 178 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

179.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 179 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

180.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 180 pertaining to other parties' and nonparties' conduct and therefore denies them.

181.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in

Paragraph 181 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

182.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 182 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

183.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 183 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

184.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 184 pertaining to other parties' and nonparties' conduct and therefore denies them.

185.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 185 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

186.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 186 pertaining to other parties' and nonparties' conduct and therefore denies them.

187.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 187 pertaining to other parties' conduct and state of mind and therefore denies them.

188.    To the extent Paragraph 188 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 188 pertaining to other parties' and nonparties' conduct and therefore denies them.

189.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 189 pertaining to other parties' and nonparties' conduct and therefore denies them.

190.    To the extent Paragraph 190 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 190 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

191.    To the extent Paragraph 191 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 191 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

192.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 192 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

193.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 193 pertaining to other parties' and nonparties' conduct and therefore denies them.

194.    McMahon lacks sufficient knowledge to admit or deny the authenticity, source, or content of the purported photograph in Paragraph 194 and therefore denies those allegations in Paragraph 194, including Plaintiffs' conclusions and characterizations of what the purported photograph may or may not show.  McMahon lacks sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 194 pertaining to other parties' and nonparties' conduct and therefore denies them.

195.    To the extent Paragraph 195 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 195 pertaining to other parties' and nonparties' conduct and therefore denies them.

196.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 196 pertaining to other parties' and nonparties' conduct and state of mind, including allegations pertaining what constituted "common knowledge within the WWE," and therefore denies them.

197.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 197 pertaining to other parties' and nonparties' conduct and therefore denies them.

198.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 198 pertaining to other parties' and nonparties' conduct and therefore denies them.

199.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 199 pertaining to other parties' and nonparties' conduct and therefore denies them.

200.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 200 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

201.    To the extent Paragraph 201 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 201 pertaining to other parties' and nonparties' conduct and therefore denies them.

202.    To the extent Paragraph 202 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 202 pertaining to other parties' and nonparties' conduct and therefore denies them.

203.    To the extent Paragraph 203 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or

deny the allegations set forth in Paragraph 203 pertaining to other parties' and nonparties' conduct and therefore denies them.

204.    To the extent Paragraph 204 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 204 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

205.    To the extent Paragraph 205 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 205 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

206.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 206 pertaining to other parties' and nonparties' conduct and therefore denies them.

207.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 207 pertaining to other parties' and nonparties' conduct and therefore denies them.

208.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 208 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

209.    To the extent Paragraph 209 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the authenticity, source, or content of the purported photographs in Paragraph 209 and therefore denies those allegations in Paragraph 209, including Plaintiffs' conclusions and characterizations of what the purported photograph may or may not show.  McMahon lacks sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 209

pertaining to other parties' and nonparties' conduct and therefore denies them.

210.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 210 pertaining to other parties' and nonparties' conduct and therefore denies them.

211.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 211 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

212.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 212 pertaining to other parties' and nonparties' conduct and therefore denies them.

213.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 213 pertaining to other parties' and nonparties' conduct and therefore denies them.

214.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 214 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

215.    To the extent Paragraph 215 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 215 pertaining to other parties' and nonparties' conduct and therefore denies them.

216.    To the extent Paragraph 216 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 216 pertaining to other parties' and nonparties' conduct and therefore denies them.

217.    To the extent Paragraph 217 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or

deny the allegations set forth in Paragraph 217 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

218.    To the extent Paragraph 218 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 218 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

219.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 219 pertaining to other parties' and nonparties' conduct and therefore denies them.

220.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 220 pertaining to other parties' and nonparties' conduct and therefore denies them.

221.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 221 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

222.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 222 pertaining to other parties' and nonparties' conduct and therefore denies them.

223.    McMahon lacks sufficient knowledge to admit or deny the authenticity, source, or content of the purported photograph in Paragraph 223 and therefore denies those allegations in Paragraph 223, including Plaintiffs' conclusions and characterizations of what the purported photograph may or may not show.  McMahon lacks sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 223 pertaining to other parties' and nonparties' conduct and therefore denies them.

224.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 224 pertaining to other parties' and nonparties' conduct and therefore denies them.

225.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 225 pertaining to other parties' and nonparties' conduct and therefore denies them.

226.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 226 pertaining to other parties' and nonparties' conduct and therefore denies them.

227.    McMahon has no recollection of checking on the ring when John Doe 4 and other "Ring Boys" were allegedly working on it and therefore denies those allegations.  McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 227 pertaining to other parties' and nonparties' conduct and therefore denies them. McMahon also lacks sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 227 and therefore denies them.

228.    McMahon has no recollection of the allegations in Paragraph 228 and therefore denies them.

229.    McMahon has no recollection of the allegations in Paragraph 229 and therefore denies them.

230.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 230 pertaining to other parties' and nonparties' conduct and therefore denies them.

231.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 231 pertaining to other parties' and nonparties' conduct and therefore denies them.

232.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 232 pertaining to other parties' and nonparties' conduct and therefore denies them.

233.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 233 pertaining to other parties' and nonparties' conduct and therefore denies them.

234.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in

Paragraph 234 pertaining to other parties' and nonparties' conduct and therefore denies them.

235.    To the extent Paragraph 235 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 235 pertaining to other parties' and nonparties' conduct and therefore denies them.

236.    To the extent Paragraph 236 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 236 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

237.    To the extent Paragraph 237 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 237 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

238.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 238 pertaining to other parties' and nonparties' conduct and therefore denies them.

239.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 239 pertaining to other parties' and nonparties' conduct and therefore denies them.

240.    McMahon lacks sufficient knowledge to admit or deny the authenticity, source, or content of the purported photographs in Paragraph 240 and therefore denies the allegations in Paragraph 240, including Plaintiffs' conclusions and characterizations of what the purported photographs may or may not show.

241.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 241 pertaining to other parties' and nonparties' conduct and therefore denies them.

242.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 242 pertaining to other parties' and nonparties' conduct and therefore denies them.

243.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 243 pertaining to other parties' and nonparties' conduct and therefore denies them.

244.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 244 pertaining to other parties' and nonparties' conduct and therefore denies them.

245.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 245 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

246.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 246 pertaining to other parties' and nonparties' conduct and therefore denies them.

247.    McMahon lacks sufficient knowledge to admit or deny the authenticity, source, or content of the purported photograph in Paragraph 247 and therefore denies the allegations in Paragraph 247, including Plaintiffs' conclusions and characterizations of what the purported photograph may or may not show.

248.    To the extent Paragraph 248 purports to state legal conclusions, no response is required. To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 248 pertaining to other parties' and nonparties' conduct and therefore denies them.

249.    To the extent Paragraph 249 purports to state legal conclusions, no response is required. To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 249 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

250.    To the extent Paragraph 250 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 250 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

251.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 251 pertaining to other parties' and nonparties' conduct and therefore denies them.

252.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 252 pertaining to other parties' and nonparties' conduct and therefore denies them.

253.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 253 pertaining to other parties' and nonparties' conduct and therefore denies them.

254.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 254 pertaining to other parties' and nonparties' conduct and therefore denies them.

255.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 255 pertaining to other parties' and nonparties' conduct and therefore denies them.

256.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 256 pertaining to other parties' and nonparties' conduct and therefore denies them.

257.    McMahon denies that Shane McMahon's arm was injured in the manner described. McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 257 pertaining to other parties' and nonparties' conduct and therefore denies them.

258.    To the extent Paragraph 258 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the authenticity, source, or content of the purported photographs in Paragraph 258 and therefore denies those allegations in Paragraph 258, including Plaintiffs' conclusions and

characterizations of what the purported photographs may or may not show.  McMahon lacks sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 258 pertaining to other parties' and nonparties' conduct and therefore denies them.

259.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 259 pertaining to other parties' and nonparties' conduct and therefore denies them.

260.    To the extent Paragraph 260 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 260 pertaining to other parties' and nonparties' conduct and therefore denies them.

261.    To the extent Paragraph 261 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 261 pertaining to other parties' and nonparties' conduct and therefore denies them.

262.    To the extent Paragraph 262 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 262 pertaining to other parties' and nonparties' conduct and therefore denies them.

263.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 263 pertaining to other parties' and nonparties' conduct and therefore denies them.

264.    McMahon has no recollection of being in a dressing room with John Doe 6 and lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 264 and therefore denies them.

265.    To the extent Paragraph 265 purports to state legal conclusions, no response is

required. To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 265 pertaining to other parties' and nonparties' conduct and therefore denies them.

266.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 266 pertaining to other parties' and nonparties' conduct and therefore denies them.

267.    McMahon has no recollection of speaking to John Doe 6 and therefore denies that allegation. McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 267 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

268.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 268 pertaining to other parties' and nonparties' conduct and therefore denies them.

269.    McMahon lacks sufficient knowledge to admit or deny the authenticity, source, or content of the purported photographs in Paragraph 269 and therefore denies those allegations in Paragraph 269, including Plaintiffs' conclusions and characterizations of what the purported photographs may or may not show.

270.    To the extent Paragraph 270 purports to state legal conclusions, no response is required. To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 270 pertaining to other parties' and nonparties' conduct and therefore denies them.

271.    To the extent Paragraph 271 purports to state legal conclusions, no response is required. To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 271 pertaining to other parties' and nonparties' conduct and therefore denies them.

272.   To the extent Paragraph 272 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 272 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

273.   To the extent Paragraph 273 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 273 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

274.   McMahon does not admit or respond to allegations tied to claims previously dismissed; to the extent any remaining allegations suggest liability, McMahon denies them.

275.   McMahon does not admit or respond to allegations tied to claims previously dismissed; to the extent any remaining allegations suggest liability, McMahon denies them.

276.   McMahon does not admit or respond to allegations tied to claims previously dismissed; to the extent any remaining allegations suggest liability, McMahon denies them.

277.   McMahon does not admit or respond to allegations tied to claims previously dismissed; to the extent any remaining allegations suggest liability, McMahon denies them.

278.   McMahon does not admit or respond to allegations tied to claims previously dismissed; to the extent any remaining allegations suggest liability, McMahon denies them.

279.   McMahon does not admit or respond to allegations tied to claims previously dismissed; to the extent any remaining allegations suggest liability, McMahon denies them.

280.   McMahon does not admit or respond to allegations tied to claims previously dismissed; to the extent any remaining allegations suggest liability, McMahon denies them.

281.   McMahon does not admit or respond to allegations tied to claims previously

dismissed; to the extent any remaining allegations suggest liability, McMahon denies them.

282.    McMahon does not admit or respond to allegations tied to claims previously dismissed; to the extent any remaining allegations suggest liability, McMahon denies them.

283.    McMahon does not admit or respond to allegations tied to claims previously dismissed; to the extent any remaining allegations suggest liability, McMahon denies them.

284.    McMahon does not admit or respond to allegations tied to claims previously dismissed; to the extent any remaining allegations suggest liability, McMahon denies them.

285.    McMahon does not admit or respond to allegations tied to claims previously dismissed; to the extent any remaining allegations suggest liability, McMahon denies them.

286.    McMahon does not admit or respond to allegations tied to claims previously dismissed; to the extent any remaining allegations suggest liability, McMahon denies them.

287.    McMahon does not admit or respond to allegations tied to claims previously dismissed; to the extent any remaining allegations suggest liability, McMahon denies them.

288.    McMahon does not admit or respond to allegations tied to claims previously dismissed; to the extent any remaining allegations suggest liability, McMahon denies them.

289.    McMahon does not admit or respond to allegations tied to claims previously dismissed; to the extent any remaining allegations suggest liability, McMahon denies them.

290.    McMahon does not admit or respond to allegations tied to claims previously dismissed; to the extent any remaining allegations suggest liability, McMahon denies them.

291.    McMahon does not admit or respond to allegations tied to claims previously dismissed; to the extent any remaining allegations suggest liability, McMahon denies them.

292.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 292 pertaining to other parties' and nonparties' conduct and therefore denies them.

293.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 293 pertaining to other parties' and nonparties' conduct and therefore denies them.

294.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 294 pertaining to other parties' and nonparties' conduct and therefore denies them.

295.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 295 pertaining to other parties' and nonparties' conduct and therefore denies them.

296.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 296 pertaining to other parties' and nonparties' conduct and therefore denies them.

297.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 297 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

298.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 298 pertaining to other parties' and nonparties' conduct and therefore denies them.

299.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 299 pertaining to other parties' and nonparties' conduct and therefore denies them.

300.    McMahon has no recollection of the allegations in Paragraph 300 and therefore denies them.

301.    To the extent Paragraph 301 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 301 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

302.    To the extent Paragraph 302 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or

deny the allegations set forth in Paragraph 302 pertaining to other parties' and nonparties' conduct and state of mind and therefore denies them.

## IV.    **Parties**

303.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 303 pertaining to other parties' citizenship and therefore denies them.

304.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 304 pertaining to other parties' citizenship and therefore denies them.

305.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 305 pertaining to other parties' citizenship and therefore denies them.

306.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 306 pertaining to other parties' citizenship and therefore denies them.

307.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 307 pertaining to other parties' citizenship and therefore denies them.

308.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 308 pertaining to other parties' citizenship and therefore denies them.

309.    McMahon does not admit or respond to allegations tied to claims previously dismissed; to the extent any remaining allegations suggest liability, McMahon denies them.

310.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 310 pertaining to other parties' citizenship and therefore denies them.

311.    To the extent Paragraph 311 purports to state legal conclusions and speculations, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 311 pertaining to other parties' state of mind and therefore denies them.

312.    McMahon denies the allegations in Paragraph 312.

313.    To the extent Paragraph 313 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 313.

314.    McMahon denies the allegations in Paragraph 314.

315.    To the extent Paragraph 315 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 315.

316.    To the extent Paragraph 316 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 316.

317.    McMahon admits that he is a Connecticut citizen.  McMahon admits that he co-founded Titan Sports, Inc. in 1980, a predecessor entity to what would later become WWE.  McMahon admits that he served on the board of directors for that entity from 1980 until approximately September 2023.  McMahon admits that he was the Executive Chairman of the Board for Defendant TKO Group Holdings, Inc. until January 2024.  McMahon avers that Plaintiffs purport to characterize and summarize an article from *Variety*; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.  McMahon denies that he engaged in conduct in Maryland that forms the basis of the FAC.

318.    McMahon admits that Linda McMahon is his wife from whom he is separated, that she co-founded Titan Sports, Inc., predecessor to WWE, in 1980, and that she worked at WWE from 1980-2009, serving as corporate officer, President, and CEO.  McMahon avers that Plaintiffs purport to characterize, summarize, and quote from articles from the *Atlantic* and *Sportico*; McMahon respectfully refers to the articles for their complete contents and denies any characterization inconsistent with same.  McMahon lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 318 concerning other parties and therefore denies them.

319.    McMahon lacks sufficient knowledge to admit or deny the allegations in Paragraph

319 and therefore denies them, except admits that WWE's headquarters is located at 707 Washington Blvd., Stamford, CT 06901.

320.    McMahon avers that Plaintiffs purport to quote from the WWE website; McMahon respectfully refers to the website for its complete contents and denies any characterization inconsistent with same.

321.    McMahon admits that Capitol Wrestling Corporation Ltd. ("CWC") was founded in 1953 by McMahon's father.  McMahon admits that McMahon and Linda McMahon co-founded Titan Sports, Inc. in 1980, and that Titan Sports, Inc. was incorporated in Delaware in 1987. McMahon admits that McMahon and Linda McMahon purchased CWC in 1982.  McMahon admits that Titan Sports, Inc. was merged with CWC in 1988.  McMahon admits that Titan Sports, Inc. was renamed World Wrestling Federation Entertainment, Inc in 1999, which was renamed World Wrestling Entertainment, Inc. in 2002.  McMahon admits that WWE was involved in a trademark dispute in 2002 with the World Wildlife Fund.  McMahon lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 321 and therefore denies them.  McMahon avers that Plaintiffs purport to characterize certain documents in Footnote 110; McMahon respectfully refers to the documents for their complete contents and denies any characterization inconsistent with same.

322.    McMahon admits that on or around September 12, 2023, a series of transactions were completed involving Endeavor Group Holdings, World Wrestling Entertainment, Inc., and others, which facilitated a business combination of the Ultimate Fighting Championship ("UFC") and World Wrestling Entertainment LLC (f/k/a World Wrestling Entertainment, Inc.) under TKO Operating Company, LLC.

323.    To the extent Paragraph 323 purports to state legal conclusions, no response is

required.  To the extent a response is required, McMahon admits that WWE maintained its corporate headquarters at the same office building in Stamford, CT from 1991-2019.  McMahon lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 323 and therefore denies them.

324.    McMahon admits the allegations in Paragraph 324.

325.    McMahon admits that TKO was incorporated as a Delaware corporation in March 2023, under the name New Whale, Inc., and facilitated the business combination between UFC and WWE under TKO Operating Company, LLC.  McMahon denies any remaining allegations in Paragraph 325.

326.    McMahon avers that Plaintiffs purport to quote from the TKO website; McMahon respectfully refers to the website for its complete contents and denies any characterization inconsistent with same.

## V.    Jurisdiction and Venue

327.    To the extent Paragraph 327 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon admits that Plaintiffs invoke the Court's jurisdiction over the claim described in paragraph 327 of the FAC but denies that McMahon engaged in any act or omission that would give rise to or otherwise support jurisdiction in this Court.[3]

328.    To the extent Paragraph 328 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon admits that Plaintiffs invoke the Court's venue over the claim described in paragraph 328 of the FAC but denies that McMahon engaged in

---

[3] McMahon understands that this Court has already ruled that it may exercise personal jurisdiction over all Defendants, including McMahon (*see* Dkt. No. 66), but expressly preserves his position that the Court lacks personal jurisdiction over him.

any act or omission that would give rise to or otherwise support venue in this Court.

329.    To the extent Paragraph 329 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations in Paragraph 329 concerning other parties and therefore denies them.  McMahon admits that WWE held events in Maryland.  McMahon denies the remaining allegations in Paragraph 329.

330.    McMahon admits that WWE held events in Maryland.  McMahon avers that Plaintiffs purport to characterize, summarize, and screenshot purported advertisements; McMahon respectfully refers to the purported advertisements for their complete contents and denies any characterization inconsistent with same.  McMahon denies the remaining allegations in Paragraph 330.

331.    McMahon avers that Plaintiffs purport to characterize and summarize YouTube and Facebook videos; McMahon respectfully refers to the videos for their complete contents and denies any characterization inconsistent with same.

332.    McMahon lacks sufficient knowledge to admit or deny the allegations in Paragraph 332 and therefore denies them.

333.    McMahon avers that Plaintiffs purport to characterize and summarize an article from www.wwe.com; McMahon respectfully refers to the article for its complete contents and denies any characterization inconsistent with same.

334.    McMahon admits that, at times, he and other WWE executives participated in booking and calendaring certain WWE shows and other WWE public appearances.  McMahon admits that, at times, he participated in securing contracts or other agreements for WWE events.  McMahon denies any remaining allegations in Paragraph 334.

335.     McMahon lacks sufficient knowledge to admit or deny the authenticity, source, or content of the purported memo in Paragraph 335 and therefore denies those allegations in Paragraph 335, including Plaintiffs' conclusions and characterizations of what the purported memo may or may not show.   McMahon admits that he was included on certain communications concerning WWE show schedules.   McMahon admits that he made certain decisions regarding the location, scheduling, and booking of WWE shows.   McMahon denies any remaining allegations in Paragraph 335.

336.     McMahon admits that since 1993, WWE has promoted, advertised, and held events in Maryland.   McMahon avers that Plaintiffs purport to characterize and summarize a website; McMahon respectfully refers to the website for its complete contents and denies any characterization inconsistent with same.   McMahon lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 336 and therefore denies them.

337.     To the extent Paragraph 337 purports to state legal conclusions, no response is required.   To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations in Paragraph 337 pertaining to the nonparty state of Maryland, and therefore denies them.   McMahon avers that Plaintiffs purport to characterize and summarize a decision by the Supreme Court of Maryland; McMahon respectfully refers to the decision for its complete contents and denies any characterization inconsistent with same.

## VI.   <u>Causes of Action</u>

### FIRST CAUSE OF ACTION

338.     McMahon repeats and reincorporates each above response as if fully set forth herein.

339.     McMahon admits the allegations in Paragraph 339.

340.     McMahon denies the allegations in Paragraph 340.

341.    To the extent Paragraph 341 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 341 pertaining to other parties and therefore denies them.

342.    To the extent Paragraph 342 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 342 pertaining to other parties and therefore denies them.

343.    To the extent Paragraph 343 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 343.

344.    To the extent Paragraph 344 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 344.

345.    To the extent Paragraph 345 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 345.

346.    To the extent Paragraph 346 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 346 pertaining to other parties' conduct and state of mind and therefore denies them.  McMahon denies the remaining allegations in Paragraph 346.

347.    McMahon denies the allegations in Paragraph 347.

348.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 348 pertaining to other parties and nonparties and therefore denies them.

349.    To the extent Paragraph 349 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 349.

350.    To the extent Paragraph 350 purports to state legal conclusions, no response is required.  To the extent a response is required,  McMahon denies the allegations in Paragraph 350.

351.    To the extent Paragraph 351 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 351.

352.    To the extent Paragraph 352 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 352.

353.    To the extent Paragraph 353 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 353.

354.    To the extent Paragraph 354 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 354.

355.    To the extent Paragraph 355 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 355.

356.    To the extent Paragraph 356 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 356.

357.    To the extent Paragraph 357 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 357.

358.    To the extent Paragraph 358 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 358.

359.    To the extent Paragraph 359 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 359.

360.    To the extent Paragraph 360 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 360.

361.    To the extent Paragraph 361 purports to state legal conclusions, no response is

required.  To the extent a response is required, McMahon denies the allegations in Paragraph 361.

362.    To the extent Paragraph 362 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 362.

363.    McMahon denies the allegations in Paragraph 363.

364.    To the extent Paragraph 364 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 364.

365.    To the extent Paragraph 365 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 365.

366.    To the extent Paragraph 366 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 366.

367.    To the extent Paragraph 367 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 367.

368.    To the extent Paragraph 368 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 368.

369.    To the extent Paragraph 369 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 369.

370.    To the extent Paragraph 370 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 370.

371.    To the extent Paragraph 371 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 371.

372.    To the extent Paragraph 372 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 372.

373.    To the extent Paragraph 373 purports to state legal conclusions, no response is

required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 373 pertaining to other parties and nonparties and therefore denies them.  McMahon denies the remaining allegations in Paragraph 373.

374.    To the extent Paragraph 374 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 374 pertaining to other parties and therefore denies them.

375.    To the extent Paragraph 375 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 375 pertaining to other parties and therefore denies them.

376.    To the extent Paragraph 376 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 376 pertaining to other parties and therefore denies them.  McMahon denies the remaining allegations in Paragraph 376.

## SECOND CAUSE OF ACTION

377.    McMahon repeats and reincorporates each above response as if fully set forth herein.

378.    To the extent Paragraph 378 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 378 pertaining to other parties and therefore denies them.  McMahon denies the remaining allegations in Paragraph 378.

379.    To the extent Paragraph 379 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or

deny the allegations set forth in Paragraph 379 pertaining to other parties and therefore denies them.

380.    To the extent Paragraph 380 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 380.

381.    To the extent Paragraph 381 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 381.

382.    To the extent Paragraph 382 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 382.

383.    McMahon denies the allegations in Paragraph 383.

384.    McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 384 pertaining to other parties and therefore denies them.  McMahon denies the remaining allegations in Paragraph 384.

385.    To the extent Paragraph 385 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 385.

386.    To the extent Paragraph 386 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 386.

387.    To the extent Paragraph 387 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 387.

388.    To the extent Paragraph 388 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 388.

389.    To the extent Paragraph 389 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 389.

390.    To the extent Paragraph 390 purports to state legal conclusions, no response is

required.  To the extent a response is required, McMahon denies the allegations in Paragraph 390.

391.    To the extent Paragraph 391 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon denies the allegations in Paragraph 391.

392.    To the extent Paragraph 392 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 392 pertaining to other parties and therefore denies them.

393.    To the extent Paragraph 393 purports to state legal conclusions, no response is required.  To the extent a response is required, McMahon lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 393 pertaining to other parties and therefore denies them.  McMahon denies the remaining allegations in Paragraph 393.

## McMAHON'S AFFIRMATIVE AND OTHER DEFENSES

Without waiving the foregoing denial or assuming the burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiffs, as to any of these issues, McMahon asserts the following defenses, which apply to each and every cause of action in the FAC to which such defense may be applicable.  McMahon reserves the right to assert additional defenses that discovery indicates are proper.

### FIRST DEFENSE

Plaintiffs' claims against McMahon are barred, in whole or in part, because Plaintiffs fail to state a claim for relief against McMahon.[4]

### SECOND DEFENSE

---

[4] McMahon understands that this Court has denied in part McMahon's motion to dismiss for failure to state a claim and lack of personal jurisdiction (Dkt. No. 66) but asserts certain of the defenses stated herein for preservation purposes.

The Court lacks personal jurisdiction over McMahon.

## THIRD DEFENSE

Plaintiffs' claims against McMahon are barred by the doctrine of laches because Plaintiffs unreasonably and inexcusably delayed in bringing the causes of actions asserted herein, and the delay prejudiced McMahon.

## FOURTH DEFENSE

Plaintiffs' claims against McMahon are barred by the doctrine of estoppel.

## FIFTH DEFENSE

Plaintiffs' claims against McMahon are barred by the United States Constitution's Fifth Amendment takings clause, Article I ex post facto and contracts clauses, and the Fifth and Fourteenth Amendment due process and equal protection clauses, as well as by the Maryland Constitution and Declaration of Rights—including Article III, Section 40 and Articles 17, 19, and 24.

## SIXTH DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

## SEVENTH DEFENSE

Plaintiffs' claims for damages against McMahon are limited by all applicable statutory caps and limitations on damages, including but not limited to Md. Code Ann., Cts. & Jud. Proc. § 5-117.

## EIGHTH DEFENSE

Plaintiffs' claims against McMahon arising out of McMahon's alleged tortious conduct are barred because McMahon owed no duty of care to Plaintiffs.

## NINTH DEFENSE

Plaintiffs' claims against McMahon arising out of McMahon's alleged tortious conduct are barred because McMahon lacked the requisite knowledge of the alleged perpetrators' sexual propensities.

## TENTH DEFENSE

By conduct, representations and omissions, Plaintiffs have waived, relinquished, and/or abandoned, any claim for relief against McMahon respecting the matters that are the subject of the FAC.

## ELEVENTH DEFENSE

Any injuries or damages alleged in the FAC were caused by Plaintiffs' contributory negligence which absolutely bars or reduces Plaintiffs' right to recovery, if any, in proportion to such contributory negligence.

## TWELFTH DEFENSE

Plaintiffs' request for punitive damages is barred by the Fifth and Eighth Amendments of the U.S. Constitution and Article 5 and Article 25 of the Maryland Constitution, and because McMahon did not act with actual malice.

## THIRTEENTH DEFENSE

Plaintiffs' claims against McMahon are barred to the extent they rely upon confidential information and/or communications protected by an evidentiary privilege, such as the attorney-client privilege, the work product doctrine, and/or any other privilege at common law or found in statute.

## FOURTEENTH DEFENSE

Plaintiffs' claims against McMahon are barred because Plaintiffs' alleged injuries were caused by a person or persons who were not acting under the control or supervision of McMahon

and/or who were employed by McMahon, including to the extent Plaintiffs rely on theories of vicarious liability as against McMahon.

## FIFTEENTH DEFENSE

If Plaintiffs sustained damages, which McMahon expressly denies, Plaintiffs have failed to take reasonable and adequate steps to mitigate or minimize those damages.

## SIXTEENTH DEFENSE

Plaintiffs' claims against McMahon are barred because the acts or omissions alleged in the FAC were actually and/or proximately caused by the acts or omissions committed by third parties.

## SEVENTEENTH DEFENSE

Plaintiffs' claims against McMahon are barred because the acts and omissions and damages alleged in the FAC were proximately caused by the superseding, intervening actions and/or omissions of third parties, and/or superseding and/or intervening events or underlying medical conditions.

## EIGHTEENTH DEFENSE

Should McMahon be found liable to any Plaintiff, he is entitled to a set-off and/or pro rata reduction of any judgment for monies paid to that Plaintiff by any other tortfeasor.

## NINETEENTH DEFENSE

Any injuries or damages alleged in the FAC were caused by Plaintiffs' assumption of the risk or risks, which absolutely bars or reduces Plaintiffs' right to recovery, if any, in proportion to such assumption of risk.

## TWENTIETH DEFENSE

Plaintiffs' claims against McMahon based on vicarious liability or a respondeat superior

theory of liability are barred because sexual misconduct falls outside the scope of employment of the alleged perpetrators and cannot be imputed to McMahon.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Defendant McMahon prays for entry of a judgment in his favor, dismissal of the FAC with prejudice, the award of fees and costs incurred in defending this action, and any other such relief as the Court may deem equitable and just.

Dated: January 16, 2026                    Respectfully Submitted,

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By:    */s/ Jessica T. Rosenberg*
       Jessica T. Rosenberg
          (admitted *pro hac vice*)
       Ilana Roberts
          (admitted *pro hac vice*)
       One Bryant Park
       New York, NY  10036
       Telephone: (212) 872-1000
       Facsimile: (212) 872-1002
       jrosenberg@akingump.com
       iroberts@akingump.com

**KRAMON & GRAHAM, P.A.**
John A. Bourgeois (Bar No. 11834)
Christopher C. Jeffries (Bar No. 28527)
750 East Pratt St., Suite 1100
Baltimore, MD 21202
Telephone: (410) 347-7408
Facsimile: (410) 361-8204
jbourgeois@kg-law.com
cjeffries@kg-law.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 16, 2026, a copy of the foregoing was filed electronically.

Notice of this filing will be sent by email to all parties by operation of the Court's electronic

filing system.  Parties may access this filing through the Court's CM/ECF system.


*/s/ Jessica T. Rosenberg*
Jessica T. Rosenberg