**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JOHN DOE 1, et al., | |
| *Plaintiffs*, | |
| v. | |
| WORLD WRESTLING | Civil Action No. 24-03487-JKB |
| ENTERTAINMENT, LLC, et al., | |
| *Defendants*. | |

**LINDA E. MCMAHON'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' AMENDED COMPLAINT**

Defendant Linda E. McMahon provides her answer and affirmative defenses to the Plaintiffs' Amended Complaint, ECF No. 55, as follows.

**ANSWER**

Ms. McMahon submits this Answer on behalf of herself only, including with respect to allegations made against "Defendants" as a group, however described. Any allegation or averment not expressly admitted by Ms. McMahon is denied in its entirety. To the extent the headings, sub-headings, footnotes, or other unenumerated assertions of the Amended Complaint are considered allegations, they are denied in their entirety. Ms. McMahon specifically denies any liability to John Does 2 and 6, the only plaintiffs who have asserted valid claims against her.[1] Ms. McMahon reserves the right to amend or supplement her Answer as may be appropriate or necessary.

1.      Admitted that WWE was formerly known as World Wrestling Federation. Admitted that Mel Phillips worked for WWE. Otherwise, without knowledge or information

---

[1] All claims asserted by John Does 1, 3–5, and 7–8 against Ms. McMahon have been dismissed. ECF Nos. 66 & 67.

sufficient to form a belief, therefore denied.

2.      Without knowledge or information sufficient to form a belief, therefore denied.

3.      Denied as to the allegation that Ms. McMahon "gave Phillips free rein to use his highly public WWE personality and image to entice local kids from the area near the WWE shows to help set up and take down the wrestling ring." Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

4.      Denied.

5.      Denied.

6.      Admitted that Plaintiffs allege they are survivors of sexual harassment and abuse by Mel Phillips, and that John Doe 6 alleges he was also sexually abused by Pat Patterson. Otherwise, denied.

7.      The referenced Netflix docuseries speaks for itself. Otherwise, denied.

8.      Without knowledge or information sufficient to form a belief, therefore denied.

9.      Denied.

10.      Denied.

11.      Admitted that *Business Insider* published a story that included the referenced quotations, which were attributed to an anonymous person claiming to be a former high level employee at WWE. Otherwise, denied.

12.      Without knowledge or information sufficient to form a belief, therefore denied.

13.      Denied.

14.      Denied.

15.      Admitted.

16.      Admitted that Vincent McMahon and Titan Sports, Inc. sued Phil Mushnick and

The New York Post Co., Inc. for defamation. Otherwise, denied.

17.     Without knowledge or information sufficient to form a belief, therefore denied.

18.     The referenced article speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

19.     The referenced report speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

20.     The referenced television interview speaks for itself; to the extent a response is required, denied. As to the statements attributed to Ms. McMahon, she has no recollection of making those statements and they are therefore denied.

21.     Without knowledge or information sufficient to form a belief as to the identity of the person in the photograph. Otherwise, denied.

22.     To the extent the allegations of this paragraph pertain to an individual named Tom Cole, admitted that WWE reached a financial settlement with Cole in the early 1990's. Admitted that Cole committed suicide in 2021. As to the allegations regarding the reasons behind Cole's suicide and his last known words, without knowledge or information sufficient to form a belief, therefore denied. To the extent this paragraph contains other allegations, without knowledge or information sufficient to form a belief, therefore denied.

23.     Denied.

24.     Admitted that Plaintiffs allege in this lawsuit that they experienced childhood trauma. Otherwise, denied. With respect to footnote 8, Ms. McMahon admits that Mel Phillips is deceased. The remainder of footnote 8 states legal conclusions as to which no response is required; to the extent a response is required, denied.

25.     Without knowledge or information sufficient to form a belief, therefore denied.

26.     Denied.

27.     Without knowledge or information sufficient to form a belief, therefore denied.

28.     Without knowledge or information sufficient to form a belief, therefore denied.

29.     Admitted that the federal government investigated WWE in or around 1992, but Ms. McMahon avers on information and belief that the investigation resulted in no findings of sexual abuse of minors or illegal transportation of minors across state lines. Denied as to the allegation that Pat Patterson and Terry Garvin were "trusted lieutenants" of Ms. McMahon. To the extent this paragraph contains other allegations, Ms. McMahon lacks  knowledge or information sufficient to form a belief, therefore denied.

30.     Without knowledge or information sufficient to form a belief, therefore denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     The referenced reports speak for themselves; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied. Admitted that TKO Group Holdings, Inc. ("TKO") owns WWE.

35.     Admitted that in or around 1992, Tom Cole and Chris Loss began making public allegations that Mel Phillips, Pat Patterson, and/or Terry Garvin sexually harassed and/or abused them. Admitted that some members of the media referred to Loss and Cole's allegations as the "Ring Boy Scandal." Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

36.     The referenced *Business Insider* article speaks for itself. To the extent a response is required, denied.

37.     This paragraph consists of quotations from the referenced *Business Insider* story, which speaks for itself. To the extent a response is required, denied.

38.     The quoted passages from the referenced book speak for themselves. To the extent a response is required, the allegation that "[e]veryone knew what was going on" is denied. As to any remaining allegations, without knowledge or information sufficient to form a belief, therefore denied.

39.     The referenced book speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied. As to the allegations set forth in footnote 12, without knowledge or information sufficient to form a belief, therefore denied.

40.     This paragraph consists of a description of a magazine report that appeared in the referenced *Business Insider* story, and the story speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

41.      The referenced *Larry King Live* segment speaks for itself. To the extent a response is required, the allegation that "everybody knew Phillips sexually abused little boys" is denied. As to any remaining allegations, without knowledge or information sufficient to form a belief, therefore denied.

42.     The referenced *Phil Donahue Show* segment speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

43.     This paragraph includes a description of a magazine report that appeared in a *Business Insider* story, and the story speaks for itself. To the extent a response is required to the description of the magazine report, denied. As to any remaining allegations, denied.

44.     Denied.

45.     The referenced 1992 column by Phil Mushnick speaks for itself. To the extent a response is required to the quotations from the column, denied. As to any remaining allegations, without knowledge or information sufficient to form a belief, therefore denied.

46.     The referenced Netflix docuseries speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

47.     The referenced Netflix docuseries speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

48.     Admitted that Vincent McMahon and Titan Sports, Inc. sued Phil Mushnick and The New York Post Co., Inc. for defamation. The referenced deposition testimony speaks for itself; to the extent a response is required, denied. The referenced letter speaks for itself; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied. The allegations set forth in footnote 18 are denied. As to any remaining allegations, denied.

49.     Without knowledge or information sufficient to form a belief, therefore denied.

50.     Without knowledge or information sufficient to form a belief, therefore denied.

51.     This paragraph consists of quotations of statements made by Phil Mushnick, which speak for themselves. To the extent a response is required, admitted that Mushnick made those statements. As to any remaining allegations, denied.

52.     Without knowledge or information sufficient to form a belief, therefore denied.

53.     Without knowledge or information sufficient to form a belief, therefore denied.

54.     This paragraph consists of characterizations of and quotations from a deposition of Phil Mushnick, the transcript of which speaks for itself. To the extent a response is required, admitted that Mushnick made the quoted statements. As to any remaining allegations, denied.

55.     This paragraph consists of characterizations of and quotations from a deposition of

Phil Mushnick, the transcript of which speaks for itself. To the extent a response is required, admitted that Mushnick made the quoted statements. As to any remaining allegations, denied.

56.     The referenced Netflix docuseries speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

57.     The referenced Netflix docuseries speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

58.     The referenced *Business Insider* article speaks for itself; to the extent a response is required, denied. As to any remaining allegations, without knowledge or information sufficient to form a belief, therefore denied.

59.     The referenced *Business Insider* article speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

60.     As to allegations about Vince McMahon's statements to Mel Phillips in 1992, without knowledge or information sufficient to form a belief, therefore denied. Denied that Ms. McMahon made any payments to Phillips. As to any remaining allegations, without knowledge or information sufficient to form a belief, therefore denied.

61.     The referenced *Business Insider* article speaks for itself; to the extent a response is required, denied. As to any remaining allegations, denied.

62.     The referenced YouTube video speaks for itself; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied. As to any remaining allegations, denied.

63.     Without knowledge or information sufficient to form a belief, therefore denied.

64.     Without knowledge or information sufficient to form a belief, therefore denied.

A. The referenced YouTube video speaks for itself. To the extent a response is

required, without knowledge or information sufficient to form a belief, therefore denied.

B.  The referenced YouTube video speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

C.  The referenced YouTube video speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

D.  The referenced YouTube video speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

E.  The referenced YouTube video speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

F.  The referenced YouTube video speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

G.  The referenced YouTube video speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

H.  The referenced YouTube video speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

I.   The referenced YouTube video speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

J.   The referenced YouTube video speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

K.   The referenced book speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

65.   The referenced Netflix docuseries speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

66.   The referenced book speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

67.   Without knowledge or information sufficient to form a belief, therefore denied.

68.   The referenced book speaks for itself. To the extent a response is required, the allegation that "[e]veryone knew what was going on" is denied. As to any remaining allegations, without knowledge or information sufficient to form a belief, therefore denied.

69.   The referenced *Phil Donahue Show* segment speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

70.   Without knowledge or information sufficient to form a belief, therefore denied.

71.   Without knowledge or information sufficient to form a belief, therefore denied.

72.   Without knowledge or information sufficient to form a belief, therefore denied.

73.   Without knowledge or information sufficient to form a belief, therefore denied.

74.    Without knowledge or information sufficient to form a belief, therefore denied.

75.    Without knowledge or information sufficient to form a belief, therefore denied.

76.    Without knowledge or information sufficient to form a belief, therefore denied.

77.    Without knowledge or information sufficient to form a belief, therefore denied.

78.    The referenced Netflix docuseries speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

79.    The excerpted statement attributed to Billy Graham speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

80.    Without knowledge or information sufficient to form a belief, therefore denied.

81.    Without knowledge or information sufficient to form a belief, therefore denied.

82.    The referenced Netflix docuseries speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

83.    Without knowledge or information sufficient to form a belief, therefore denied.

84.    The referenced segment from *Now It Can Be Told* speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

85.    Without knowledge or information sufficient to form a belief, therefore denied.

86.    The referenced NewsNation interview speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

87.    As to allegations that Mel Phillips was edited out of WWE archived video footage, without knowledge or information sufficient to form a belief, therefore denied. As to any remaining allegations, denied.

88.     Without knowledge or information sufficient to form a belief, therefore denied.

89.     As to allegations that Mel Phillips was edited out of WWE archived video footage, without knowledge or information sufficient to form a belief, therefore denied. As to any remaining allegations, denied.

90.     Denied.

91.     The referenced newsletter speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

92.     Without knowledge or information sufficient to form a belief, therefore denied.

93.     The referenced newsletter speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

94.     Admitted that in or about 1992 Tom Cole and Chris Loss went public with accusations of sexual abuse that occurred when they were minors. Otherwise, denied.

95.     The referenced book and legal complaint speak for themselves. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

96.     The referenced legal complaint speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied. As to any remaining allegations, without knowledge or information sufficient to form a belief, therefore denied.

97.     Without knowledge or information sufficient to form a belief, therefore denied.

98.     The referenced interview speaks for itself; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied. The referenced

draft legal complaint speaks for itself; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

99.     Admitted that in 1992, the San Diego Union-Tribune published an article that contained allegations of sexual abuse made by Chris Loss and Tom Cole. The article speaks for itself; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied. As to any remaining allegations, without knowledge or information sufficient to form a belief, therefore denied.

100.     Admitted.

101.     Admitted that Tom Cole met with Linda McMahon, Vince McMahon, and Jerry McDevitt; however, the characterization of the meeting is denied. Admitted that Tom Cole accepted a settlement that included back pay, though Ms. McMahon does not recollect the amount. As to the allegations that "Vince promised Cole that Patterson, Garvin, and Phillips would not be a part of WWE any longer" and that "Vince later begged Cole to allow Patterson to return," without knowledge or information sufficient to form a belief, therefore denied. As to allegations pertaining to private conversations between Vince McMahon and Tom Cole, without knowledge or information sufficient to form a belief, therefore denied. To the extent this paragraph contains other allegations, denied.

102.     Denied.

103.     Denied.

104.     Denied.

105.     Denied, except to admit that Ms. McMahon offered to assist Cole to complete his education and with future employment opportunities.

106.    Denied, except to state that Ms. McMahon has no recollection as to whether her name appeared on a payment memorandum for Cole's back pay. Footnote 53 appears to consist entirely of Plaintiffs' characterization of the referenced *Rolling Stone* article, which speaks for itself; to the extent a response is required, denied.

107.    Denied, except to admit that Ms. McMahon fired Tom Cole after approximately one year because Cole failed to meet the conditions of his employment; namely, the condition that Cole attend school and work toward obtaining a degree.

108.    Denied.

109.    The referenced interview transcript speaks for itself; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied. As to any remaining allegations, without knowledge or information sufficient to form a belief, therefore denied.

110.    Admitted on information and belief that in 1999, Scott Hopkins filed a lawsuit against Titan Sports, Inc. and Mel Phillips. Ms. McMahon has no recollection of this lawsuit, and she has no knowledge of the allegations contained therein. To the extent a response is required, Ms. McMahon lacks knowledge or information sufficient to form a belief as to the truth of Scott Hopkins's allegations, and they are therefore denied.

111.    Without knowledge or information sufficient to form a belief, therefore denied.

112.    Admitted on information and belief that Scott Hopkins's lawsuit ended in a stipulated dismissal. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

113.    The referenced YouTube video speaks for itself; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied. As to any remaining allegations, without knowledge or information sufficient to form a belief, therefore denied.

114.    The referenced YouTube video speaks for itself; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied. As to any remaining allegations, without knowledge or information sufficient to form a belief, therefore denied.

115.    Without knowledge or information sufficient to form a belief, therefore denied.

116.    The referenced Annual Report speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

117.    The referenced Annual Reports speak for themselves. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

118.    This paragraph appears to consist of characterizations of portions of the 2023 TKO Annual Report, which is referenced in paragraph 117 and which speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

119.    This paragraph appears to consist of characterizations of portions of the 2023 TKO Annual Report, which is referenced in paragraph 117 and which speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

120.    This paragraph appears to consist of characterizations of portions of the 2023 TKO Annual Report, which is referenced in paragraph 117 and which speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

121.    This paragraph appears to consist of characterizations of a document to which the Amended Complaint hyperlinks in footnote 61. Although the provenance of the document is unclear, it speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

122.    To the extent this paragraph consists of characterizations of the document hyperlinked in footnote 61, the document speaks for itself; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied. To the extent this paragraph consists of characterizations of the referenced *People Magazine* and *New York Times* articles, those articles speak for themselves; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

123.    Admitted that this lawsuit is not the first time WWE or Vince McMahon has been accused of wrongdoing that relates in some way to sexual misconduct. As to any remaining allegations, without knowledge or information sufficient to form a belief, therefore denied.

124.    This paragraph appears to consist of characterizations of the referenced *Sun* article, which speaks for itself; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

125.    The referenced docuseries speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

126.    The referenced interview speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

127.    The referenced interview speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

128.    The referenced interview speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

129.    The referenced *Wall Street Journal* article speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

130.    The referenced *New York Magazine* article speaks for itself; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

131.    This paragraph appears to consist of characterizations of the referenced *New York Magazine* article, which speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

132.    This paragraph appears to consist of characterizations of the referenced *Complex* and *Yahoo! Entertainment* articles, which speak for themselves. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

133.    The referenced interview speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

134.    This paragraph appears to consist of characterizations of the referenced *New York Times* article, which speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

135.    This paragraph appears to consist of characterizations of the *New York Times* article referenced in paragraph 134, which speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

136.    This paragraph appears to consist of characterizations of the referenced *Bleacher Report* article, which speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

137.    This paragraph appears to consist of characterizations of the referenced *Deadline* article, which speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

138.    This paragraph appears to consist of characterizations of the referenced *Variety* article, which speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

139.    The referenced Annual Report speaks for itself; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied. As to any remaining allegations, without knowledge or information sufficient to form a belief, therefore denied.

140.    The referenced Annual Reports speaks for themselves; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Without knowledge or information sufficient to form a belief, therefore denied.

145.    The referenced transcript speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

146.    This paragraph appears to consist of characterizations of the referenced *CNBC* article, which speaks for itself; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied. As to any remaining allegations, without knowledge or information sufficient to form a belief, therefore denied.

147.    Denied, except to admit that from time to time Ms. McMahon was involved in requesting WWE talent to appear at various ancillary events, such as charity events.

148.    The referenced *Rolling Stone* article speaks for itself; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

149.    The referenced *Ringer* article speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

150.    The referenced *New York Magazine* article speaks for itself; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

151.    The referenced *New York Magazine* article speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

152.    The referenced *Forbes* article speaks for itself; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

153.    The referenced *Sportster* article speaks for itself; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

154.    The referenced *Ringer* article speaks for itself; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

155.    The referenced *Phil Donahue Show* segment speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

156.    The referenced *CNN* article speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

157.    This paragraph consists of quotations from and characterizations of portions of the referenced Netflix docuseries, which speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

158.    Denied.

159.    Denied.

160.    This paragraph appears to consist of characterizations of the referenced Securities and Exchange Commission press release, which speaks for itself; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied. As to any remaining allegations, without knowledge or information sufficient to form a belief, therefore denied.

161.    Admitted that Ms. McMahon was Vince McMahon's wife. Admitted that Ms. McMahon formerly held a corporate role at WWE and participated in certain aspects of the business. Otherwise, denied.

162.    The referenced interview speaks for itself. To the extent a response is required, denied. Denied that Bruce Prichard's characterization of Ms. McMahon's role at WWE was accurate.

163.    The referenced interview speaks for itself, and no response is required.

164.    This paragraph appears to consist of characterizations of the referenced *Politico* article, which speaks for itself; to the extent a response is required, denied. Otherwise, denied.

165.    Denied.

166.    This paragraph appears to consist of characterizations of the referenced *The Hill* article, which speaks for itself. To the extent a response is required, denied.

167.    Denied.

168.    Without knowledge or information sufficient to form a belief, therefore denied.

169.    Without knowledge or information sufficient to form a belief, therefore denied.

170.    Without knowledge or information sufficient to form a belief, therefore denied.

171.    Without knowledge or information sufficient to form a belief, therefore denied.

172.    Without knowledge or information sufficient to form a belief, therefore denied.

173.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

174.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

175.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

176.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

177.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

178.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

179.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

180.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

181.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

182.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

183.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

184.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

185.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

186.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

187.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

188.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

189.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

190.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

191.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

192.    Without knowledge or information sufficient to form a belief, therefore denied.

193.    Without knowledge or information sufficient to form a belief, therefore denied.

194.    Without knowledge or information sufficient to form a belief, therefore denied.

195.    Without knowledge or information sufficient to form a belief, therefore denied.

196.    Without knowledge or information sufficient to form a belief, therefore denied.

197.    Without knowledge or information sufficient to form a belief, therefore denied.

198.    Without knowledge or information sufficient to form a belief, therefore denied.

199.    Without knowledge or information sufficient to form a belief, therefore denied.

200.    Without knowledge or information sufficient to form a belief, therefore denied.

201.    Without knowledge or information sufficient to form a belief, therefore denied.

202.    Without knowledge or information sufficient to form a belief, therefore denied.

203.    Without knowledge or information sufficient to form a belief, therefore denied.

204.    Without knowledge or information sufficient to form a belief, therefore denied.

205.    Without knowledge or information sufficient to form a belief, therefore denied.

206.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

207.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

208.     This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

209.     This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

210.     This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

211.     This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

212.     This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

213.     This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

214.     This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

215.     This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

216.     This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

217.     This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

218.     This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

219.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

220.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

221.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

222.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

223.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

224.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

225.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

226.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

227.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

228.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

229.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

230.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

231.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

232.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

233.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

234.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

235.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

236.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

237.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

238.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

239.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

240.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

241.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

242.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

243.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

244.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

245.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

246.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

247.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

248.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

249.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

250.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

251.    Without knowledge or information sufficient to form a belief, therefore denied.

252.    Without knowledge or information sufficient to form a belief, therefore denied.

253.    Without knowledge or information sufficient to form a belief, therefore denied.

254.    Without knowledge or information sufficient to form a belief, therefore denied.

255.    Without knowledge or information sufficient to form a belief, therefore denied.

256.    Without knowledge or information sufficient to form a belief, therefore denied.

257.    Denied as to the allegation that Shane McMahon's arm was injured in the manner described. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

258.    Without knowledge or information sufficient to form a belief, therefore denied.

259.    Without knowledge or information sufficient to form a belief, therefore denied.

260.    Without knowledge or information sufficient to form a belief, therefore denied.

261.    Without knowledge or information sufficient to form a belief, therefore denied.

262.    Without knowledge or information sufficient to form a belief, therefore denied.

263.    Without knowledge or information sufficient to form a belief, therefore denied.

264.    Denied as to the allegations that Ms. McMahon entered the dressing room and "looked right at John Doe 6." Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

265.    Without knowledge or information sufficient to form a belief, therefore denied.

266.    Without knowledge or information sufficient to form a belief, therefore denied.

267.    Without knowledge or information sufficient to form a belief, therefore denied.

268.    Without knowledge or information sufficient to form a belief, therefore denied.

269.    Without knowledge or information sufficient to form a belief, therefore denied.

270.    Without knowledge or information sufficient to form a belief, therefore denied.

271.    Without knowledge or information sufficient to form a belief, therefore denied.

272.    Without knowledge or information sufficient to form a belief, therefore denied.

273.    Without knowledge or information sufficient to form a belief, therefore denied.

274.    This allegation relates to a claim that has been dismissed. Thus, no answer is required.

275.    This allegation relates to a claim that has been dismissed. Thus, no answer is required.

276.    This allegation relates to a claim that has been dismissed. Thus, no answer is required.

277.    This allegation relates to a claim that has been dismissed. Thus, no answer is required.

278.    This allegation relates to a claim that has been dismissed. Thus, no answer is required.

279.    This allegation relates to a claim that has been dismissed. Thus, no answer is required.

280.    This allegation relates to a claim that has been dismissed. Thus, no answer is required.

281.    This allegation relates to a claim that has been dismissed. Thus, no answer is required.

282.    This allegation relates to a claim that has been dismissed. Thus, no answer is required.

283.    This allegation relates to a claim that has been dismissed. Thus, no answer is required.

284.    This allegation relates to a claim that has been dismissed. Thus, no answer is required.

285.    This allegation relates to a claim that has been dismissed. Thus, no answer is required.

286.    This allegation relates to a claim that has been dismissed. Thus, no answer is required.

287.    This allegation relates to a claim that has been dismissed. Thus, no answer is required.

288.    This allegation relates to a claim that has been dismissed. Thus, no answer is required.

289.    This allegation relates to a claim that has been dismissed. Thus, no answer is required.

290.    This allegation relates to a claim that has been dismissed. Thus, no answer is required.

291.    This allegation relates to a claim that has been dismissed. Thus, no answer is required.

292.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

293.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

294.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

295.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

296.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

297.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

298.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

299.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

300.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

301.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

302.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

303.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

304.    Without knowledge or information sufficient to form a belief, therefore denied.

305.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

306.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

307.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

308.    Without knowledge or information sufficient to form a belief, therefore denied.

309.    This allegation relates to a claim that has been dismissed. Thus, no answer is required.

310.    This allegation relates to a claim that has been dismissed against Ms. McMahon. Thus, no answer is required.

311.    Without knowledge or information sufficient to form a belief, therefore denied.

312.    Denied.

313.    This allegation states a legal conclusion to which no response is required. To the extent a response is required, denied.

314.    Denied.

315.    This allegation states a legal conclusion to which no response is required. To the extent a response is required, denied.

316.    This allegation states a legal conclusion to which no response is required. To the extent a response is required, denied.

317.    Admitted that Vincent McMahon is a Connecticut citizen. Admitted that Mr. McMahon co-founded Titan Sports, Inc. in 1980, a predecessor entity to what would later become WWE. Admitted that Mr. McMahon served on the board of directors for that entity from 1980 until approximately September 2023. Admitted that Mr. McMahon was the Executive Chairman of the Board for Defendant TKO Group Holdings, Inc. until January 2024. To the extent this paragraph purports to characterize and summarize an article from *Variety*, the article speaks for itself, and no response is required. As to any remaining allegations, without knowledge or information sufficient to form a belief, therefore denied.

318.    Admitted that Ms. McMahon is a Connecticut citizen. Admitted that Ms. McMahon is married to (but separated from) Vincent McMahon. Admitted that Ms. McMahon co-founded Titan Sports, Inc. in 1980, a predecessor entity to what would later become WWE.  Admitted that Ms. McMahon at certain times held the roles of corporate officer, President, and CEO. Admitted that Ms. McMahon was at one point the "co-chief executive" of WWE, along with an individual named Neville Meyer. The referenced Public Financial Disclosure Report speaks for itself; to the extent a response is required, admitted that Ms. McMahon holds TKO stock assets and receives dividends. Denied that Ms. McMahon engaged in conduct in Maryland which forms the basis of this complaint.

319.    Admitted on information and belief that WWE is presently headquartered at 707 Washington Blvd., Stamford, CT 06901. Admitted on information and belief that WWE is a limited liability company formed under the laws of Delaware, and that TKO is incorporated in Delaware. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

320.    The referenced website speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

321.    Admitted on information and belief that Capital Wrestling Corporation Ltd. ("CWC") was founded in 1953 by Vincent J. McMahon, father to Vincent McMahon. Admitted that Vincent and Linda McMahon co-founded Titan Sports, Inc. in 1980, and that Titan Sports, Inc. was incorporated in Delaware in 1987. Admitted that Vincent and Linda McMahon purchased CWC in 1982. Admitted that Titan Sports, Inc. was merged with CWC in 1988. Admitted that Titan Sports, Inc. was renamed World Wrestling Federation Entertainment, Inc. in 1999, which was renamed World Wrestling Entertainment, Inc. in 2002. Admitted that WWE was involved in

a trademark dispute in 2002 with the World Wildlife Fund. As to any remaining allegations, without knowledge or information sufficient to form a belief, therefore denied.

322.    Admitted on information and belief that on September 12, 2023, a series of transactions were completed involving Endeavor Group Holdings, World Wrestling Entertainment, Inc., and others, which facilitated a business combination of the Ultimate Fighting Championship ("UFC") and World Wrestling Entertainment LLC (f/k/a World Wrestling Entertainment, Inc.) under TKO Operating Company, LLC. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

323.    The first three sentences of this paragraph state legal conclusions to which no responses are required. Admitted that WWE maintained its corporate headquarters at the same office building in Stamford, CT from 1991-2019. As to any remaining allegations, without knowledge or information sufficient to form a belief, therefore denied.

324.    Admitted on information and belief.

325.    Admitted on information and belief that TKO was incorporated as a Delaware corporation in March 2023, under the name New Whale, Inc., and facilitated the business combination between UFC and WWE under TKO Operating Company, LLC.

326.    The referenced website speaks for itself. To the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

327.    Admitted that this Court has subject-matter jurisdiction over this action. Otherwise, denied.[2]

328.    This allegation states a legal conclusion to which no response is required. To the extent a response is required, denied.

---

[2]    Ms. McMahon understands that this Court has already ruled that it may exercise personal jurisdiction over all Defendants, including Ms. McMahon. *See* ECF No. 66.

329.    Admitted that WWE held events in Maryland. Denied as to the allegation that Maryland "was one of the company's key locations from the earliest days of the McMahons' ownership of the WWE." Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

330.    Admitted that WWE held events in Maryland. As to the allegations pertaining to the referenced advertisements, denied as to Ms. McMahon; without knowledge or information sufficient to form a belief as to other Defendants, therefore denied. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

331.    Admitted on information and belief.

332.    Without knowledge or information sufficient to form a belief, therefore denied.

333.    Admitted on information and belief that WWE hosted a television program called "Tuesday Night Titans" from 1984-1986. Admitted on information and belief that "Tuesday Night Titans" was filmed in Owings Mills, Maryland. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

334.    Denied, except to admit that Ms. McMahon may have briefly held a "seconds" license in Maryland in 2004 for the purpose of complying with state athletic rules, and to state that she has no specific recollection of "securing contracts or other agreements with venues, promoters, and/or distributors in Maryland for WWE events" but avers that from time to time she may have signed such agreements as an officer of WWE.

335.    Denied, except to admit that Ms. McMahon may have received information about the scheduling of WWE events and from time to time was involved in requesting WWE talent to appear at various ancillary events, such as charity events.

336.    Admitted that WWE has promoted, advertised for, and held events in Maryland. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

337.    Admitted that the Supreme Court of Maryland upheld the constitutionality of Maryland's Child Victims Act of 2023. This paragraph otherwise consists of a legal conclusion to which no response is required; to the extent a response is required, without knowledge or information sufficient to form a belief, therefore denied.

### FIRST CAUSE OF ACTION – NEGLIGENCE

**AGAINST ALL DEFENDANTS**

338.    Ms. McMahon incorporates her responses to paragraphs 1–337 above.

339.    Admitted.

340.    Denied.

341.    This paragraph consists of a legal conclusion to which no response is required. To the extent a response to these allegations is required, without knowledge or information sufficient to form a belief, therefore denied.

342.    This paragraph consists of a legal conclusion to which no response is required. To the extent a response to these allegations is required, without knowledge or information sufficient to form a belief, therefore denied.

343.    Denied.

344.    Denied.

345.    Denied.

346.    Denied.

347.    Denied.

348.    Without knowledge or information sufficient to form a belief, therefore denied.

349.    The allegations concerning the existence of an in *loco parentis* relationship contain a legal conclusion to which no response is required; to the extent a response to these allegations is required, denied. Otherwise, denied.

350.    The allegations concerning the existence of a special relationship contain a legal conclusion to which no response is required; to the extent a response to these allegations is required, denied. Otherwise, denied.

351.    The allegations concerning employment-related duties contain a legal conclusion to which no response is required; to the extent a response to these allegations is required, denied.

352.    The allegations concerning employment-related duties contain a legal conclusion to which no response is required; to the extent a response to these allegations is required, denied.

353.    Denied.

354.    Denied.

355.    The allegations concerning statutory duties contain a legal conclusion to which no response is required; to the extent a response to these allegations is required, denied. Otherwise, denied.

356.    This allegation states a legal conclusion to which no response is required. To the extent a response is required, denied.

357.    This allegation states a legal conclusion to which no response is required. To the extent a response is required, denied.

358.    This allegation states legal conclusions to which no responses are required. To the extent a response is required, denied.

359.    Denied.

360.    Denied.

361.    Denied, except to admit that in or around 1992, Ms. McMahon became aware that teenage boys sometimes assisted with ring setup.

362.    Denied that Ms. McMahon directly or indirectly provided Phillips with funds or tickets to compensate Ring Boys. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

363.    Denied on information and belief.

364.    Denied.

365.    Denied.

366.    Denied.

367.    Denied.

368.    Denied.

369.    Denied.

370.    Denied.

371.    Denied.

372.    Denied.

373.    Denied.

374.    Without knowledge or information sufficient to form a belief, therefore denied.

375.    Without knowledge or information sufficient to form a belief, therefore denied.

376.    Denied.

**SECOND CAUSE OF ACTION – NEGLIGENT HIRING, TRAINING, AND RETENTION**

**AGAINST ALL DEFENDANTS**

377.    Ms. McMahon incorporates her responses to paragraphs 1–376 above.

378.    Denied as to the allegation that Ms. McMahon personally employed Phillips, Garvin, or Patterson. Otherwise, without knowledge or information sufficient to form a belief, therefore denied.

379.    Without knowledge or information sufficient to form a belief, therefore denied.

380.    The allegations concerning employment-related duties contain legal conclusions to which no responses are required; to the extent responses to these allegations are required, denied. Otherwise, denied.

381.    The allegations concerning employment-related duties contain legal conclusions to which no responses are required; to the extent responses to these allegations are required, denied. Otherwise, denied.

382.    Denied.

383.    Denied.

384.    Denied.

385.    Denied.

386.    Denied.

387.    Denied.

388.    Denied.

389.    Denied.

390.    Denied.

391.    Denied.

392.    Without knowledge or information sufficient to form a belief, therefore denied.

393.    Denied. Ms. McMahon further denies that Plaintiffs John Doe 2 and 6 are entitled to any of the relief they seek in the *ad damnum* clause of this Amended Complaint.

## AFFIRMATIVE DEFENSES

Defendant Linda E. McMahon asserts the following affirmative defenses to the Plaintiffs' Amended Complaint and each claim asserted therein. By listing these defenses, Ms. McMahon does not concede that she bears the burden of proof with respect to any of the enumerated defenses. Ms. McMahon reserves the right to amend this Answer to allege any additional defense available under law or equity that may now exist or exist in the future based on discovery or a change in the law.

### First Affirmative Defense

The Amended Complaint, and each and every count thereof, fails to state a claim upon which relief can be granted against Ms. McMahon.

### Second Affirmative Defense

Plaintiffs' claims are barred because the Court lacks personal jurisdiction over Ms. McMahon.[3]

### Third Affirmative Defense

Plaintiffs' claims are barred by the doctrine of laches because Plaintiffs unreasonably and inexcusably delayed in bringing the causes of action asserted herein, and the delay prejudiced Ms. McMahon.

### Fourth Affirmative Defense

Plaintiffs' claims are barred by estoppel.

### Fifth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the statutes of limitations.

---

[3] Ms. McMahon understands that this Court has already ruled that it may exercise personal jurisdiction over Ms. McMahon and asserts this defense for preservation purposes. *See supra* n.2.

**Sixth Affirmative Defense**

Plaintiffs' claims for damages are limited by all applicable statutory caps and limitations on damages, including but not limited to Md. Code Ann., Cts. & Jud. Proc. § 5-117.

**Seventh Affirmative Defense**

Plaintiffs' claims are barred because Ms. McMahon owed no duty of care to Plaintiffs.

**Eighth Affirmative Defense**

Plaintiffs' claims for damages against Ms. McMahon arising out of Ms. McMahon's alleged tortious conduct are barred because no special relationship exists between Ms. McMahon and Plaintiffs, barring any affirmative legal duty owing from Ms. McMahon to Plaintiffs.

**Ninth Affirmative Defense**

Plaintiffs' claims for damages against Ms. McMahon arising out of Ms. McMahon's alleged tortious conduct are barred because Ms. McMahon lacked the requisite knowledge of the alleged perpetrators' sexual propensities.

**Tenth Affirmative Defense**

Plaintiffs' claims are barred because their alleged injuries were caused by a person or persons who were not acting under the control or supervision of Ms. McMahon.

**Eleventh Affirmative Defense**

Plaintiffs' punitive damage claims are barred because Ms. McMahon did not act with actual malice.

**Twelfth Affirmative Defense**

Plaintiffs' request for punitive damages is barred by the Fifth and Eighth Amendments of the U.S. Constitution and Article 5 and Article 25 of the Maryland Constitution.

**Thirteenth Affirmative Defense**

To the extent Plaintiffs' claims are based on negligence, any injuries or damages alleged in the Amended Complaint were caused by Plaintiffs' contributory negligence.

**Fourteenth Affirmative Defense**

Plaintiffs' claims for damages against Ms. McMahon based on a *respondeat superior* theory of liability are barred because sexual misconduct falls outside the course and scope of employment of the alleged perpetrators and cannot be imputed to Ms. McMahon.

**Fifteenth Affirmative Defense**

Plaintiffs' claims for damages against Ms. McMahon arising out of Ms. McMahon's alleged tortious conduct may be barred by the Due Process Clauses of the Constitutions of the United States and Maryland.

**Sixteenth Affirmative Defense**

The Amended Complaint, and each claim alleged therein, are barred because the acts or omissions alleged in the Amended Complaint were actually and/or proximately caused by the acts or omissions committed by third parties.

**Seventeenth Affirmative Defense**

The Amended Complaint, and each claim alleged therein, are barred because the acts and omissions and damages alleged in the Amended Complaint were proximately caused by the superseding, intervening actions and/or omissions of third parties.

## CONCLUSION AND PRAYER

WHEREFORE, Defendant Linda E. McMahon prays for entry of a judgment in her favor, dismissal of the Amended Complaint with prejudice, the award of fees and costs incurred in defending this action, and any other such relief as the Court may deem equitable and just.

Dated:  January 16, 2025                          Respectfully submitted,

                                    */s/ William J. Murphy*
                                    William J. Murphy (Bar No. 00497)
                                    Samantha Miller Kavanagh (Bar No. 21374)
                                    ZUCKERMAN SPAEDER LLP
                                    100 East Pratt Street, Suite 2440
                                    Baltimore, MD 21202
                                    Tel: (410) 332-0444
                                    Fax: (410) 659-0436
                                    wmurphy@zuckerman.com
                                    skavanagh@zuckerman.com

                                    Laura A. Brevetti *(*admitted *Pro Hac Vice*)
                                    LAW OFFICES LAURA A. BREVETTI
                                    575 Lexington Avenue, 14th Floor
                                    New York, NY 10022
                                    Tel: (917) 970-0250
                                    laura.brevetti@brevettilaw.com

                                    *Attorneys for Linda E. McMahon*

42