# UNITED STATES DISTRICT COURT

# DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN DOE 1, et al.<br><br>                    Plaintiffs,<br><br>          vs.<br><br>WORLD WRESTLING<br>ENTERTAINMENT, LLC, et al.<br><br>                    Defendants. | Case No. 1:24-cv-3487-JKB |

## <u>DEFENDANTS TKO AND WWE ANSWER TO COMPLAINT</u>

Defendants World Wrestling Entertainment, LLC ("WWE") and TKO Group Holdings, Inc. ("TKO") hereby answer the Complaint of Plaintiffs. While Defendants have conducted, and continue to conduct, a meticulous investigation, certain factual details remain challenging, if not impossible, to ascertain due to the temporal distance of the events in question. Nevertheless, Defendants deny all allegations contained in the Complaint unless explicitly admitted below. Defendants will address the specific numbered allegations in the Complaint as follows:

1.       Defendants deny the allegations set forth in paragraph 1 and footnote 1 of the Complaint, except admit that WWE was formerly known as World Wrestling Federation.

2.       Defendants deny the allegations set forth in paragraph 2 of the Complaint.

3.       Defendants deny the allegations set forth in the first sentence of paragraph 3 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in sentences two and three of paragraph 3 of the Complaint and therefore deny them.

4.      Defendants deny the allegations set forth in paragraph 4 of the Complaint.

5.      Defendants deny the allegations set forth in paragraph 5 of the Complaint.

6.      Defendants deny the allegations set forth in paragraph 6 of the Complaint, except admit that this action has been brought by persons alleging to be survivors of sexual abuse.

7.      Defendants deny the allegations set forth in paragraph 7 of the Complaint.  To the extent that the allegations in paragraph 7 of the Complaint purport to characterize the contents of a video recording and documents that speak for themselves, Defendants refer the Court to the complete and authentic version of such material for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

8.      Defendants deny the allegations set forth in paragraph 8 of the Complaint.  To the extent that the allegations in paragraph 8 of the Complaint purport to characterize the contents of a document that speaks for itself, Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

9.      Defendants deny the allegations set forth in paragraph 9 of the Complaint.

10.     Defendants deny the allegations set forth in paragraph 10 of the Complaint.

11.     Defendants deny the allegations set forth in paragraph 11 of the Complaint.  To the extent the allegations in paragraph 11 of the Complaint purport to characterize the contents of a document that speaks for itself, Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

12.     Defendants deny the allegations set forth in paragraph 12 of the Complaint.  To the extent the allegations in paragraph 12 of the Complaint purport to characterize the contents of a

document that speaks for itself, Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

13.     Defendants deny the allegations set forth in paragraph 13 of the Complaint.

14.     Defendants deny the allegations set forth in paragraph 14 of the Complaint.

15.     The allegations in paragraph 15 of the Complaint purport to characterize the contents of documents that speak for themselves.  Defendants refer the Court to the complete and authentic version of such documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

16.     Defendants deny the allegations set forth in paragraph 16 of the Complaint, except admit that Vincent McMahon and Titan Sports, Inc. sued Phil Mushnick and the New York Post Co., Inc. for defamation.  To the extent that the allegations purport to characterize Mushnick's testimony, which speaks for itself, Defendants refer the Court to the complete and authentic transcript of such testimony for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

17.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 17 of the Complaint and therefore deny them.

18.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 18 of the Complaint and therefore deny them.

19.     The allegations in paragraph 19 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

20.     Defendants deny the allegations set forth in paragraph 20 of the Complaint, except that Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations set forth in footnote 6 of the Complaint and therefore deny them.

21.     Defendants deny the allegations set forth in paragraph 21 of the Complaint.  To the extent the allegations in the second sentence of paragraph 21 of the Complaint purport to characterize the contents of a document that speaks for itself, Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

22.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 22 of the Complaint and therefore deny them, except, to the extent the paragraph pertains to Tom Cole, admit that WWE reached a financial settlement with Tom Cole in the early 1990s.

23.     Defendants deny the allegations set forth in paragraph 23 of the Complaint.

24.     Defendants deny the allegations set forth in paragraph 24 of the Complaint. Defendants admit the allegation in the first sentence of footnote 8 of the Complaint that Mel Phillips is deceased.  The allegations in the second sentence of footnote 8 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

25.     Defendants deny the allegations set forth in paragraph 25 of the Complaint.

## STATEMENT OF FACTS

26.     Defendants deny the allegations set forth in paragraph 26 of the Complaint.

27.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 27 of the Complaint and therefore deny them.

28.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 28 of the Complaint and therefore deny them.

29.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 29 of the Complaint and therefore deny them, except admit that the federal government investigated WWE in or around 1992.

30.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 30 of the Complaint and therefore deny them.  The allegations in paragraph 30 of the Complaint further purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

31.     Defendants deny the allegations set forth in paragraph 31 of the Complaint.

32.     Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33.     Defendants deny the allegations set forth in paragraph 33 of the Complaint.

34.     Defendants admit that TKO Group Holdings, Inc. ("TKO") owns WWE, but otherwise deny the allegations set forth in paragraph 34 of the Complaint.  To the extent that the allegations in paragraph 34 of the Complaint purport to characterize the contents of documents that speak for themselves, Defendants refer the Court to the complete and authentic version of such documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

35.     Defendants deny the allegations set forth in paragraph 35 of the Complaint, except admit that Tom Cole and Chris Loss made public allegations against Mel Phillips, Pat Patterson,

and/or Terry Garvin, and that some members of the media referred to these allegations as the "Ring Boy Scandal."

36.     The allegations in paragraph 36 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

37.     The allegations in paragraph 37 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

38.     The allegations in paragraph 38 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

39.     The allegations in paragraph 39 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.  Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in footnote 12 of the Complaint and therefore deny them.

40.     The allegations in paragraph 40 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

41.     Defendants deny the allegations set forth in paragraph 41 of the Complaint.  To the extent that the allegations in paragraph 41 of the Complaint purport to characterize the contents of a video recording that speaks for itself, Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

42.     Defendants deny the allegations set forth in paragraph 42 of the Complaint.  To the extent that the allegations in the first sentence of paragraph 42 of the Complaint purport to characterize the contents of a video recording that speaks for itself, Defendants refer the Court to the complete and authentic version of such material for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

43.     Defendants deny the allegations set forth in paragraph 43 of the Complaint.  To the extent that the allegations in paragraph 43 of the Complaint purport to characterize the contents of a document that speaks for itself, Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

44.     Defendants deny the allegations set forth in paragraph 44 of the Complaint.  To the extent that the allegations in paragraph 44 of the Complaint purport to characterize the contents of a document that speaks for itself, Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

45.     The allegations in paragraph 45 of the Complaint purport to characterize the contents of documents that speak for themselves.  Defendants refer the Court to the complete and

authentic version of such documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

46.     The allegations in paragraph 46 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

47.     Defendants deny the allegations set forth in paragraph 47 and footnote 17 of the Complaint.  To the extent that the allegations in paragraph 47 of the Complaint purport to characterize the contents of a video recording that speaks for itself, Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

48.     Defendants deny the allegations set forth in paragraph 48 and footnote 18 of the Complaint, except admit that Vincent McMahon and Titan Sports, Inc. sued Phil Mushnick and the New York Post Co., Inc. for defamation.  To the extent that the allegations in paragraph 48 of the Complaint purport to characterize testimony or contents of documents which speak for themselves, Defendants refer the Court to the complete and authentic transcription of such testimony or documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

49.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 49 of the Complaint and therefore deny them.  The allegations in paragraph 49 of the Complaint further purport to characterize the contents of documents that speak for themselves.  Defendants refer the Court to the complete and authentic version of such

documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

50.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 50 of the Complaint and therefore deny them.  To the extent that the allegations in the paragraph 50 of the Complaint purport to characterize the contents of documents that speak for themselves, Defendants refer the Court to the complete and authentic version of such documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

51.     The allegations in paragraph 51 of the Complaint purport to characterize Mushnick's testimony, which speaks for itself.  Defendants refer the Court to the complete and authentic transcription of such testimony for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

52.     The allegations in paragraph 52 of the Complaint purport to characterize Mushnick's testimony, which speaks for itself.  Defendants refer the Court to the complete and authentic transcription of such testimony for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

53.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 53 of the Complaint and therefore deny them.

54.     The allegations in paragraph 54 of the Complaint purport to characterize Mushnick's testimony, which speaks for itself.  Defendants refer the Court to the complete and authentic transcription of such testimony for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

55.    The allegations in paragraph 55 of the Complaint purport to characterize Mushnick's testimony, which speaks for itself.  Defendants refer the Court to the complete and authentic transcription of such testimony for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

56.    The allegations in paragraph 56 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

57.    The allegations in paragraph 57 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

58.    The allegations in paragraph 58 of the Complaint purport to characterize the contents of a document that speaks for itself. Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

59.    The allegations in paragraph 59 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

60.    Defendants deny the allegations set forth in paragraph 60 of the Complaint.

61.    Defendants deny the allegations set forth in paragraph 61 of the Complaint.  To the extent that the allegations in paragraph 61 of the Complaint further purport to characterize the

contents of a document that speaks for itself, Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

62.    Defendants deny the allegations set forth in paragraph 62 of the Complaint.  To the extent that the allegations in paragraph 62 of the Complaint purport to characterize the contents of a video recording that speaks for itself, Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

63.    Defendants deny the allegations set forth in paragraph 63 of the Complaint.

64.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 64 of the Complaint and therefore deny them.  To the extent the allegations in paragraph 64 of the Complaint purport to characterize the contents of video recordings that speak for themselves, Defendants refer the Court to the complete and authentic version of such video recordings for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

65.    The allegations in paragraph 65 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

66.    The allegations in paragraph 66 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

67.     Defendants deny the allegations set forth in paragraph 67 of the Complaint.

68.     The allegations in paragraph 68 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

69.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 69 of the Complaint and therefore deny them.  To the extent that the allegations in paragraph 69 of the Complaint purport to characterize the contents of a video recording that speaks for itself, Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

70.     The allegations in paragraph 70 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

71.     The allegations in paragraph 71 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

72.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 72 of the Complaint and therefore deny them.

73.     The allegations in paragraph 73 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and

authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

74.    The allegations in paragraph 74 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

75.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 75 of the Complaint and therefore deny them.  To the extent that the allegations in paragraph 75 of the Complaint purport to characterize the contents of a document, a video recording and an audio recording that speak for themselves.  Defendants refer the Court to the complete and authentic version of such document, video recording and audio recording for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

76.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 76 of the Complaint and therefore deny them.

77.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 77 of the Complaint and therefore deny them.

78.    The allegations in paragraph 78 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

79.    The allegations in paragraph 79 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and

authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

80.    The allegations in paragraph 80 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

81.    The allegations in paragraph 81 of the Complaint purport to characterize the contents of a video recording and an audio recording that speak for themselves.  Defendants refer the Court to the complete and authentic version of such video and audio recordings for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

82.    The allegations in paragraph 82 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

83.    The allegations in paragraph 83 of the Complaint purport to characterize the contents of a video recording and an audio recording that speak for themselves.  Defendants refer the Court to the complete and authentic version of such video recording and audio recordings for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

84.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 84 of the Complaint and therefore deny them.  The allegations in paragraph 84 of the Complaint further purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such

video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

85.    The allegations in paragraph 85 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

86.    The allegations in paragraph 86 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

87.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in the first and second sentences of paragraph 87 of the Complaint and therefore deny them.  Defendants deny the allegations set forth in the third and fourth sentences of paragraph 87 of the Complaint.  To the extent that paragraph 87 and footnote 44 of the Complaint purport to characterize the contents of video recordings that speak for themselves, Defendants refer the Court to the complete and authentic version of such video recordings for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

88.    The allegations in paragraph 88 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

89.    Defendants deny the allegations set forth in paragraph 89 of the Complaint.

90.     The allegations in paragraph 90 of the Complaint assert legal conclusions as to which no response is required.   To the extent a response is required, Defendants deny the allegations.

91.     The allegations in paragraph 91 and footnote 47 of the Complaint purport to characterize the contents of documents that speaks for themselves.  Defendants refer the Court to the complete and authentic version of such documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

92.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 92 of the Complaint and therefore deny them.  To the extent that the allegations in paragraph 92 of the Complaint purport to characterize the contents of a video recording that speaks for itself, Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

93.     The allegations in paragraph 93 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

94.     Defendants deny the allegations set forth in paragraph 94 of the Complaint, except admit that Tom Cole and Chris Loss publicly claimed to have been sexually abused.

95.     The allegations in paragraph 95 of the Complaint purport to characterize the contents of documents that speak for themselves.  Defendants refer the Court to the complete and authentic version of such documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

96.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 96 of the Complaint and therefore deny them.  To the extent that the allegations in paragraph 96 of the Complaint purport to characterize the contents of a document that speaks for itself, Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

97.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 97 of the Complaint and therefore deny them.

98.     The allegations in paragraph 98 of the Complaint purport to characterize the contents of a video recording and a document that speak for themselves.  Defendants refer the Court to the complete and authentic version of such video recording and document for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

99.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 99 of the Complaint and therefore deny them.  The allegations in the second sentence of paragraph 99 of the Complaint further purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

100.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 100 of the Complaint and therefore deny them, except admit the individuals met to discuss settlement in or around March 1992.

101.    Defendants deny the allegations set forth in paragraph 101 of the Complaint, except admit the individuals met in person and a settlement was reached including back pay.

102.     Defendants deny the allegations set forth in paragraph 102 of the Complaint.

103.     Defendants deny the allegations set forth in paragraph 103 of the Complaint.

104.     Defendants deny the allegations set forth in paragraph 104 of the Complaint.

105.     Defendants deny the allegations set forth in paragraph 105 of the Complaint.

106.     Defendants deny the allegations set forth in paragraph 106 and footnote 53 of the Complaint.  The allegations in footnote 53 purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

107.     Defendants deny the allegations set forth in paragraph 107 of the Complaint.

108.     Defendants deny the allegations set forth in paragraph 108 of the Complaint.

109.     The allegations in paragraph 109 of the Complaint purport to characterize the contents of documents that speak for themselves.  Defendants refer the Court to the complete and authentic version of such documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

110.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 110 of the Complaint and therefore deny them.  To the extent that the allegations in paragraph 110 of the Complaint purport to characterize the contents of a document that speaks for itself, Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

111.     The allegations in paragraph 111 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and

authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

112.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 112 of the Complaint and therefore deny them.

113.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 113 of the Complaint and therefore deny them.  The allegations in paragraph 113 of the Complaint further purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

114.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 114 of the Complaint and therefore deny them.  The allegations in paragraph 114 of the Complaint further purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

115.    Defendants deny the allegations set forth in paragraph 115 of the Complaint.

116.    The allegations in paragraph 116 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

117.    The allegations in paragraph 117 of the Complaint purport to characterize the contents of documents that speak for themselves.  Defendants refer the Court to the complete and

authentic version of such documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

118.    The allegations in paragraph 118 of the Complaint purport to characterize the contents of documents that speak for themselves.  Defendants refer the Court to the complete and authentic version of such documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

119.    The allegations in paragraph 119 of the Complaint purport to characterize the contents of a documents that speak for themselves.  Defendants refer the Court to the complete and authentic version of such documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

120.    The allegations in paragraph 120 of the Complaint purport to characterize the contents of documents that speak for themselves.  Defendants refer the Court to the complete and authentic version of such documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

121.    The allegations in paragraph 121 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

122.    The allegations in paragraph 122 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

123.    Defendants deny the allegations set forth in paragraph 123 of the Complaint, except admit this lawsuit is not the first instance where WWE or Vince McMahon has been accused of wrongdoing that related in some way to sexual misconduct.

124.    The allegations in paragraph 124 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full and accurate rendition of its contents and deny such allegations to the extent inconsistent therewith.

125.    The allegations in paragraph 125 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

126.    The allegations in paragraph 126 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

127.    The allegations in paragraph 127 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

128.    The allegations in paragraph 128 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

129.    The allegations in paragraph 129 of the Complaint purport to characterize the contents of documents that speak for themselves.  Defendants refer the Court to the complete and authentic version of such documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

130.    The allegations in paragraph 130 of the Complaint purport to characterize the contents of documents that speak for themselves.  Defendants refer the Court to the complete and authentic version of such documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

131.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 131 of the Complaint and therefore deny them.  To the extent that the allegations in paragraph 131 of the Complaint purport to characterize the contents of a document that speaks for itself, Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

132.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 132 of the Complaint and therefore deny them.  To the extent that the allegations in paragraph 132 of the Complaint purport to characterize the contents of documents that speak for themselves, Defendants refer the Court to the complete and authentic version of such documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

133.    The allegations in paragraph 133 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and

authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

134.    Defendants admit that Janel Grant filed a lawsuit against Vince McMahon, John Laurinaitis, and WWE.  To the extent that allegations in paragraph 134 of the Complaint purport to characterize the contents of a document that speaks for itself, Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

135.    The allegations in paragraph 135 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

136.    The allegations in paragraph 136 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

137.    The allegations in paragraph 137 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

138.    The allegations in paragraph 138 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

139.    The allegations in paragraph 139 and footnote 76 of the Complaint purport to characterize the contents of documents that speak for themselves.  Defendants refer the Court to the complete and authentic version of such documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

140.    The allegations in paragraph 140 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

141.    Defendants deny the allegations set forth in paragraph 141 of the Complaint.

142.    Defendants deny the allegations set forth in paragraph 142 of the Complaint.

143.    Defendants deny the allegations set forth in paragraph 143 of the Complaint.

144.    Defendants deny the allegations set forth in paragraph 144 of the Complaint.

145.    The allegations in paragraph 145 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

146.    The allegations in paragraph 146 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

147.    Defendants deny the allegations set forth in paragraph 147 of the Complaint, except admit that Vince McMahon, along with others, was sometimes involved in decision-making

regarding WWE events, and Linda McMahon was sometimes involved in requesting WWE talent appear at ancillary events.

148.     The allegations in paragraph 148 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

149.     The allegations in paragraph 149 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

150.     The allegations in paragraph 150 and footnote 82 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

151.     The allegations in paragraph 151 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

152.     The allegations in paragraph 152 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

153.    The allegations in paragraph 153 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

154.    The allegations in paragraph 154 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

155.    The allegations in paragraph 155 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

156.    The allegations in paragraph 156 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

157.    The allegations in paragraph 157 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

158.    Defendants deny the allegations set forth in paragraph 158 of the Complaint.

159.    Defendants deny the allegations set forth in paragraph 159 of the Complaint.

160.    The allegations in paragraph 160 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

161.    Defendants deny the allegations set forth in paragraph 161 of the Complaint, except admit that Linda McMahon is married to Vince McMahon and that Linda McMahon formerly held a corporate role at WWE and participated in certain aspects of the business.

162.    The allegations in paragraph 162 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

163.    The allegations in paragraph 163 of the Complaint purport to characterize the contents of a video recording that speaks for itself.  Defendants refer the Court to the complete and authentic version of such video recording for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

164.    Defendants deny the allegations in paragraph 164 of the Complaint.  To the extent that the allegations in paragraph 164 of the Complaint further purport to characterize the contents of a document that speaks for itself, Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

165.    Defendants deny the allegations set forth in paragraph 165 of the Complaint.

166.    The allegations in paragraph 166 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and

authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

167.    The allegations in paragraph 167 of the Complaint assert legal conclusions as to which no response is required.   To the extent a response is required, Defendants deny the allegations.

168.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 168 of the Complaint and therefore deny them.

169.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 169 of the Complaint and therefore deny them.

170.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 170 of the Complaint and therefore deny them.

171.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 171 of the Complaint and therefore deny them.

172.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 172 of the Complaint and therefore deny them.   The allegations in paragraph 172 of the Complaint further purport to characterize the contents of documents that speak for themselves.   Defendants refer the Court to the complete and authentic version of such documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

## PHILLIPS, GARVIN, AND PATTERSON SEXUALLY HARASSED AND ABUSED THE PLAINTIFFS AND CAUSED LASTING INJURIES

173.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 173 of the Complaint and therefore deny them.

174.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 174 of the Complaint and therefore deny them.

175.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 175 of the Complaint and therefore deny them.

176.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 176 of the Complaint and therefore deny them.

177.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 177 of the Complaint and therefore deny them.

178.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 178 of the Complaint and therefore deny them.

179.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 179 of the Complaint and therefore deny them.

180.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 180 of the Complaint and therefore deny them.

181.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 181 of the Complaint and therefore deny them.

182.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 182 of the Complaint and therefore deny them.

183.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 183 of the Complaint and therefore deny them.

184.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 184 of the Complaint and therefore deny them.

185.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 185 of the Complaint and therefore deny them.

186.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 186 of the Complaint and therefore deny them.

187.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 187 of the Complaint and therefore deny them.

188.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 188 of the Complaint and therefore deny them.

189.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 189 of the Complaint and therefore deny them.

190.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 190 of the Complaint and therefore deny them.

191.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 191 of the Complaint and therefore deny them.

192.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 192 of the Complaint and therefore deny them.

193.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 193 of the Complaint and therefore deny them.

194.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 194 of the Complaint and therefore deny them.  The allegations in paragraph 194 of the Complaint further purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such

document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

195.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 195 of the Complaint and therefore deny them.

196.    Defendants deny the allegations set forth in the third sentence of paragraph 196 of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the other allegations set forth in paragraph 196 of the Complaint and therefore deny them.

197.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 197 of the Complaint and therefore deny them.

198.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 198 of the Complaint and therefore deny them.

199.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 199 of the Complaint and therefore deny them.

200.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 200 of the Complaint and therefore deny them.

201.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 201 of the Complaint and therefore deny them.

202.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 202 of the Complaint and therefore deny them.

203.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 203 of the Complaint and therefore deny them.

204.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 204 of the Complaint and therefore deny them.

205.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 205 of the Complaint and therefore deny them.

206.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 206 of the Complaint and therefore deny them.

207.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 207 of the Complaint and therefore deny them.

208.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 208 of the Complaint and therefore deny them.

209.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 209 of the Complaint and therefore deny them.  The allegations in paragraph 209 and footnote 101 of the Complaint further purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

210.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 210 of the Complaint and therefore deny them.

211.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 211 of the Complaint and therefore deny them.

212.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 212 of the Complaint and therefore deny them.

213.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 213 of the Complaint and therefore deny them.

214.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 214 of the Complaint and therefore deny them.

215.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 215 of the Complaint and therefore deny them.

216.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 216 of the Complaint and therefore deny them.

217.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 217 of the Complaint and therefore deny them.

218.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 218 of the Complaint and therefore deny them.

219.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 219 of the Complaint and therefore deny them.

220.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 220 of the Complaint and therefore deny them.

221.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 221 of the Complaint and therefore deny them.

222.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 222 of the Complaint and therefore deny them.

223.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 223 of the Complaint and therefore deny them.  The allegations in the third sentence of paragraph 223 of the Complaint further purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic

version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

224.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 224 of the Complaint and therefore deny them.

225.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 225 of the Complaint and therefore deny them.

226.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 226 of the Complaint and therefore deny them.

227.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 227 of the Complaint and therefore deny them.

228.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 228 of the Complaint and therefore deny them.

229.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 229 of the Complaint and therefore deny them.

230.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 230 of the Complaint and therefore deny them.

231.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 231 of the Complaint and therefore deny them.

232.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 232 of the Complaint and therefore deny them.

233.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 233 of the Complaint and therefore deny them.

234.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 234 of the Complaint and therefore deny them.

235.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 235 of the Complaint and therefore deny them.

236.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 236 of the Complaint and therefore deny them.

237.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 237 of the Complaint and therefore deny them.

238.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 238 of the Complaint and therefore deny them.

239.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 239 of the Complaint and therefore deny them.

240.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 240 of the Complaint and therefore deny them.  The allegations in paragraph 240 of the Complaint further purport to characterize the contents of documents that speak for themselves.  Defendants refer the Court to the complete and authentic version of such documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

241.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 241 of the Complaint and therefore deny them.

242.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 242 of the Complaint and therefore deny them.

243.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 243 of the Complaint and therefore deny them.

244.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 244 of the Complaint and therefore deny them.

245.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 245 of the Complaint and therefore deny them.

246.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 246 of the Complaint and therefore deny them.

247.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 247 of the Complaint and therefore deny them.  The allegations in paragraph 247 of the Complaint further purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

248.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 248 of the Complaint and therefore deny them.

249.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 249 of the Complaint and therefore deny them.

250.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 250 of the Complaint and therefore deny them.

251.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 251 of the Complaint and therefore deny them.

252.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 252 of the Complaint and therefore deny them.

253.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 253 of the Complaint and therefore deny them.

254.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 254 of the Complaint and therefore deny them.

255.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 255 of the Complaint and therefore deny them.

256.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 256 of the Complaint and therefore deny them.

257.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 257 and footnote 104 of the Complaint and therefore deny them.

258.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 258 of the Complaint and therefore deny them.  The allegations in the fourth sentence of paragraph 258 of the Complaint further purport to characterize the contents of documents that speak for themselves.  Defendants refer the Court to the complete and authentic version of such documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

259.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 259 of the Complaint and therefore deny them.

260.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 260 of the Complaint and therefore deny them.

261.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 261 of the Complaint and therefore deny them.

262.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 262 of the Complaint and therefore deny them.

263.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 263 of the Complaint and therefore deny them.

264.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 264 of the Complaint and therefore deny them.

265.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 265 of the Complaint and therefore deny them.

266.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 266 of the Complaint and therefore deny them.

267.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 267 of the Complaint and therefore deny them.

268.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 268 of the Complaint and therefore deny them.

269.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 269 of the Complaint and therefore deny them.  The allegations in paragraph 269 of the Complaint further purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

270.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 270 of the Complaint and therefore deny them.

271.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 271 of the Complaint and therefore deny them.

272.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 272 of the Complaint and therefore deny them.

273.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 273 of the Complaint and therefore deny them.

274.    No response is required to the allegations in paragraph 274 of the Complaint because Plaintiff John Doe 7's claims against Defendants were dismissed pursuant to ECF No. 67. Defendants nonetheless lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 274 and therefore deny them.

275.    No response is required to the allegations in paragraph 275 of the Complaint because Plaintiff John Doe 7's claims against Defendants were dismissed pursuant to ECF No. 67. Defendants nonetheless lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 275 and therefore deny them.

276.    No response is required to the allegations in paragraph 276 of the Complaint because Plaintiff John Doe 7's claims against Defendants were dismissed pursuant to ECF No. 67. Defendants nonetheless lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 276 and therefore deny them.

277.    No response is required to the allegations in paragraph 277 of the Complaint because Plaintiff John Doe 7's claims against Defendants were dismissed pursuant to ECF No. 67.

Defendants nonetheless lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 277 and therefore deny them.

278. No response is required to the allegations in paragraph 278 of the Complaint because Plaintiff John Doe 7's claims against Defendants were dismissed pursuant to ECF No. 67. Defendants nonetheless lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 278 and therefore deny them.

279. No response is required to the allegations in paragraph 279 of the Complaint because Plaintiff John Doe 7's claims against Defendants were dismissed pursuant to ECF No. 67. Defendants nonetheless lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 279 and therefore deny them.

280. No response is required to the allegations in paragraph 280 of the Complaint because Plaintiff John Doe 7's claims against Defendants were dismissed pursuant to ECF No. 67. Defendants nonetheless lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 280 and therefore deny them.

281. No response is required to the allegations in paragraph 281 of the Complaint because Plaintiff John Doe 7's claims against Defendants were dismissed pursuant to ECF No. 67. Defendants nonetheless lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 281 and therefore deny them.

282. No response is required to the allegations in paragraph 282 of the Complaint because Plaintiff John Doe 7's claims against Defendants were dismissed pursuant to ECF No. 67. Defendants nonetheless lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 282 and therefore deny them.

283.    No response is required to the allegations in paragraph 283 of the Complaint because Plaintiff John Doe 7's claims against Defendants were dismissed pursuant to ECF No. 67. Defendants nonetheless lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 283 and therefore deny them.

284.    No response is required to the allegations in paragraph 284 of the Complaint because Plaintiff John Doe 7's claims against Defendants were dismissed pursuant to ECF No. 67. Defendants nonetheless lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 284 and therefore deny them.

285.    No response is required to the allegations in paragraph 285 of the Complaint because Plaintiff John Doe 7's claims against Defendants were dismissed pursuant to ECF No. 67. Defendants nonetheless lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 285 and therefore deny them.

286.    No response is required to the allegations in paragraph 286 of the Complaint because Plaintiff John Doe 7's claims against Defendants were dismissed pursuant to ECF No. 67. Defendants nonetheless lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 286 and therefore deny them.

287.    No response is required to the allegations in paragraph 287 of the Complaint because Plaintiff John Doe 7's claims against Defendants were dismissed pursuant to ECF No. 67. Defendants nonetheless lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 287 and therefore deny them.

288.    No response is required to the allegations in paragraph 288 of the Complaint because Plaintiff John Doe 7's claims against Defendants were dismissed pursuant to ECF No. 67.

Defendants nonetheless lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 288 and therefore deny them.

289.    No response is required to the allegations in paragraph 289 of the Complaint because Plaintiff John Doe 7's claims against Defendants were dismissed pursuant to ECF No. 67. Defendants nonetheless lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 289 and therefore deny them.

290.    No response is required to the allegations in paragraph 290 of the Complaint because Plaintiff John Doe 7's claims against Defendants were dismissed pursuant to ECF No. 67. Defendants nonetheless lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 290 and therefore deny them.

291.    No response is required to the allegations in paragraph 291 of the Complaint because Plaintiff John Doe 7's claims against Defendants were dismissed pursuant to ECF No. 67. Defendants nonetheless lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 291 and therefore deny them.

292.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 292 of the Complaint and therefore deny them.

293.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 293 of the Complaint and therefore deny them.

294.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 294 of the Complaint and therefore deny them.

295.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 295 of the Complaint and therefore deny them.

296.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 296 of the Complaint and therefore deny them.

297.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 297 of the Complaint and therefore deny them.

298.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 298 of the Complaint and therefore deny them.

299.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 299 of the Complaint and therefore deny them.

300.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 300 of the Complaint and therefore deny them.

301.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 301 of the Complaint and therefore deny them.

302.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 302 of the Complaint and therefore deny them.

**PARTIES**

303.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 303 of the Complaint and therefore deny them.

304.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 304 of the Complaint and therefore deny them.

305.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 305 of the Complaint and therefore deny them.

306.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 306 of the Complaint and therefore deny them.

307.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 307 of the Complaint and therefore deny them.

308.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 308 of the Complaint and therefore deny them.

309.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 309 of the Complaint and therefore deny them.

310.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 310 of the Complaint and therefore deny them.

311.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 311 of the Complaint and therefore deny them.

312.    Defendants deny the allegations set forth in paragraph 312 of the Complaint.

313.    The allegations in paragraph 313 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

314.    Defendants deny the allegations set forth in paragraph 314 of the Complaint.

315.    The allegations in paragraph 315 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

316.    The allegations in paragraph 316 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

317.    Defendants deny the allegations set forth in paragraph 317 of the Complaint, except admit that Vincent McMahon is a Connecticut citizen, co-founded WWE, and that he served on

the board of directors of WWE from 1980 to September 2023.  Defendants admit that Vincent McMahon was the Executive Chairman of the Board of Directors for TKO from September 2023 to January 2024.  To the extent that the allegations in paragraph 317 of the Complaint purport to characterize the contents of a document that speaks for itself, Defendants refer the Court to the complete and authentic of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

318.    Defendants deny the allegations set forth in paragraph 318 of the Complaint, except admit that Linda McMahon is a Connecticut citizen, is married to Vincent McMahon, co-founded WWE, and that she served as corporate officer, President, CEO, and "co-chief executive" at WWE. To the extent that the allegations in paragraph 318 of the Complaint purport to characterize the contents of a document that speaks for itself, Defendants refer the Court to the complete and authentic version of such document for a full rendition of its contents and deny any such allegations to the extent inconsistent therewith.

319.    Defendants deny the allegations set forth in paragraph 319 of the Complaint, except admit that WWE is a limited liability company formed under the laws of Delaware, that TKO is incorporated in Delaware, and that WWE's headquarters is located at 707 Washington Blvd., Stamford, CT 06901.

320.    The allegations in paragraph 320 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full and accurate rendition of its contents and deny such allegations to the extent inconsistent therewith.

321.    Defendants admit that Capitol Wrestling Corporation Ltd. ("CWC") was founded in 1953 by Vincent J. McMahon, father to Vincent McMahon.  Defendants further admit Vincent

and Linda McMahon co-founded Titan Sports, Inc. in 1980, and that Titan Sports, Inc. was incorporated in Delaware in 1987. Defendants further admit that Vincent and Linda McMahon purchased CWC in 1982 and that Titan Sports, Inc. was merged with CWC in 1988. Defendants further admit that Titan Sports, Inc. was renamed World Wrestling Federation Entertainment, Inc. in 1999, which was renamed World Wrestling Entertainment, Inc. in 2002. Defendants further admit that WWE was involved in a trademark dispute in 2002 with the World Wildlife Fund. Defendants otherwise deny the allegations set forth in paragraph 321 of the Complaint. The allegations in footnote 110 of the Complaint purport to characterize the contents of documents that speak for themselves. Defendants refer the Court to the complete and authentic versions of such documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

322.    Defendants deny the allegations set forth in paragraph 322 of the Complaint, except admit that on September 12, 2023, a series of transactions were completed involving Endeavor Group Holdings, World Wrestling Entertainment, Inc., and others, which facilitated a business combination of the Ultimate Fighting Championship ("UFC") and World Wrestling Entertainment LLC (f/k/a World Wrestling Entertainment, Inc.") under TKO Operating Company, LLC.

323.    Defendants deny the allegations set forth in paragraph 323 of the Complaint, except admit that WWE maintained its corporate headquarters at the same office building in Stamford, CT from 1991–2019.

324.    Defendants admit the allegations set forth in paragraph 324 of the Complaint.

325.    Defendants deny the allegations set forth in paragraph 325 of the Complaint, except admit that TKO was incorporated as a Delaware corporation in March 2023, under the name New

Whale, Inc., and facilitated the business combination between UFC and WWE under TKO Operating Company, LLC.

326.    The allegations in paragraph 326 of the Complaint purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the complete and authentic version of such document for a full and accurate rendition of its contents and deny such allegations to the extent inconsistent therewith.

## JURISDICTION AND VENUE

327.    The allegations in paragraph 327 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs invoke the Court's jurisdiction over the claim described in paragraph 327 of the Complaint, but deny that Defendants engaged in any act or omission that would give rise to or otherwise support jurisdiction in this Court.

328.    The allegations in paragraph 328 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs invoke the Court's venue over the claim described in paragraph 328 of the Complaint, but deny that Defendants engaged in any act or omission that would give rise to or otherwise support venue in this Court.

329.    Defendants admit that they held shows and other public appearances in Maryland but otherwise deny the allegations in paragraph 329 of the Complaint.

330.    Defendants admit that they held shows and other public appearances in Maryland but otherwise deny the allegations in paragraph 330 of the Complaint. To the extent that the allegations in paragraph 330 of the Complaint further purport to characterize the contents of documents that speak for themselves, Defendants refer the Court to the complete and authentic

version of such documents for a full rendition of their contents and deny such allegations to the extent inconsistent therewith.

331.    Defendants admit the allegations set forth in paragraph 331 of the Complaint.

332.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 332 of the Complaint and therefore deny them.

333.    Defendants admit that WWE hosted a television program called "Tuesday Night Titans" for the period of 1984–1986.  Defendants admit that the television program was filmed in Owings Mills, Maryland.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 333 of the Complaint and therefore deny them.

334.    Defendants deny the allegations set forth in paragraph 334 of the Complaint, except admit that Linda McMahon at one point held a license in Maryland relating to state athletic rules and that Vince McMahon had some participation in booking and calendaring WWE shows and events and participated in securing some contracts or other agreements for WWE events.

335.    Defendants deny the allegations set forth in paragraph 335 of the Complaint, except admit that Vince McMahon had some involvement in scheduling WWE and that Linda McMahon was sometimes involved in requesting WWE talent appear at ancillary events.

336.    Defendants deny the allegations set forth in paragraph 336 of the Complaint, except admit that WWE has promoted, advertised for, and held events in Maryland.

337.    The allegations in the first sentence paragraph 337 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations.  The allegations in the second sentence of paragraph 337 purport to characterize the contents of a document that speaks for itself.  Defendants refer the Court to the

complete and authentic version of such document for a full rendition of its contents and deny such allegations to the extent inconsistent therewith.

## CAUSES OF ACTION

338.    Defendants repeat and incorporate each of their above responses as if fully set forth herein.

339.    Defendants admit the allegations set forth in paragraph 339 of the Complaint.

340.    Defendants deny the allegations set forth in paragraph 340 of the Complaint.

341.    The allegations in paragraph 341 of the Complaint assert legal conclusions as to which no response is required.   To the extent a response is required, Defendants deny the allegations.

342.    The allegations in paragraph 342 of the Complaint assert legal conclusions as to which no response is required.   To the extent a response is required, Defendants deny the allegations.

343.    Defendants deny the allegations set forth in paragraph 343 of the Complaint.

344.    Defendants deny the allegations set forth in paragraph 344 of the Complaint.

345.    Defendants deny the allegations set forth in paragraph 345 of the Complaint.

346.    Defendants deny the allegations set forth in paragraph 346 of the Complaint.

347.    Defendants deny the allegations set forth in paragraph 347 of the Complaint.

348.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 348 of the Complaint and therefore deny them.

349.    The allegations in paragraph 349 of the Complaint assert legal conclusions as to which no response is required.   To the extent a response is required, Defendants deny the allegations.

350.    The allegations in paragraph 350 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

351.    The allegations in paragraph 351 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

352.    The allegations in paragraph 352 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

353.    The allegations in paragraph 353 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

354.    The allegations in paragraph 354 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

355.    The allegations in paragraph 355 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

356.    The allegations in paragraph 356 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

357.    The allegations in paragraph 357 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

358.    Defendants deny the allegations set forth in the first sentence of paragraph 358 of the Complaint.  The allegations in the second sentence of paragraph 358 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

359.    Defendants deny the allegations set forth in paragraph 359 of the Complaint.

360.    Defendants deny the allegations set forth in paragraph 360 of the Complaint.

361.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 361 of the Complaint and therefore deny them.

362.    Defendants deny the allegations set forth in paragraph 362 of the Complaint.

363.    Defendants deny the allegations set forth in paragraph 363 of the Complaint.

364.    Defendants deny the allegations set forth in paragraph 364 of the Complaint.

365.    Defendants deny the allegations set forth in paragraph 365 of the Complaint.

366.    Defendants deny the allegations set forth in paragraph 366 of the Complaint.

367.    Defendants deny the allegations set forth in paragraph 367 of the Complaint.

368.    Defendants deny the allegations set forth in paragraph 368 of the Complaint.

369.    The allegations in paragraph 369 of the Complaint assert legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations.

370.    The allegations in paragraph 370 of the Complaint assert legal conclusions as to which no response is required.   To the extent a response is required, Defendants deny the allegations.

371.    The allegations in paragraph 371 of the Complaint assert legal conclusions as to which no response is required.   To the extent a response is required, Defendants deny the allegations.

372.    Defendants deny the allegations set forth in paragraph 372 of the Complaint.

373.    Defendants deny the allegations set forth in paragraph 373 of the Complaint.

374.    Defendants deny the allegations set forth in paragraph 374 of the Complaint.

375.    Defendants deny the allegations set forth in paragraph 375 of the Complaint.

376.    Defendants deny the allegations set forth in paragraph 376 of the Complaint.

377.    Defendants repeat and incorporate each of their above responses as if fully set forth herein.

378.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 378 of the Complaint and therefore deny them.

379.    Defendants deny the allegations set forth in paragraph 379 of the Complaint.

380.    The allegations in paragraph 380 of the Complaint assert legal conclusions as to which no response is required.   To the extent a response is required, Defendants deny the allegations.

381.    The allegations in paragraph 381 of the Complaint assert legal conclusions as to which no response is required.   To the extent a response is required, Defendants deny the allegations.

382.    Defendants deny the allegations set forth in paragraph 382 of the Complaint.

383.    Defendants deny the allegations set forth in paragraph 383 of the Complaint.

384.    Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 384 of the Complaint and therefore deny them.

385.    Defendants deny the allegations set forth in paragraph 385 of the Complaint.

386.    Defendants deny the allegations set forth in paragraph 386 of the Complaint.

387.    Defendants deny the allegations set forth in paragraph 387 of the Complaint.

388.    Defendants deny the allegations set forth in paragraph 388 of the Complaint.

389.    Defendants deny the allegations set forth in paragraph 389 of the Complaint.

390.    Defendants deny the allegations set forth in paragraph 390 of the Complaint.

391.    Defendants deny the allegations set forth in paragraph 391 of the Complaint.

392.    Defendants deny the allegations set forth in paragraph 392 of the Complaint.

393.    Defendants deny the allegations set forth in paragraph 393 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses with respect to the claims alleged in the Complaint without assuming the burden of proof where the burden of proof rests on Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

394.    Lack of Personal Jurisdiction: The Court lacks jurisdiction over Defendants WWE and TKO.  The Court also lacks jurisdiction over Plaintiffs' claims arising from conduct alleged to have occurred outside the state of Maryland.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

395.    Statute of Limitations: Plaintiffs' claims are barred by the statute of limitations..

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

396.    Laches: Plaintiffs' causes of action are barred by the doctrine of laches and undue delay in giving notice to the Defendants of the matters alleged in the Complaint and in commenced litigation.

## FOURTH AFFIRMATIVE DEFENSE

### (Limitations on Damages)

397.    Limitations on Damages: Plaintiffs' claims for damages are limited by all applicable statutory caps and limitations on damages, including but not limited to Md. Code Ann., Cts. & Jud. Proc. § 5-117.

## FIFTH AFFIRMATIVE DEFENSE

### (No Special Relationship/Duty)

398.    No Special Relationship/Duty: Plaintiffs' claims for damages against Defendants WWE and TKO arising out of WWE's or TKO's alleged tortious conduct are barred because no special relationship exists between the Defendants WWE and TKO and Plaintiffs, barring any affirmative legal duty owing from the Defendants WWE and TKO to Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

### (No Notice)

399.    No Notice: Plaintiffs' claims for damages against the Defendants WWE and TKO arising out of the Defendants WWE's or TKO's alleged tortious conduct are barred because the Defendants WWE and TKO lacked the requisite knowledge of the alleged perpetrator's sexual propensities.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

400.    Estoppel: By conduct, representations, and omissions, Plaintiffs are equitably estopped from asserting any claim for relief against Defendants WWE and TKO respecting matters which are the subject of the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

401.    Waiver: By conduct, representations and omissions, Plaintiffs have waived, relinquished, and/or abandoned any claim for relief against Defendants WWE and TKO respecting the matters that are the subject of the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

402.    Contributory Negligence: Any injuries or damages alleged in the Complaint were caused by Plaintiffs' contributory negligence which absolutely bars or reduces Plaintiffs' right to recovery, if any, in proportion to such contributory negligence.

## TENTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

403.    Punitive Damages: Plaintiffs' request for punitive damages is barred by the Fifth and Eighth Amendments of the U.S. Constitution and Article 5 and Article 25 of the Maryland Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Privilege)

404.    Privilege: Plaintiffs' claims for damages against Defendants WWE and TKO are barred to the extent they rely upon confidential information and/or communications protected by

an evidentiary privilege, such as the attorney-client privilege, the work-product doctrine, or the priest-penitent privilege, and any other privilege at common law or found in statute.

## TWELFTH AFFIRMATIVE DEFENSE

### (Vicarious Liability)

405.    Vicarious Liability: Plaintiffs' claims for damages against Defendants WWE and TKO based on a respondeat superior theory of liability are barred because sexual misconduct falls outside the course and scope of employment and cannot be imputed to Defendants WWE and TKO.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

406.    Due Process: Plaintiffs' claims for damages against Defendants WWE and TKO arising out of Defendants WWE and TKO alleged tortious conduct may be barred by the Due Process Clauses of the Constitutions of the United States and Maryland.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Mitigation)

407.    Mitigation: If Plaintiffs sustained damages, which Defendants WWE and TKO expressly deny, Plaintiffs have failed to take reasonable and adequate steps to mitigate or minimize those damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

408.    Failure to State a Claim: The Complaint and each of the counts therein fails to state a claim upon which relief may be granted.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Causation/Contribution by Third-Party Acts)

409.    Causation/Contribution by Third-Party Acts: The Complaint, and each claim alleged therein, are barred because the acts or omissions alleged in the Complaint were actually and/or proximately caused by acts or omissions committed by third parties.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Superseding/Intervening Acts or Events)

410.    Superseding/Intervening Acts or Events: The Complaint, and each claim alleged therein, are barred because the acts and omissions and damages alleged in the Complaint were proximately caused by the superseding, intervening actions, and/or omissions of third parties, and/or superseding and/or intervening events or underlying medical conditions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Judicial Estoppel)

411.    Judicial Estoppel: The Complaint, and each claim alleged therein, are barred by the doctrine of judicial estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

### (*Pro Rata* Reduction)

412.    *Pro Rata* Reduction: Should this Defendant be found liable to any Plaintiff, it is entitled to a set-off and/or pro rata reduction of any judgment for monies paid to that Plaintiff by any other tortfeasor.

## **TWENTIETH AFFIRMATIVE DEFENSE**

### **(Assumption of Risk)**

413.    Assumption of Risk: Any injuries or damages alleged in the Complaint were caused by Plaintiffs' assumption of the risk or risks which absolutely bars or reduces Plaintiffs' right to recovery, if any, in proportion to such assumption of risk.

## **TWENTY-FIRST AFFIRMATIVE DEFENSE**

### **(United States Constitutional Protections)**

414.    United States Constitutional Protections: Plaintiffs' claims are barred by the United States Constitution's Fifth Amendment takings clause, Article I ex post facto and contracts clauses, and Fourteenth Amendment due process and equal protection clauses.

Dated: January 16, 2026
      Baltimore, MD

Respectfully submitted,


PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

*/s/  Emily A. Vance*
Daniel J. Toal *(pro hac vice)*
Richard C. Tarlowe *(pro hac vice)*
Gregory F. Laufer *(pro hac vice)*
Emily A. Vance *(pro hac vice)*
1285 Avenue of the Americas
New York, NY 10019-6064
Tel:  (212) 373-3000 | Fax: (212) 757-3990
dtoal@paulweiss.com
rtarlowe@paulweiss.com
glaufer@paulweiss.com
evance@paulweiss.com


GOODELL, DEVRIES, LEECH & DANN, LLP

*/s/  Linda S. Woolf*
Linda S. Woolf (Federal Bar No: 08424)
K. Nichole Nesbitt (Federal Bar No: 26137)
Sean Gugerty (Federal Bar No: 21125)
One South Street, 20th Floor
Baltimore, MD 21202
Tel:  (410) 783-4011
Fax: (410) 783-4040
lsw@gdldlaw.com
knn@gdldlaw.com
sgugerty@gdldlaw.com


*Attorneys for World Wrestling Entertainment, LLC
and TKO Group Holdings, Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of January 2026, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and electronic notification of such filing is sent to all CM/ECF participants and counsel of record.

/s/ *Emily A. Vance*
Emily A. Vance