**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JOHN DOES 1-6 & 8, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 1:24-cv-3487-JKB |
| v. | ) | |
| | ) | |
| WORLD WRESTLING ENTERTAINMENT, LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**DEFENDANT VINCENT K. McMAHON'S OPPOSITION
TO PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS
AND FOR PROTECTIVE ORDER**

**KRAMON & GRAHAM, P.A.**

John A. Bourgeois (Bar No. 11834)
Christopher C. Jeffries (Bar No. 28527)
750 East Pratt St., Suite 1100
Baltimore, MD 21202
Telephone: (410) 347-7408
Facsimile: (410) 361-8204
jbourgeois@kg-law.com
cjeffries@kg-law.com

**AKIN GUMP STRAUSS HAUER &
FELD LLP**

Jessica T. Rosenberg
  (admitted *pro hac vice*)
Ilana Roberts
  (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
jrosenberg@akingump.com
iroberts@akingump.com

*Attorneys for Defendant
Vincent K. McMahon*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ..................................................................................................................... 2

LEGAL STANDARD ............................................................................................................. 3

ARGUMENT .......................................................................................................................... 4

I.    The Court Should Deny Plaintiffs' Motion to Proceed Pseudonymously Because Plaintiffs' Privacy Interests Are Outweighed by the Presumption of Open Judicial Proceedings and Prejudice to the Defendants ............................................................................................... 4

    A   The First *James* Factor Does Not Trump the Rest ............................................................ 4

    B.  The Second *James* Factor Favors Denial of Pseudonymity Because Plaintiffs Fail to Allege with Particularity Any Retaliatory Physical or Psychological Harm ........................ 6

    C.  The Third *James* Factor Weighs Against Pseudonymity Because Plaintiffs Are Adults.. 9

    D.  The Fourth *James* Factor Weighs Against Pseudonymity Because Defendants Are Private Parties ........................................................................................................................ 10

    E.  The Fifth *James* Factor Weighs Against Pseudonymity Because It Prejudices Defendants and Their Ability to Investigate and Mount a Defense ...................................... 11

        1.  Defendants will be subjected to additional reputational damage if pseudonymity  is permitted .............................................................................................................................. 11

        2.  Pseudonymity will severely hinder Defendants' ability to investigate and mount a defense ................................................................................................................................ 12

II.   In the Alternative, the Court Should Issue a Limited Protective Order That Mitigates Prejudice to Defendants ...................................................................................................... 15

CONCLUSION...................................................................................................................... 16

**TABLE OF AUTHORITIES**

**PAGE(S)**

CASES

*Doe v. Combs*,
No. 23-cv-10628, 2024 WL 863705 (S.D.N.Y. Feb. 29, 2024) ...............................................13

*Doe v. Combs*,
No. 24-cv-07776, 2025 WL 1079038 (S.D.N.Y. Apr. 9, 2025) ...............................................12

*Doe v. Combs*,
No. 24-cv-07778, 2025 WL 934358 (S.D.N.Y. Mar. 27, 2025)..................................4, 5, 6, 13

*Doe v. Combs*,
No. 24-cv-07973, 2025 WL 1744928 (S.D.N.Y. June 23, 2025) ...............................................5

*Doe v. Combs*,
No. 24-cv-07977, 2025 WL 1380800 (S.D.N.Y. May 13, 2025) .........................................4, 6

*Doe v. Combs*,
No. 25-cv-01652, 2025 WL 1993598 (S.D.N.Y. July 17, 2025)...............................................11

*Doe v. Darden Restaurants, Inc.*,
736 F. Supp. 3d 297 (D. Md. 2024)................................................................8, 9, 10, 15

*Doe v. Del Rio*,
241 F.R.D. 154 (S.D.N.Y. 2006) ....................................................................8, 10, 13, 14, 15

*Doe v. Doe*,
85 F.4th 206 (4th Cir. 2023) ........................................................................................6

*Doe v. North Carolina Central Univ.*,
No. 98-cv-01095, 1999 WL 1939248 (M.D.N.C. Apr. 15, 1999) .....................................5, 12

*Doe v. Pittsylvania Cnty.*,
844 F. Supp. 2d 724 (W.D. Va. 2012) .................................................................................10

*Doe v. Public Citizen*,
749 F.3d 246 (4th Cir. 2014) .................................................................................3, 4, 5

*Doe v. RealPage, Inc.*,
No. 24-cv-00885, 2024 WL 2863545 (D. Md. June 6, 2024)......................................................6

*Doe v. Sidar*,
93 F.4th 241 (4th Cir. 2024) ................................................................................3, 11

ii

*Doe v. Williams*,
    No. 1:23-05745-JDA-SVH, 2024 WL 1120175 (D.S.C. Mar. 14, 2024) ................................8

*E.E.O.C. v. Wal-Mart Stores E., L.P.*,
    No. 23-cv-00623, 2024 WL 349760 (S.D. W. Va. Jan. 30, 2024) ....................................6, 7, 9

*J.E. v. Lyft, Inc.*,
    No. 25-cv-02786, 2025 WL 3550596 (D. Md. Dec. 11, 2025) ....................................7, 10, 15

*James v. Jacobson*,
    6 F.3d 233 (4th Cir. 1993) ...................................................................................... *passim*

*Rapp v. Fowler*,
    537 F. Supp. 3d 521 (S.D.N.Y. 2001).............................................................................. *passim*

*Strike 3 Holdings, LLC v. Doe*,
    No. 1:23-cv-00445-JRR, 2023 WL 3251412 (D. Md. May 4, 2023) ........................................9

## OTHER AUTHORITIES

FED. R. CIV. P. 10(a) ....................................................................................................................3

Defendant Vincent K. McMahon ("McMahon"), by and through his undersigned attorneys, respectfully files this opposition to Plaintiffs' Motion to Proceed Under Pseudonyms and for Protective Order (the "Motion" or "Mot.") (ECF No. 73).

## PRELIMINARY STATEMENT

Plaintiffs fail to establish they are entitled to the exceptional remedy of proceeding with this public litigation pseudonymously. An analysis under the *James* Factors weighs decidedly in favor of open judicial proceedings, especially considering the extreme prejudice Defendants will suffer if Plaintiffs' Motion is granted. While allegations of sexual abuse are serious and should be treated carefully by the Court, this case is distinct from cases routinely decided under *James*— Plaintiffs here are not minors; they are adults suing high-profile private parties and well-known entities decades after the alleged abuse. Allowing Plaintiffs to proceed pseudonymously implicates significant discovery and litigation concerns; fact-gathering will be especially difficult and will severely hinder Defendants' ability to mount a defense.

Moreover, the Court must consider fundamental fairness. Plaintiffs' counsel has repeatedly publicized the claims in the 110-page complaint (the "FAC") (ECF No. 55), issuing numerous press releases, providing podcast interviews, and publishing extensive information on their website.[1] This Court should not allow Plaintiffs to aggressively publicize their unsubstantiated

---

[1] *See, e.g.*, *DiCello Levitt and Murphy, Falcon & Murphy File Lawsuit Against World Wrestling Entertainment, LLC, Vincent McMahon, Linda McMahon, and TKO Group Holdings, Inc. on Behalf of 'Ring Boys' Who Survived Sexual Abuse* (Oct. 23, 2024), https://dicellolevitt.com/dicello-levitt-and-murphy-falcon-amp-murphy-file-lawsuit-against-world-wrestling-entertainment-llc-vincent-k-mcmahon-linda-mcmahon-and-tko-group-holdings-inc-on-behalf-of-ring-boys-who-survived-sexual/; DiCello Levitt, *DiCello Levitt Seeks Justice for the WWE Ring Boys*, YOUTUBE (Oct. 24, 2024), https://www.youtube.com/watch?v=0arzpg2Qgf0; *DiCello Levitt Partner Greg Gutzler Quoted in Numerous Media Outlets About 'Ring Boys' Sexual Abuse Lawsuit*, (Oct. 31, 2024), https://dicellolevitt.com/dicello-levitt-partner-greg-gutzler-quoted-in-numerous-media-outlets-about-ring-boys-sexual-abuse-lawsuit/; Jack Watson, "*It's just unbelievable that they would keep someone like that around. A child molester*," WMAR 2 NEWS (Oct. 25, 2024), https://www.wmar2news.com/local/its-just-unbelievable-that-they-would-keep-someone-like-that-around-a-child-molester; Wrestlenomics, *'Ring Boys' lawsuit attorney Greg Gutzler interview | Pollock & Thurston*, YOUTUBE (Oct. 24, 2024), https://www.youtube.com/watch?v=vlcY25PbVSw; *WWE Ring Boys Sexual Assault Case Moves to Discovery*, DiCello Levitt (Dec. 11, 2025), https://dicellolevitt.com/wwe-ring-boys-sexual-abuse-case-moves-to-

allegations against named Defendants while remaining behind the veil of anonymity only to preserve privacy in a matter of sensitive and highly personal nature.

Critically, of the five *James* Factors, only one—preserving privacy in matters of sensitive and highly personal nature—militates in favor of pseudonymity. One factor out of five is simply insufficient to outweigh the damage that will be caused if Plaintiffs' request is granted. Plaintiffs do not—as required by the second *James* Factor—identify any particularized risk of retaliatory physical or psychological harm either to themselves or to their loved ones. Likewise, the third and fourth *James* Factors—which even Plaintiffs concede do not favor them—strongly weigh against Plaintiffs proceeding pseudonymously. Finally, the fifth *James* Factor squarely undercuts pseudonymity because allowing Plaintiffs to remain anonymous will prejudice Defendants, all public figures or well-known entities, by hindering their ability to gather essential evidence and build their defense. Accordingly, the Court should refuse the exceptional remedy requested in the Motion and instead require Plaintiffs to proceed under their legal names. In the alternative, if the Court permits Plaintiffs to proceed pseudonymously, McMahon respectfully requests that the Court issue a limited protective order to mitigate prejudice to Defendants.

## BACKGROUND

In April 2025, the Court entered an interim protective order (the "Interim Protective Order") (ECF No. 47), which allowed Plaintiffs to proceed pseudonymously until any motions to dismiss were decided. Defendants consented to the Interim Protective Order at that stage. *Id.* On December 10, 2025, the Court decided the motions to dismiss, and shortly thereafter ordered the

discovery/; DiCello Levitt, *WWE 'Ring Boys' Sexual Abuse Case Moves to Discovery*, FACEBOOK (Dec. 12, 2025), https://www.facebook.com/DiCelloLevitt/posts/we-are-pleased-to-share-that-the-us-district-court-for-the-district-of-maryland-/1496345752491713/.

2

parties to meet and confer "regarding the need for any further protective orders" and to file any necessary protective orders or motions to proceed under pseudonym. *See* ECF Nos. 67-68.

On December 18, 2025, the parties met and conferred. Defendants expressed concern that Plaintiffs' anonymity would significantly reduce the likelihood that third parties with relevant and probative evidence would come forward. Defendants also highlighted several issues with proceeding pseudonymously with a protective order substantially similar to the Interim Protective Order. For example, Defendants noted that under the Interim Protective Order, Defendants would be required to obtain in advance a written agreement to be bound to the order from any potential witnesses, which would quell any investigation. Plaintiffs' counsel suggested that categories of authorized recipients could be added to the order, but defense counsel cautioned how that could result in Defendants revealing their legal strategy to Plaintiffs. Without knowing the basis for Plaintiffs' request to remain pseudonymous—aside from the FAC's sexual allegations, which alone are insufficient—McMahon declined to stipulate to Plaintiffs' continued use of pseudonyms. Plaintiffs' Motion followed.

## LEGAL STANDARD

Absent exceptional circumstances, the Federal Rules of Civil Procedure and federal jurisprudence require open judicial proceedings in which the parties are identified. *See* FED. R. CIV. P. 10(a) (mandating that complaints name all parties); *Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) (observing that compelling reasons may warrant allowing a party to proceed pseudonymously in exceptional circumstances). Indeed, only after particularized judicial inquiry may courts override the "'presumption' that parties must sue and be sued in their own names." *Doe v. Sidar*, 93 F.4th 241, 246 (4th Cir. 2024); *see also James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (observing that allowing pseudonyms should be a "rare dispensation" permitted only after "a judicial . . . inquir[y] into the circumstances of [a] particular case[]"). In *James*, the Fourth

3

Circuit identified the following five non-exhaustive factors (the "*James* Factors") to guide courts'

discretion in considering whether to dispense this "rare" remedy:

1.  Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
2.  Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
3.  The ages of the persons whose privacy interests are sought to be protected;
4.  Whether the action is against a governmental or private party; and
5.  The risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.*

## ARGUMENT

**I.    The Court Should Deny Plaintiffs' Motion to Proceed Pseudonymously Because Plaintiffs' Privacy Interests Are Outweighed by the Presumption of Open Judicial Proceedings and Prejudice to the Defendants**

   **A.    The First *James* Factor Does Not Trump the Rest**

Under the first *James* Factor, courts consider whether the purpose of the moving party's

request is to "preserve privacy in a matter of sensitive and highly personal nature." *James*, 6 F.3d

at 238.  This factor is not "dispositive" and must be "analyzed in comparison to the public's interest

and the interests of the opposing parties." *Doe v. Combs*, No. 24-cv-07778, 2025 WL 934358 at

*3 (S.D.N.Y. Mar. 27, 2025);[2] *see also James*, 6 F.3d at 238 (emphasizing the importance of a

---

[2] While Second Circuit caselaw is not binding on this Court, it is persuasive. *See Public Citizen*, 749 F.3d at 273-74 (acknowledging that the Second Circuit "adopted an approach for pseudonymity requests that [likewise] balances a litigant's stated need for anonymity against the public's countervailing interests in full disclosure and openness").  The ten-factor test used in the Second Circuit comprises the *James* Factors, rendering the analysis relevant and instructive. *See Doe v. Combs*, No. 24-cv-07977, 2025 WL 1380800, at *2 (S.D.N.Y. May 13, 2025) (noting the following factors for consideration: "(1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties . . . (4) whether the plaintiff is particularly vulnerable

case-by-case determination and noting that the factors are just guidelines).

In advocating for pseudonymity, Plaintiffs essentially argue that alleging sexual misconduct in a complaint automatically satisfies this factor and triggers the right to proceed pseudonymously. Mot. at 3. That is incorrect. While sexual misconduct allegations weigh in favor of anonymity, "by themselves, [they] are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021). Thus, while the allegations here are sensitive and highly personal, this "does not mean that Plaintiff[s] [are] necessarily entitled to proceed under a fictitious name." *Doe v. North Carolina Central Univ.*, No. 98-cv-01095, 1999 WL 1939248, at *3 (M.D.N.C. Apr. 15, 1999) (denying a motion to proceed pseudonymously where plaintiff alleged she was sexually assaulted and raped by her supervisor). Indeed, the other *James* Factors would be rendered superfluous in all cases alleging sexual misconduct if such allegations alone sufficed to override the requirement that parties publicly disclose their identities. In other words, "every adult sexual assault claimant would automatically be eligible to proceed anonymously." *Doe v. Combs*, No. 24-cv-07973, 2025 WL 1744928, at *2 (S.D.N.Y. June 23, 2025).

Accordingly, despite the sexual nature of Plaintiffs' allegations, this Court still "has an independent obligation to ensure that extraordinary circumstances support [Plaintiffs'] request." *Public Citizen*, 749 F.3d at 274. As detailed below, there are no such "extraordinary

---

to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously"). Indeed, the Second Circuit's caselaw is particularly useful here given that it has had the opportunity to adjudicate pseudonymity for plaintiffs accusing public figures of sexual misconduct alleged to have occurred years in the past. *See, e.g.*, *Rapp v. Fowler*, 537 F. Supp. 3d 521, 527-28 (S.D.N.Y. 2001) (finding against pseudonymity where plaintiff brought claims against well-known actor and only one factor favored anonymity); *Combs*, 2025 WL 934358, at *5 (denying pseudonymity where plaintiff brought "claims on a topic of significant public interest against a well-known figure" and there was a risk of "severe prejudice to Defendants from continued anonymity, hampering their ability to confront their accuser, guard against reputational harm, and defend an action based on events from nearly three decades ago").

circumstances" here.  Indeed, all of the remaining *James* Factors weigh against pseudonymity.

  **B.**  **The Second *James* Factor Favors Denial of Pseudonymity Because Plaintiffs Fail to Allege with Particularity Any Retaliatory Physical or Psychological Harm**

  Contrary to Plaintiffs' suggestion, the second *James* Factor—"whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties," *James*, 6 F.3d at 238—weighs completely *against* pseudonymity.

  To assess this factor, "district courts routinely look for 'aggravating factors' or 'evidence' as a means to determine whether a risk of harm truly exists." *Doe v. RealPage, Inc.*, No. 24-cv-00885, 2024 WL 2863545, at *3 (D. Md. June 6, 2024) (quoting *Doe v. Doe*, 85 F.4th 206, 213 (4th Cir. 2023)).[3]  As part of this inquiry, courts specifically look for "particularized evidence that disclosure will cause injury that goes beyond the generalized harms that are applicable to all victims of sexual assault, such as support from a medical professional, or comparable evidence, to corroborate a claim that disclosure would cause psychological injury." *Combs*, 2025 WL 1380800, at *3 (citation modified).  Particularized evidence that public disclosure will result in "concrete" harm "plays a vital role in the balancing of competing interests" and the absence of it is "particularly salient" where, as here, anonymity "hamper[s] [Defendants'] ability to confront their accuser, guard against reputational harm, and defend an action based on events from nearly three [to four] decades ago." *Combs*, 2025 WL 934358, at *5; *see also infra*, II.E.

  Here, Plaintiffs offer no credible facts—in affidavits or otherwise—to support their contention that there is a risk of being re-traumatized from public disclosure of their identities.  *Cf. E.E.O.C. v. Wal-Mart Stores E., L.P.*, No. 23-cv-00623, 2024 WL 349760, at *2 (S.D. W. Va. Jan.

---

[3] Note that while the Fourth Circuit in *Doe v. Doe* identified "media exposure" as a potential aggravating factor, that case—unlike here—did not involve a plaintiff courting media coverage.  In any event, in affirming the denial of pseudonymity, the court agreed with the district court that without evidence of harm, plaintiff's "bald allegations [were] not sufficient."  85 F.42 at 214.

30, 2024) (crediting risk of psychological harm where plaintiff-intervenor asserted in her motion for pseudonymity that she lived "next door to her elderly parents, who [were] very religious," and was the single mother of two minor children in public schools in a small town "where gossip travels quickly" (quoting Plaintiff-Intervenor's Motion to Proceed Pseudonymously at 3, *E.E.O.C. v. Wal-Mart Stores E., L.P.*, No. 23-cv-00623 (S.D. W. Va. Jan. 30, 2024), ECF No. 15). Instead, Plaintiffs rely on two inapposite cases: *J.E. v. Lyft, Inc.*, No. 25-cv-02786, 2025 WL 3550596 (D. Md. Dec. 11, 2025) and *E.E.O.C. v. Wal-Mart Stores*. Plaintiffs use both cases to argue that publicizing highly sensitive information that would become permanent on the internet would create a significant risk of harm, particularly because of the media coverage and widespread disclosure. Mot. at 4. Critically, neither case involved public figures or media attention *generated by the plaintiffs themselves*. Here, in stark contrast, not only are McMahon and Linda McMahon public figures, but the media coverage that Plaintiffs reference has been generated by their own counsel issuing numerous press releases, providing podcast interviews, and publishing extensive information on their own self-promotional website.[4]

With respect to the alleged risk of re-traumatization, *Rapp*, a case involving decades-old sexual misconduct allegations against Kevin Spacey, a well-known actor, is instructive. There, despite submitting declarations from medical professionals, a court in the Southern District of New York rejected plaintiff's argument that public disclosure would "re-trigger" plaintiff. 537 F. Supp. 3d at 529-30. The court explained:

> "Being 're-exposed' to the perceived wrong [of which he complains] is an inevitable consequence of litigation itself. If the case goes forward, [plaintiff] will be deposed . . .; in the less certain event of a trial, []he will presumably testify in a public courtroom and be subjected to cross-examination." Neither of the declarations suggests that proceeding with the case anonymously would protect

---

[4] *See, supra,* n.1.

[plaintiff] from those consequences.

*Id.* (last alteration added) (quoting *Doe v. Del Rio*, 241 F.R.D. 154, 161 (S.D.N.Y. 2006) ("There is simply no way to conclude that granting plaintiffs permission to proceed under pseudonyms will prevent [them] from having to revisit the [alleged] traumatic events—in other words, from being 're-exposed to the perceived threat.'")).

Likewise, reliving the details of the alleged events is an inevitable consequence of litigating this case. Whether or not they proceed anonymously, Plaintiffs will continue to relive those details while preparing their case, responding to interrogatories, and testifying during depositions and at trial. And, like the plaintiff in *Rapp*, Plaintiffs have not suggested how proceeding pseudonymously would protect them from those consequences.

Additionally, in pointing to paragraphs 21 and 22 of the FAC, which relate to Tom Cole's death by suicide, Plaintiffs seem to imply that there is a risk of *physical* harm due to the potential re-traumatization associated with public disclosure. Mot. at 5. However, Plaintiffs again fail to submit any evidence supporting this alleged risk. This, coupled with the fact that Plaintiffs' alleged assailants are all deceased, distinguishes this matter from the cases Plaintiffs cite. For example, in *Doe v. Darden Restaurants, Inc.*, 736 F. Supp. 3d 297 (D. Md. 2024), this Court held that the second *James* Factor weighed in favor of the plaintiff because she feared that her alleged assailant who lived nearby would retaliate and injure her. *Id.* at 302. And, in *Doe v. Williams*, No. 1:23-05745-JDA-SVH, 2024 WL 1120175 (D.S.C. Mar. 14, 2024), the court found that the second factor favored pseudonymity because the plaintiff provided evidence that he had (i) attempted to commit suicide, (ii) been diagnosed with PTSD, and (iii) been attending counseling. *Id.* at *2. In contrast, here, Plaintiffs' alleged assailants are all deceased and Plaintiffs have not adequately alleged that they fear retaliation as a result of revealing their identities. And unlike the plaintiffs

8

in many of their cited cases, Plaintiffs fail to provide any evidence of counseling or mental illness that might suggest a non-speculative risk of self-harm.

Likewise, Plaintiffs' feeble attempt to suggest a risk of retaliatory harm to innocent nonparties also fails.  Plaintiffs mistakenly rely upon *Strike 3 Holdings, LLC v. Doe*, No. 1:23-cv-00445-JRR, 2023 WL 3251412 (D. Md. May 4, 2023) for this point ignoring that the court found that this factor weighed *against* pseudonymity.  In *Strike 3 Holdings*, despite discussing the impact on the defendant's family in its analysis of the *first* factor, the court found the second factor militated against pseudonymity because defendant (the movant) failed to demonstrate physical or mental harm.  *Id.* at *3.  Here, Plaintiffs' purported basis for potential harm to their families, friends, and employers is their claim not to have "inform[ed] many people closest to them" about the sexual abuse they allegedly experienced.  Mot. at 5-6.[5]  But this alone is insufficient.  *Cf. Wal-Mart*, 2024 WL 349760, at *2 (favoring pseudonymity because plaintiff articulated that disclosure was likely to affect her "exceptionally religious family," including her father who was a pastor and her minor children who attended public school in their small town).  Accordingly, the second factor weighs squarely against pseudonymity.

C.      **The Third *James* Factor Weighs Against Pseudonymity Because Plaintiffs Are Adults**

Courts consistently hold that the third *James* Factor, which considers the age of the persons whose privacy interests are sought to be protected, weighs against anonymity where plaintiffs are adults.  *See, e.g.*, *Darden Rests.*, 736 F. Supp. 3d at 302 ("Because no minor is a party to this case

---

[5] By noting that Plaintiffs have not told "*many* people closest to them," Plaintiffs admit implicitly that they *have* shared details about the alleged sexual abuse with some individuals who are close to them.  Mot. at 5-6. (emphasis added). Plaintiffs have already taken the risk that their identity can be revealed "in a manner that would bring th[eir] identit[ies] to wide public attention, particularly given [Defendants'] celebrity."  *Rapp*, 537 F. Supp. 3d at 529.  Plaintiffs do not provide any declarations or evidence that they obtained assurances of confidentiality from those individuals.  *See id.* (finding against pseudonymity noting that plaintiff neglected to claim he received such assurances).

and the allegations do not involve any minors, the Court finds that the third *James* factor weighs against anonymity."); *J.E. v. Lyft Inc.*, 2025 WL 3550596, at *2. Courts reach this conclusion "because children are conceived as more vulnerable or because the child whose privacy is at stake has not chosen for himself or herself to pursue the litigation." *Del Rio*, 241 F.R.D. at 158.

Nevertheless, Plaintiffs posit without any support that the third factor "should be neutral, because the [alleged] abuse of Plaintiffs was committed when they were minors, although they are now adults." Mot. at 6. Plaintiffs are wrong. In fact, courts have rejected this argument, finding relevant the age during litigation as opposed to at the time of the alleged abuse. *See, e.g.*, *Rapp*, 537 F. Supp. 3d at 530 (finding that plaintiff was not particularly vulnerable because, although he alleged sexual abuse from when he was a minor, at the time of litigation he was an adult). Here, as in *Rapp*, Plaintiffs are adults in their 50s who have "chosen to level serious charges against [] [D]efendant[s] in the public eye," militating against pseudonymity. *Id.*

**D.      The Fourth *James* Factor Weighs Against Pseudonymity Because Defendants Are Private Parties**

Plaintiffs concede that the fourth *James* Factor weighs against their use of pseudonyms. Mot. at 6. Indeed, when an action is against a private party, the fourth *James* Factor disfavors pseudonymity because "suits filed against private parties may damage their good names and result in economic harm." *Doe v. Pittsylvania Cnty.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012). And, as this Court has observed, when both parties are private parties, "the unfairness of allowing one to protect their identity but not the other weighs against anonymity." *Darden Rests.*, 736 F. Supp. 3d at 302. Here, allowing Plaintiffs to proceed pseudonymously while Defendants, two of whom are individual parties, bear the reputational damage caused by Plaintiffs' repeated public allegations would be unfair and counsels against pseudonymity. *See also infra*, II.E.

**E.    The Fifth *James* Factor Weighs Against Pseudonymity Because It Prejudices Defendants and Their Ability to Investigate and Mount a Defense**

In evaluating the fifth *James* Factor, which considers "the risk of unfairness to the opposing party from allowing an action against it to proceed pseudonymously," *James*, 6 F.3d at 238, courts consider: (1) "difficulties in conducting discovery"; (2) "reputational damage to defendants"; and (3) the "fundamental fairness of proceeding anonymously." *Doe v. Combs*, No. 25-cv-01652, 2025 WL 1993598, at *5 (S.D.N.Y. July 17, 2025); *Rapp*, 537 F. Supp. 3d at 531 (same).  Contrary to Plaintiffs' assertion, the fact that Plaintiffs have disclosed their identities to Defendants does little to mitigate the unfairness they will face if Plaintiffs are permitted to proceed pseudonymously. Indeed, the fifth *James* Factor weighs against pseudonymity for at least two reasons.

1.    <u>Defendants will be subjected to additional reputational damage if pseudonymity is permitted</u>

First, allowing Plaintiffs to proceed anonymously will cause immense reputational damage to Defendants, while unfairly shielding Plaintiffs from scrutiny.  The Fourth Circuit has recognized a "concern that anonymity may serve as a 'shield behind which' false or 'defamatory charges may be launched without shame or liability,' thus creating the risk a blameless defendant will suffer embarrassment or reputational damage merely by being sued." *Sidar*, 93 F.4th at 249.  Indeed, as Circuit Judge Wilkinson observed in his concurrence in *Sidar*, lopsided pseudonymity "can tilt the scales of justice in the direction of guilt by anonymous accusation."  93 F.4th at 250 (Wilkinson, C.J., concurring) (citing *Rapp* approvingly).  By filing highly contentious claims while remaining nameless, Plaintiffs unfairly "'have their cake and eat it too' by gaining the ability to stay anonymous if they lose[] while retaining the power to reveal their identity if they win." *Sidar*, 93 F.4th at 249.  Indeed, the risk of causing McMahon, "embarrassment or reputational damage merely by being sued," *id*., has already materialized and is likely to increase as the litigation and

11

media coverage proceeds.[6]

Furthermore, while the nature of their allegations is serious enough to taint Defendants' reputation in and of itself, Plaintiffs have also repeatedly attempted to garner media attention, a calculated decision that has further stained Defendants' reputations.  Plaintiffs' 110-page complaint, filed without prior notice to Defendants, is riddled with irrelevant but press-friendly references to famous wrestling personalities, alleged past controversies, and lawsuits unrelated to the actual legal claims alleged here.  Plaintiffs and their counsel have further amplified those allegations by way of press releases, interviews, and the like.  *Supra* n.1.  It is prejudicial for Defendants to have to publicly defend against serious allegations that have "garnered significant media attention" while "[Plaintiffs] [are] permitted to make [their] 'accusations from behind a cloak of anonymity.'"  *Doe v. Combs*, No. 24-cv-07776, 2025 WL 1079038, at *3 (S.D.N.Y. Apr. 9, 2025); *see also North Carolina Central Univ.*, 1999 WL 1939248, at *4 ("It is not appropriate for Plaintiff[s] to 'use [their] privacy interests as a shelter from which [they] can safely hurl [their] accusations without subjecting [themselves] to public scrutiny.'").

> 2.    Pseudonymity will severely hinder Defendants' ability to investigate and mount a defense

Second, allowing Plaintiffs to proceed pseudonymously implicates significant discovery and litigation concerns, severely hindering Defendants' ability to mount a defense.  This is

---

[6] *See, e.g.*, *Vince McMahon and WWE accused of allowing 'rampant' sexual exploitation of young boys by announcer in new lawsuit*, NBC News (Oct. 25, 2024), https://www.nbcnews.com/news/us-news/vince-mcmahon-wwe-accused-allowing-rampant-sexual-exploitation-young-b-rcna176988  (rehashing McMahon's recent legal battles in article covering the present action).  Plaintiffs' allegations have also resulted in the media using McMahon's name in the titles of articles providing standard coverage of this action for 'clickbait' purposes. *See, e.g., Vince McMahon Let WWE Announcer Sexually Abuse 'Ring Boys': Lawsuit*, YOUTUBE (Oct. 25, 2024), https://www.youtube.com/watch?v=_bt0CEU8wlA; *Vince McMahon, embattled former CEO of WWE, sued for allegedly enabling sexual abuse*, CNN Business (Oct. 24, 2024), https://www.cnn.com/2024/10/24/business/vince-mcmahon-wwe-lawsuit-prevented-sexual-assault; *Vince McMahon Faces Bombshell Lawsuit Over Systematic Sexual Abuse of WWE 'Ring Boys'*, VICE (Oct. 25, 2024), https://www.vice.com/en/article/wwe-ring-boys-sexual-abuse-lawsuit-vince-mcmahon/.

uniquely true here because of Plaintiffs' decades-long delay in bringing their claims, which renders fact-gathering especially difficult. *See Doe v. Combs*, No. 23-cv-10628, 2024 WL 863705, at *4 (S.D.N.Y. Feb. 29, 2024) (holding that defendants' ability to discover relevant information is especially undermined in cases "that happened decades ago where evidence and witnesses may be difficult to find").

Courts have recognized that allowing one party to be anonymous while others are not causes an "asymmetry in fact-gathering." *Doe v. Combs*, 2025 WL 934358, at *5. "This asymmetry is more profound in cases involving substantial publicity, because 'information about only one side may come to light as a result,' 'particularly in a high-profile case in which unknown witnesses may surface.'" *Id.* (citations omitted). Crucially, "concealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses." *Del Rio*, 241 F.R.D. at 159. These concerns are at their apex here: Defendants are "high-profile" figures, Plaintiffs' lawsuit has garnered "substantial publicity," and yet Plaintiffs remain unknown to the public, all but guaranteeing that "information about only one side [i.e., Defendants] may come to light as a result." *Combs*, 2025 WL 934358, at *5. And, concealing Plaintiffs' identities all but eliminates the possibility that "yet unknown witness[es]"— including highly material witnesses who know Plaintiffs or recall the events in question— "would . . . know to step forward with valuable information about the events or the credibility of witnesses" and Plaintiffs themselves. *Del Rio*, 241 F.R.D. at 159.

Tellingly, the asymmetry in fact gathering *has already played out in this case*. Since publicizing their allegations in the initial complaint (ECF No. 15), three new Plaintiffs have come forward, and their allegations have been incorporated into the FAC. This was by design. *See* ECF

No. 15 ¶ 4 ("While five of these survivors have initially come forward, there are undoubtedly countless others who still suffer in silence.  This lawsuit is the tip of the iceberg; more revelations will certainly follow in the coming months.").  Indeed, in an interview with the podcast Pollock & Thurston, Plaintiffs' counsel stated "we have had other victims come forward, ***other witnesses come forward***, and what you see in these cases is you will see the floodgates open where people who have knowledge . . . , ***even if they are not victims,*** they are going to come forward with their truth, with their pictures, their documents, their emails, and that's how these things come together . . . ."  Wrestlenomics, *'Ring Boys' lawsuit attorney Greg Gutzler interview | Pollock & Thurston*, YOUTUBE (Oct. 24, 2024), https://www.youtube.com/watch?v=vlcY25PbVSw (emphases added).  Proceeding pseudonymously unfairly prevents Defendants from discovering "yet unknown witnesses," *Del Rio*, 241 F.R.D. at 159, while Plaintiffs, by their own counsel's admission, develop their entire case on the back of such evidence-gathering.

Plaintiffs' contention that pseudonymous litigation poses no risk of unfairness because Defendants are aware of Plaintiffs' identities and "can defend themselves accordingly," Mot. at 6, completely fails to acknowledge this asymmetry in the ability to investigate and litigate the case.  These concerns are naturally heightened here, where McMahon is faced with investigating claims brought by seven Plaintiffs residing across the country, each alleging harms that supposedly occurred thirty-plus years ago in a variety of locations nationwide—some of which are specified in the FAC, but most of which are not.

Indeed, the only two cases that Plaintiffs cite in support of their argument under the fifth *James* Factor demonstrate the lack of any compelling basis for their position.  In *Doe v. Darden Rests.*, this Court considered the "marginal additional expense" and "logistical difficulty" posed by pseudonymous litigation—expenses and difficulties that will be heightened here given the

14

sprawling investigation this case will require—and ultimately concluded those "slightly weighed *against* granting Plaintiffs' requests" for pseudonymity. 736 F. Supp. 3d. at 302 (emphasis added). And in *J.E. v. Lyft*, unlike here, the defendant had not opposed the motion to proceed by pseudonym and had not asserted that proceeding pseudonymously would impede its ability to fully investigate or respond to the allegations. 2025 WL 3550596, at *2.

## II.     In the Alternative, the Court Should Issue a Limited Protective Order That Mitigates Prejudice to Defendants

As demonstrated above, the Court should deny Plaintiffs' Motion, obviating the need for a revised protective order designed to shield Plaintiffs' identities. If, however, the Court grants Plaintiffs' Motion to proceed under pseudonyms, McMahon respectfully requests that the Court issue a limited protective order to mitigate prejudice to Defendants. The limited protective order should:

- Limit its grant to only pre-trial stages of this litigation to avoid "'unfairly imped[ing] [D]efendants' ability to impeach the [P]laintiffs' credibility' through cross examination and introduction of personal evidence at trial," *Del Rio*, 241 F.R.D. at 159;

- Permit Defendants to reveal Plaintiffs' names to potential witnesses without first securing their agreement to abide by the terms of the order;

- Exclude from its purview witnesses identified by Plaintiffs;

- Restrict Plaintiffs and their counsel from making public statements and/or issuing press releases during the course of the litigation;

- Provide for the parties' ability to petition the Court for modification should the need arise; and

- Include any other provisions that the Court deems just and proper in order to mitigate prejudice to Defendants.

A protective order governing discovery that is "substantially in the same form as the Interim Protective Order," Mot. at 7, would materially hinder Defendants' ability to investigate

15

and develop a defense, including but not limited to for the reasons described herein, *supra* I.E, and for similar reasons previously conveyed to Plaintiffs at the December 18, 2025 meet and confer. *See Rapp*, 537 F. Supp. 3d at 531 (holding that the "asymmetry in fact-gathering" would not be remedied by allowing defendant to use and disclose plaintiff's "name for discovery purposes on the condition that anyone who becomes privy to his identity would be obliged to keep it confidential"). Accordingly, should the Court grant the Motion, McMahon respectfully requests that it issue a limited protective order.

## CONCLUSION

For the foregoing reasons, McMahon respectfully requests that the Court deny Plaintiffs' Motion and require Plaintiffs to proceed under their legal names throughout the litigation. In the alternative, McMahon respectfully requests that the Court issue a limited protective order to mitigate prejudice to Defendants.

16

Dated: January 26, 2026

Respectfully Submitted,

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: */s/ Jessica T. Rosenberg*
    Jessica T. Rosenberg
    (admitted *pro hac vice*)
    Ilana Roberts
    (admitted *pro hac vice*)
    One Bryant Park
    New York, NY  10036
    Telephone: (212) 872-1000
    Facsimile: (212) 872-1002
    jrosenberg@akingump.com
    iroberts@akingump.com

**KRAMON & GRAHAM, P.A.**
John A. Bourgeois (Bar No. 11834)
Christopher C. Jeffries (Bar No. 28527)
750 East Pratt St., Suite 1100
Baltimore, MD 21202
Telephone: (410) 347-7408
Facsimile: (410) 361-8204
jbourgeois@kg-law.com
cjeffries@kg-law.com

17

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 26, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

*/s/ Jessica T. Rosenberg*
Jessica T. Rosenberg
