**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JOHN DOE 1, et al., | * |
| *Plaintiffs*, | * |
| v. | * |
| | No. 1:24-cv-03487-JKB |
| WORLD WRESTLING | * |
| ENTERTAINMENT, LLC, et al., | |
| *Defendants*. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ATTORNEY GENERAL OF MARYLAND'S
MOTION TO INTERVENE FOR A LIMITED PURPOSE AND
TO WAIVE THE PLEADING REQUIREMENT UNDER RULE 24(C)**

The Attorney General of Maryland ("the Attorney General"), pursuant to Rules 5.1(c) and 24 of the Federal Rules of Civil Procedure respectfully moves to intervene for the limited purpose of defending the constitutionality of the Maryland Child Victims Act, 2023 Md. Laws ch. 6 (the "CVA") and respectfully requests that this Court waive the requirement under Rule 24(c) that this motion is accompanied by "a pleading that sets out the claim or defense for which intervention is sought."  In support of this motion, the Attorney General states as follows:

1.      On October 23, 2024, this case was filed in the Circuit Court for Baltimore County.  (*See* ECF No. 1).  On December 2, 2024, Defendants World Wide Wrestling Entertainment, LLC ("WWE") and TKO Group Holdings, Inc. ("TKO") removed this action to this Court.  (ECF No. 1).

2. Also on December 2, WWE and TKO requested that this Court stay the proceedings on the basis that the claims against them would be time-barred if the CVA, which retroactively eliminated the statute of limitations to bring civil claims arising out of sexual abuse of a minor, was found to be unconstitutional. WWE and TKO asserted that the impact of the CVA in the case against them "is materially indistinguishable from three unrelated cases challenging the constitutionality of the CVA as applied to non-perpetrator defendants" that had recently been argued before the Supreme Court of Maryland. (ECF No. 2-1, at 2.) This Court granted the stay on December 4, 2024. (ECF No. 13.)

3. As the parties are aware, the Supreme Court of Maryland examined whether the CVA "constituted an impermissible abrogation of a vested right in violation of Article 24 of the Maryland Declaration of Rights and/or Article III, Section 40 of the Maryland Constitution." *See Roman Catholic Archbishop of Wash. v. Doe*, 489 Md. 514, 526 (2025). And on February 3, 2025, the Supreme Court of Maryland determined that it did not. *Id.* at 575.

4. Specifically, the Supreme Court of Maryland determined that the limitations period applicable to civil claims arising out of sexual abuse of a minor, which the CVA eliminated, was a statute of limitations, not a statute of repose. *Id.* at 568. As such, "it did not create a vested right to be free from liability, it was subject to alteration by the General Assembly, and the 2023 Act did not retroactively abrogate vested rights in violation of the Maryland Constitution and Declaration of Rights." *Id.*

5. The Supreme Court of Maryland applied a heightened rational-basis standard of scrutiny and determined that the CVA was constitutionally sound. *Id.* at 570-75.

6.    Following the court's decision, the stay in this matter was lifted on February 10, 2025.  (ECF No. 31.)

7.    Plaintiffs filed an Amended Complaint on April 28, 2025.  (ECF No. 51.)

8.    On June 11, 2025, in three separate motions, Defendants WWE and TKO, Defendant Vince McMahon, and Defendant Linda McMahon (collectively, the "Defendants") moved to dismiss the claims against them.  In their motions, no defendant raised any constitutional challenge to the CVA.  (*See generally* ECF Nos. 57-59.)  Their motions were granted in part and denied in part.  (*See* ECF No. 66.)

9.    On January 16, 2026, Defendants filed their Answers.  In their answers, each Defendant asserted in their affirmative defenses that the CVA was unconstitutional under the United States Constitution or the Maryland Constitution.

   a.    Defendant Vincent K. McMahon stated Plaintiffs' claims against Mr. McMahon are barred by the United States Constitution's Fifth Amendment takings clause, Article I ex post facto and contracts clauses, and the Fifth and Fourteenth Amendment due process and equal protection clauses, as well as by the Maryland Constitution and Declaration of Rights—including Article III, Section 40 and Articles 17, 19, and 24. (ECF 74, at 57.)

   b.    Defendant Linda E. McMahon stated: "Plaintiffs' claims for damages against Ms. McMahon arising out of Ms. McMahon's alleged tortious conduct may be barred by the Due Process Clauses of the Constitutions of the United States and Maryland." (ECF 75, at 41.)

c.      Defendants WWE and TKO stated: "United States Constitutional Protections: Plaintiffs' claims for damages against Defendants WWE and TKO arising out of Defendants WWE and TKO alleged tortious conduct may be barred by the Due Process Clauses of the Constitutions of the United States and Maryland," and "Plaintiffs' claims are barred by the United States Constitution's Fifth Amendment takings clause, Article I ex post facto and contracts clauses, and Fourteenth Amendment due process and equal protection clauses." (ECF No. 76 ¶¶ 406, 414.)

10.     On February 2, 2026, Defendants filed a Notice of a Constitutional Question pursuant to Federal Rule of Civil Procedure 5.1. (ECF No. 80.) The Notice stated: "Defendants claim that this statute is unconstitutional because it violates the Constitution's Fifth Amendment takings clause, Article I ex post facto and contracts clauses, and/or Fourteenth Amendment due process and equal protection clauses." (ECF No. 80.) The following day, this Court certified that the constitutionality of a state statute has been questioned. (ECF No. 81.)

11.     Pursuant to the Court's Order, ECF No. 81, the Attorney General has 60 days from the date of the order, or until April 6, 2026, to intervene.

12.     The Attorney General is entitled to intervene as a matter of right under Rule 5.1(c) which instructs that a state attorney general "may" elect to intervene in a case where a party challenges the constitutionality of a state statute. That Rule applies to this case because each of the defendants asserted in their Answers that the CVA may be unconstitutional.

4

13.     The Attorney General's interest in this case is defending the constitutionality of the CVA and not advocating for any party or parties on the ultimate merits of the case.

14.     While the defendants in this case have alluded to constitutional challenges in their respective Answers, including raising constitutional questions apparently already answered by the Supreme Court of Maryland, *compare* (ECF No. 74, at 57 (asserting CVA is unconstitutional under Article III, Section 40 of the Maryland Constitution and under Article 24 of the Maryland Declaration of Rights)) *with Roman Catholic Archbishop*, 489 Md. at 575 (upholding constitutionality of CVA under Article III, Section 40 of the Maryland Constitution and under Article 24 of the Maryland Declaration of Rights), they have not yet articulated what those challenges are.

15.     The constitutional questions have not been briefed and are not pending before this Court.  The Attorney General therefore cannot yet determine the basis for Defendants' assertions.  Nor can the Attorney General anticipate whether Defendants plan to litigate every assertion raised or whether they may abandon some of those challenges.  *See Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051-52 (D. Minn. 2010) (noting that asserted affirmative defenses are often ultimately abandoned).

16.     Accordingly, the Attorney General also requests that the pleading requirement under Rule 24(c) be waived.

17.     Waiving the pleading requirement under Rule 24(c) promotes judicial economy because it will allow the defendants to raise only the arguments they ultimately wish to make and for the Attorney General to respond only to those arguments actually

raised.  It will therefore also prevent this Court from having to consider unnecessary constitutional questions that Defendants may not have ultimately raised.

18.    Furthermore, there is no benefit to the Court that is lost by waiving the pleading requirement because Defendants have already stated the constitutional provisions under which they are challenging the constitutionality of the CVA.  Therefore, a pleading submitted by the Office of the Attorney General stating that the CVA is constitutional under those provisions would grant no additional clarity to the Court.

WHEREFORE, for the reasons stated herein, the Attorney General of Maryland requests that the Court enter an order granting intervention by the Attorney General of Maryland for the limited purpose of defending the constitutionality of the CVA, waive the requirement under Rule 24(c) requiring the Attorney General to file a pleading with this motion, and grant such other and further relief as may be appropriate.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Jessica M. Finberg

_____
JESSICA M. FINBERG
Federal Bar No. 31529
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
jfinberg@oag.maryland.gov
(410) 576-6921
(410) 576-6995 (facsimile)

Date:  March 31, 2026

## CERTIFICATE OF SERVICE

I certify that on March 31, 2026, copies of the Attorney General's Motion to Intervene for a Limited Purpose and to Waive the Pleading Requirement Under Rule 24(c) and accompanying Proposed Order were served by CM/ECF on all counsel of record.

/s/ Jessica M. Finberg
Jessica M. Finberg