IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOHN DOE 1, et al.,** | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **CIVIL NO. JKB-24-3487** |
| **WORLD WRESTLING** | * | |
| **ENTERTAINMENT, LLC, et al.,** | * | |
| **Defendants.** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion to Proceed Under Pseudonyms and for Protective Order (ECF No. 73). The Motion has been fully briefed (*see* ECF Nos. 78, 79, 82), and no hearing is required. *See* Local Rule 105.6 (D. Md. 2025). For the reasons that follow, Plaintiffs' Motion will be granted.

### I.    Background

This case concerns allegations of sexual abuse of children. (*See* ECF No. 55.)    Plaintiffs are adult men who allege they were sexually abused as children while working as "Ring Boys," assisting with errands and other tasks for wrestling events held by Defendant World Wrestling Entertainment, LLC ("WWE"), mostly in the 1980s. (*Id.*) The Court previously entered a Joint Interim Protective Order (ECF No. 47) authorizing Plaintiffs to proceed pseudonymously on the public record while disclosing their identities to Defendants privately, at least until any motions to dismiss were decided. (*Id.*) The Order states that "the Court will revisit this Protective Order, and the use of Identifying Information in discovery and the balance of this litigation, after any motions to dismiss are decided." (*Id.* at 5.) The Court has since largely denied Defendants' motions to dismiss (ECF No. 67) and ordered the Parties to meet and confer regarding the need for any further

protective order (ECF No. 68). The Parties did not reach an agreement on Plaintiffs' request to continue proceeding under pseudonyms. (*See* ECF No. 73.) Accordingly, Plaintiffs filed the pending Motion to Proceed Under Pseudonym. (*Id.*) Defendants Linda McMahon and Vincent McMahon oppose the motion, arguing that Plaintiffs should be required to publicly disclose their identities (ECF Nos. 78, 79); Defendants WWE and TKO Group Holdings, Inc. take no position on the Motion (*see* ECF No. 73 at 2).

## II. Legal Standards

There is a "general presumption of openness of judicial proceedings," based on the Federal Rules of Civil Procedure, common law, and the First Amendment. *Doe v. Doe*, 85 F.4th 206, 210 (4th Cir. 2023) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). Allowing litigants to proceed pseudonymously undermines that right of public access. *Id.* However, in "exceptional" circumstances, a district court may allow pseudonymous litigation if there are "sufficiently critical" "privacy or confidentiality concerns." *Id.* at 211. The Fourth Circuit has identified "five nonexhaustive factors for district courts to consider when deciding motions to proceed by pseudonym," known as the *James* factors:

> 1) Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
>
> 2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties;
>
> 3) the ages of the persons whose privacy interests are sought to be protected;
>
> 4) whether the action is against a governmental or private party; and
>
> 5) relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (quoting *James*, 6 F.3d at 238) (cleaned up). *James* mandates a "particularized assessment of the equities" in weighing these factors. 6 F.3d at 240 n.4.

2

### III. Analysis

Weighing the *James* factors, the Court concludes that Plaintiffs should be allowed to proceed pseudonymously. As Plaintiffs rightly assert, "the intensely personal nature of the allegations [and] the risk of re-traumatization" strongly favor granting their Motion. (ECF No. 73 at 3.) Though two of the *James* factors favor Defendants to some extent, they are not sufficiently weighty to overcome those factors that favor Plaintiffs.

### A. Plaintiffs' Request to Proceed Under Pseudonyms

First, Plaintiffs' justification for their request is plainly not "to avoid the annoyance and criticism that may attend any litigation" but rather that their allegations are sensitive and highly personal. (ECF No. 73 at 3–4.) The Court follows the Fourth Circuit in holding that allegations of sexual assault implicate privacy and confidentiality concerns "of the highest order." *Doe v. Sidar*, 93 F.4th 241, 248 (4th Cir. 2024). These concerns are particularly acute for allegations of sexual assault committed against children. Accordingly, this factor weighs strongly in Plaintiffs' favor. Defendants do not dispute as much but argue instead that this factor alone is insufficient to support Plaintiffs' request—not *every* plaintiff alleging sexual assault is entitled to proceed anonymously, and thus the Court must still ensure that further extraordinary circumstances support Plaintiffs' request. (ECF Nos. 78 at 7, 79 at 9.) Because the Court finds that other factors also favor Plaintiffs, this point is moot.

The Court is persuaded that public disclosure of Plaintiffs' identities would pose a risk of harm under the second *James* factor. Plaintiffs credibly argue that "there is a significant risk of subjecting Plaintiffs to re-traumatization if they are forced to publicly reveal their identities, making them permanently available on the Internet." (ECF No. 73 at 5.) Plaintiffs assert that they "have suffered from their childhood trauma in silence for decades, without informing many people closest to them" and that they alone "should be able to decide if they are ready, able, and willing"

3

to disclose their identities. (*Id.* at 5–6.) Defendants, by contrast, argue that Plaintiffs have not supported their "bare assertion" with any individualized or specific description of the claimed risk, as they must, nor with any evidentiary foundation, such as affidavits or declarations. (ECF Nos. 78 at 7, 79 at 10–13.)

Courts in this District and Circuit have commonly credited plaintiffs' assertions about the risk of harm that would result from disclosure of their identities without requiring evidentiary support. *See, e.g., J.E. v. Lyft, Inc.*, Civ. No. 25-02786-JRR, 2025 WL 3550596, at *2 (D. Md. Dec. 11, 2025); *Doe v. Bd. of Educ. of Anne Arundel Cnty.*, Civ. No. 25-01703-JRR, 2025 WL 1865786, at *2 (D. Md. July 7, 2025); *Doe v. Williams*, Civ. No. 23-5745-JDA-SVH, 2024 WL 1120175, at *1–2 (D.S.C. Mar. 14, 2024). Defendants do not cite any binding authority requiring the submission of such evidence. Thus, the Court will not require Plaintiffs to submit affidavits before finding that the second *James* factor favors them.

Rather, Plaintiffs' assertions, both in their Motion and in the Complaint, are sufficiently credible and particularized to support their request for pseudonymity. Among the "aggravating factors" Plaintiffs identify are the fact that "many people closest to them" are not aware of the abuse they allege they suffered, and the fact that this case—for many reasons—has received widespread media attention. (ECF No. 73 at 5–6.) Defendants complain that Plaintiffs themselves have generated some of that media attention (ECF Nos. 78 at 10, 79 at 11), but the Court finds that this is not the sole explanation. Defendants are public figures, whose counsel, like Plaintiffs' counsel, have made statements about the case to press, and the case relates to an "ongoing national conversation about sexual misconduct against minors and involving people with fame." (ECF No. 82 at 10.) The Court agrees with Plaintiffs that it is an aggravating factor favoring pseudonymity that this case has "captured the attention of the wrestling community, sports media, and other press." (ECF No. 82 at 9.) Nor is the Court persuaded by Defendants' suggestion that any risk of

4

re-traumatization is an inevitable result of the litigation process. (ECF Nos. 78 at 9–10, 79 at 12 ("Whether or not they proceed anonymously, Plaintiffs' will continue to relive th[e] details [of the alleged events] while preparing their case, responding to interrogatories, and testifying during depositions and at trial.").) Plaintiffs' position is not that proceeding pseudonymously will shield them from *all* harms, but that it will shield them from some—harms that result not from their participation in the case as such but from the public disclosure thereof. Under these circumstances, the Court finds that public disclosure of Plaintiffs' identities would indeed pose a risk of harming them. The second *James* factor, like the first, favors Plaintiffs.

The third *James* factor—Plaintiffs' ages—favors Defendants. Though the alleged abuse occurred while they were minors, Plaintiffs are now, and were at the time they filed their suit, adults. While courts in this District have sometimes noted plaintiffs' status as minors at the time of the alleged abuse in evaluating this factor, these courts have done so where the plaintiffs, while adults, remained *young* adults. *See Anne Arundel Cnty.*, 2025 WL 1865786, at *2. Here, Plaintiffs reached the age of majority long ago. Plaintiffs do not argue that this factor favors them (ECF No. 73 at 6), and the Court agrees with Defendants that Plaintiffs' ages at the time of the alleged abuse is most relevant to the first *James* factor, since allegations of sexual abuse committed against children are particularly sensitive and personal even beyond other allegations of sexual abuse (ECF No. 78 at 12).

Fourth, the Court finds that Defendants' status as private parties, rather than government entities, is neutral or at most weighs only very slightly in Defendants' favor. Defendants quote this Court's previous holding that where "both Parties are private parties, the unfairness of allowing one to protect their identity but not the other weighs against anonymity." *Doe v. Darden Rests., Inc.*, 736 F. Supp. 3d 297, 302 (D. Md. 2024). Defendants suggest that the rationale underpinning *James'* establishment of this factor as a pertinent one is that "[a]ctions against the

5

government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm." (ECF No. 78 at 13–14 (quoting *Doe v. Pittsylvania Cnty.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012)).) However, Defendants neglect to acknowledge this Court's countervailing consideration, also noted in *Darden Restaurants*, that where both parties are private parties, "the public interest in Plaintiff's identity is somewhat diminished." 736 F. Supp. 3d at 302 (citing *Doe v. Public Citizen*, 749 F.3d 246, 271 (4th Cir. 2014) ("The interest of the public and press in access to civil proceedings is at its apex when the government is a party to the litigation.")). The Court finds that Defendants' status as private parties weighs only slightly in Defendants' favor, at most.

Finally, the Court finds that the fifth *James* factor—the risk of unfairness to Defendants— weighs in Defendants' favor, but also that this risk can be mitigated to some extent by a carefully crafted Protective Order, the terms of which will be discussed further below. Plaintiffs argue that because they have already disclosed their identities to Defendants, there is no risk of prejudice to Defendants' interests (ECF No. 73 at 6), and indeed, cases in this District have found such disclosure to be pertinent to the risk of unfairness to defendants. *See, e.g., Darden Restaurants*, 736 F. Supp. 3d at 302–03; *J.E.*, 2025 WL 3550596, at *2. The Court finds that Defendants' awareness of Plaintiffs' identities limits the risk of unfairness to Defendants. However, Defendants argue that despite their knowledge of Plaintiffs' identities, permitting Plaintiffs to proceed under pseudonym is still unfair to them for several reasons. (ECF Nos. 78 at 14–18, 79 at 15–19.)

First, "[w]here liability has not been established, there is at least some risk that jurors may view a decision to let one side proceed anonymously as suggesting that the anonymous party's claims are valid or that it has the better case than the non-anonymous party." *Sidar*, 93 F.4th at 249. But this risk is realized only at trial, and as is discussed further below, the Court will

6

reevaluate Plaintiffs' position before trial—the Protective Order that the Court will issue now shall govern the litigation only up until pretrial proceedings. Thus, this argument fails (for now).

Second, Defendants argue that permitting Plaintiffs to litigate under pseudonyms would "severely hinder[] Defendants' ability to mount a defense" because it causes an "asymmetry in fact-gathering," especially because this case involves substantial publicity. (ECF No. 79 at 16 (citing *Doe v. Combs*, Civ. No. 23-10628, 2024 WL 863705, at *4 (S.D.N.Y. Feb. 29, 2024)).) Defendants explain that this asymmetry in fact gathering has already played out in this case—after Plaintiffs filed and publicized their complaint, three additional Plaintiffs came forward with similar allegations against Defendants, and their claims were added to the First Amended Complaint. (*Id.* at 17.) But Plaintiffs' anonymity does not affect the likelihood of unknown witnesses coming forward *against* Defendants, who will remain named whether Plaintiffs' Motion is granted or not. Rather, Plaintiffs' anonymity would only affect the likelihood of unknown witnesses coming forward against Plaintiffs. The Court recognizes that "concealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses," *Doe v. Del Rio*, 241 F.R.D. 154 (S.D.N.Y. 2006), and the Court agrees with Defendants that this poses some degree of risk to them. However, because Defendants are aware of Plaintiffs' identities, the Court does not find this risk to be overwhelming. Defendants will have ample opportunity to pursue discovery concerning Plaintiffs' allegations and their credibility even without public disclosure of their names, and as discussed further below, the Court will ensure that the terms of its Protective Order impinge on Defendants' ability to conduct discovery to the smallest extent possible.

Third, Defendants highlight the inherent unfairness of one-sided anonymity. Quoting the Fourth Circuit in *Sidar*, they explain:

7

> For one, there is a concern that anonymity may serve as a shield behind which false or defamatory charges may be launched without shame or liability, thus creating the risk a blameless defendant will suffer embarrassment and reputational damage merely by being sued. There is also the one-sidedness of allowing a plaintiff to have [their] cake and eat it too by gaining the ability to stay anonymous if they lose—thus avoiding reputational harms from disclosing the underlying facts or bringing an unsuccessful lawsuit—while retaining the power to reveal their identity if they win.

93 F.4th at 249 (citations omitted). Here too, the Court agrees that these considerations reflect some degree of risk to Defendants. But these risks are inherent in any situation where Plaintiffs are permitted to proceed pseudonymously, and the Court does not find that they apply here with any great or heightened force.

In light of the considerations above, Plaintiffs will be allowed to proceed pseudonymously. The Court finds that the first *James* factor—the deeply personal and sensitive nature of Plaintiffs' allegations—is the weightiest here, and by a good margin, and to the extent that other *James* factors favor Defendants, they do not outweigh Plaintiffs' interests. The totality of the circumstances support Plaintiffs' Motion.

### B. Appropriate Terms for a Protective Order

Plaintiffs also request entry of a protective order in "substantially in the same form as the Interim Protective Order," which, *inter alia*, permits Defendants to disclose identifying information about Plaintiffs to experts, investigators, current and former employees with knowledge of the alleged facts, and other witnesses who are deposed or asked to give testimony, on the conditions that Defendants' counsel reasonably determines that such individuals need to know such information for purposes of their testimony, and that such individuals agree to themselves be bound by the terms of the protective order. (ECF No. 73.) Both Defendants oppose entry of such an order. Defendant Linda McMahon "does not oppose the entry of an order setting forth confidentiality terms applicable to sensitive discovery materials," such as the model order set forth in Appendix D of this District's Local Rules, but Ms. McMahon does oppose a protective

8

order governing disclosure of Plaintiffs' identities more generally. (ECF No. 78 at 19.) Defendant Vincent McMahon opposes the entry of *any* protective order, but requests that if the Court grants Plaintiffs' request to proceed pseudonymously, that the Court include several specific terms in the resultant order. (ECF No. 79 at 19.) In particular, Mr. McMahon requests a protective order that

- is limited to only pre-trial stages of this litigation,

- permits Defendants to reveal Plaintiffs' names to potential witnesses without first securing their agreement to abide by the terms of the order,

- excludes from its purview witnesses identified by Plaintiffs,

- restricts Plaintiffs and their counsel from making public statements and/or issuing press releases during the course of the litigation, and

- provides for the parties' ability to petition the Court for modification should the need arise.

(*Id.*)

For the reasons discussed above, the Court finds it appropriate to enter a protective order governing the Parties' disclosure of Plaintiffs' identifying information, which applies generally and not just to documents exchanged in discovery and deposition testimony (like the model order Ms. McMahon references). The Court will order the Parties to negotiate specific terms that are consistent with its ruling that Plaintiffs shall be permitted to proceed under pseudonym and that their identifying information shall be kept confidential to the greatest extent possible, and consistent with the following terms.

The Court will grant Mr. McMahon's first request—the protective order shall be limited to pretrial phases of this case and shall be reevaluated upon the request of any Party during pretrial proceedings. The Court will also grant Mr. McMahon's request to permit the Parties to petition the Court for modification of the protective order should the need for reconsideration arise sooner than trial, though the Parties should bear in mind that any such request should be supported by a clear change in circumstances or law. The Court will deny Mr. McMahon's request to prohibit or

restrict Plaintiffs and their counsel from making public statements in the course of the litigation, though the Court notes that Plaintiffs may risk waiver of their right to remain anonymous in this litigation if they make public statements that voluntarily reveal their identities, actually or effectively, as Plaintiffs in this case. Finally, the Court instructs that the terms of the protective order shall permit Defendants to disclose Plaintiffs' identifying information to the same categories of individuals as are identified in Paragraph 3 of the Interim Protective Order (ECF No. 47 ¶ 3), as well as to individuals from whom Defendants reasonably seek informal discovery, under similar conditions as were required previously. In particular, such disclosure of identifying information shall be made only if Defendants' counsel reasonably determine that such individuals need to know identifying information in order to provide testimony or informal discovery; disclosure shall be limited to only as much identifying information that the witness reasonably needs to know; disclosure shall never be made to the media or press; and Defendants' counsel shall make reasonable efforts to promote a climate of privacy surrounding Plaintiffs' identifying information, including by affirmatively informing any individuals to whom they are disclosing identifying information that there is a protective order in place which prevents them from disclosing such information except in specific narrow circumstances. The Court will not, however, require as a condition of such disclosure that any witness to whom identifying information is disclosed themselves agree to abide by the terms of the protective order—the Court is persuaded by Defendants' arguments that such a term would overly burden their ability to conduct discovery.

The Court finds that the above terms reflect an appropriate balancing of the risk of harm that disclosure of identifying information poses to Plaintiffs, on the one hand, and the risk of unfairness that pseudonymity poses to Defendants, on the other.

## IV.     Conclusion

For the reasons stated above, it is hereby ORDERED that:

1.  Plaintiffs' Motion to Proceed Under Pseudonyms and for Protective Order (ECF No. 73) is GRANTED and Plaintiffs MAY PROCEED under pseudonym; and

2.  Within thirty (30) days of entry of this Memorandum and Order, the Parties SHALL JOINTLY SUBMIT for the Court's consideration a protective order consistent with the terms set forth above.

DATED this /4 day of May, 2026.

BY THE COURT:

James K. Bredar
United States District Judge