**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JOHN DOE 1, et al. <br><br>         Plaintiffs, <br><br>     v. <br><br> WORLD WRESTLING ENTERTAINMENT, LLC, et al. <br><br>         Defendants. | Civil Action No. 1:24-cv-3487-JKB |

**STIPULATION AND [PROPOSED] PRETRIAL ORDER OF CONFIDENTIALITY**

WHEREAS, pursuant to Federal Rule of Civil Procedure 26(c), by and among the undersigned attorneys for the parties to this action (the "Litigation"), it has been agreed that this Stipulation and Order of Confidentiality (the "Order" or "Confidentiality Order") shall govern the handling of discovery in this Litigation as further provided herein, including, but not limited to, documents, responses to document requests, deposition testimony, deposition exhibits, answers to interrogatories, responses to requests to admit, electronically stored information ("ESI"), and certain other written, recorded or graphic matter ("Discovery Material"), where applicable, produced by or obtained from any party or non-party from whom Discovery Material may be sought (the "Producing Party") during this Litigation;

WHEREAS, pursuant to this Court's May 15, 2026 Order, this Order shall set out the terms governing the parties' disclosure of Plaintiffs' identifying information during the pretrial phase of this Litigation;

IT IS HEREBY ORDERED THAT:

### I.    Plaintiffs' Identifying Information.

(A)    For purposes of this Section, "Identifying Information" refers to the names, current and former residential addresses, dates of birth, social security numbers of the pseudonymous Plaintiffs in this Litigation or Plaintiffs' family members, or any other information reasonably likely to reveal Plaintiffs' true identities, including which pseudonym applies to which Plaintiff.

(B)    Plaintiffs' Identifying Information shall be kept confidential to the greatest extent possible, consistent with the terms stated herein.

(C)    Any party may petition the Court for modification of the provisions of Section I governing the Plaintiffs' Identifying Information prior to trial, which must be supported

1

by a clear change in circumstances or law if the party seeks modification sooner than the close of the pretrial phases of this case.

(D)    Defendants' counsel of record may disclose Identifying Information only to the following:

(i)    the individual Defendants provided that prior to furnishing the Identifying Information, Paragraph I(E) of this Order has been complied with;

(ii)    in-house and outside attorneys for Defendants and their legal staff, including but not limited to paralegals, clerical staff, and other assistants;

(iii)    experts, investigators, or consultants retained by the parties in this Litigation, provided that prior to furnishing the Identifying Information, Paragraph I(E) of this Order has been complied with;

(iv)    Defendants' current and former employees whom Defendants' counsel reasonably believe may have knowledge of the facts alleged by Plaintiffs in this action and whom Defendants' counsel of record determines are reasonably necessary to assist in the defense of this case;

(v)    witnesses who may be deposed or asked to give testimony and whom Defendants' counsel of record reasonably determine need to know the Identifying Information for purposes of their testimony, provided that any such disclosure to each witness shall be limited to only so much of the Identifying Information as that witness reasonably needs to know;

(vi)    the Court and its personnel;

(vii)    court reporters, stenographers, or videographers;

(viii)    outside photocopying, graphic production services, or litigation support services acting under the direction of Defendants' counsel; and

(ix)     individuals from whom Defendants reasonably seek informal discovery whom Defendants' counsel reasonably believe may have knowledge of the facts alleged by Plaintiffs in this action and whom Defendants' counsel of record determines are reasonably necessary to assist in the defense of this case.

(E)     Any disclosure of Identifying Information pursuant to this Section shall be subject to the following conditions:

(i)     Disclosure shall be made only if Defendants' counsel reasonably determines that such individuals need to know Identifying Information in order to provide testimony or informal discovery;

(ii)     Disclosure shall be limited to only so much of the Identifying Information that the witness reasonably needs to know;

(iii)     Disclosure shall never be made to the media or press, except to the extent that Plaintiffs have alleged certain members of the press have relevant information; and

(iv)     Defendants' counsel shall make reasonable efforts to promote a climate of privacy surrounding Plaintiffs' Identifying Information, including by affirmatively informing any individuals to whom they are disclosing Identifying Information that there is a protective order in place which prevents them from further disclosure of such information except in specific narrow circumstances; however, nothing in this Order shall require, as a condition of disclosure of Identifying Information, that any witness or individual to whom such information is disclosed agree to comply with the terms of this Order.

(F)     Nothing in this Order shall bar Defendants from using the Identifying Information to defend against the claims brought in the instant matter, but Defendants' use of the Identifying Information shall be solely for the defense of this Litigation, and not for any business,

commercial, or any other purpose unrelated to this Litigation, except by consent of the disclosing Party or further Order of the Court. Defendants' counsel shall inform each person to whom they disclose Identifying Information pursuant to this Order that there is a protective order in place which prevents them from disclosing such information except in specific narrow circumstances as set forth in this Order.

(G)    Any document, exhibit, brief, or pleading containing Identifying Information that a party wishes to file in Court, or any portion thereof that contains or references Identifying Information, shall be filed in redacted form or under seal in accordance with this Court's Electronic Case Filing Civil Procedures for sealed documents and the procedures set forth in Section III ("Confidential Information Filed with Court") of this Order, even if the filing party disagrees with or seeks to contest that the materials contain or reference Identifying Information.

(H)    If a person bound by this Order inadvertently discloses Identifying Information to a person not authorized to receive that information, that person shall give notice to the undersigned counsel for the Defendant who provided such Identifying Information, who shall in turn give notice of the unauthorized disclosure to Plaintiffs' counsel of record promptly following discovery of such disclosure.  The person disclosing the Identifying Information shall make a reasonable effort to retrieve the information that was disclosed without authorization and to limit the further dissemination or disclosure of such information.

(I)    If a person bound by this Order becomes aware of an unauthorized disclosure of Identifying Information by a non-party who received such information pursuant to this Section, and such disclosure has not already been reported to Plaintiffs' counsel of record pursuant to the preceding Paragraph, that person shall promptly give notice to the undersigned counsel for the Defendant who provided such Identifying Information (or to the undersigned

4

counsel for all Defendants if the provider of Identifying Information is unknown), who shall in turn promptly give notice of the unauthorized disclosure to Plaintiffs' counsel of record.

(J)    If any person subject to this Order who has custody of any Identifying Information is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Identifying Information, that person (hereinafter "the Receiver") shall (i) give written notice (and include with that notice a copy of the subpoena, document demand, or request) by hand, overnight delivery, facsimile transmission or email promptly, and in no event later than five (5) business days after receipt of such subpoena or document demand and, (ii) except as ordered otherwise by a court of competent jurisdiction, refrain from producing any Identifying Information in response to such a subpoena or document demand until the earlier of (a) receipt of written notice from the Plaintiffs that they do not object to disclosure of the Identifying Information or (b) resolution of any objection asserted by the Plaintiffs, either by agreement or by order of the court with jurisdiction over the objection of the Plaintiffs.  The person to whom the subpoena or document demand is directed shall make all reasonable good faith efforts to provide the Plaintiffs a reasonable period of time in which Plaintiffs may seek to quash or limit the subpoena, otherwise oppose disclosure of the Identifying Information, and/or to move for any protection for the Identifying Information, before the person to whom the subpoena or document demand is directed takes any action to comply.  Unless prohibited by law or court order, the Receiver shall promptly inform in writing the party who caused the subpoena or document demand to be issued that some or all of the material covered by the request is the subject of this Order. The burden of opposing the enforcement of the subpoena shall fall solely upon the Plaintiffs, and in no event shall such Identifying Information subject to this Order be produced by a person receiving a subpoena or document demand without providing

5

the Plaintiffs an opportunity to quash or object, absent a court order to do so.  Notwithstanding the foregoing, unless the Plaintiffs submit a timely written objection seeking an order that the subpoena not be complied with, and serves such objection upon the Receiver by hand, overnight delivery, facsimile transmission or email before the date for production pursuant to the subpoena, the Receiver shall be permitted to produce documents responsive to the subpoena on the subpoena response date.  Compliance by the Receiver with any court order directing production pursuant to the subpoena of any Identifying Information shall not constitute a violation of this Order.  Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal any order directing production of Identifying Information covered by this Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

(K)    Nothing in this Order shall bar Defendants from raising any arguments challenging or objecting to Plaintiffs proceeding under pseudonyms.  Defendants do not waive, and expressly reserve, all of their arguments with respect to Plaintiffs' claims and the relief sought in the operative Complaint.

**II.    Designation of Discovery Material as Confidential.**

(A)    All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, all deposition testimony and deposition exhibits, and all other Discovery Material as so defined shall be subject to this Order concerning confidential information, as set forth below.

(B)    In producing Discovery Material, any party may designate as "Confidential" pursuant to this Order any material or testimony and information contained therein

6

that it reasonably and in good faith believes to contain information that requires the protections provided in this Order ("Confidential Discovery Material"), as set forth in Paragraph II(F) below.

(C)    The designation of Discovery Material as "Confidential" Discovery Material for purposes of this Order shall be made in the following manner by the Producing Party:

(i)    In the case of electronic or paper documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend "Confidential" to each page containing any Confidential Discovery Material (or, in the event that any documents are produced in native format, by affixing such notice to the slip sheet for such document).  ESI designated as "Confidential" shall be so designated by including such notice in the body of the electronic document or by affixing a stamp with such notice on the medium (including, but not limited to, tapes, CDs, DVDs and flash drives) on which the electronic data is stored before copies are delivered to any party receiving such information.  Print-outs of any such electronic information designated as Confidential Discovery Material shall be treated in accordance with the terms of this Order.

(ii)    In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) that contains Confidential Discovery Material shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, and/or (ii) by written notice served on counsel of record in this Litigation and any court reporter within fourteen (14) days after the receipt of the official transcript of such proceeding, provided that all testimony, exhibits and transcripts of depositions or other testimony shall be treated as "Confidential" before such fourteen (14) day period has expired.  The designating party shall direct the court reporter that the confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential

Discovery Material.  The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

(iii)    The inadvertent or otherwise excusable failure to designate Discovery Material as "Confidential" in accordance with Paragraphs II(C)(i) and (ii) herein does not constitute a waiver of such claim, provided that the Producing Party gives supplemental written notice promptly after discovering the omission and the receiving party (the "Receiving Party") is not prejudiced by the delay.  Upon such notice, the Discovery Material will be subject to the protections of this Order from the time it is designated "Confidential."

(D)    All Discovery Material designated as "Confidential" or information derived therefrom shall be used solely for the prosecution or defense of this Litigation, including any appeal, retrial, settlement, or the enforcement of insurance rights, and not for any business, commercial, or any other purpose unrelated to this Litigation, except by consent of the Producing Party or further Order of the Court.

(E)    In submitting Discovery Material to the Court in connection with any submissions or filings, any party may designate as "Confidential" pursuant to this Order any material or testimony and information contained therein that it reasonably and in good faith believes to contain Confidential Discovery Material, as set forth in Paragraph II(F) below, such that the party believes that good cause exists for the filing and maintenance of such documents and information under seal.

(F)    For purposes of this Order, Discovery Material may be designated as "Confidential Discovery Material" only if the designating party reasonably and in good faith believes that the material is non-public and contains information for which confidential treatment

is warranted under Fed. R. Civ. P. 26(c), including information that falls within one or more of the following categories:

        (i)      Identifying Information, as defined in Paragraph I(A);

        (ii)     personal information of a sensitive nature, including, but not limited to, healthcare records, mental healthcare records, and employment records;

        (iii)    proprietary information that is in fact confidential;

        (iv)    personnel-related information;

        (v)     information constituting or relating to trade secrets;

        (vi)    personal and business financial information;

        (vii)   financial or business plans and strategies;

        (viii)  projections or analyses that are in fact confidential;

        (ix)    studies or analyses by internal or outside experts, attorneys or consultants that are in fact confidential;

        (x)     competitive analyses;

        (xi)    organizational development and planning materials that are in fact confidential;

        (xii)   marketing plans and strategies;

        (xiii)  pricing of goods and services;

        (xiv)  financial, tax, or accounting results or data; or

        (xv)   any other information for which applicable federal, state, or foreign law requires confidential treatment.

(G)   Public disclosure of information designated as Confidential Discovery Material, other than an inadvertent or unauthorized disclosure, may provide a basis for de-designation through the process set out herein.

(H)   Nothing in this Order shall be construed to provide less protection to confidential information designated by the parties than the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Maryland.

(I)   The designation by any party of any Discovery Material as "Confidential" shall constitute a representation that such Discovery Material has been reviewed by an attorney, law clerk, or paralegal working under the supervision of an attorney for the designating party and that there is a good faith basis for such designation.  Blanket designations of entire document productions as "Confidential" are not permitted.  Each designation must reflect a good-faith, document-level determination that the material warrants confidential treatment under Paragraph II(F).  Nothing herein prevents designation of an entire document, collection, or production volume where the designating party has made a good-faith determination that each document or portion so designated satisfies Paragraph II(F).

(J)   Other than upon the prior written consent of the Producing Party or order of the Court, no person subject to this Order (including any witness to whom Confidential Discovery Material has been provided pursuant to Subparagraph (vii) below) shall disclose, summarize, describe, characterize, or otherwise communicate or make available Confidential Discovery Material in whole or in part to any other person whomsoever, except to the individuals described in the below subparagraphs.  Any disclosure permitted by this Paragraph may be made only to the following persons and only to the extent reasonably necessary to prosecute and defend the Litigation:

(i)    the parties and counsel who represent parties to this Litigation, including any in-house counsel, and regular or temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of the Litigation for use in accordance with this Order;

(ii)    subject to Paragraph II(J), the parties' experts, consultants, or outside investigators (including their professional staff) assisting counsel for parties to this Litigation who execute a signed exhibit agreeing to be bound by the terms of this Order and agreeing not to disclose or use any Confidential Discovery Material in a manner or for purposes other than those permitted herein; provided that under no circumstances shall an expert or consultant who is known to be a current competitor or a current employee of a known competitor of a party, or who is providing services to any of the foregoing without the retaining party first making a reasonable inquiry and obtaining a written certification from the expert or consultant that the expert or consultant is not engaged in competitive decision-making for or on behalf of such competitor in a manner that would create a material risk of misuse of the Confidential Discovery Material, be provided access to Confidential Discovery Material absent further order of the Court or consent of the Producing Party, unless such person is an author, addressee, or recipient of such Confidential Discovery Material.  "Competitors" are persons or entities endeavoring to engage in the same or similar line of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any persons who are actually engaged in any of these activities;

(iii)    the Court and its employees, any appellate court in this Litigation, and jurors, pursuant to this Order;

(iv)    court reporters, stenographers, or videographers employed in connection with this Litigation and their support personnel;

(v)    deposition stenographers or videographers recording testimony and their support personnel;

(vi)    any fact witness called to testify at a deposition in this Litigation who (a) is indicated on the face of a document or accompanying written correspondence or other documents to be the author, addressee, or a copy recipient (including "bcc" recipient) of the document, or any other person who otherwise is shown to have previously received a copy of the document not in violation of this Order or any other obligation of confidentiality; or (b) has executed a signed Exhibit A agreeing to be bound by the terms of this Order and agreeing not to disclose or use any Confidential Discovery Material in a manner or for purposes other than those permitted herein;

(vii)    any fact witness called to testify at a trial in this Litigation (and their counsel), during the course of his or her testimony in this Litigation, for use in accordance with this Order, provided such person, prior to disclosure, has been advised of the contents of this Order;

(viii)    outside photocopying, data processing, graphic production services, litigation support services, employed by the parties or their counsel to assist in the Litigation, and outside computer personnel performing duties in relation to a computerized litigation system;

(ix)    special masters, mediators, or arbitrators appointed by the Court or retained by the parties for settlement purposes or resolution of discovery or other disputes and their staff;

(x)    any insurers and reinsurers of the parties to these proceedings, and counsel to such insurers and reinsurers; and

(xi)    any other person upon order of the Court or upon stipulation of the party that designated the Discovery Material as "Confidential."

(K)    Confidential Discovery Material may be provided to those parties identified in Paragraphs II(J)(ii) and II(J)(vi), provided that such parties sign an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Order and agreeing not to disclose or use any Confidential Discovery Material in a manner or for purposes other than those permitted herein. Persons identified in Paragraph II(J)(ix) need not sign Exhibit A if appointed by the Court or otherwise already bound by duties of confidentiality, but mediators, arbitrators, and their staff retained privately by the parties shall execute Exhibit A unless the parties agree otherwise.

(L)    Confidential Discovery Material may be provided to those identified in Paragraph II(J)(ii) to the extent reasonably necessary for such expert, consultant, or investigator to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Litigation, provided that: (i) the retaining party believes in good faith, following reasonable inquiry, that such expert, consultant, or investigator is not a current employee of, or engaged in competitive decision-making for or on behalf of, any party or person known to be a competitor of any party to this Litigation, and shall not disclose Confidential Discovery Material to such person absent consent of the Producing Party or further order of the Court; (ii) such expert or consultant or investigator is using said Confidential Discovery Material solely in connection with this Litigation; and (iii) any report created by such expert, consultant, or investigator relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "Confidential" by the party responsible for its creation.

13

(M)     Counsel for the party showing or disclosing Confidential Discovery Material to any person required to execute an undertaking pursuant to Paragraph II(J) shall be responsible for obtaining such signed undertaking and retaining an executed copy thereof.

(N)     All pleadings, briefs, or memoranda that are filed under seal or in redacted form pursuant to this Order and that reproduce, paraphrase, or disclose any documents that have been designated as Confidential Discovery Material shall, to the extent reasonably practicable, identify such documents by the production number ascribed to them at the time of production.

(O)     Each party must promptly advise the Producing Party through counsel of any losses, or compromises of the confidentiality, of the Confidential Discovery Material governed by this Order.  If any person receiving documents covered by this Order learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Order (the "Unauthorized Discloser"), the Unauthorized Discloser must, as soon as practicable, (a) notify counsel of record for the party who provided the documents to the Unauthorized Discloser of the unauthorized disclosures, (b) make reasonable efforts to either retrieve all copies of the Confidential Discovery Material or obtain certification from the person or persons to whom unauthorized disclosures were made that all copies of the Confidential Discovery Material were destroyed, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute Exhibit A.

(P)     Any party may designate as Confidential any Discovery Materials that contain Confidential Discovery Material produced by another party or non-party, provided that such Discovery Materials contain the designating party's own confidential information, in either original or summarized form.  Any such designation of a document shall be made promptly after

14

the date of its production to the designating party, unless good cause is shown for a later designation.  Such designations shall be accomplished by providing written notice to all parties identifying (by production number, transcript line and page number, or other individually identifiable information) the document, testimony or other information so designated.

(Q)    Confidential Discovery Material that the Producing Party has produced, whether voluntarily, under subpoena or otherwise, to any regulator (including any division of any federal, state or local government in the U.S. or abroad, any division of any foreign government, or any industry self-governing, licensing or insuring entity), or that is subsequently produced by the Producing Party to any such regulator, shall continue to be subject to this Order and shall not cease to be Confidential Discovery Material solely because it has been produced to a regulator or because a regulator has made it available to one or more third parties on a non-public basis; provided, however, that if such material has been made publicly available by a regulator or has otherwise entered the public domain other than through a violation of this Order, any Receiving Party may seek de-designation under Paragraph V(A), and the designating party shall bear the burden of establishing that continued confidential treatment is warranted.  Notwithstanding the foregoing, the Receiving Party may challenge the continued confidentiality of such Confidential Discovery Material on the ground that it was produced to a regulator or other third party, made public, or for any other reason, pursuant to the procedures set forth in Paragraph V(A).

(R)    Counsel for the parties shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings.  If counsel for the parties cannot agree on an approach, the matter shall be presented to the Court.

**III.   Confidential Information Filed with Court.**

(A)   To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11.  Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be without prejudice to the filing party's right to challenge confidentiality or sealing under Paragraph V(A). Where the filing party seeks to file material designated Confidential by another party and does not believe sealing or redaction is warranted, the filing party shall file any Interim Sealing Motion required by the Local Rules to preserve the status quo, but the designating party shall bear the burden of establishing that sealing or redaction is warranted and shall provide the factual support required under L.R. 105.11. The filing of an Interim Sealing Motion by a non-designating party shall not be deemed an agreement that sealing or redaction is warranted.

(B)   Any information inadvertently filed on the public docket should not be construed as a waiver of any Confidentiality designation.

**IV.   Party Seeking Greater Protection Must Obtain Further Order.**

(A)   No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by Paragraph II of this Order,

unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

V.      **Challenging Designation of Confidentiality of Discovery Materials.**

(A)     In the event that the Receiving Party disagrees at any time with any confidentiality designation made by the designating party, the Receiving Party shall notify the designating party in writing and the parties shall meet and confer in good faith. If the dispute is not resolved, the designating party shall bear the burden of moving to maintain the challenged designation. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.  Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated information will remain protected under this Order.

(B)     Notwithstanding any other provision of this Order, a non-party recipient of Confidential Discovery Material may, at any time, notify the Producing Party and all other parties to the Litigation that the recipient does not concur in the designation of a document or other material as Confidential Discovery Material.  The objecting party must notify the Producing Party in writing of that objection, and counsel for the Producing Party and the objecting party shall meet and confer in an effort to resolve any disagreement regarding the Producing Party's designation of the Discovery Material as Confidential.  If they are unable to resolve any dispute about the proper designation of such Discovery Material, counsel for all affected persons will address their dispute to the Court to obtain a ruling.  If no request to de-designate documents is made to the Court, such documents or materials shall continue to be treated as Confidential Discovery Material.  If such request to the Court is made, the documents or other materials shall maintain their status as Confidential Discovery Material, in accordance with the Producing Party's designation, unless and until the Court rules otherwise.  Pursuant to such ruling, the Producing Party shall provide to each

17

other party replacement versions of such Discovery Material that reflects the de-designation within a reasonable time after resolution by the Court of any dispute.

VI.    **Disclosure of Privileged Material; Clawback**

(A)    This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  Subject to the provisions of this Order, if a party (the "Disclosing Party") discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege, attorney work product protection, or any other applicable privilege or immunity ("Privileged Material"), the disclosure of that Privileged Material will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Privileged Material and its subject matter.  This Order shall be interpreted to provide the maximum protection allowed under applicable law.  The provisions of Federal Rule of Evidence 502(b) are inapplicable to the disclosure of Privileged Material under this Order.

(B)    The process for handling and return of disclosed Privileged Material shall be as follows:

(i)    If the Disclosing Party has disclosed or made available to the Receiving Party information it claims to be Privileged Material, the Disclosing Party may notify the Receiving Party of its claim and the basis for it.

(ii)    Upon such notification, the Receiving Party must:

1)    take reasonable efforts pursuant to Rule 26 of the Federal Rules of Civil Procedure to promptly return, sequester, or destroy the Privileged Material, any

reasonably accessible copies it has, and any work product reflecting the contents of the Privileged Material;

2)    not use or disclose the information until the privilege claim is resolved; and

3)    take reasonable steps to retrieve the information if the Receiving Party disclosed it to any other person or entity before receiving notice.

(iii)    For purposes of this Order, Privileged Material that is not reasonably accessible because of undue burden or cost is sequestered.

(iv)    Upon the request of the Disclosing Party, the Receiving Party shall provide a certification to the Disclosing Party that it has undertaken the foregoing efforts, and that it will cease further review, dissemination, and use of the Privileged Material unless and until the privilege claim is resolved in the Receiving Party's favor.

(C)    If, at any time, a party or non-party discovers that it produced or disclosed Privileged Material, it may promptly notify the Receiving Party and identify with particularity the Privileged Material and the basis for the claim (the "Claw-Back Notification").  Upon receiving a Claw-Back Notification, the Receiving Party shall comply with Paragraph VI(B). Nothing in this Paragraph shall preclude the Receiving Party from challenging the privilege or protection claim, provided that the Receiving Party may not use or disclose the challenged material unless and until the claim is resolved by agreement of the parties or order of the Court.

(D)    Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and/or Confidential and to inform the Disclosing Party that such materials have been produced.

(E)     Nothing in this Order limits the right of any party to petition the Court for *in camera* review of the privileged information.

### VII.     Protected Material Subpoenaed or Ordered Produced in Other Litigation

(A)     If a Receiver is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Discovery Material that was produced or designated as "Confidential" by someone other than the Receiver, the Receiver shall (i) give written notice (and include with that notice a copy of the subpoena or request) by hand, overnight delivery, facsimile transmission or email promptly, and in no event later than three (3) business days after receipt of such subpoena or document demand, to those who produced or designated as "Confidential" the material and, (ii) except as ordered otherwise by a court of competent jurisdiction, refrain from producing any Discovery Material that has been designated "Confidential" in response to such a subpoena or document demand until the earlier of (x) receipt of written notice from the Producing Party that such party does not object to production of the designated Discovery Material or (y) resolution of any objection asserted by the Producing Party, either by agreement or by order of the court with jurisdiction over the objection of the Producing Party.

(B)     The person to whom the subpoena is directed shall make all reasonable good faith efforts to provide the Producing Party a reasonable period of time in which to seek to quash the subpoena, or to move for any protection for the Confidential Discovery Materials, before the person to whom the subpoena is directed takes any action to comply with the subpoena.  The burden of opposing the enforcement of the subpoena shall fall solely upon the Producing Party, and in no event shall such Discovery Materials subject to this Order be produced by a person

20

receiving a subpoena without providing the Producing Party an opportunity to quash or object, absent a court order to do so.

(C)    Notwithstanding the foregoing, unless the Producing Party submits a timely written objection seeking an order that the subpoena not be complied with, and serves such objection upon the Receiver by hand, overnight delivery, facsimile transmission or email before the production pursuant to the subpoena, the Receiver shall be permitted to produce documents responsive to the subpoena on the subpoena response date.

(D)    Compliance by the Receiver with any order directing production pursuant to the subpoena of any Confidential Discovery Material shall not constitute a violation of this Order.  Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal any order directing production of Confidential Discovery Material covered by this Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

## VIII.    Data Security.

(A)    The parties each agree, as a party receiving information in this proceeding (a "Controlling Party"), to protect and maintain the security of the information produced by implementing reasonable technical and organizational measures consistent with the sensitivity of the material and the practices of law firms, litigation-support vendors, and experts handling comparable litigation materials.  Such measures may include, as appropriate, encryption in transit or at rest, access controls, secure storage, and periodic review of security practices.

(B)    An Information Security Incident ("ISI") occurs when a Controlling Party confirms or reasonably determines, based on credible information, that any unauthorized party has accessed, acquired, or is reasonably likely to have accessed or acquired information produced in

21

this proceeding.  Upon identifying an ISI or potential threat thereof, the Controlling Party agrees to:

(i)       Promptly, and in no case more than twenty-four (24) hours after the Controlling Party reasonably determines, based on credible information, that an ISI has occurred or is reasonably likely to have occurred, provide preliminary notice to all implicated parties and their respective counsel, including non-privileged information then reasonably available, with supplemental non-privileged information to be provided as appropriate.

(ii)      Promptly take all necessary steps to minimize the impact of the ISI.

(iii)     Reasonably cooperate with the implicated parties and, where reasonably necessary to investigate, mitigate, or remediate the ISI, appropriate third parties with a legitimate need to participate in the response, including by providing relevant non-privileged details concerning the ISI.

### IX.    Data Privacy.

(A)      The parties understand that they may receive "Personal Data," which refers to any information produced or received in discovery that identifies or can reasonably be used, alone or in combination with other information held by or likely to come into the possession of a party, allows the identification of an individual, or as defined by applicable federal, state, foreign, or other data protection laws.

(B)      The parties agree to comply with all applicable data protection laws in the handling, processing, and transfer of Personal Data obtained during the discovery process.

(C)      The parties shall implement reasonable and appropriate technical and organizational measures to safeguard and protect Personal Data, taking into account the sensitivity of the Personal Data, the risk presented, and the practices of law firms, litigation-support vendors,

and experts handling comparable litigation materials.  These measures may include, as appropriate, encryption, access controls, and periodic review of security practices to ensure the ongoing confidentiality, integrity, and availability of Personal Data.  Upon reasonable request, the parties shall promptly meet and confer regarding the measures implemented to safeguard and protect Personal Data, provided that no party shall be required to disclose privileged, work-product, security-sensitive, or proprietary information.

(D)    In the event of a confirmed data breach involving Personal Data, or a reasonable determination based on credible information that Personal Data was or is reasonably likely to have been accessed or acquired without authorization, the party experiencing the breach or reasonably suspected breach ("Breached Party") shall promptly, and in no case more than twenty-four (24) hours after such determination, notify the other parties and their respective counsel.  The Breached Party shall promptly take reasonable steps to mitigate the impact of the breach and reasonably cooperate with implicated parties and other entities in handling the matter, including providing non-privileged relevant details concerning the breach and in any investigation and remediation efforts.

X.    **Generative Artificial Intelligence.**

(A)    To ensure the security and protection of all information produced in this proceeding ("Produced Information"), the parties agree to the following conditions for and restrictions on the use of any form of generative AI ("GenAI").  For purposes of this Section, "Produced Information" means Discovery Material disclosed or produced in this proceeding, including Confidential Discovery Material and Personal Data:

(i)    Produced Information (in whole or in part) shall not be submitted to any publicly available GenAI platform (e.g., ChatGPT) or any substantially similar tool that

23

permits the public or unaffiliated third parties to access user inputs or uses user inputs to train or fine-tune models.  Providing Produced Information to an open tool is considered disclosure to a third party and is strictly prohibited.

(ii)    Produced Information (in whole or in part) shall not be submitted to any GenAI platform unless the platform is subject to technical and contractual safeguards reasonably designed to protect Produced Information against unauthorized access, use, or disclosure, including encryption in transit and at rest and appropriate access controls, and does not use inputs or outputs to train, fine-tune, improve, develop, benchmark, or otherwise contribute to any AI model or service accessible outside the environment of each party receiving Produced Information ("Recipient"), except to the limited extent necessary to provide the requested functionality for this proceeding.

(iii)    Before placing Produced Information in a permitted GenAI platform, each Recipient shall ensure that the platform is used pursuant to a written enterprise or professional agreement and is deployed within a secure, access-controlled environment limited to the Recipient's authorized users (including counsel, experts, or vendors acting on its behalf), and provides reasonable means to delete or disable access to Produced Information at the close of the matter, subject to legal, ethical, vendor-backup, and record-retention obligations.

(iv)    Upon conclusion of the proceeding, or at the reasonable request of the party that has produced the Produced Information, the Recipient shall cease the use of Produced Information in any and all GenAI platforms and shall take reasonable steps to delete, disable access to, or anonymize the Produced Information within those platforms, except as otherwise required by law, court order, legal ethics obligation, vendor-backup architecture, or record-retention obligation.

(v)      In the event of any actual or reasonably suspected unauthorized access to Produced Information arising from the use of any GenAI platform ("Security Incident"), the Recipient shall notify the Producing Party promptly and in no event later than twenty-four (24) hours after reasonably determining that a Security Incident occurred, and shall reasonably cooperate by providing relevant non-privileged information necessary to contain and mitigate the incident.

**XI.      Copyrighted Material.**

(A)      To the extent that any party produces materials protected under the Copyright Act (17 U.S.C. § 101 et seq.) ("Copyrighted Material"), including but not limited to audio visual works, films, television episodes, streaming content, photographs, publications, or other creative works, the following provisions apply:

(i)      Such Copyrighted Material shall only be used for the purposes of prosecuting or defending this Litigation, including use related to investigation, witness preparation, motion practice, expert analysis, depositions, hearings, trial, settlement, appeal and any retrial.   For the avoidance of doubt, no party or person subject to this Order may use Copyrighted Material for any commercial, personal, or non-litigation purpose, nor may it be publicly disseminated except as permitted by the Court, the Federal Rules, the Local Rules, or this Order.

(ii)      Restrictions on Further Distribution: Copyrighted Material may be designated as "Confidential — Copyrighted Material" (or a similar designation) and may not be reproduced, transmitted, distributed, or disclosed except as provided by this Order.   For the avoidance of doubt, nothing in this Paragraph is intended to restrict a party's ability to prosecute or defend this Litigation.

**XII.    Effect of Order.**

(A)    This Order applies to (i) all Discovery Material produced in this Litigation, whether produced before or after the entry of this Order and whether produced by a party or non-party to the Litigation and (ii) the Plaintiffs' Identifying Information as defined under Paragraph I(A).  Section II of this Order may be enforced by any party or non-party to the Litigation by application to the Court, and references to "party" or "parties" under Section II shall include any producing or designating party or non-party regardless of whether such Producing Party is a party to the Litigation.

(B)    Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Order shall not:

(i)    operate as an admission by any party that any particular Confidential Discovery Material contains or reflects the type of information that might warrant designation as Confidential Discovery Material under the terms of this Order;

(ii)    prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

(iii)    prejudice in any way the rights of any party to object to the production of any document requested on confidentiality, relevance or any other grounds;

(iv)    prejudice in any way the rights of any party to assert that any Confidential Discovery Material is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and attorney work product doctrine, and is without prejudice to any other party's right to contest such a claim of privilege or protection;

(v)     constitute a waiver of the right to object to the authenticity or admissibility of any document subject to this Order;

(vi)     prejudice in any way the rights of a party to obtain a determination by the Court whether any Discovery Material is, should be, or should not continue to be, subject to the terms of this Order;

(vii)     prejudice in any way the rights of a party to challenge the designation of Plaintiffs' Identifying Information as confidential, subject to the provisions of Paragraphs I(C), (K);

(viii)     prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

(ix)     prevent the parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material or Identifying Information.

(C)     This Order has no effect upon, and shall not apply to, any party's use or disclosure of its own Confidential Discovery Material, or Plaintiffs' own use of Plaintiffs' Identifying Information for any purpose.  In addition, this Order has no effect upon, and shall not apply to, any information a party obtains or obtained independently of discovery in this Litigation or any information that is publicly available other than through a violation of this Order, provided, however, that the information is not designated as Confidential by another party to the Litigation pursuant to Paragraph II(P).  Nothing in this Paragraph permits use or disclosure of Discovery Material produced and designated Confidential in this Litigation except as otherwise permitted by this Order.

(D)    In the event additional parties join or are joined in this Litigation, the newly-joined parties shall not have access to Confidential Discovery Material produced by or obtained from the Producing Party until their counsel has executed and, at the request of any party, filed with the Court their agreement to be fully bound by this Order.

(E)    The provisions of this Order on the Plaintiffs' Identifying Information shall be limited to the pretrial phases of this Litigation, and shall be reevaluated upon the request of any party during pretrial proceedings.

(F)    The provisions of this Order on the Confidential Discovery Material shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Litigation, including without limitation any appeals therefrom, subject to the rules of any appellate court which may override this Order in any or all respects.  Within sixty (60) business days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material is used, including the exhaustion of all possible appeals and other review, each person having received Confidential Discovery Material shall undertake reasonable efforts to: (i) return such material and reasonably accessible copies thereof to counsel for the Producing Party, upon the request of the Producing Party; or (ii) destroy such Confidential Discovery Material.  Outside counsel for the parties shall be entitled to retain court papers, correspondence, pleadings, deposition transcripts, trial transcripts, expert reports, exhibits, any attorney work product that includes reference to Confidential Discovery Material, and archival or record copies of the foregoing maintained in the ordinary course of business, even if such materials include or refer to Confidential Discovery Material, provided that such retained materials remain subject to this Order.  All Discovery Material returned to the parties or their counsel by the Court and all

28

Discovery Material in the possession of outside copying and litigation support services likewise shall be disposed of in accordance with this Paragraph to the extent reasonably practicable. Notwithstanding the foregoing, no party is obligated to return or destroy Confidential Discovery Material that is not reasonably accessible, including materials maintained on disaster-recovery, backup, archival, or similar systems.  Furthermore, neither the parties nor the Court shall be obliged to return or destroy any production documents or production things (or any photocopies thereof) that were admitted into evidence at trial or any hearing; incorporated (as an exhibit, appendix, or otherwise) as part of a document filed with or submitted to the Court; or incorporated (as an exhibit, appendix, or otherwise) as part of an expert report.

(G)    The parties agree that this Order is effective upon its filing with the Court. During the pendency of the Court's review of this Order, the parties agree to comply with its terms.

(H)    Except as expressly set forth herein, this Order may be modified only by further agreement of all parties hereto in writing or by order of the Court, and is without prejudice to the rights of any party to seek modification of this Order by application to the Court.

(I)    Nothing in this Order shall preclude any party from seeking judicial relief with regard to any provision hereof.

(J)    This Order is governed by, interpreted under, and construed and enforced in accordance with applicable federal law, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of this Court.  Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with the Rules thereof.

(K)    This Order may be executed in counterparts.  This Order shall become effective as a stipulation among the parties immediately upon its execution.

Dated:  June 25, 2026                              Respectfully submitted,


                                                   PAUL, WEISS, RIFKIND, WHARTON &
                                                   GARRISON LLP

                                                   */s/ Gregory F. Laufer*
                                                   Gregory F. Laufer *(pro hac vice)*
                                                   Daniel J. Toal *(pro hac vice)*
                                                   Richard C. Tarlowe *(pro hac vice)*
                                                   Emily A. Vance *(pro hac vice)*
                                                   1285 Avenue of the Americas
                                                   New York, NY 10019-6064
                                                   Tel: (212) 373-3000 | Fax: (212) 757-3990
                                                   glaufer@paulweiss.com
                                                   dtoal@paulweiss.com
                                                   rtarlowe@paulweiss.com
                                                   evance@paulweiss.com


                                                   GOODELL, DEVRIES, LEECH & DANN, LLP

                                                   */s/ Linda S. Woolf*
                                                   Sean Gugerty (Federal Bar No: 21125)
                                                   Linda S. Woolf (Federal Bar No: 08424)
                                                   K. Nichole Nesbitt (Federal Bar No: 26137)
                                                   One South Street, 20th Floor
                                                   Baltimore, MD 21202
                                                   Tel: (410) 783-4011 | Fax: (410) 783-4040
                                                   lsw@gdldlaw.com
                                                   knn@gdldlaw.com
                                                   sgugerty@gdldlaw.com


                                                   *Counsel for Defendants World Wrestling
                                                   Entertainment, LLC and TKO Group Holdings,
                                                   Inc.*


                                                   */s/ Jessica T. Rosenberg*
                                                   Jessica T. Rosenberg *(pro hac vice)*
                                                   Ilana Roberts *(pro hac vice)*
                                                   jrosenberg@akingump.com
                                                   iroberts@akingump.com

                                                   30

Akin Gump Strauss Hauer Feld LLP
One Bryant Park
New York, NY 10036
Tel: (212) 872-1012 | Fax: (212) 872-1002

John A. Bourgeois
Christopher C. Jeffries
jbourgeois@kg-law.com
cjeffries@kg-law.com
Kramon & Graham, P.A.
750 East Pratt Street, Suite 1100
Baltimore, MD 21202
Tel: (410) 347-7408 | Fax: (410) 361-8204

*Counsel for Defendant Vincent K. McMahon*

*/s/ Samantha Miller Kavanagh*
William J. Murphy
Samantha Miller Kavanagh
wmurphy@zuckerman.com
skavanagh@zuckerman.com
Zuckerman Spaeder LLP
100 E. Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444 | Fax: (410) 659-0436

Laura A. Brevetti *(pro hac vice)*
Laura.brevetti@brevettilaw.com
Law Offices of Laura A. Brevetti
575 Lexington Avenue, 14th Floor
New York, NY 10022
Tel: (917) 970-0250

*Counsel for Defendant Linda McMahon*

*/s/ Adam Prom*
William H. "Billy" Murphy, Jr.
billy.murphy@murphyfalcon.com
Murphy, Falcon & Murphy

31

1 South Street, Suite 3000
Baltimore, Maryland 21202
Tel: (410) 951-8744


Greg G. Gutzler *(pro hac vice)*
Emma Bruder *(pro hac vice)*
ggutzler@dicellolevitt.com
ebruder@dicellolevitt.com
Dicello Levitt LLP
485 Lexington Avenue, Suite 1001
New York, New York 10017
Tel: (646) 933-1000


Adam Prom *(pro hac vice)*
aprom@dicellolevitt.com
Dicello Levitt LLP
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel: (312) 214-7900


Mark A. DiCello
Robert F. DiCello
madicello@dicellolevitt.com
rfdicello@dicellolevitt.com
Dicello Levitt LLP
8160 Norton Parkway, Third Floor
Mentor, Ohio 44060
Tel: (440) 953-8888


*Counsel for Plaintiffs*

**SO ORDERED,** this ____ day of _____, 2026

BY THE COURT:

_____

James K. Bredar
United States District Judge